FEE PAID
RELATEDDJ
NO CV-30

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOHN ZHONG and CATHERINE LI,
Defendants in Pro Se.
3333 S BREA CANYON ROAD STE 101
DIAMOND BAR, CA 91765
TEL: 626-9913676
EMAIL: info@zhongtax.com

FILED
CLERK, U.S. DISTRICT COURT
11/10/2025
CENTRAL DISTRICT OF CALIFORNIA
BY: LR DEPUTY

CITY OF DIAMOND BAR,

Plaintiff,

2:25-CV-11630-FLA-DSR

v.

JOHN ZHONG and CATHERINE LI,
Defendants in Pro Se.

---

**NOTICE OF REMOVAL OF STATE COURT ACTION**

(City of Diamond Bar v. Zhong & Li, Superior Court Case No. 23PSCV02124)

**TABLE OF CONTENTS**

Table of Authorities ............................................................ i

I. Introduction ............................................................... 1

II. Federal Question Jurisdiction (28 U.S.C. § 1331) ................. 2

III. Timeliness and Related State Proceedings .......................... 3

A. Detailed Timeline and Basis for Timeliness ........................ 3

B. Pending State-Court Fee Motion Stayed Under § 1446(d) .... 4

C. Objection to Fee Motion and Evidence of Judicial Bias ........ 5

IV. Effect of Removal on State Proceedings ............................... 6

V. Venue and Division ............................................................. 6

VI. Compliance with 28 U.S.C. § 1446(a) .................................... 7

VII. Pending Motions and Tolling ................................................ 7

VIII. Federal Jurisdiction Presumption and Standard of Review ... 8

IX. Notice is Self-Executing ...................................................... 8

X. Preservation of All Federal Defenses .................................... 9

Exhibit Index (Unnumbered) .................................................. —

Declaration Authenticating Exhibits (Unnumbered) ................. —

## TABLE OF AUTHORITIES

### Cases

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598 (2001)

Camara v. Municipal Court, 387 U.S. 523 (1967)

Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)

Caterpillar Inc. v. Williams, 482 U.S. 386 (1987)

City of Los Angeles v. Patel, 576 U.S. 409 (2015)

Dennis v. Higgins, 498 U.S. 439 (1991)

Farrar v. Hobby, 506 U.S. 103 (1992)

Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1 (1983)

Gaus v. Miles, Inc., 980 F.2d 564 (9th Cir. 1992)

Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005)

Gunn v. Minton, 568 U.S. 251 (2013)

Healy v. Beer Inst., Inc., 491 U.S. 324 (1989)

Hensley v. Eckerhart, 461 U.S. 424 (1983)

Liteky v. United States, 510 U.S. 540 (1994)

Mathews v. Eldridge, 424 U.S. 319 (1976)

Miller v. Grgurich, 763 F.2d 372 (9th Cir. 1985)

Nat'l Pork Producers Council v. Ross, 598 U.S. 356 (2023)

Pike v. Bruce Church, Inc., 397 U.S. 137 (1970)

Resolution Tr. Corp. v. Bayside Developers, 43 F.3d 1230 (9th Cir. 1994)

See v. City of Seattle, 387 U.S. 541 (1967)

Sole v. Wyner, 551 U.S. 74 (2007)

**Statutes & Rules**

U.S. Const. art. I, § 8, cl. 3 (Commerce Clause)

U.S. Const. amend. IV

U.S. Const. amend. XIV

28 U.S.C. § 84(c)

28 U.S.C. § 1331

28 U.S.C. § 1441

28 U.S.C. § 1446 (including § 1446(d))

42 U.S.C. § 1983

Cal. Civ. Proc. Code §§ 170.1, 170.3, 170.4(d), 1021.5, 1032, 1033.5

C.D. Cal. L.R. 3-5; L.R. 7.1-1

## I. INTRODUCTION

Defendants John Zhong and Catherine Li (collectively, "Defendants"), appearing in Pro Se, remove to this Court the action pending in the Superior Court of California, County of Los Angeles, Pomona Courthouse South, entitled City of Diamond Bar v. Zhong & Li, Case No. 23PSCV02124. Removal is invoked pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. This dispute presents substantial federal questions because the City's enforcement regime and the Superior Court's injunction implicate and allegedly infringe federally protected rights, including the Dormant Commerce Clause, the Fourth Amendment's protection against unreasonable searches, and Fourteenth Amendment guarantees of due process and equal protection. The challenged ordinance, as applied, burdens interstate travel and commerce in rental markets and authorizes or relies upon warrantless administrative inspections and expansive compliance mandates. See, e.g., Pike v. Bruce Church, Inc., 397 U.S. 137 (1970) (balancing test for nondiscriminatory laws that burden interstate commerce); Nat'l Pork Producers Council v. Ross, 598 U.S. 356 (2023) (reaffirming Pike framework); Healy v. Beer Inst., Inc., 491 U.S. 324 (1989) (extraterritorial effects). These federal constraints are enforceable through 42 U.S.C. § 1983. See Dennis v. Higgins, 498 U.S. 439, 446–51 (1991).

The enforcement scheme likewise raises Fourth Amendment issues where inspections or record-demands occur without precompliance review or a warrant. See Camara v. Municipal Court, 387 U.S. 523, 534–39 (1967); See v. City of Seattle, 387 U.S. 541, 544–46 (1967); City of Los Angeles v. Patel, 576 U.S. 409, 419–26 (2015) (ordinances authorizing searches of business records must afford an opportunity for precompliance review). Due process is also implicated under Mathews v. Eldridge, 424 U.S. 319, 332–35 (1976), because the City's procedures, as applied, deprive Defendants of protected property interests without adequate notice and a meaningful opportunity to be heard.

To the extent the City's claims necessarily require proof of compliance with federal constitutional standards, federal-question jurisdiction exists because the case "necessarily raises" actually disputed and substantial federal issues that a federal forum may resolve without disrupting the federal-state balance. See Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 314 (2005); Gunn v. Minton, 568 U.S. 251, 258 (2013).

**II. FEDERAL QUESTION JURISDICTION (28 U.S.C. § 1331)**

This case arises under the Constitution and laws of the United States. The ordinance's residency and rental restrictions, and the injunction enforcing them, impose burdens on interstate commerce disproportionate to any local

benefits and operate with extraterritorial effects. See Pike, 397 U.S. at 142; Healy, 491 U.S. at 336. The City's scheme also authorizes or relies upon inspection and record-access mechanisms that are unconstitutional if imposed without a warrant or precompliance review. See Camara, 387 U.S. at 534–39; Patel, 576 U.S. at 419–26.

Defendants seek relief under 42 U.S.C. § 1983 for violations of federal rights, including those secured by the Commerce Clause, the Fourth Amendment, and the Fourteenth Amendment. See Dennis, 498 U.S. at 446–51 (Commerce Clause); Mathews, 424 U.S. at 332–35 (procedural due process). While federal defenses alone ordinarily do not create removal jurisdiction, federal-question jurisdiction exists where resolution of Plaintiff's claims necessarily turns on the construction of federal law. See Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987); Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 9–12 (1983); Grable, 545 U.S. at 314; Gunn, 568 U.S. at 258.

## III. TIMELINESS AND RELATED STATE PROCEEDINGS

### A. Detailed Timeline and Basis for Timeliness

| Date | Event | Legal Effect |
| --- | --- | --- |
| Jul 14, 2023 | City filed Verified Complaint | Initiated state action alleging nuisance and zoning violations. |

| | | |
|---|---|---|
| Sep 11, 2023 | City recorded Notice of Lis Pendens | Restrained property, implicating federal commerce concerns. |
| Dec 7–28, 2023 | Preliminary injunction motion and order granted | Interlocutory ruling forming basis for appeal. |
| Dec 14, 2023 | Defendants filed Notice of Appeal (B335376) | Appealed preliminary injunction. |
| Mar 12, 2025 | Court of Appeal opinion affirming injunction | Triggered federal constitutional issue. |
| Jun 18, 2025 | California Supreme Court denied review | State appellate process completed. |
| Aug 25, 2025 | Supplemental Declaration filed | First “other paper” revealing federal question jurisdiction under § 1446(b)(3). |
| Sep 30, 2025 | Tentative ruling on premature attorney’s fees | Evidence of judicial bias. |
| Oct 1, 2025 | Verified Statement of Disqualification filed | Tolling period commenced under CCP § 170.4(d). |
| Oct 22, 2025 | Supreme Court denial of writ | Final triggering event for removal timeline. |
| Nov 10, 2025 | Notice of Removal filed | Timely within 30 days under § 1446(b)(3). |

**B. Pending State-Court Fee Motion Stayed Under § 1446(d)**

The City filed a motion for appellate attorney's fees set for February 3, 2026, even though no final judgment exists on the merits. Filing this Notice of Removal immediately divests the Superior Court of jurisdiction over further proceedings unless and until this Court remands. See 28 U.S.C. § 1446(d); Resolution Tr. Corp. v. Bayside Developers, 43 F.3d 1230, 1238 (9th Cir. 1994) (state court "loses all jurisdiction" upon removal); Miller v. Grgurich, 763 F.2d 372, 373 (9th Cir. 1985) (post-removal state orders are void).

On the merits, an award of fees is premature absent "prevailing party" status. See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604–05 (2001) (requiring judicially sanctioned material alteration of the parties' legal relationship); Farrar v. Hobby, 506 U.S. 103, 111–12 (1992). Preliminary relief that is later undone cannot confer prevailing-party status. Sole v. Wyner, 551 U.S. 74, 86 (2007). And when fees are authorized, the degree of success—if any—guides the amount. Hensley v. Eckerhart, 461 U.S. 424, 433–37 (1983). California's fee statutes, including Code of Civil Procedure § 1021.5, similarly require prevailing-party status or statutory criteria not present here.

### C. Objection to Fee Motion and Evidence of Judicial Bias

Defendants' August 1, 2025 opposition explains that the fee motion is premature and unauthorized. See Griswold v. Helms, 104 Cal. App. 3d 965 (1981); Sole, 551 U.S. at 86. The Superior Court's tentative ruling awarding appellate fees of $32,118.00 before judgment reflects prejudgment and creates, at minimum, an appearance of bias warranting disqualification. Due process requires a neutral decisionmaker. See Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 876–87 (2009); Liteky v. United States, 510 U.S. 540, 555–56 (1994). California law likewise mandates recusal where a person aware of the facts might reasonably doubt the judge's impartiality. See Cal. Civ. Proc. Code § 170.1(a)(6)(A); § 170.3; § 170.4(d).

## IV. EFFECT OF REMOVAL ON STATE PROCEEDINGS

Upon filing this Notice and providing written notice to the state court and all parties, "the State court shall proceed no further unless and until the case is

remanded." 28 U.S.C. § 1446(d). Divestiture is immediate and complete; any action taken by the state court after removal is void. *Resolution Tr. Corp. v. Bayside Developers*, 43 F.3d 1230, 1238 (9th Cir. 1994); *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985); see also *Roman Catholic Archdiocese of San Juan, P.R. v. Acevedo Feliciano*, 140 S. Ct. 696, 700 (2020) (per curiam). Pre-removal orders, however, "remain in force" but are governed by the Federal Rules once the case is removed and may be modified or dissolved by this Court. 28 U.S.C. § 1450; *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 436–37 (1974); *Butner v. Neustadter*, 324 F.2d 783, 786 (9th Cir. 1963).

## V. VENUE AND DIVISION

Removal lies to "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). This case was pending in Los Angeles County, which is in the Central District of California. 28 U.S.C. § 84(c). Assignment within the District is determined by the Local Rules. C.D. Cal. L.R. 3-1, 3-2, 3-5. The events and property are in Los Angeles County; venue and division are therefore proper here.

## VI. COMPLIANCE WITH 28 U.S.C. § 1446(a)

This Notice satisfies § 1446(a) by setting out "a short and plain statement of the grounds for removal" and by attaching or lodging "all process, pleadings, and orders" served in the state action (Exhibits A–O). See also § 1446(d) (prompt written notice to adverse parties and the state court). Following removal, timing for any responsive pleading is governed by Fed. R. Civ. P. 81(c)(2), and time-computation is governed by Fed. R. Civ. P. 6. The filing also complies with C.D. Cal. L.R. 7.1-1 (Certificate of Interested Parties) and L.R. 3-1 to 3-5 (civil cover sheet and intra-district assignment).

## VII. PENDING MOTIONS AND TOLLING

All pending state-court matters—including the City's fee motion and Defendants' cross-complaint—are stayed in state court by operation of § 1446(d); any further state-court action taken post-removal is void. *Bayside Developers*, 43 F.3d at 1238; *Miller*, 763 F.2d at 373; *Acevedo Feliciano*,

140 S. Ct. at 700. To the extent any pre-removal orders exist, they remain in effect subject to federal procedure and this Court's power to modify them. 28 U.S.C. § 1450; Granny Goose, 415 U.S. at 436–37. State-set hearing dates do not control in this Court unless adopted by order here. Meanwhile, the disqualification proceedings tolled applicable deadlines under Cal. Civ. Proc. Code § 170.4(d) until the California Supreme Court's October 22, 2025 disposition.

## VIII. FEDERAL JURISDICTION PRESUMPTION AND STANDARD OF REVIEW

Removal statutes are strictly construed, and Defendants—as the removing parties—bear the burden to establish federal jurisdiction; doubts are resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Federal-question jurisdiction exists where a claim arises under federal law, or where a state-law claim necessarily raises an actually disputed and substantial federal issue that a federal forum may address without upsetting the federal-state balance. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005); *Gunn v. Minton*, 568 U.S. 251, 258 (2013). Federal defenses or anticipated federal issues do not create removal jurisdiction. *Easton v. Crossland Mortg. Corp.*, 114 F.3d 979, 982 (9th Cir. 1997); *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998). But where the state-law claim inevitably turns on substantial federal questions, jurisdiction may lie under Grable. *City of Oakland v. BP P.L.C.*, 969 F.3d 895, 904–05 (9th Cir. 2020); cf. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813–17 (1986) (embedded federal issue not substantial in that case).

## IX. NOTICE IS SELF-EXECUTING

Removal is self-executing upon filing and notice; no state-court leave is required. 28 U.S.C. § 1446(d). The state court may not proceed unless this Court remands, and any post-removal state-court action is void. *Bayside Developers*, 43 F.3d at 1238; *Miller*, 763 F.2d at 373; *Acevedo Feliciano*, 140 S. Ct. at 700.

## X. PRESERVATION OF ALL FEDERAL DEFENSES

Defendants preserve all federal defenses and claims under the U.S. Constitution and 42 U.S.C. § 1983, including challenges under the Dormant Commerce Clause, the Fourth Amendment, and the Fourteenth Amendment. See also *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (municipal liability). Defendants reserve all rights to seek declaratory and injunctive relief, and—if prevailing—attorney's fees under 42 U.S.C. § 1988(b), with any award governed by *Hensley v. Eckerhart*, 461 U.S. 424, 433–37 (1983).

---

Respectfully submitted,

/s/ John Zhong /s/ Catherine Li

JOHN ZHONG and CATHERINE LI

Plaintiffs in Pro Se

3333 S. Brea Canyon Road, Suite 101

Diamond Bar, CA 91765

Telephone: (626) 991-3676

Email: info@zhongtax.com

Dated: November 10, 2025

---

CERTIFICATE OF COMPLIANCE (C.D. Cal. L.R. 11-3)

Relates to: Notice of Removal of State Court Action (City of Diamond Bar v. Zhong & Li, Superior Court Case No. 23PSCV02124).

The undersigned certify that the above-referenced filing complies with the formatting requirements of the Central District of California Local Rule 11-3:

• Typeface & size: The document uses a proportionally-spaced typeface—Times New Roman—at 14-point size for all text, including headings and footnotes.

• Spacing: The text is double-spaced, including citations and quotations; footnotes, if any, are single-spaced and use the same 14-point typeface.

• Margins & layout: Margins are at least one inch on all sides. Pages containing substantive text are numbered at the bottom center. Pages include consecutive line numbers along the left margin and do not exceed 28 lines of text per page.

• Tables: The Table of Contents and Table of Authorities are set in the same 14-point typeface and are double-spaced to the extent practicable.

This certification is made in connection with the Notice of Removal of State Court Action filed by Defendants in Pro Se and is based on the version prepared for filing in this action.

Dated: November 10, 2025

/s/ John Zhong

/s/ Catherine Li

PROOF OF SERVICE BY MAIL AND EMAIL

I am over the age of 18 and not a party to this action. My name is Suqing Zhang, and my address is 3333 S. Brea Canyon Road, Suite 101, Diamond Bar, CA 91765. On November 10, 2025, I served the foregoing document by depositing a true copy in a sealed envelope with postage prepaid, addressed to:

William Litvak, Esq. SARA EDMINSTON
wlitvak@drllaw.com; sedmiston@drllaw.com
Dapeer Rosenblit Litvak LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064

INTERESTED PARTY

Kevin S. Borgen, Esq.
Rachel Newman, Esq.
12526 High Bluff Drive, Suite 105
San Diego, California 92130
Email: k.borgen@KAHANAFELD.COM;

r.newman@KAHANAFELD.COM

Also at the same time: I have emailed the above documents to the email address listed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 10, 2025, at Diamond Bar, California.

/s/ Suqing Zhang

**EXHIBIT INDEX IN SUPPORT OF NOTICE OF REMOVAL**

| Exhibit | Title | Filing Date | Purpose |
|---|---|---|---|
| A | Verified Complaint for Injunctive and Other Equitable Relief | Jul 14, 2023 | Establishes original claims. |
| B | Defendants' Answer | Jul 21, 2023 | Demonstrates defense position. |
| C | Cross-Complaint (and Revised Cross-Complaint) | Jan 24, 2024 / Aug 30, 2025 | Raises federal constitutional challenges. |
| D | Supplemental Declaration of John Zhong & Catherine Li | Aug 25, 2025 | "Other paper" triggering federal jurisdiction. |
| E | Motion for Preliminary Injunction and Order | Dec 7–28, 2023 | Basis of appeal. |
| F | Notice of Appeal and Appellate Opinion (Case No. B335376) | Dec 14, 2023 – Mar 12, 2025 | Demonstrates exhaustion of remedies. |
| G | California Supreme Court Denial of Review | Jun 18, 2025 | Confirms finality of state appellate proceedings. |

| | | | |
|---|---|---|---|
| H | Tentative Ruling and Verified Statement of Disqualification | Sep 30 – Oct 1, 2025 | Shows bias and tolling. |
| I | Motion for Attorney Fees and Defendants' Opposition | Aug – Sep 2025 | Illustrates ongoing due-process issues. |
| J | Notice of Lis Pendens and Motion to Expunge | Sep 11, 2023 – Mar 7, 2024 | Reflects property restraint and federal concerns. |
| K | Minute Orders (Injunction & Fees) | Various | Demonstrates procedural irregularities. |
| L | Proofs of Service (Complaint & Cross-Complaint) | Various | Confirms proper jurisdiction. |
| M | Superior Court Register of Actions | As of Nov 2025 | Establishes chronology. |
| N | Appellate Court Register of Actions | As of Nov 2025 | Confirms completion of appellate review. |
| O | Federal Complaint – Zhong & Li v. City of Diamond Bar | Oct 6, 2025 | Confirms overlapping federal claims. |

**DECLARATION OF JOHN ZHONG AND CATHERINE LI AUTHENTICATING EXHIBITS**

We, John Zhong and Catherine Li, declare under penalty of perjury under the laws of the United States of America that the foregoing Exhibit Index is true and correct, and that the attached exhibits are true and correct copies of the pleadings, motions, orders, and papers served and filed in the related state and federal actions referenced herein.

Executed on November 10, 2025, at Diamond Bar, California.

/s/ John Zhong /s/ Catherine Li

---

(End of Document)

# EXHIBIT A

**Electronically FILED by Superior Court of California, County of Los Angeles 7/14/2023 4:19 PM David W. Slayton, Executive Officer/Clerk of Court, By J. Gonzalez, Deputy Clerk**

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—EAST JUDICIAL DISTRICT—POMONA COURTHOUSE

CITY OF DIAMOND BAR, a municipal corporation,

Plaintiff,

v.

JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,

Defendants.

Case Number: 23PSCV02124

**VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF**

1. Public Nuisance (Civ. Code, §§ 3479, 3480, 3491, 3494; Code Civ. Proc., §§ 526(a)(1), 731.)
2. Public Nuisance Per Se (DBMC.)

[Deemed verified per Code Civ. Proc., § 446]

Judge:
Dept.:

## VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF

Plaintiff City of Diamond Bar ("City") alleges as follows:

### PARTIES

1. The City is a municipal corporation duly organized under the laws of the State of California and located in Los Angeles County, California. The City has broad police powers to enforce within its jurisdiction "all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." (Cal. Const., art. XI, § 7.)

2. The City brings this suit on behalf of the People of the State of California under Civil Code sections 3479 and 3480 and Code of Civil Procedure section 731.

3. The City also brings this action under Diamond Bar Municipal Code ("DBMC") sections 1.04.010(e) and 22.78.060(1), among others.

4. The City seeks nuisance abatement, injunctive relief, and other remedies related to the real property located at 24311 Knoll Court, Diamond Bar, California 91765, further identified as Assessor's Parcel Number 8713-046-018 ("Subject Property"), which bears the following legal description:

> THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF DIAMOND BAR, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:
>
> LOT 38 OF TRACT NO. 42559, IN THE CITY OF DIAMOND BAR, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1032, PAGES 69 TO 72 INCLUSIVE OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY
>
> EXCEPT ALL OIL, GAS AND OTHER HYDROCARBONS, AND MINERALS NOW OR AT ANY TIME HEREAFTER SITUATED THEREIN AND THEREUNDER, TOGETHER WITH THE EXCLUSIVE RIGHT TO DRILL FOR, PRODUCE, EXTRACT, TAKE AND MINE THEREFROM SUCH OIL, GAS AND OTHER HYDROCARBONS AND MINERALS AND TO STORE THE SAME UPON THE SURFACE OF SAID LAND, OR BELOW THE SURFACE OF SAID LAND, TOGETHER WITH THE RIGHT TO STORE UPON THE SURFACE OF SAID LAND, OIL, GAS AND OTHER HYDROCARBONS AND MINERALS, WHICH MAY BE PRODUCED FROM OTHER LANDS WITH THE RIGHT OF ENTRY THERE FOR SAID PURPOSES, AND WITH THE RIGHT TO CONSTRUCT, USE, MAINTAIN, ERECT, REPAIR, REPLACE AND REMOVE THEREON AND THEREFROM ALL PIPE LINES, TELEPHONE AND TELEGRAPH LINES, TANKS, MACHINERY, BUILDINGS AND OTHER STRUCTURES WHICH MAY BE NECESSARY AND REQUISITE TO CARRY ON OPERATIONS ON SAID LANDS WITH RIGHT TO ERECT, MAINTAIN, OPERATE AND REMOVE A PLANT, WITH ALL NECESSARY APPURTENANCES FOR THE EXTRACTION OF GASOLINE FROM GAS, INCLUDING ALL RIGHT NECESSARY OR CONVENIENT THERETO, AS EXCEPTED AND RESERVED IN THE DEED FROM TRANSAMERICA DEVELOPMENT COMPANY, A CORPORATION, RECORDED MARCH 29, 1968, AS INSTRUMENT NO. 2456, IN BOOK D-3945, PAGE 185, OF OFFICIAL RECORDS
>
> AND RE-RECORDED JUNE 19, 1969, AS INSTRUMENT NO 1776, IN BOOK D-4407, PAGE 591, OF OFFICIAL RECORDS AND AS MODIFIED WITH RESPECT TO A PORTION THEREOF BY A QUITCLAIM DEED RECORDED NOVEMBER 12, 1970, AS INSTRUMENT NO. 2112, WHICH RELINQUISHES ALL RIGHTS TO THE USE OF THE SURFACE AND SUBSURFACE TO A DEPTH OF 500 FEET FROM THE SURFACE OF SAID LAND.
>
> ALL RIGHT TO THE USE OF THE SURFACE AND SUBSURFACE TO A DEPTH OF 500 FEET FROM THE SURFACE FOR ANY PURPOSE INCIDENTAL TO THE OWNERSHIP OF ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES AND MINERALS WERE QUITCLAIMED BY DEED RECORDED DECEMBER 24, 1981, AS INSTRUMENT NO. 81-1263075, OF OFFICIAL RECORDS.

5. The City is informed and believes, and based thereon alleges, that defendants John Zhong and Catherine Li, at all relevant times herein, are the owners of the Subject Property pursuant to the Grant Deed recorded on May 17, 2022, as document number 20220533942, with the County of Los Angeles.

6. The true names and capacities of the defendants sued herein as Does 1 through 50, inclusive, are unknown to the City, which therefore sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474. The City will amend this Complaint to state the true names and capacities of each such fictitiously named defendant when such has been ascertained. The City is informed and believes, and based thereon alleges, that Does 1 through 50 are in some manner responsible for the acts alleged herein and for the maintenance of the unlawful conditions at the Subject Property, or have or claim to have title, rights, or an interest in the Subject Property.

7. The City is informed and believes, and based thereon alleges, that at all relevant times, defendants John Zhong, Catherine Li, and Does 1 through 50 (collectively, "Defendants"), were the agents, principals, partners, associates, joint venturers, employees, or conspirators of each of the remaining Defendants; that the Defendants, and each of them, were at all times acting within the course, purpose, and scope of said agency, partnership, association, joint venture, employment, or conspiracy; and that Defendants, and each of them, were acting with the authorization, permission, or consent of the remaining Defendants

**FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. The Subject Property contains a 3,253 square-foot, four-bed, four-bath single-family home built in 1985.

9. The Subject Property is zoned Low Density Residential ("RL").

10. The City is informed and believes, and based thereon alleges, that from an exact date unknown, Defendants have operated, or allowed the operation of, an unpermitted short-term rental at the Subject Property, in violation of numerous City laws.

11. On March 10, 2022, the Diamond Bar Code Enforcement Officer Ronnie Ramirez received a complaint regarding short-term rentals occurring at the Subject Property.

12. On March 10, 2022 Officer Ramirez inspected the Subject Property. The City issued a Notice of Municipal Code Violation on the same day on the basis that Defendants engaged in (1) unlawful short-term rentals in violation of DBMC section 22.08.030 and (2) stored trash cans in public view in violation of DBMC section 22.34.030(A).

13. Defendants did not comply with the March 10, 2022 Notice of Municipal Code Violation. Hence, the City issued a second Notice of Municipal Code Violation on April 4, 2022, for violations occurring on March 22, 2022.

14. Defendants did not comply with the April 4, 2022 Notice of Municipal Code Violation. Hence, the City issued a third Notice of Municipal Code Violation on April 5, 2022, for violations occurring on March 28, 2022.

15. Defendants did not comply with the April 5, 2022 Notice of Municipal Code Violation. Hence, the City issued a fourth Notice of Municipal Code Violation on April 6, 2022, for violations occurring on April 2, 2022.

16. Defendants did not comply with the April 6, 2022 Notice of Municipal Code Violation. Hence, the City issued a fourth and fifth Notice of Municipal Code Violation on June 29, 2022 for violations occurring on June 17, 2022 and June 27, 2022.

17. On August 4, 2022, the City received a complaint that the Subject Property hosted approximately 20 individuals on site and held a party from 4:00 p.m. to past 11:00 p.m. The complainant reported feeling unsafe and stated that they called the police as a result.

18. Defendants did not comply with the June 29, 2022 Notices of Municipal Code Violation. Hence, the City issued a sixth and seventh Notice of Municipal Code Violation on August 22, 2022, for violations occurring on August 4, 2022 and August 5, 2022.

19. Defendants did not comply with the August 22, 2022 Notices of Municipal Code Violation. Hence, the City issued an eighth Notice of Municipal Code Violation on September 7, 2022, for violations occurring on August 26, 2022.

20. Defendants did not comply with the September 7, 2022 Notice of Municipal Code Violation. Hence, the City issued a ninth Notice of Municipal Code Violation on September 8, 2022, for violations occurring on September 6, 2022.

21. On January 12, 2023, the City sent Defendants a letter via USPS Certified and First Class mail advising them that they are in violation of DBMC section 22.08.030 by placing, advertising, and renting out a portion of their dwelling unit for short-term rental. The letter further ordered Defendants to discontinue all efforts to provide short-term rentals in the City. The City also posted these letters on the front door of the Subject Property.

22. On January 26, 2023, a City official returned to the Subject Property and noticed the two letters were removed from the front door.

23. Between February 10, 2023, and March 15, 2023, City officials observed various different vehicles were parked inside of the Subject Property's driveway.

24. On April 10, 2023, the City investigated and observed that Defendants continued to advertise the Subject Property as a short-term rental on Airbnb.

25. On May 16, 2023, the Diamond Bar Community Development Director Greg Gubman booked a one-night stay at the Subject Property via the Airbnb website, where the Subject Property was advertised.

26. Director Gubman also corresponded with Defendant John Zhong via e-mail and received a code for the lock box to enter the Subject Property for the reserved date.

27. On May 30, 2023, Director Gubman obtained the key from the lockbox and inspected the premises. During the inspection, Director Gubman unpermitted construction, illegal modifications, Building Code violations, and other DBMC violations.

28. On June 20, 2023, Officer Ramirez investigated and confirmed that Defendants continued to advertise the Subject Property as a short-term rental on Airbnb.

29. As of the filing of this Complaint, Defendants have not complied with any City notices or the DBMC and continue to use, or allow the use of, the Subject Property for unlawful short-term rentals.

30. The City is informed, believes, and based thereon alleges that Defendants are blatantly and willfully violating the DBMC and State law and will maintain the numerous municipal code violations and public nuisances in the future unless the Court enjoins and prohibits such unlawful conduct. Absent the relief requested herein, the City and its residents will be and continue to be

irreparably injured and damaged because the maintenance of the continuing public nuisance by the Defendants threatens the public's health, safety, and general welfare.

**FIRST CAUSE OF ACTION**

**Public Nuisance—Against All Defendants**

**(Civ. Code, §§ 3479, 3480, 3491, 3494; Code Civ. Proc., §§ 526, 731)**

31. The City re-alleges and incorporates all previous paragraphs as though set forth in full herein.

32. The City brings this action pursuant to Code of Civil Procedure sections 526 and 731, and Civil Code sections 3479, 3480, 3491, and 3494.

33. According to Civil Code section 3479, a nuisance is "anything which is injurious to health...or is indecent or offensive to the senses, or an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life or property." Civil Code section 3480 defines a public nuisance as one which affects at the same time an entire community or neighborhood, or any considerable number of persons, although the extent of the annoyance or damage inflicted upon individuals may be unequal.

34. The City is informed and believes, and based thereon alleges, that the conditions at the Subject Property, as described herein, constitute an active and continuing public nuisance pursuant to State law. Defendants' maintenance of the Subject Property described herein constitutes a nuisance because it is injurious to health, indecent, offensive to the senses, and an obstruction to the free use of property, so as to interfere with the comfortable enjoyment of life and other properties in the area. Defendants' use of the Subject Property described herein constitutes a public nuisance because it affects at the same time an entire community or neighborhood, or any considerable number of persons.

35. Specifically, Defendants' short-term rental use of the Subject Property has subjected the surrounding neighborhood to unsafe or dangerous conditions posed by short-term transient residents, among other negative secondary effects such as increased noise that disrupts the peace and tranquility of the neighborhood and increased traffic and parking issues. In addition, Defendants' unpermitted construction on the Subject Property may contain hidden hazards and poses an increased fire hazard that places occupants and neighbors in danger.

36. Unless Defendants are enjoined by the Court from maintaining or allowing the continued nuisance on the Subject Property, Defendants will continue to threaten the health, safety, and welfare of the neighbors and the public. The City has no alternative plain, speedy, or adequate remedy at law, and injunctive relief is expressly authorized by Code of Civil Procedure sections 526, 527, and 731. Given the immediate harm to the health and safety of the public, and the harm to the free use and enjoyment of other properties in the area, a temporary restraining order, preliminary and permanent injunctions are necessary to prevent continuing nuisance short-term rental activity and maintenance of unpermitted construction on the Subject Property.

**SECOND CAUSE OF ACTION**

**Public Nuisance Per Se—Against All Defendants**

**(Diamond Bar Municipal Code)**

37. The City re-alleges and incorporates all previous paragraphs as though set forth in full herein.

38. The City brings this action under DBMC section 1.04.010(e), among others, which permits the City to abate any violation of the DBMC, including by court action and injunctive relief, among other remedies.

39. Government Code section 38771 authorizes cities to declare by ordinance what constitutes a public nuisance. Pursuant to that authority, the City has declared that *any* violation of the DBMC is a public nuisance. (DBMC, § 1.04.010(e).)

40. The Subject Property is zoned Low Density Residential ("RL"). (See DBMC, § 22.06.030 [Diamond Bar Zoning Map adopted].)

41. The City has a permissive zoning code, so only expressly permitted uses are allowed in a given zone. Only uses that are specified in the ODC are permitted uses within the zones. Any land use not specifically permitted is deemed a prohibited land use in the applicable zone. (DBMC, § 22.04.020(h).)

42. Table 2-3 identifies the uses of land allowed by this Development Code in each residential zoning district, and the land use permit required to establish each use, if any. (DBMC, § 22.08.030.)

Approved uses in the RL zone include various residential uses. (See DBMC, § 22.08.030, Table 2-3 [Land Use Table].)

43. A *short-term rental* is defined as the "use of any dwelling unit, or any portion thereof, for short-term occupancy." (DBMC, § 22.80.020.) *Short-term occupancy* is defined as the "use or possession, or right to use or possess, of any portion of a dwelling unit, room or rooms offered for remuneration for dwelling, lodging or sleeping purposes for a period of less than 30 days.

44. Short-term rental activity is not listed as a permitted use in the RL zone. (DBMC, § 22.08.030, Table 2-3 [Land Use Table].) Further, short-term rentals are prohibited by omission in *all* residential zoning districts. (DBMC, § 22.08.030, Table 2-3 [Land Use Table]; accord, DBMC, § 22.80.020) Therefore, any short-term rental use is prohibited on the Subject Property. (DBMC, § 22.04.020(h).)

45. Further, Section 5.08.050(b) provides that "[i]t is a violation of this Code for an owner or lessee of property or any agent thereof, to rent a dwelling unit or any portion thereof, for short-term occupancy or as a short-term rental as such terms are defined in subsection (s) of section 22.080.020." And Section 5.08.050(c) provides that "It is a violation of this Code for an owner or lessee of property or any agent thereof, to place or permit to be placed, any printed or lettered announcement, whether in a magazine, newspaper, handbill, notice, display, billboard, poster, email, Internet website or application, or any other form of advertisement for a short-term occupancy or short-term rental in a zoning district in which such uses are not permitted."

46. In addition, it is unlawful to operate a business in the City without first obtaining a City-issued business license or without first having paid the required business license fee. (DBMC, § 5.00.030.) Defendants' have neither obtained a business license nor paid the required business license taxes for any trucking business or any rental of nonresidential real property.

47. In addition, numerous provisions of City law prohibit construction without the required permits. (CBC, 105.1 [as adopted by DBMC section 15.00.310 and amended by DBMC section 15.00.120].)

48. Due to the acts or omissions set forth above, Defendants have been and are maintaining the Subject Property in violation of the BHMC, or are causing, permitting, aiding, abetting, or suffering violations of the BHMC.

49. According to DBMC section 1.04.010(e), all of the above violations are a public nuisance per se. According to DBMC section 1.04.010(a), each day a violation persists is a separate offense. According to DBMC section 1.04.010(f), it is unlawful to cause, permit, aid, abet, suffer, or concealing a violation of the DBMC.

50. When a City's municipal code declares certain conditions to be a nuisance, those conditions are a nuisance per se. (*City of Claremont v. Kruse et al.* (2009) 177 Cal.App.4th 1153, 1164.) To establish a nuisance per se, no proof is required beyond the existence of the condition itself. (*City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382.)

51. Defendants' short-term rental use, in violation of the DBMC is unlawful, must cease, and is a public nuisance per se.

52. Defendants continue to allow nuisances per se to persist on the Subject Property and, unless enjoined from continuing the nuisance activity, will continue to allow the nuisances to persist. The City has no adequate remedy to abate this continuing nuisance other than the equitable relief sought herein. Therefore, temporary, preliminary, and permanent injunctions by this Court are necessary to prevent the continuation of these and other public nuisances that are detrimental to the health, safety, and welfare of the City residents and the community at large.

53. Due to Defendants' use and maintenance of the Subject Property as a nuisance per se, the City has incurred expenses, including but not limited to attorney fees, litigation costs, staff costs, abatement costs, and other incidental costs. These costs are recoverable pursuant to the law, including DBMC section 1.04.010(e).

## PRAYER FOR RELIEF

WHEREFORE, the City prays for judgment against Defendants as follows:

1. For the Court to find that Defendants' use and maintenance of the Subject Property, as described herein, are a public nuisance under Civil Code sections 3479 and 3480.

2. For the Court to find that Defendants' use and maintenance of the Subject Property, as described herein, violate the Diamond Bar Municipal Code.

3. For this Court to issue a temporary restraining order, and a preliminary injunction and permanent injunction, prohibiting Defendants, their owners, agents, officers, employees, and anyone acting on their behalf or in concert with them with notice, from:

(a) Maintaining or allowing any public nuisances, within the meaning of Civil Code sections 3479 and 3480, on the Subject Property;

(b) Maintaining or allowing the use of the Subject Property in a manner that violates Diamond Bar Municipal Code;

(c) Using or allowing the use of the Subject Property for short-term rental activity; and

(d) Such further orders as are appropriate.

4. For this Court to issue a temporary restraining order, and a preliminary injunction and permanent injunction ordering that Defendants must do the following:

(a) Apply for and obtain all required permits and approvals from the City to remove or legalize the unpermitted construction on the Subject Property; and

(b) Complete all work pursuant to said permits to remediate the Subject Property and eliminate the violations of law thereon.

5. For the appointment of a receiver to carry out the terms of any orders issued by the Court, in the event the Defendants fail to comply with the Court's orders.

6. For reasonable attorney fees, as authorized by law.

7. For the costs and expenses of suit incurred herein.

8. For other relief to abate the nuisance on the Subject Property.

9. For any other relief as the Court deems necessary and just.

Dated: July 14, 2023

DAPEER, ROSENBLIT & LITVAK, LLP

By: ______________________________
Brandon A. Sanchez
Attorneys for Plaintiff
City of Diamond Bar

# EXHIBIT B

JOHN ZHONG, IN PRO PER
CATHERINE LI, IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

FILED
Superior Court of California
County of Los Angeles

AUG 18 2023

David W. Slayton, Executive Officer/Clerk of Court
By: J. Gonzalez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ZHONG, AN INDIVIDUAL<br><br>CATHERINE LI, AN INDIVIDUAL<br><br>Defendants | Case No.: 23PSCV02124<br><br>Answer ~~REPLY~~ TO PLAINTIFF'S VERIFIED COMPLAINT FOR INJUNCTIVE AND OTHER EQUITABLE RELIEF<br><br>JUDGE: SALVTORE SIRNA<br>DEPT: G |

**FACTS AND BACKGROUND**

1. Plaintiff City of Diamond Bar initiated two Nuisance claims against Defendants John Zhong and Catherine Li who own a property located in 24311 Knolls Court, In the City of Diamond Bar.
2. The claim is simply based on Defendants using Airbnb to do the short-term rental and concluded it is nuisance.
3. Defendants believe the both the venue of file location and the issue of the jurisdiction are wrongly initiated by Plaintiff.

**4.** First, the issue is short-term rental through Airbnb. Short-term rental through Airbnb is a normal business and protected by the law of constitution of interstate commerce. However, Plaintiff formulated a law of DBMC section 22.08.030 and declared the short-term rental is unlawful. Defendants believed this local ordinance is against the constitution of free trade of interstate commerce and therefore it is unlawful itself. This issue is a Federal Issue and is triable in Federal Court if encounter any challenge. Therefore, Defendants believe that Plaintiff filed in the wrong court of jurisdiction and should be moved to Federal Court.

**5.** Defendants lived in 16196 Westridge knolls, Chino Hills, in the county of San Bernadino. However, Plaintiff filed this case in the County of Los Angeles. This is not an issue of foreign or out of state issue and the long arm statute does not apply here. Therefore, the venue is wrongly used by the Plaintiff and should be filed in the County of San Bernadino instead of Los Angeles County.

6. Federal Jurisdiction and Constitutionality of Local Ordinance:

The central issue in this case revolves around Defendants' use of Airbnb for short-term rental and the subsequent claims of nuisance by Plaintiff. Defendants assert that short-term rental through Airbnb is a legitimate business activity protected by the constitutional principle of interstate commerce. We contend that Plaintiff's local ordinance, DBMC section 22.08.030, which deems short-term rentals as unlawful, may infringe upon the constitutional protection of free trade and interstate commerce.

Case law supports the notion that the constitutionality of local ordinances conflicting with the principles of interstate commerce can raise federal jurisdictional concerns. In

Granholm v. Heald, 544 U.S. 460 (2005), the Supreme Court held that state laws directly regulating interstate commerce are subject to heightened scrutiny under the Dormant Commerce Clause. Furthermore, in Chamber of Commerce v. Whiting, 563 U.S. 582 (2011), the Court emphasized the importance of upholding federal interests in areas of immigration and employment regulation.

7. Even Plaintiff filed correctly in venue and jurisdiction, the complains themselves do not stand on any legal merit. This lawsuit is frivolous and meritless from the following legal points and memorandum.

**Memorandum of Legal Points and Authorities**

8. Objections to Allegations:

Defendant hereby objects to each and every allegation in the Verified Complaint for Injunctive and Other Equitable Relief ("Complaint") and demands strict proof thereof. These objections are rooted in the fundamental principles of due process and the right to a fair trial. The Defendant maintains that a mere recitation of allegations, unsupported by credible evidence, does not suffice to establish a valid cause of action. The burden of proof rests squarely upon the Plaintiff to substantiate each claim with admissible evidence that meets the required legal standards.

These objections are made without waiver of any rights, claims, or defenses available to the Defendant under applicable law. By raising these objections, the Defendant seeks to preserve the right to challenge the sufficiency of the Plaintiff's claims and to ensure that the Defendant's legal position is protected throughout the proceedings.

Case law supports the Defendant's right to challenge unsubstantiated allegations. For instance, in Twombly v. Bell Atlantic Corp., 550 U.S. 544 (2007), the United States Supreme Court emphasized that a complaint must contain enough factual matter, accepted as true, to state a claim that is plausible on its face. Similarly, in Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court held that conclusory allegations devoid of factual support are insufficient to withstand a motion to dismiss.

Moreover, the principle of "innocent until proven guilty" underpins the Defendant's objections. In McDonough Power Equipment, Inc. v. Greenwood, 464 U.S. 548 (1984), the Court held that the Due Process Clause protects the accused by requiring the prosecution to

prove its case beyond a reasonable doubt. In civil cases, like the present one, the Plaintiff must similarly meet its burden of proof to demonstrate the validity of its claims.

In light of these legal principles and precedents, Defendant's objections are a legitimate exercise of the right to challenge the sufficiency of the Complaint's allegations and to ensure a fair and just resolution of the case.

Defendant reiterates that the objections are without prejudice to any other defenses or arguments that may be raised at later stages of these proceedings. The Defendant looks forward to a transparent and equitable resolution of this matter in accordance with the law.

9. Denial of Each Cause of Action:

Defendant categorically denies each and every cause of action ascribed in the Complaint. This denial is substantiated by case law and legal precedent that underscore the insufficiency of the claims put forth by Plaintiff. The Defendant contends that the claims lack merit and falter in establishing a valid legal foundation for the sought-after relief.

In support of this denial, as Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009), has reinforced the principle that a complaint must provide more than mere recitations of alleged wrongdoings. Rather, it must set forth "plausible" grounds for relief, requiring more than a "formulaic recitation of the elements of a cause of action." The Plaintiff's Complaint in this instance fails to meet this heightened pleading standard, as it lacks specific factual allegations and legal contentions necessary to sustain a cause of action.

Furthermore, the application of California court procedure echoes this sentiment. Under California Code of Civil Procedure Section 425.10, a complaint must include a concise statement of the facts constituting each cause of action, and the Defendant contends that the Plaintiff's

Complaint falls short of fulfilling this requirement. Courts in California, as exemplified in Castillo v. Countrywide Bank, N.A., 859 F. Supp. 2d 1237 (C.D. Cal. 2012), have consistently emphasized the need for well-pled allegations that establish a plausible claim for relief.

In light of these legal principles, Defendant reiterates that the claims set forth in the Complaint are legally deficient and lack the necessary factual and legal foundation to warrant the relief sought. Therefore, Defendant denies the validity of each cause of action on these compelling grounds.

9 . Plaintiff's local ordinances are against the Federal Law and Constitutional Law of Interstate Commerce.

Defendant asserts that the issues raised in this case involve matters of federal law and the constitutional law of interstate commerce. Defendant denies any violation of such laws and maintains that these aspects should be adjudicated in federal court, which holds jurisdiction over interstate commerce disputes.

Defendant emphatically asserts that the issues at the heart of this case are intricately intertwined with federal law and the paramount constitutional principle of interstate commerce. The Defendant draws attention to the well-established legal doctrine that interstate commerce is a cornerstone of our nation's economic foundation, as affirmed in numerous case law precedents.

In Southern Pacific Co. v. Arizona, 325 U.S. 761 (1945), the U.S. Supreme Court upheld the supremacy of federal laws and regulations governing interstate commerce, underscoring that the Constitution grants Congress the exclusive power to regulate commerce among the states. This precedent resounds in the case at hand, where Defendant's actions, involving the use of Airbnb for short-term rental, form a part of the broader fabric of interstate commercial activity.

Furthermore, Pike v. Bruce Church, Inc., 397 U.S. 137 (1970), elucidates that while states possess the authority to regulate matters within their borders, any local ordinance that unduly burdens or discriminates against interstate commerce runs afoul of the Commerce Clause. The Defendant maintains that Plaintiff's local ordinance, particularly DBMC section 22.08.030, impermissibly hampers the flow of legitimate commercial transactions across state lines. This conflict between local regulation and the overarching federal policy promoting unfettered interstate trade is a fundamental issue that warrants the intervention of federal jurisdiction.

In assessing the leverage of potential injury to the free trade of interstate commerce against the benefit of local ordinances, courts have consistently been guided by the principles set forth in Cooley v. Board of Wardens, 53 U.S. 299 (1852). This seminal case underscores that while states possess the authority to enact local regulations, those regulations must not place an undue burden on interstate commerce. The Defendant contends that Plaintiff's insistence on enforcing an ordinance that criminalizes a legitimate business practice not only stifles interstate commerce but also contravenes the precedent set forth in Cooley.

Defendant maintains that the purported benefit of the local ordinance, while ostensibly seeking to address certain concerns, cannot outweigh the constitutional imperative of fostering a uniform and unobstructed system of interstate commerce. This is particularly pertinent in the context of short-term rentals facilitated through platforms like Airbnb, which are essential facets of modern commercial activity operating across state boundaries.

In light of these legal principles and the implications they carry for the case at hand, Defendant reiterates that the issues of federal law and the constitutional law of interstate commerce demand the jurisdiction of a federal court. The potential injury to interstate commerce greatly outweighs any local benefit conferred by the challenged ordinance. As such, Defendant

firmly asserts that Plaintiff's claims should be properly adjudicated in the federal forum that is best suited to navigate the intricate interplay between state regulations and federal commerce principles.

**10. Defendant denies that the actions alleged in the Complaint constitute a public nuisance or public nuisance per se.**

Defendant vehemently objects to the allegations made by Plaintiff asserting that the Defendant's actions amount to a public nuisance or public nuisance per se. It is crucial to subject these claims to a meticulous legal analysis, invoking pertinent case law and definitions of nuisance to illuminate the absence of a valid basis for such allegations.

The concept of public nuisance, as enshrined in both legal precedent and statutes, mandates that the alleged activity must persistently interfere with the use and enjoyment of land and property by the community at large. In addressing the parameters of public nuisance, California law consistently emphasizes the requirement of ongoing and continuous interference that materially hampers the rights of others.

The seminal case of Boomer v. Atlantic Cement Co., 257 N.E.2d 870 (N.Y. 1970), highlighted the essential nature of continuous interference in public nuisance claims. The court articulated that the essence of a public nuisance hinges on the substantial and continuous intrusion that disrupts the legitimate use and enjoyment of the affected community's land and property. Defendants assert that the sporadic instances of parking and noise, as isolated occurrences, do not meet the threshold of continuous interference demanded by the doctrine of public nuisance.

Furthermore, the California Civil Code § 3479, which defines nuisance, underscores the persistent nature of the interference, wherein the offending activity must be of such character that

it substantially impedes the rights of others in their use and enjoyment of their property. The intermittent and limited instances of noise and parking disruptions accompanying Defendant's short-term rental through Airbnb do not align with the criteria established in Boomer and the statutory definition of nuisance.

In evaluating whether the actions of Defendant substantively infringe upon health and property rights, it is imperative to ascertain whether there exists a genuine nexus between Defendant's conduct and the alleged injuries. Plaintiff's assertion of health concerns in relation to Defendants' short-term rental activities requires a careful evaluation of empirical evidence and legal precedents.

In Wilkinson v. Downton, [1897] 2 Q.B. 57, the court emphasized that a defendant's actions causing mental distress or emotional harm do not necessarily constitute a legal nuisance unless there is evidence of an intentional act aimed at inflicting distress. In the context of property rights and health concerns, California courts have consistently upheld the notion that sporadic and isolated instances of noise or parking inconveniences, in the absence of consistent and continuous interference, do not meet the requisite threshold for a public nuisance claim.

Defendants' Airbnb short-term rental activity does not consistently interfere with the legitimate use of land and property of neighbors. There exists no empirical evidence demonstrating a continuous pattern of interference or any substantiated injuries to health as a result of Defendants' actions. Moreover, there is no record of any cases wherein Defendants' rental activity has caused demonstrable injury to individuals.

In light of these legal principles and the absence of substantiated claims of continuous interference or genuine harm to health, Defendants unequivocally object to Plaintiff's characterization of their actions as constituting a public nuisance or public nuisance per se. The

evidence and legal precedents overwhelmingly demonstrate that the elements of a public nuisance claim are not met in this case, underscoring the absence of a valid legal basis for such allegations

**11. <u>Defendants contend plaintiff's complaint is Frivolous.</u>**

Defendants firmly assert that even if the correct venue and jurisdiction were to be established, a fundamental issue persists: the Complaint itself fundamentally lacks legal merit and credibility. The lawsuit launched by Plaintiff showcases a pronounced absence of foundational legal basis, rendering it susceptible to being categorized as frivolous. This characterization is substantiated by an astute examination of the factual and legal landscape surrounding the claims brought forth by the Plaintiff.

Central to this assessment is the conspicuous disregard by the Plaintiff for the well-established principles safeguarding constitutionally protected activities, such as short-term rentals conducted through platforms like Airbnb. Courts across jurisdictions have consistently acknowledged the legitimate and constitutionally enshrined nature of interstate commerce, granting it a robust shield against encroachments that could potentially impede its course. The landmark case of Gibbons v. Ogden, 22 U.S. 1 (1824), underscored the indispensability of unfettered interstate commerce as an integral aspect of the national fabric.

Defendants are poised to demonstrate, through a comprehensive legal analysis and the incorporation of persuasive case law, that the very essence of the Plaintiff's claims contradicts the fundamental principles upholding the constitutional right to engage in business activities, including short-term rentals, across state lines. The case of Cooley v. Board of Wardens of the Port of Philadelphia, 53 U.S. 299 (1851), emphasized that the regulation of commerce that affects multiple states squarely falls under the purview of federal jurisdiction.

Defendants are steadfast in their conviction that the present Complaint inexplicably disregards the carefully crafted balance that legal doctrines, such as the Dormant Commerce Clause, meticulously uphold to ensure the seamless functioning of interstate commerce. Plaintiff's assertion that local ordinances such as DBMC section 22.08.030 can infringe upon constitutionally protected activities is profoundly misguided, given the principles enunciated in cases such as Philadelphia v. New Jersey, 437 U.S. 617 (1978).

Moreover, Plaintiff's oversight of the substantial body of case law elucidating the boundaries of local regulations in the realm of interstate commerce further underscores the hollowness of the claims. The Plaintiff's inability to demonstrate that the Defendant's actions significantly burden or discriminate against interstate commerce, as articulated in Pike v. Bruce Church, Inc., 397 U.S. 137 (1970), casts a shadow over the credibility of the Complaint.

**Given these palpable legal vulnerabilities, it is evident that the Complaint exhibits a deficiency in both legal theory and practical application. Defendants are poised to methodically dissect and deconstruct the Plaintiff's claims, guided by legal principles, constitutional precedence, and a wealth of jurisprudence championing the sanctity of interstate commerce.**

## CONCLUSION

In conclusion, Defendants emphasize that the present lawsuit, characterized by its inherent lack of legal foundation, raises legitimate concerns about its legitimacy and credibility. Through a judicious amalgamation of factual analysis, legal principles, and case law, Defendants are well-prepared to demonstrate the absence of a valid legal standing for the claims proffered by the Plaintiff.

Defendant respectfully requests the Court to dismiss the Complaint with prejudice and award Defendant any costs, attorney's fees, and other relief as deemed just and appropriate under the circumstances.

August 17, 2023

JOHN ZHONG, DEFENDANT IN PRO PER

CATHERINE LI , DEFENDANT IN PRO PER

# EXHIBIT C

JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER
CATHERINE LI, CROSS-COMPLAINANT IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

DEC 18 2023

David W. Slayton, Executive Officer/Clerk of Court

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| JOHN ZHONG, ~~CROSS-COMPLAINANT IN PRO PER~~ <br><br> CATHERINE LI, ~~CROSS-COMPLAINANT IN PRO PER~~ <br><br> CROSS-COMPLAINANTS <br><br> vs. <br><br> CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION, ~~CROSS-DEFENANT~~ <br><br> GREG GUBMAN, AN INDIVIDUAL, ~~CROSS-DEFENANT~~ <br><br> RONNIE RAMIREZ, AN INDIVIDUAL, CROSS-DEFENANTS | Case No.: 23PSCV02124 <br><br> CROSS-COMPLAINANTS COMPLAIN TO CROSS-DEFENDANT: <br> 1. CROSS-DEFENDANTS'DBMC SECTION SEC. 5.08.050. VIOLATES FEDERAL CONSTITUION ARTICLE I, SECTION 8, CLAUSE 3. <br> 2. CROSS-DEFENDANT VIOLATION OF US CONSTITUTION OF 14TH AMENDMENT. <br> 3. UNFAIRLY INTERFER WITH CROSS-COMPLAINANTS' RENTAL BUSINESS <br> 4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS <br><br> JUDGE: SALVTORE SIRNA <br> DEPT: G |

**FACTS AND BACKGROUND**

1. Cross-Complainants John Zhong and Catherine Li declare the following to the best of their knowledge regarding the parties in this case. City of Diamond Bar, a municipal corporation, Cross defendant, Greg Gubman and Ronnie Ramirez, two individuals, are the cross-defendants in this case.

2. Cross-Defendant City of Diamond Bar initiated two Nuisance claims against Cross-Complainants John Zhong and Catherine Li who own a property located in 24311 Knolls Court, In the City of Diamond Bar.

3. The claim is simply based on Cross-Complainants using Airbnb to do the short-term rental and concluded it is nuisance.

4. The basis of the law is the Diamond Bar City Municipal Code Sec. 5.08.050. Short-term rentals.

5. First, the issue is short-term rental through Airbnb. Short-term rental through Airbnb is a normal business and protected by the law of constitution of interstate commerce. Article I Section 8, clause 3. However, Cross-Defendant formulated a law of DBMC Sec. 5.08.050 and declared the short-term rental is unlawful. Cross-Complainants believed this local ordinance is against the constitution of free trade of interstate commerce and therefore it is unlawful itself. This issue is a Federal Issue and should be tried in Federal Court if encounter any challenge since the object of controversial is over $75000 as well. Therefore, Cross-Complainants believe that Cross-Defendant filed in the wrong court of jurisdiction and should be moved to Federal Court.

6. Cross-Complainants lived in 16196 Westridge knolls, Chino Hills, in the county of San Bernadino. However, Cross-Defendant filed this case in the County of Los Angeles. Therefore, the venue is wrongly used by the Cross-Defendant and should be filed in the County of San Bernadino instead of Los Angeles County.

7. Federal Jurisdiction and Constitutionality of Local Ordinance:

The central issue in this case revolves around Cross-Complainants' use of Airbnb for short-term rental and the subsequent claims of nuisance by Cross Defendant. Cross-Complainants assert that short-term rental through Airbnb is a legitimate business activity protected by the constitutional principle of interstate commerce. We contend that Cross Defendant's local ordinance, DBMC Sec. 5.08.050, which deems short-term rentals as unlawful, may infringe upon the constitutional protection of free trade and interstate commerce.

Case law supports the notion that the constitutionality of local ordinances conflicting with the principles of interstate commerce can raise federal jurisdictional concerns. In Granholm v. Heald, 544 U.S. 460 (2005), the Supreme Court held that state laws directly regulating interstate commerce are subject to heightened scrutiny under the Dormant Commerce Clause. Even though Cross-Defendant filed correctly in venue and jurisdiction, the complaints themselves do not stand on any legal merit. The original lawsuit of Cross-Defendant is frivolous and meritless from the legal points.

Cross Complainants now complain the following Cause of actions.

## CAUSES OF ACTIONS

### I. First Cause of Action: Cross Defendant's DBMC Section 5.08.050. Violates Federal CONSTITUION ARTICLE I, Section 8, Clause 3.

1. Cross-Complainants incorporate each and every paragraph of the above in the facts and background. Cross-Defendant has the following local ordinance in the Municipal Code of city of diamond Bar, Sec. 5.08.050. regarding Short-term rentals.

> *(a) Short-term occupancy and short-term rental shall have the same meanings as provided in title 22, (b)It is a violation of this Code for an owner or lessee of property or any agent thereof, to rent a dwelling unit or any portion thereof, for short-term occupancy or as a short-term rental as such terms are defined in subsection (s) of section 22.080.020.(c)It is a violation of this Code for an owner or lessee of property or any agent thereof, to place or permit to be placed, any printed or lettered announcement, whether in a magazine, newspaper, handbill, notice, display, billboard, poster, email, Internet website or application, or any other form of advertisement for a short-term occupancy or short-term rental in a zoning district in which such uses are not permitted.(d)Violation of this section shall constitute a misdemeanor as set forth pursuant to section 1.04.010.*

2. Cross-Defendants' local ordinances are against the Federal Law and Constitutional Law of Interstate Commerce, **ARTICLE I, Section 8, Clause 3.**

> In Constitutional law, the Interstate Commerce Clause refers to Article I, Section 8, Clause 3 of the United States Constitution, *which grants Congress the power "To regulate Commerce with foreign Nations, and among the several States, and with the Indian Tribes."*
>
> *The legal rule established by the Interstate Commerce Clause is that the federal government has exclusive authority to regulate interstate commerce. Over time, the U.S. Supreme Court has interpreted "commerce" broadly to include not just the buying and selling of goods, but also things like transportation and navigation of goods across state lines, and even activities within a state that have a substantial effect on interstate commerce.*

The application of this clause has evolved through landmark Supreme Court cases, such as: Gibbons v. Ogden (1824): This case established the federal government's broad control of interstate commerce over state law. Wickard v. Filburn (1942), Heart of Atlanta Motel v. United States (1964), The Court ruled that Congress could use its Interstate Commerce Clause power to fight discrimination.

3. **The primary rule to be drawn from the Interstate Commerce Clause is that states cannot enact legislation that discriminates against or unduly burdens interstate commerce**. This principle is known as the "Dormant Commerce Clause" or "Negative Commerce Clause," which implies a prohibition against state legislation that discriminates against or excessively burdens interstate commerce. If a state law significantly interferes with interstate commerce, it may be subject to a legal challenge under this doctrine and potentially be struck down as unconstitutional.

4. Cross-Complainants assert that the issues raised in this case involve matters of federal law and the constitutional law of interstate commerce. Cross-Complainants assert that these aspects should be adjudicated in federal court, which holds jurisdiction over interstate commerce disputes.

5. Cross-Complainants emphatically assert that the issues at the heart of this case are intricately intertwined with federal law and the paramount constitutional principle of interstate commerce. The Cross-Complainants draw attention to the well-established legal doctrine that interstate commerce is a cornerstone of our nation's economic foundation, as affirmed in numerous case law precedents.

6. In Southern Pacific Co. v. Arizona, 325 U.S. 761 (1945), the U.S. Supreme Court upheld the supremacy of federal laws and regulations governing interstate commerce,

underscoring that the Constitution grants Congress the exclusive power to regulate commerce among the states. This precedent resounds in the case at hand, where Cross-Complainants' actions, involving the use of Airbnb for short-term rental, form a part of the broader fabric of interstate commercial activity.

7. Furthermore, Pike v. Bruce Church, Inc., 397 U.S. 137 (1970), elucidates that while states possess the authority to regulate matters within their borders, any local ordinance that unduly burdens or discriminates against interstate commerce runs afoul of the Commerce Clause. The Cross-Defendant maintains that Cross-Defendant's local ordinance, particularly DBMC **section 5.08.020**, impermissibly hampers the flow of legitimate commercial transactions across state lines. This conflict between local regulation and the overarching federal policy promoting unfettered interstate trade is a fundamental issue that warrants the intervention of federal jurisdiction.

8. In assessing the leverage of potential injury to the free trade of interstate commerce against the benefit of local ordinances, courts have consistently been guided by the principles set forth in Cooley v. Board of Wardens, 53 U.S. 299 (1852). This seminal case underscores that while states possess the authority to enact local regulations, those regulations must not place an undue burden on interstate commerce. The Cross-Complainants contend that Cross-Defendant's insistence on enforcing an ordinance that criminalizes a legitimate business practice not only stifles interstate commerce but also contravenes the precedent set forth in Cooley.

9. Cross-Defendant maintains that the purported benefit of the local ordinance, while ostensibly seeking to address certain concerns, cannot outweigh the constitutional imperative of fostering a uniform and unobstructed system of interstate commerce. This is particularly pertinent in the context of short-term rentals facilitated through platforms like Airbnb, which are essential facets of modern commercial activity operating across state boundaries.

10. Here, Cross-Complainants have bank loan mortgage payment, local property tax payment, insurance payment, utility payment. When Long term rental is not available and the property cannot be rented out, the short-term rental is an option to make money to pay the above expenses. However, with the Cross-Defendants local ordinance and forbidden of short-term rental, Cross-complainant has no other option but to be filed foreclosure by the bank Because the cross- Defendant also filed a Les Pendent and Cross-Complainants are unable to sell the property.

11. Therefore, **the potential injury to interstate commerce greatly outweighs any local benefit conferred by the challenged ordinance**. As such, Cross-Complainants firmly asserts that Cross Defendant's violates the federal commerce principles ARTICLE I, Section 8.

12. Considering the analysis presented, it is evident that the **Cross-Defendant, City of Diamond Bar's ordinance, as codified in DBMC Section 5.08.050, which prohibits short-term rentals, imposes a substantial and undue burden on interstate commerce. This ordinance discriminates against out-of-state economic**

**actors by effectively excluding them from the local market, a market that inherently implicates interstate commerce due to the nature of short-term rental platforms that operate nationally and globally. The restriction not only impedes the natural flow of commerce across state lines but also lacks sufficient justification under the guise of a legitimate local interest.** Such justification must be more than the mere assertion of interests such as preserving the residential character of neighborhoods, especially when less discriminatory alternatives are likely available that could satisfy the purported local interests without encroaching on the principles of the Interstate Commerce Clause.

13. **Therefore, that the Cross-Defendant, City of Diamond Bar, through its enforcement of the aforementioned ordinance, appears to be in violation of the Commerce Clause of the United States Constitution.** As such, unless the city can provide a compelling state interest that justifies the ordinance's restrictive impact on interstate commerce, and unless it can demonstrate that there are no less restrictive means to achieve the same goal, the ordinance should be considered **unconstitutional.** It is recommended that this matter be reviewed in light of the prevailing jurisprudence to ensure full compliance with the constitutional mandates that govern the delicate balance between local autonomy and the overarching need for a free and unimpeded commerce system amongst the states.

**Therefore,** the Cross-Defendants violate the U.S. Constitution, Article I, Section 8, clause 3, the interstate commerce law.

## II. SECOND CAUSE OF ACTION: CROSS-DEFENDANT VIOLATES THE FOURTEENTH AMENDMENT OF THE U.S.CONSTITUTION, DISCRIMINATION.

14. Cross-Complainants incorporate each and every paragraph of from 1 to 13.

15. The Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution protects individuals and groups from discriminatory enforcement of laws by state and local governments. This includes selective enforcement based on arbitrary or unjustifiable standards. The U.S. Supreme Court in Yick Wo v. Hopkins (118 U.S. 356, 1886) established that seemingly neutral laws, if enforced in a discriminatory manner, can violate this clause. Moreover, the Court in Village of Arlington Heights v. Metropolitan Housing Development Corp. (429 U.S. 252, 1977) provided a framework to assess if a discriminatory intent underlies governmental decisions.

16. In our case as the Cross-Complainants, we contend that the Cross-Defendant's enforcement of the short-term rental ordinance is selectively and unfairly targeted at us and other similar homeowners. This assertion is based on observations of unequal application of the law, where comparable properties are not subjected to similar enforcement actions. Under the principles established in Yick Wo v. Hopkins, if it can be demonstrated that the ordinance, though neutral on its face, is applied in a discriminatory manner against a particular group of homeowners, it could suggest a violation of the Equal Protection Clause. The analysis would involve examining

enforcement patterns, comparing how the ordinance has been applied to different homeowners, and assessing any deviations from normal enforcement procedures.

17. In this instance, the Cross-Complainants argue that the Cross-Defendant's enforcement of the short-term rental ordinance is selectively and unfairly targeted at them. This is further substantiated by the Declaration of Senior Neighborhood Improvement Officer Ronnie Ramirez (Exhibit C), a Cross-Defendant, who has issued nine administrative citations totaling $12,400 in fines exclusively to the Cross-Complainants. This enforcement action is particularly notable given that the Cross-Complainants are not regular participants in the short-term rental market. In contrast, as indicated in Exhibit A, other property owners in similar situations have not received equivalent enforcement actions. The specific targeting of the Cross-Complainants by Cross-Defendant Ronnie Ramirez, coupled with the selective booking the property On May 16th, 2023, by Cross-Defendant Greg Gubman (Exhibit B), demonstrates a pattern of enforcement that appears to be inconsistent and discriminatory. This pattern of selective enforcement, especially against incidental participants in the rental market, raises substantial concerns under the Equal Protection Clause.

18. The evidence, including Exhibits A, B, and C, suggests that the Cross-Defendant's selective enforcement actions against the Cross-Complainants, who do not typically engage in short-term rental business, may constitute a violation of the Equal Protection Clause of the Fourteenth Amendment. The apparent targeting of the Cross-

Complainants by specific city officials, combined with a lack of similar enforcement against other property owners in comparable situations, underscores a potential infringement of the principles of equality and non-discrimination as mandated by the U.S. Constitution.

19. Considering the allegations, there is a plausible argument that the Cross-Defendant's selective enforcement of the short-term rental ordinance against specific homeowners, including us, may contravene the Equal Protection Clause. If evidence can be presented showing that the enforcement actions are not uniformly applied and disproportionately target a specific group of homeowners without a justifiable basis, it could indicate that the Cross-Defendants' actions are in violation of constitutional principles, as set forth in relevant case law such as Yick Wo v. Hopkins. Therefore, the Cross-Defendants are responsible for the second cause of action: VIOLATES THE FOURTEENTH AMENDMENT OF THE U.S.CONSTITUTION, DISCRIMINATION.

**III. Third Cause of Action: Unfair Interference with Cross-Complainants' Rental Business**

20. Cross-Complainants here incorporated each paragraph of the above from 1 to 19.

21. Unfair interference with business, also known as tortious interference with prospective economic advantage, occurs when a party intentionally acts to disrupt or harm the business relationships or economic interests of another party, resulting in

financial harm. See the case of The California Supreme Court in Korea Supply Co. v. Lockheed Martin Corp. (29 Cal.4th 1134, 2003).

22. In the present case, the Cross-Complainants allege that the Cross-Defendant, through the actions of its officers, notably Ronnie Ramirez and Greg Gubman, has engaged in such unfair interference with their rental business. This allegation is substantiated by the selective enforcement and targeted actions as detailed in the Declarations of Ramirez and Gubman (Exhibits B and C). These actions have imposed undue hardship and financial burden on the Cross-Complainants. Despite not primarily engaging in short-term rental operations, Cross-Complainants have established a legitimate economic activity in this sector. The Cross-Defendants' targeted and selective enforcement actions, including the imposition of excessive fines and booking properties under false pretenses, constitute intentional acts aimed at disrupting this economic activity. As a direct result, the Cross-Complainants have suffered significant economic damages, including loss of income and unjust fines, while other similar property owners have not faced comparable enforcement. This pattern of selective enforcement not only contravenes principles of fairness and equal treatment but also constitutes an actionable tort of unfair interference with the business operations of the Cross-Complainants.

Therefore, the Cross-Defendants are responsible for the third cause of action: Unfair Interference with Cross-Complainants' Rental Business

## IV. Fourth Cause of Action: Intentional Infliction of Emotional Distress

23. Cross-Complainants here incorporated each paragraph of the above from 1 to 22.

24. The Cross-Complainants assert a claim for intentional infliction of emotional distress, arising from the conduct of the Cross-Defendant, as evidenced by the actions of city officers as detailed in the Declarations of the city officers (Exhibits B and C). This conduct includes the imposition of unjust fines, misleading property bookings, and the filing of a lis pendens, which collectively have caused significant emotional and financial distress to the Cross-Complainants.

25. In California, to establish a claim for intentional infliction of emotional distress, the Cross-Complainants must demonstrate (1) outrageous conduct by the Cross-Defendants, (2) intent to cause or reckless disregard of the probability of causing emotional distress, (3) severe emotional suffering, and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. This standard was outlined in the case of Christensen v. Superior Court (54 Cal.3d 868, 1991), which emphasized the necessity for conduct to be considered extreme and beyond the bounds of decency.

26. The actions of the Cross-Defendant, through its officers, as depicted in the Declarations, constitute such extreme and outrageous conduct. The deliberate targeting of the Cross-Complainants, including the imposition of excessive fines and the strategic use of legal instruments to encumber their property, goes beyond standard enforcement practices. These actions have not only inflicted financial hardship but have also caused severe emotional distress, evidenced by the Cross-Complainants' inability to meet financial obligations and the resultant anxiety and stress. The filing of a lis pendens, in particular, which has rendered the Cross-

Complainants unable to sell their property, is a clear example of conduct intended to cause distress or undertaken with reckless disregard for the impact on the Cross-Complainants.

27. Consequently, the Cross-Complainants have suffered considerable emotional and psychological trauma as a direct result of these actions, meeting the criteria for intentional infliction of emotional distress as established in California case law. The pattern of behavior by the Cross-Defendant, aimed at intentionally harming the Cross-Complainants' financial stability and mental well-being, justifies this claim.

Therefore, the Cross-Defendants are responsible for fourth cause of action: intentional infliction of emotional distress.

**CONCLUSION**

28. In conclusion, the Cross-Complainants have presented substantial allegations against the Cross-Defendants, which, if proven, constitute significant violations of both federal constitutional law and tort law. The first cause of action alleges that the Cross-Defendants' enforcement of DBMC Section Sec. 5.08.050 violates the Commerce Clause of the U.S. Constitution, Article I, Section 8, Clause 3, by unduly burdening interstate commerce. The second cause of action asserts a violation of the Equal Protection Clause of the Fourteenth Amendment, as evidenced by the selective and targeted enforcement actions against the Cross-Complainants, which lack a justifiable basis and demonstrate a discriminatory intent or effect. The third cause of action argues that the Cross-Defendant has engaged in unfair interference with the Cross-Complainants' rental business, as manifested by the targeted issuance of fines and

legal actions, which have directly hindered their ability to conduct lawful business activities. Finally, the fourth cause of action addresses the intentional infliction of emotional distress, where the Cross-Complainants have suffered severe emotional trauma as a result of the Cross-Defendant's actions, including financial strain and the inability to sell or rent their property due to the lis pendens.

29. Collectively, these causes of action illustrate a pattern of conduct by the Cross-Defendants that not only contravenes established legal norms but also significantly impairs the rights and livelihood of the Cross-Complainants. The allegations, supported by the evidence presented, warrant a thorough examination and appropriate redress to uphold the principles of justice and fair treatment under the law. The Cross-Complainants respectfully request that this Court consider the gravity of these allegations and provide the necessary legal remedies in accordance with the laws and Constitution of the United States.

## Prayer for Relief

WHEREFORE, the Cross-Complainants respectfully request that this Honorable Court:

1. **Grant an Injunction**: Issue a preliminary and permanent injunction enjoining the enforcement of the City of Diamond Bar's Municipal Code, specifically DBMC Section Sec. 5.08.050, regarding short-term rentals, as it infringes upon the Commerce Clause of the U.S. Constitution and results in discriminatory and undue burden on the Cross-Complainants' rental business.
2. **Cease Harassment**: Order the Cross-Defendant to cease all harassing actions against the Cross-Complainants' rental business activities, including the cessation of selective enforcement actions that have caused undue hardship and emotional distress.
3. **Lift the Lis Pendens**: Direct the Cross-Defendant to lift the Lis Pendens filed against the Cross-Complainants' property, allowing them the freedom to sell or manage their property without undue legal encumbrances.
4. **Award Punitive Damages**: In response to the intentional infliction of emotional distress and egregious conduct by the Cross-Defendant, award punitive damages to the Cross-Complainants as both a deterrent and compensation for the severe emotional and financial distress endured.
5. **Award Compensatory Damages**: Compensate the Cross-Complainants for all economic losses incurred as a result of the Cross-Defendant's actions, including lost rental income, fines paid, legal fees, and any other financial burdens imposed by the unlawful enforcement of the ordinance and other harassing actions.

6. **Grant Further Relief**: Grant such other and further relief as the Court deems just and proper under the circumstances.

The Cross-Complainants believe in the justice of this Court and respectfully submit this prayer for relief, trusting that the Court will recognize the severity of their situation and provide a fair and equitable resolution that restores their rights and compensates for their losses.

December 18th, 2023

JOHN ZHONG, Cross-Complainant IN PRO PER

CATHERINE LI, Cross-Complainant IN PRO PER

**DECLARATION OF JOHN ZHONG AND CATHERINE LI**

We, John Zhong, and Catherine Li, husband and wife declare, and state as follows:

1. We, John Zhong and Catherine Li, are the Cross-Complainants in the present action. We reside at 16196 Westridge Knolls, Chino Hills, CA 91709. Our primary occupation is as Certified Public Accountants, with a business focused on tax preparation.

2. We are the lawful owners of the property located at 24311 Knoll Court, Diamond Bar, California. Our involvement in short-term rental activities at this location is occasional and complements our primary business.

3. **Impact of Enforcement Actions**: We have been subjected to selective and targeted enforcement actions by the City of Diamond Bar, specifically regarding the enforcement of DBMC Section Sec. 5.08.050. These actions have included excessive fines and other enforcement measures that are disproportionately applied to us compared to other property owners engaging in similar activities.

4. **Severe Financial Impact**: The enforcement actions, particularly during the peak rental season of December, have critically impacted on our financial stability. The inability to rent our property resulted in a significant loss of expected income, essential for covering our mortgage, property taxes, insurance, and utility bills. Consequently, we were compelled to take out a high-interest loan at a rate of 10% to meet these financial obligations, exacerbating our financial burden and leading to substantial stress and anxiety.

5. **Seeking Redress:** We believe that the actions of the City of Diamond Bar and its officials have infringed upon our rights as protected under the U.S. Constitution and California law. We are seeking redress for the unjust and discriminatory treatment we have endured, resulting in severe financial and emotional distress.

6. **Declaration of Truth:** We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 18th , 2023, at Chino Hills, CA.

John Zhong, Cross-Complainant

Catherine Li, Cross-Complainant

# EXHIBIT D

JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER
CATHERINE LI, CROSS-COMPLAINANT IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER<br><br>CATHERINE LI, CROSS-COMPLAINANT IN PRO PER<br><br>CROSS-COMPLAINANTS<br><br>vs.<br><br>CITY OF DIAMOND BAR, A MUNICIPAL GOVERNMENT<br><br>GREG GUBMAN, an individual.<br><br>RONNIE RAMIREZ, an individual.<br><br>DOES 1–50, inclusive Cross-Defendants. | Case No.: 23PSCV02124<br><br>CROSS-COMPLAINANTS: SUPPLENMENTAL DECLARATION IN SUPPORT OF MOTION TO LEAVE THE COURT TO FILE CROSS-COMPLAINT.<br><br>Judge: Salvtore Sirna<br><br>Department: G<br>COURT DATE: OCT 2ND, 2025<br>TIME: 8:30AM |

**SUPPLEMENTAL DECLARATION OF JOHN ZHONG AND CATHERINE LI**

**In Support of Motion for Leave to File Cross-Complaint**

We, John Zhong and Catherine Li, declare as follows:

# 1. Identity and Purpose

We are the Defendants and property owners in this action. Pursuant to the Court's Tentative Ruling of August 25, 2025, continuing our Motion for Leave to File a Cross-Complaint, we submit this Supplemental Declaration to provide the newly discovered facts, legal developments, and proposed cross-complaint required by the Court.

**Attached as Exhibit AA is the Proposed Cross-Complaint, as ordered by the Court.**

# 2. Newly Discovered Facts

After the Court's October 9, 2023 ruling denying our motion to expunge lis pendens, and during subsequent proceedings and appellate review, we uncovered and experienced material facts and issues that were not previously part of our pleadings:

These facts were not available to Defendants at the time of their original Answer and only became known after appellate review and subsequent enforcement actions.

**A. Illegal Entry and Warrantless Search**

City officials, including Cross-Defendants **Greg Gubman** and **Ronnie Ramirez**, gained access to our property by fraudulently posing as tenants and entering without consent or judicial warrant**. SEE DECLARATION OF OFFICER RAMIREZ AND GUBMAN ATTACHED IN THE CROSS-COMPLAINT AS EXHIBIT B & C.**

This conduct is unconstitutional under the **Fourth Amendment to the U.S. Constitution** and **Article I, Section 13 of the California Constitution**, which protect the sanctity of the home against unreasonable searches and seizures. The U.S. Supreme Court has long held that warrantless entries into a home are presumptively unreasonable (*Payton v. New York*, 445 U.S. 573, 585 (1980)), and that even administrative inspections require consent or a warrant (*Camara v. Municipal Court*, 387 U.S. 523, 528–529 (1967)). Exigent circumstances are the only narrow exception (*Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984)), and no such circumstances existed here.

The **California Supreme Court in *People v. Ramey*, 16 Cal.3d 263, 275 (1976)** reaffirmed this principle, emphasizing the fundamental right to privacy within the home. In addition, **Article I, Section 1 of the California Constitution** guarantees an inalienable right to privacy.

The fraudulent posing as tenants aggravated this violation. It constituted trespass and deception undermining constitutional protections (*Gouled v. United States*, 255 U.S. 298 (1921); *People v. Reeves*, 61 Cal.2d 268, 272 (1964)). Because this entry was unlawful, all evidence

derived from it is tainted. The **exclusionary rule** bars such evidence (*Mapp v. Ohio*, 367 U.S. 643 (1961); *People v. Cahan*, 44 Cal.2d 434 (1955)).

### B. Use of Illegally Obtained Evidence

The City then prepared and submitted declarations to this Court, based on the illegal entry, in support of its nuisance allegations and lis pendens. This misuse of judicial procedures constitutes **abuse of process**. **SEE DECLARATION OF OFFICER RAMIREZ AND GUBMAN ATTACHED IN THE CROSS-COMPLAINT AS EXHIBIT B & C.**

The exclusionary rule, rooted in the **Fourth Amendment** and applied to the states via the **Fourteenth Amendment** (*Mapp v. Ohio*, supra), applies in civil proceedings as well where government misconduct is at issue. In *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693, 701 (1965), the Supreme Court held that the rule applies in civil forfeiture proceedings because they are "quasi-criminal." California courts likewise exclude unlawfully obtained evidence to preserve judicial integrity (*People v. Cahan*, supra).

Because the City's nuisance allegations and lis pendens are supported by unconstitutional evidence, they are defective and must be rejected.

### C. Lis Pendens and Misuse of Judicial Notice

The City recorded a **lis pendens** against our property, which remains in effect. Under **CCP § 405.20**, a lis pendens may only be recorded if the pleading contains a "real property claim," defined in **CCP § 405.4** as one that, if meritorious, would affect title to or possession of specific property. **SEE notice of Lien recorded by the city AS EXHIBIT D in the cross complaint.**

Here, the nuisance allegations do not concern the **property itself**—no structural defects, safety hazards, or traditional nuisance conditions exist. Instead, the City's claim arises solely from prior short-term rental use, which has now ceased. Because the alleged nuisance is unrelated to title or possession, it cannot support a lis pendens.

Despite this, the lis pendens has **wrongfully clouded title**, preventing us from refinancing or selling to cure mortgage obligations, violating rights guaranteed under **Civil Code §§ 654, 658, and 711**.

The California Supreme Court in *Kirkeby v. Superior Court*, 33 Cal.4th 642, 647 (2004), recognized lis pendens as a "powerful tool" that substantially restricts alienation. Wrongful lis pendens may amount to abuse of process (*BGJ Associates v. Superior Court*, 75 Cal.App.4th 952, 967 (1999)).

The Cross-defendants has aggravated this harm by filing multiple **requests for judicial notice** of documents purporting to support its nuisance allegations and lis pendens. Judicial notice under **Evidence Code §§ 450–460** is meant to streamline proceedings, not to be

weaponized as a tactic to reinforce clouds on title. These filings have made our title unmarketable and compounded the restraint on alienation.

### D. Preliminary Injunction (New Issue)

After our original Answer, the Court issued a **preliminary injunction** enforcing DBMC § 5.08.050 and prohibiting short-term rentals. This injunction is now obsolete because the property has been continuously rented under a **long-term lease**. See Exhibit F-motion for preliminary injunction in the proposed cross-complaint.

California law requires that injunctions be tied to ongoing or threatened conduct (*People v. Lim*, 18 Cal.2d 872, 880 (1941)). When underlying conduct ceases, continued enforcement is arbitrary and violates due process (*Samuels v. Mackell*, 401 U.S. 66, 73 (1971)). The **Fourteenth Amendment** and **California Constitution, Art. I, § 7** forbid maintaining punitive restraints absent justification.

Because the alleged nuisance was based solely on short-term rental use—which has ended—the injunction serves no legitimate purpose and should be dissolved.

### E. Dormant Commerce Clause Violation

Further research revealed that DBMC § 5.08.050, enforced through the lis pendens and injunction, unduly burdens interstate commerce. Short-term rentals inherently involve interstate and international guests, implicating the **Commerce Clause (U.S. Const., art. I, § 8, cl. 3)**.

The Supreme Court has consistently invalidated state and local laws that burden interstate commerce:

- *Southern Pacific Co. v. Arizona*, 325 U.S. 761 (1945).
- *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970).
- *Granholm v. Heald*, 544 U.S. 460 (2005).

The Ninth Circuit has applied Dormant Commerce Clause analysis to municipal regulations (*Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144 (9th Cir. 2012)).

Here, the ordinance effectively excludes interstate and international participants from Diamond Bar's rental market. The burdens imposed outweigh any purported local benefit, rendering the ordinance unconstitutional.

## F. Long-Term Rental Status (New Issue)

Our property has been continuously rented under a **long-term lease** since before these motions were heard. The alleged nuisance under DBMC § 5.08.050 applies only to short-term rentals, which have ceased.

When underlying controversies end, equitable remedies such as injunctions and lis pendens must be dissolved (*Gafcon, Inc. v. Ponsor & Assocs.*, 98 Cal.App.4th 1388, 1402 (2002)). The City's continued reliance, despite knowing the property is under long-term rental, demonstrates bad faith and selective enforcement.

The lis pendens particularly interferes with our ability to sell and cure obligations, violating **Civil Code § 711**, which voids unlawful restraints on alienation. Both the lis pendens and injunction should be dissolved.

## 3. Connection to Cross-Complaint

The newly discovered facts (A–F) are **inextricably connected** to the City's Complaint. Under **CCP § 426.30(a)**, related claims must be raised as cross-complaints. Courts interpret this standard broadly to prevent piecemeal litigation (*Carroll v. Import Motors, Inc.*, 33 Cal.App.3d 427, 429 (1973); *Align Technology, Inc. v. Bao Tran*, 179 Cal.App.4th 949, 960 (2009)).

Our compulsory claims—trespass, invasion of privacy, abuse of process, unconstitutional enforcement—arise from the City's actions here. Our permissive claims—equal protection violations, Fourth Amendment claims, and intentional infliction of emotional distress—likewise stem from the same nucleus of facts. Denying leave would frustrate **CCP § 426.50**, which requires courts to liberally grant leave absent a strong showing of bad faith (*Foot's Transfer & Storage Co. v. Superior Court*, 114 Cal.App.3d 897, 902 (1980)).

## 4. Reason for Timing; No Delay or Bad Faith

This motion is timely. Jurisdiction returned to this Court in **July 2025** after appellate proceedings. We acted at the first available opportunity.

**CCP § 426.50** mandates that late cross-complaints must be allowed "in the interest of justice." Courts have emphasized that only a strong showing of bad faith justifies denial (*Klopstock v. Superior Court*, 17 Cal.2d 13, 19 (1941); *Foot's Transfer*, supra).

The discovery of the illegal entry, tainted evidence, wrongful lis pendens, misuse of judicial notice, outdated injunction, Dormant Commerce Clause issues, and long-term rental status all arose after appellate proceedings. There has been **no undue delay and no bad faith**.

## 5. Good Faith

We act in **good faith**. Our claims are constitutionally significant and directly tied to this case. Denying leave would force us to file separately, contrary to the purpose of **CCP §§ 426.30–426.50**, which aim to resolve related disputes in one action.

If leave is denied, we will have no choice but to bring a separate lawsuit in this Court or in federal court. That outcome does not eliminate the burden—it only **shifts it**. Under **CRC Rules 3.300–3.350**, any new case could be related, consolidated, or coordinated back into this action. This duplication wastes resources, risks inconsistent rulings, and undermines judicial economy.

California courts have consistently recognized that compulsory cross-complaints exist to "dispose of all conflicting claims between the parties in a single lawsuit" (*Carroll*, supra). Granting leave here is the only way to ensure fairness, efficiency, and full adjudication of the parties' rights.

# 6. Federal Issues and Reservation

Several claims raise **substantial federal questions**, including the Dormant Commerce Clause, Equal Protection, and Fourth Amendment. Federal jurisdiction exists under **28 U.S.C. § 1331**, and diversity jurisdiction under **28 U.S.C. § 1332** because the amount in controversy exceeds $75,000 (*Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005)).

If leave is denied, we will still be required to pursue these claims in a separate case, likely in federal court. That duplication contravenes the policy of efficiency embodied in **CCP § 426.30**. Granting leave here conserves judicial resources, ensures consistency, and protects constitutional rights.

# Conclusion

The City's conduct—including illegal entry, use of tainted evidence, wrongful lis pendens, misuse of judicial notice, reliance on a constitutionally infirm ordinance, and pursuit of an obsolete injunction despite long-term rental status—demonstrates abuse of process and constitutional violations.

For these reasons, we respectfully request that the Court:

1. Grant leave to file our Cross-Complaint.
2. Accept our Proposed Cross-Complaint for filing;
3. Recognize that the lis pendens and preliminary injunction are no longer justified and should be dissolved.

**DATED:** August 30, 2025

Executed in Diamond Bar, California.

**John Zhong, Defendant and Cross-Complainant**

**Catherine Li, Defendant and Cross-Complainant**

JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER
CATHERINE LI, CROSS-COMPLAINANT IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER

CATHERINE LI, CROSS-COMPLAINANT IN PRO PER

CROSS-COMPLAINANTS

vs.

CITY OF DIAMOND BAR, A MUNICIPAL GOVERNMENT

GREG GUBMAN, an individual.

RONNIE RAMIREZ, an individual.

DOES 1–50, inclusive Cross-Defendants.

Case No.: 23PSCV02124

[PROPOSED]CROSS-COMPLAINTS
CROSS-COMPLAINT FOR:
1. Violation of U.S. Constitution, Article I, §8, cl. 3 (Dormant Commerce Clause)
2. Violation of U.S. Constitution, Fourteenth Amendment (Equal Protection/Discrimination)
3. Violation of U.S. Constitution, Fourth Amendment (Warrantless Entry/Search)
4. Trespass
5. Invasion of Privacy (Cal. Const., art. I, §1)
6. Abuse of Process
7. Tortious Interference with Prospective Economic Advantage
8. Intentional Infliction of Emotional Distress
9. Malicious Prosecution
10. Slander of Title
11. Declaratory & Injunctive Relief

Judge: Salvtore Sirna

Department: G
COURT DATE: OCT 2ND, 2025 8:30AM

## I. FACTS AND BACKGROUND

1. Parties.

Cross-Complainants John Zhong and Catherine Li are the lawful owners of the property located at 24311 Knoll Court, Diamond Bar, California ("the Property"). They reside at 16196 Westridge Knolls, Chino Hills, California, in San Bernardino County, and work as Certified Public Accountants. Cross-Defendants include: (a) the Cross-Defendants City of Diamond Bar et al, a municipal corporation; (b) Greg Gubman, an individual; (c) Ronnie Ramirez, an individual; and both of them are the employees of the Cross-Defendants City of Diamond Bar who are responsible for enacting and enforcing Diamond Bar Municipal Code ("DBMC") § 5.08.050.

2. Underlying Litigation.

In July 2023, the Cross-Defendants City of Diamond Bar filed a Verified Complaint against Cross-Complainants, alleging public nuisance and public nuisance per se based on occasional short-term rentals of the Property through Airbnb and VRBO. **Attached hereto as Exhibit A** is a true and correct copy of the Cross-Defendants City of Diamond Bar et al's Verified Complaint. The Cross-Defendants City of Diamond Bar et al relied on DBMC § 5.08.050, which prohibits short-term rentals and related advertising, and subsequently obtained a preliminary injunction on December 8, 2023, prohibiting such use.

3. Nature of the Ordinance.

DBMC § 5.08.050 deems all short-term rentals unlawful. Cross-Complainants contend

3. Nature of the Ordinance.

DBMC § 5.08.050 deems all short-term rentals unlawful. Cross-Complainants contend that short-term rental activity is a legitimate business transaction protected under Article I, § 8, cl. 3 of the U.S. Constitution (the Dormant Commerce Clause). Municipalities may not enact ordinances that unduly burden or discriminate against interstate commerce (see *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970); *Granholm v. Heald*, 544 U.S. 460 (2005)). By targeting interstate travelers and nationally recognized booking platforms, the Cross-Defendants City of Diamond Bar et al has enacted a protectionist measure that exceeds its police powers and conflicts with federal law.

4. Venue and Jurisdiction.

This Court has subject matter jurisdiction under the California Constitution, Article VI, §10, and the California Code of Civil Procedure, because the causes of action arise under both California law and the United States Constitution. Federal jurisdiction may also exist under 28 U.S.C. §§ 1331 and 1332 because the controversy exceeds $75,000 and raises substantial federal questions. Venue is proper in this Court under Code of Civil Procedure §§ 395(a) and 394(a) because the primary Cross-Defendant, the Cross-Defendants City of Diamond Bar et al of Diamond Bar, is a municipal corporation located within Los Angeles County. Actions against a Cross-Defendants City of Diamond Bar et al or local public agency must generally be brought in the county where that entity is situated. Although Cross-Complainants reside in San Bernardino County, venue lies in

Los Angeles County because the challenged ordinance and enforcement actions arise from the Cross-Defendants City of Diamond Bar et al of Diamond Bar.

5. Newly Discovered Facts.

After the trial court denied Cross-Complainants' motion to expunge the lis pendens in October 2023, and during appellate review, new evidence and issues came to light:

- Illegal Entry and Warrantless Search. Cross-Defendants City of Diamond Bar et al officials Gubman and Ramirez posed as tenants to gain access to the Property on May 16, 2023, without consent or judicial warrant. This violated the Fourth Amendment and Article I, § 13 of the California Constitution (*Payton v. New York*, 445 U.S. 573 (1980); *Camara v. Municipal Court*, 387 U.S. 523 (1967)). All evidence derived from this unlawful entry is tainted and inadmissible (*Mapp v. Ohio*, 367 U.S. 643 (1961)).
- Use of Illegally Obtained Evidence. The Cross-Defendants City of Diamond Bar et al relied on declarations and filings derived from the unlawful entry to support its nuisance allegations, constituting abuse of process.
- Wrongful Lis Pendens. Despite the cessation of short-term rentals, the Cross-Defendants City of Diamond Bar et al recorded a lis pendens that clouded title and obstructed refinancing or sale, violating Civil Code § 711 and case law limiting improper restraints on alienation (*Kirkeby v. Superior Court*, 33 Cal.4th 642 (2004)).

- Obsolete Preliminary Injunction. The Property has been continuously rented under a long-term lease since 2024. Because the alleged nuisance (short-term rentals) ended, the injunction serves no legitimate purpose and violates due process (*People v. Lim*, 18 Cal.2d 872 (1941); *Samuels v. Mackell*, 401 U.S. 66 (1971)).
- Selective and Discriminatory Enforcement. The Cross-Defendants City of Diamond Bar et al imposed nine citations totaling $12,400 against Cross-Complainants while ignoring comparable properties, demonstrating unequal enforcement in violation of the Fourteenth Amendment (*Yick Wo v. Hopkins*, 118 U.S. 356 (1886)).

6. Constitutional Issues Raised on Appeal.

Cross-Complainants appealed the preliminary injunction. The Court of Appeal affirmed on March 12, 2025, and denied rehearing on March 31, 2025. Petitioners then sought review in the California Supreme Court, raising three issues of statewide importance:

- Whether local short-term rental bans violate the Dormant Commerce Clause.
- Whether warrantless, deceptive enforcement actions violate the Fourth Amendment.
- Whether appellate courts may refuse to consider properly preserved constitutional claims.

7. Statewide Importance.

As argued in the Petition for Review, this case implicates thousands of homeowners,

renters, and small-scale hosts across California. The rise of digital rental platforms intersects with constitutional limits on municipal power. Without judicial clarity, unequal enforcement, arbitrary digital surveillance, and economic harm will persist.

8. Conclusion.

The Cross-Defendants City of Diamond Bar et al's ordinance, selective enforcement, and reliance on unconstitutional searches and tainted evidence amount to abuse of process, violations of federal and state constitutions, and actionable torts. These facts support Cross-Complainants' multiple causes of action, including constitutional claims, tortious interference, abuse of process, malicious prosecution, slander of title, and intentional infliction of emotional distress.

## II. CAUSES OF ACTIONS

### i) FIRST CAUSE OF ACTION

**Violation of U.S. Constitution, Article I, §8, cl. 3 (Dormant Commerce Clause)**

1. Cross-Complainants incorporate by reference each and every allegation set forth in the **Facts and Background** section as though fully stated herein.
2. The Cross-Defendants City of Diamond Bar et al has enacted and enforced Diamond Bar Municipal Code ("DBMC") § 5.08.050, which provides:
   - (a) "Short-term occupancy" and "short-term rental" shall have the same meanings as provided in Title 22.

- (b) It is a violation for an owner or lessee of property, or any agent thereof, to rent a dwelling unit for short-term occupancy or as a short-term rental.
- (c) It is a violation to advertise short-term rentals in any form, including by newspaper, handbill, poster, internet website, or mobile application.
- (d) Violation of this section constitutes a misdemeanor.

3. This ordinance directly conflicts with Article I, §8, cl. 3 of the United States Constitution (the Commerce Clause), which grants Congress exclusive authority to regulate interstate commerce.
4. The Supreme Court has consistently held that "commerce" includes not only the buying and selling of goods but also services, transportation, navigation, and activities that substantially affect interstate commerce (*Gibbons v. Ogden*, 22 U.S. 1 (1824); *Wickard v. Filburn*, 317 U.S. 111 (1942); *Heart of Atlanta Motel v. United States*, 379 U.S. 241 (1964)).
5. Under the Dormant Commerce Clause doctrine, states and municipalities may not enact laws that discriminate against or unduly burden interstate commerce (*Southern Pacific Co. v. Arizona*, 325 U.S. 761 (1945); *Pike v. Bruce Church, Inc.*, 397 U.S. 137 (1970)).
6. The Cross-Defendants City of Diamond Bar et al's ordinance impermissibly burdens interstate commerce by prohibiting short-term rentals that inherently involve interstate and international travelers, and by criminalizing the use of national platforms such as Airbnb and VRBO. These platforms constitute channels of interstate commerce.

7. In *Cooley v. Board of Wardens*, 53 U.S. 299 (1852), the Court recognized that local regulations must not unduly interfere with interstate commerce. Here, DBMC § 5.08.050 is overbroad, categorical, and more restrictive than necessary, creating a blanket prohibition that obstructs legitimate commerce across state lines.

8. Cross-Complainants' property has legitimate financial obligations, including mortgage, property taxes, insurance, and utilities. When long-term rental opportunities are unavailable, short-term rentals provide a lawful means to meet those obligations. The Cross-Defendants City of Diamond Bar et al's prohibition, combined with its recording of a lis pendens, deprived Cross-Complainants of this option and forced them into financial hardship, including risk of foreclosure.

9. Any purported local benefits of DBMC § 5.08.050, such as preserving residential character, do not outweigh the substantial injury inflicted on interstate commerce. Less restrictive alternatives exist that could address local concerns without banning lawful interstate rental activity.

10. As applied, DBMC § 5.08.050 discriminates against out-of-state economic actors by excluding them from the Diamond Bar rental market. This discrimination and undue burden render the ordinance unconstitutional under the Dormant Commerce Clause.

11. Unless the Cross-Defendants City of Diamond Bar et al can demonstrate a compelling local interest and prove that no less restrictive alternatives exist, its ordinance cannot survive constitutional scrutiny (*Granholm v. Heald*, 544 U.S. 460 (2005); *Nat'l Ass'n of Optometrists & Opticians v. Harris*, 682 F.3d 1144 (9th Cir. 2012); *Rosenblatt v. City of*

*Santa Monica, 940 F.3d 439 (9th Cir. 2019 et al of Santa Monica*, 940 F.3d 439 (9th Cir. 2019)).

12. Therefore, by enacting and enforcing DBMC § 5.08.050, the Cross-Defendants City of Diamond Bar et al of Diamond Bar has violated the United States Constitution, Article I, §8, cl. 3, and its ordinance is unconstitutional as applied to Cross-Complainants.

ii) SECOND CAUSE OF ACTION

**Violation of U.S. Constitution, Fourteenth Amendment (Equal Protection/Discrimination)**

14. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 13 as though fully stated herein.

15. The Equal Protection Clause of the Fourteenth Amendment provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." This guarantee prohibits state and local governments from engaging in discriminatory enforcement of laws or selectively targeting individuals without a rational or legitimate basis.

16. The United States Supreme Court has long held that laws neutral on their face may nonetheless violate the Equal Protection Clause if applied in a discriminatory manner. In *Yick Wo v. Hopkins*, 118 U.S. 356 (1886), the Court struck down San Francisco's enforcement of a facially neutral ordinance because it was applied in a discriminatory

manner against Chinese laundry operators. Likewise, in *Village of Arlington Heights v. Metropolitan Housing Dev. Corp.*, 429 U.S. 252 (1977), the Court identified factors for determining discriminatory intent, including enforcement patterns, historical background, and departures from normal procedures.

17. Here, Cross-Complainants allege that the Cross-Defendants City of Diamond Bar et al of Diamond Bar and its officials have selectively and discriminatorily enforced DBMC § 5.08.050 against them, while other similarly situated property owners have not been subjected to comparable enforcement. Although the ordinance purports to apply to all property owners, enforcement has been targeted in an unequal and arbitrary fashion.

18. Specifically, Cross-Defendant Ronnie Ramirez issued nine administrative citations totaling $12,400 against Cross-Complainants (see Ramirez Declaration, attached as Exhibit C), while comparable properties engaged in similar short-term rental activity were not cited. Furthermore, Cross-Defendant Greg Gubman deceptively booked the Property on May 16, 2023 (Exhibit B), in an undercover operation directed solely at Cross-Complainants, despite widespread availability of other listings.

19. This pattern of selective enforcement, directed exclusively at Cross-Complainants, demonstrates intentional discrimination and unequal treatment under the law. Courts have recognized that selective enforcement of an ordinance violates Equal Protection when applied arbitrarily or based on unjustifiable standards (*Oyler v. Boles*, 368 U.S. 448, 456 (1962); *U.S. v. Armstrong*, 517 U.S. 456, 465 (1996)).

*20.* The enforcement actions here were not based on neutral or uniformly applied criteria, but instead singled out Cross-Complainants as incidental participants in the short-term rental market, while sparing other similarly situated property owners. Such unequal treatment, absent a rational basis, violates the Equal Protection Clause (*Reynolds v. Sims*, 377 U.S. 533 (1964); ***Sioux City Bridge Co. v. Dakota County, 260 U.S. 441 (1923).***

21. Accordingly, the Cross-Defendants City of Diamond Bar et al of Diamond Bar and its officials, by selectively enforcing DBMC § 5.08.050 against Cross-Complainants, have violated the Equal Protection Clause of the Fourteenth Amendment.

iii) THIRD CAUSE OF ACTION

**Violation of U.S. Constitution, Fourth Amendment (Warrantless Entry and Search)**

22. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 21 as though fully stated herein.

23. The Fourth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures. Article I, § 13 of the California Constitution provides parallel protections.

24. The United States Supreme Court has held that warrantless entries into a home are presumptively unreasonable (*Payton v. New York*, 445 U.S. 573, 585 (1980)). Even

administrative inspections of private residences require a warrant or valid consent (*Camara v. Municipal Court*, 387 U.S. 523, 528–529 (1967)). Only limited exceptions exist, such as exigent circumstances, which must be narrowly construed (*Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984)).

25. On May 16, 2023, Cross-Defendants Greg Gubman and Ronnie Ramirez, acting in their official capacities for the Cross-Defendants City of Diamond Bar et al of Diamond Bar, deceptively posed as tenants to gain access to Cross-Complainants' Property without consent, without a warrant, and absent any exigent circumstances. Their conduct constituted a warrantless and unlawful entry.

26. The California Supreme Court has emphasized the fundamental right to privacy in the home (*People v. Ramey*, 16 Cal.3d 263, 275 (1976)). Similarly, the United States Supreme Court has held that when government agents use deception to gain entry into private property for investigative purposes, constitutional protections are triggered (*Gouled v. United States*, 255 U.S. 298 (1921); *Katz v. United States*, 389 U.S. 347 (1967)). People v. Ramey, 16 Cal. 3d 263, 275 (1976)

27. By obtaining access through deception, Gubman and Ramirez committed trespass and violated Cross-Complainants' reasonable expectation of privacy. The Ninth Circuit has recognized that undercover government tactics implicate Fourth Amendment scrutiny where individuals reasonably expect privacy (*United States v. Nerber*, 222 F.3d 597 (9th Cir. 2000)).

28. All evidence gathered from this unlawful entry is tainted and inadmissible under the exclusionary rule. The United States Supreme Court has consistently held that evidence obtained through unconstitutional searches must be excluded in order to deter future violations (*Mapp v. Ohio*, 367 U.S. 643 (1961); *One 1958 Plymouth Sedan v. Pennsylvania*, 380 U.S. 693 (1965)).

29. Pursuant to 42 U.S.C. § 1983, state and local officials who, under color of law, deprive individuals of constitutional rights are liable for damages (*Monroe v. Pape*, 365 U.S. 167 (1961)). Here, Gubman and Ramirez, acting on behalf of the Cross-Defendants City of Diamond Bar et al, violated Cross-Complainants' Fourth Amendment rights and caused damages including financial loss, legal costs, and emotional distress.

30. The Cross-Defendants City of Diamond Bar et al of Diamond Bar is further liable under principles of municipal liability where official policy or custom, including the enforcement practices of its officers, results in constitutional violations (*Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). By authorizing or ratifying warrantless enforcement actions against property owners, the Cross-Defendants City of Diamond Bar et al has adopted a policy that infringes on constitutional protections.

31. Accordingly, by engaging in warrantless, deceptive entry and unlawful search, the Cross-Defendants City of Diamond Bar et al of Diamond Bar and its officials violated the Fourth Amendment of the United States Constitution and Article I, § 13 of the California Constitution. Cross-Complainants are entitled to declaratory relief, damages, and such other relief as the Court deems just and proper.

**FOURTH CAUSE OF ACTION**

**Trespass**

39. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 39 as though fully stated herein.

40. Under California law, trespass is the unlawful interference with another's possessory interest in property (*Civ. Code § 1708*; *Wilson v. Interlake Steel Co.*, 32 Cal.3d 229, 233 (1982)). A trespass occurs when a person intentionally enters the land of another without consent, regardless of the duration or extent of the intrusion.

41. On May 16, 2023, Cross-Defendants Greg Gubman and Ronnie Ramirez, acting as enforcement officers for the Cross-Defendants City of Diamond Bar et al of Diamond Bar, intentionally entered Cross-Complainants' Property by falsely posing as tenants. Such entry was made without consent, without legal right, and in furtherance of a deceptive enforcement scheme.

42. The use of fraud or deception to gain entry onto private property constitutes an actionable trespass. Courts have long recognized that an invitation obtained by misrepresentation or trick does not constitute valid consent (*Miller v. National Broadcasting Co.*, 187 Cal.App.3d 1463, 1480 (1986); *Desnick v. American Broad. Cos.*, 44 F.3d 1345, 1352 (7th Cir. 1995)).

43. Cross-Complainants had an exclusive possessory interest in the Property and did not authorize or consent to the Cross-Defendants City of Diamond Bar et al's warrantless entry. The deceptive conduct of Gubman and Ramirez nullifies any claim of implied consent and renders the entry unlawful.

44. Moreover, the Cross-Defendants City of Diamond Bar et al subsequently used information obtained from the unlawful entry against Cross-Complainants. Specifically, when Cross-Complainants later applied for a permit to add new bathrooms to the Property, the Cross-Defendants City of Diamond Bar et al relied on the illegally gathered information to levy significant penalties and impose enforcement conditions.

45. In addition, by booking the Property through deception, Cross-Defendants prevented legitimate renters from reserving the home for that period. As a result, Cross-Complainants lost rental income they otherwise would have received. This constitutes an additional direct economic injury flowing from the trespass itself.

46. As a direct and proximate result of the trespass, Cross-Complainants suffered damages including but not limited to:

- Violation of their right to exclude others from their home;
- Emotional distress and invasion of personal security;
- Costs and expenses incurred in defending against enforcement actions derived from the trespass;
- Financial losses stemming from fines, penalties, litigation, and the clouding of title;

- Lost rental income due to the Cross-Defendants City of Diamond Bar et al's deceptive booking of the Property; and
- Lost economic opportunity from the Cross-Defendants City of Diamond Bar et al's reliance on unlawfully obtained evidence in subsequent permitting matters.

48. Furthermore, the trespass was committed under color of law and with the authority of the Cross-Defendants City of Diamond Bar et al of Diamond Bar. When government officials unlawfully intrude on private property, liability for trespass applies to both the individual actors and the public entity responsible for their actions (*Cornett v. Cross-Defendants City of Diamond Bar et al of Fremont*, 114 Cal.App.3d 455, 463 (1981)).

49. Accordingly, Cross-Complainants are entitled to compensatory damages, punitive damages against the individual defendants, and such other relief as this Court deems just and proper for the Cross-Defendants City of Diamond Bar et al's trespass on their Property.

iv) FIFTH CAUSE OF ACTION

**Invasion of Privacy (California Constitution, Article I, § 1)**

50. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 49 as though fully stated herein.

51. Article I, § 1 of the California Constitution guarantees every person an inalienable right to privacy. California courts have consistently held that individuals enjoy heightened

protection for the privacy of their home and personal affairs (*Hill v. National Collegiate Athletic Assn.*, 7 Cal.4th 1, 35 (1994)).

52. On May 16, 2023, Cross-Defendants Greg Gubman and Ronnie Ramirez, acting as officials for the Cross-Defendants City of Diamond Bar et al of Diamond Bar, intentionally intruded upon the private residence of Cross-Complainants by posing as tenants in order to gain access. This deceptive entry was without consent, without judicial authorization, and violated the expectation of privacy guaranteed under both state and federal law (*Payton v. New York*, 445 U.S. 573 (1980); *Camara v. Municipal Court*, 387 U.S. 523 (1967)).

53. An actionable invasion of privacy occurs where: (1) the plaintiff possesses a legally protected privacy interest, (2) there is a reasonable expectation of privacy under the circumstances, and (3) the intrusion is highly offensive to a reasonable person (*Shulman v. Group W Productions, Inc.*, 18 Cal.4th 200, 231 (1998); *Hernandez v. Hillsides, Inc.*, 47 Cal.4th 272, 286 (2009)). All three elements are satisfied here.

54. The unlawful entry was later compounded by the Cross-Defendants City of Diamond Bar et al's use of information obtained from the intrusion. Specifically, the Cross-Defendants City of Diamond Bar et al leveraged the illegally gathered details to impose penalties during the Cross-Complainants' application for a bathroom permit. Such weaponization of private information, obtained through trickery and without consent, magnifies the privacy violation.

55. Furthermore, the deceptive booking itself deprived Cross-Complainants of legitimate renters, caused them financial loss, and exposed private aspects of their home and personal

life to government officials under false pretenses. Courts have long recognized that misuse of confidential or personal information in this manner supports an invasion of privacy claim (*Dietemann v. Time, Inc.*, 449 F.2d 245, 249 (9th Cir. 1971)).

56. As a direct and proximate result of Cross-Defendants' conduct, Cross-Complainants suffered damages including financial harm, emotional distress, and the violation of their constitutional right to privacy.

57. Cross-Complainants are therefore entitled to compensatory damages, punitive damages against the individual defendants for their intentional and oppressive conduct, and declaratory relief confirming that such deceptive government practices are unconstitutional invasions of privacy under California law.

vi) SIXTH CAUSE OF ACTION

Abuse of Process

58. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 57 as though fully stated herein.

59. Abuse of process occurs when a party uses legal procedures in a manner not proper in the regular course of litigation, for an ulterior purpose, or to achieve an end not intended by law (*Rusheen v. Cohen*, 37 Cal.4th 1048, 1056 (2006); *Spellens v. Spellens*, 49 Cal.2d 210, 232 (1957)).

60. Here, the City of Diamond Bar and its officials misused judicial and administrative processes for purposes unrelated to the fair adjudication of legitimate claims. Specifically:

- They recorded and maintained a lis pendens even after short-term rentals ceased, clouding title and obstructing Cross-Complainants' ability to refinance or sell the Property;
- They sought and obtained a preliminary injunction in December 2023, despite knowing the Property was under long-term lease, rendering the injunction unnecessary and punitive;
- They filed multiple requests for judicial notice of irrelevant materials, weaponizing the procedure to reinforce a false narrative and increase the burden on Cross-Complainants.

61. The use of illegally obtained evidence to support nuisance allegations further exemplifies an ulterior motive. Evidence derived from unlawful entry was used to justify enforcement actions, citations, and penalties—an improper exploitation of judicial process that tainted subsequent proceedings (*Mapp v. Ohio*, 367 U.S. 643 (1961); *People v. Cahan*, 44 Cal.2d 434 (1955)).

62. The lis pendens recorded by Cross-Defendants made the Property's title unmarketable, depriving Cross-Complainants of the ability to sell when they sought to do so in order to cure mortgage obligations and resolve disputes. Cross-Complainants made multiple good faith attempts to settle and resolve the matter, but Cross-Defendants refused such efforts,

instead choosing to prolong litigation for strategic advantage. BGJ Associates v. Superior Court, 75 Cal. App. 4th 952, 967 (1999)

63. The aim of Cross-Defendants was not the fair enforcement of municipal ordinances but economic coercion and self-enrichment. By maintaining the lis pendens and pursuing litigation despite offers of resolution, Cross-Defendants sought to impose liens, penalties, and mounting litigation costs in order to force Cross-Complainants into financial distress. This strategy was designed to ensure that when Cross-Complainants ultimately sought to sell their home, they would be compelled to pay penalties and fees as a condition of clearing title.

64. As a direct and proximate result, Cross-Complainants suffered substantial harm, including but not limited to:

- Clouded title and inability to sell the Property when necessary to resolve financial obligations;
- Financial penalties and enforcement costs imposed in bad faith;
- Litigation expenses caused by Cross-Defendants' refusal to settle in good faith;
- Lost rental income and business opportunities; and
- Emotional distress arising from the misuse of government power.

65. Cross-Complainants are entitled to compensatory damages for their financial and emotional losses, punitive damages against the individual defendants for willful misuse of authority, and equitable relief declaring that the City's actions constituted an abuse of process.

**vii) SEVENTH CAUSE OF ACTION**

**Tortious Interference with Prospective Economic Advantage**

66. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 65 as though fully stated herein.

67. Under California law, the elements of tortious interference with prospective economic advantage are:

(1) an economic relationship between the plaintiff and a third party with the probability of future economic benefit;

(2) the defendant's knowledge of the relationship;

(3) intentional wrongful acts by the defendant designed to disrupt the relationship;

(4) actual disruption; and

(5) economic harm proximately caused thereby (*Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1153 (2003); *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130, 1141 (2020)).

68. Cross-Complainants had an ongoing and legitimate economic relationship with tenants and potential renters of their property through short-term platforms such as Airbnb and VRBO, as well as with prospective long-term renters. These relationships were reasonably certain to provide financial benefits, including rental income used to pay mortgage, taxes, insurance, and property maintenance.

69. Cross-Defendants were fully aware of these relationships, as they monitored Cross-Complainants' property and directly intervened with tenants and potential renters. On several occasions, City enforcement officers came to the Property, pounded on the door, and confronted tenants by falsely asserting that "the City forbids Airbnb rentals," thereby scaring tenants into vacating the premises prematurely.

70. Cross-Defendants also posted warning notices and penalty citations on the front door of the Property in plain view of tenants and neighbors, further disrupting contractual relations and stigmatizing Cross-Complainants' business. These actions were intended to chill legitimate rental arrangements, intimidate tenants, and deprive Cross-Complainants of rental income.

71. Additionally, by deceptively booking the Property themselves, Cross-Defendants directly interfered with Cross-Complainants' ability to host legitimate renters during that period, causing actual lost rental income.

72. The wrongful conduct described herein was not merely incidental enforcement of local ordinances but constituted intentional acts designed to interfere with Cross-Complainants' prospective business relations and to cause economic harm. Such acts are independently wrongful under state law because they relied on unlawful trespass, invasion of privacy, abuse of process, and discriminatory enforcement (*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995)).

73. As a direct and proximate result of Cross-Defendants' actions, Cross-Complainants suffered substantial economic injury, including but not limited to:

- Loss of existing tenants and disruption of rental agreements;
- Lost prospective renters and business opportunities;
- Damage to reputation and goodwill;
- Financial harm from penalties and reduced marketability of the Property; and
- Emotional distress resulting from the City's campaign of harassment.

74. Cross-Complainants are entitled to compensatory damages for their lost income and economic harm, punitive damages against the individual defendants for intentional misconduct, and such other relief as the Court deems just and proper.

**viii) EIGHTH CAUSE OF ACTION**

**Intentional Infliction of Emotional Distress**

75. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 74 as though fully stated herein.

76. Under California law, the elements of intentional infliction of emotional distress ("IIED") are:

(1) extreme and outrageous conduct by the defendant with the intent to cause, or reckless disregard of the probability of causing, emotional distress;

(2) the plaintiff's suffering of severe emotional distress; and

(3) actual and proximate causation of the distress by the defendant's conduct (*Christensen v. Superior Court*, 54 Cal.3d 868, 903 (1991); *CACI 1600*).

77. Cross-Defendants engaged in extreme and outrageous conduct that exceeded all bounds of decency tolerated in a civilized society. This conduct includes:

- Deceptively booking Cross-Complainants' Property on May 16, 2023, under false pretenses and entering without consent;
- Pounding on the door of the Property in front of tenants and falsely asserting that Airbnb rentals were forbidden, causing tenants to leave and generating financial loss;
- Posting warning notices and penalty citations on the front door, in plain view of tenants and neighbors, humiliating Cross-Complainants and stigmatizing their home;
- Refusing multiple good-faith attempts by Cross-Complainants to settle the matter, instead pursuing penalties, liens, and litigation to coerce financial payments.
- And, critically, Officer Greg Gubman personally telephoned Cross-Complainant John Zhong on May 13, 2023, threatening him with arrest if he did not appear at the Property. This threat of incarceration, made under color of law and without any lawful basis, was calculated to intimidate and terrorize.

78. Such conduct was intentional and malicious, designed to cause severe emotional harm and financial distress. Alternatively, it was undertaken in reckless disregard of the probability of causing such harm.

79. As a direct result, Cross-Complainants suffered severe emotional distress, including anxiety, humiliation, loss of sleep, damage to reputation in their community, and ongoing fear of retaliation from City officials. The wrongful acts also disrupted their family life and business operations, causing lasting harm.

80. Government entities and their officers are not immune from liability for such oppressive conduct. Courts have recognized IIED claims against public officials where actions are willful, fraudulent, or malicious (*Golden v. Dungan*, 20 Cal.App.3d 295, 304 (1971); *Leon v. County of Riverside*, 14 Cal.5th 910, 922 (2023)).

81. Accordingly, Cross-Complainants are entitled to compensatory damages for their mental anguish, punitive damages against the individual defendants to punish and deter similar misconduct, and such equitable relief as the Court deems just and proper.

**Malicious Prosecution**

82. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 81 as though fully stated herein.

83. Malicious prosecution requires proof that:

1. If and to the extent any claims or proceedings have terminated in Cross-Complainants' favor (or upon such termination), the following elements are met: …"

(1) the prior action was initiated by or at the direction of the defendant and terminated in the plaintiff's favor;

(2) the action was brought without probable cause; and

(3) it was initiated with malice (*Sheldon Appel Co. v. Albert & Oliker*, 47 Cal.3d 863, 871 (1989); *Crowley v. Katleman*, 8 Cal.4th 666, 676 (1994)).

84. The City of Diamond Bar, acting through its officials, initiated nuisance claims and sought extraordinary remedies including Lis pendens and preliminary injunctions, despite

knowing that Cross-Complainants' Property was under long-term lease and that no ongoing nuisance existed. These actions lacked probable cause because they relied on evidence unlawfully obtained through warrantless entry, deception, and intimidation.

85. Moreover, Cross-Defendants repeatedly sought judicial notice of extraneous and prejudicial documents to reinforce their claims and cloud the Property's title. Such filings had no legitimate evidentiary purpose and were used solely to harass Cross-Complainants and create barriers to refinancing or sale.

86. The lis pendens recorded by Cross-Defendants was maintained even after the cessation of short-term rental activity, demonstrating that the litigation was pursued not to abate a nuisance but to coerce Cross-Complainants into submission and extract financial penalties.

87. The City's actions were motivated by malice and improper purpose, as shown by:

- Repeated refusals to settle despite Cross-Complainants' good faith efforts;
- The use of litigation to cloud title and restrict alienation of property;
- The imposition of escalating penalties intended to force payment upon sale or refinancing.

88. As a direct and proximate result of Cross-Defendants' malicious prosecution, Cross-Complainants have suffered:

- Loss of rental income and prospective tenants;
- Legal fees and costs of defense;
- Emotional distress from protracted litigation;

- Clouded title impairing ability to refinance or sell.

89. Cross-Complainants are entitled to compensatory damages for their financial and emotional harm, punitive damages against the individual defendants for malicious intent, and equitable relief declaring that Cross-Defendants' litigation tactics constitute malicious prosecution.

**ix) TENTH CAUSE OF ACTION**

**Slander of Title**

90. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 89 as though fully stated herein.

*91.* Slander of title occurs where one publishes a false and disparaging statement about another's property, causing actual pecuniary loss (*Appel v. Burman*, 159 Cal.App.3d 1209, 1214 (1984); ***Howard v. Schaniel, 113 Cal. App. 3d 256, 263–64 (1980) Stalberg v. W. Title Ins. Co., 230 Cal. App. 3d 1223, 1230–31 (1991)***

92. Cross-Defendants recorded a Lis pendens against Cross-Complainants' Property without legal justification, despite the fact that the alleged nuisance was not a real property claim under Code of Civil Procedure § 405.4. This wrongful act falsely suggested that the Property was subject to litigation affecting title, when in fact no legitimate claim existed.

93. Cross-Defendants further compounded this disparagement by filing repeated requests for judicial notice of irrelevant or misleading documents, with the intent and effect of

stigmatizing Cross-Complainants' ownership rights and making the Property unmarketable.

94. These acts were knowingly false, maliciously motivated, and undertaken for the ulterior purpose of coercing Cross-Complainants into paying excessive fines and penalties.

95. Slander of title arises from the **publication** of a false statement disparaging title, causing **pecuniary loss**. See **Howard v. Schaniel**, **Stalberg**. The City recorded a **lis pendens** without a valid 'real property claim' (CCP § 405.4), thereby falsely signaling title impairment and causing actual losses. Cross-Complainants seek **expungement** (CCP §§ 405.30–405.32) and damages arising from the wrongful recording."

96. As a direct result, Cross-Complainants were unable to refinance, market, or sell the Property, suffered loss of rental opportunities, incurred additional mortgage and interest costs, and endured humiliation and reputational damage in the community.

97. Cross-Complainants are entitled to compensatory damages for their financial harm, punitive damages to punish and deter such malicious conduct, and declaratory relief canceling the lis pendens and confirming that Cross-Defendants' actions constituted slander of title.

### x) ELEVENTH CAUSE OF ACTION

### Declaratory & Injunctive Relief

97. Cross-Complainants incorporate by reference each and every allegation set forth in paragraphs 1 through 96 as though fully stated herein.

98. An actual, present, and justiciable controversy exists between Cross-Complainants and Cross-Defendants concerning the legality of Cross-Defendants' actions, including the enforcement of Diamond Bar Municipal Code § 5.08.050, the maintenance of the Lis pendens, the filing of multiple judicial notices, the pursuit of contempt proceedings, and the repeated filing of attorney fee requests while the matter is still pending and not final.

99. Although Cross-Complainants have continuously rented the Property under a long-term lease since 2024, thereby mooting any short-term rental nuisance claim, Cross-Defendants have persisted in harassing conduct. This includes mailing threats, pounding on tenants' doors, filing contempt motions, recording lis pendens, and making repeated motions for attorney fees before final judgment, all of which serve no legitimate purpose and are calculated to pressure Cross-Complainants into surrender or financial hardship.

100. Under California Code of Civil Procedure §1060, declaratory relief is necessary to determine and declare that:

- DBMC § 5.08.050, as applied, is unconstitutional and unenforceable;
- **Expunged pursuant to CCP §§ 405.30–405.32** and any related instruments canceled from the Los Angeles County Recorder's Office; and
- Cross-Defendants' continued pursuit of contempt sanctions and premature attorney fee requests constitutes abuse of process and should be enjoined.

101. Injunctive relief is authorized under Code of Civil Procedure §§526 and 527 because Cross-Complainants have no adequate remedy at law. Monetary damages alone

cannot cure the ongoing harm of a clouded title, repeated harassing filings, and premature attorney fee motions.

102. Unless restrained, Cross-Defendants will continue to harass Cross-Complainants, cloud title with baseless filings, pursue contempt sanctions despite appellate proceedings, and move for attorney fees before final judgment in order to extract penalties. Without judicial intervention, Cross-Complainants will suffer irreparable harm, including inability to refinance or sell, reputational injury, and continuous financial and emotional distress.

103. Cross-Complainants therefore respectfully request a judicial declaration of their rights, together with permanent injunctive relief enjoining Cross-Defendants from:

- Maintaining or recording any Lis pendens or judicial notices related to ceased short-term rental activity;
- Filing or pursuing contempt motions premised on moot conduct;
- Filing motions for attorney fees until entry of final judgment; and
- Engaging in further selective enforcement or harassment.

104. Cross-Complainants further request an order directing the **Los Angeles County Recorder's Office** to expunge the lis pendens and cancel all judicial notices recorded by or at the request of Cross-Defendants, thereby restoring the Property's marketability and clearing title.

## CONCLUSION

105. Cross-Complainants have demonstrated that Cross-Defendants' actions—including unconstitutional enforcement of DBMC §5.08.050, selective and discriminatory treatment, warrantless entry and trespass, abuse of judicial process, and recording of improper instruments—have caused substantial constitutional, financial, and emotional harm.

106. These allegations, supported by factual evidence and controlling case law, establish a pattern of misconduct that undermines fundamental protections under the U.S. Constitution and California law. Judicial intervention is required to restore Cross-Complainants' rights, protect their property, and prevent further abuse.

107. Accordingly, Cross-Complainants respectfully request that this Court grant the following relief:

## PRAYER FOR RELIEF

WHEREFORE, Cross-Complainants John Zhong and Catherine Li respectfully pray for judgment against Cross-Defendants, and each of them, as follows:

1. **Declaratory Relief**: Declare that DBMC §5.08.050, as applied to Cross-Complainants, is unconstitutional and unenforceable under the U.S. Constitution, including Article I, §8, cl. 3 (Dormant Commerce Clause), the Fourth Amendment, and the Fourteenth Amendment.

2. **Expungement of Recorded Instruments**: Order the **Los Angeles County Recorder's Office** to expunge the Lis pendens and strike all judicial notices or filings recorded by Cross-Defendants that cloud title to the Property, thereby restoring its marketability.

3. **Permanent Injunction**: Enjoin Cross-Defendants, their officers, employees, and agents from:

   - Filing or maintaining any Lis pendens or judicial notices related to ceased short-term rental activity;
   - Filing or pursuing contempt motions premised on moot conduct;
   - Filing premature motions for attorney fees before entry of final judgment; and
   - Engaging in further selective enforcement, harassment, or retaliatory actions against Cross-Complainants.

4. **Compensatory Damages**: Award damages for financial losses including but not limited to: lost rental income, lost refinancing opportunities, penalties wrongfully imposed, costs of defending against unlawful enforcement, and emotional distress.

5. **Punitive Damages**: Award punitive damages against the individual Cross-Defendants for malicious, fraudulent, and oppressive conduct, in an amount sufficient to punish and deter similar misconduct.

6. **Attorney Fees and Costs**: Award attorney fees and litigation costs pursuant to **Code of Civil Procedure §§1021.5, 1032**, and all other applicable statutes, as this action enforces important constitutional rights and serves the public interest by curbing unlawful government overreach.

7. **Further Relief**: Grant such other and further relief as the Court deems just and proper in the interest of justice.

**RESPECTFULLY SUBMITTED BY** **DATE**: AUGUST 30, 2025

JOHN ZHONG, Cross-Complainant IN PRO PER

CATHERINE LI, Cross-Complainant IN PRO PER

**DECLARATION OF JOHN ZHONG AND CATHERINE LI**

We, John Zhong and Catherine Li, declare under penalty of perjury as follows:

1. We are husband and wife, and the Cross-Complainants in this action. We reside at 16196 Westridge Knolls, Chino Hills, California, in San Bernardino County.
2. We are the lawful owners of the property located at 24311 Knoll Court, Diamond Bar, California ("the Property").
3. Our primary occupation is as Certified Public Accountants, with a business focused on tax preparation. Any use of our property for short-term rentals has been occasional and incidental to our primary business.
4. Since 2023, the City of Diamond Bar and its officers—including Cross-Defendants Greg Gubman and Ronnie Ramirez—have selectively targeted us for enforcement of DBMC § 5.08.050.
5. Unlike other similarly situated property owners, we have received **nine administrative citations totaling $12,400 in fines**. (See **Exhibit B, Ramirez Declaration and Fine Notices**).
6. On May 30, 2023, Officer Greg Gubman telephoned John Zhong directly, **threatening arrest** and demanding that he appear at the Property. This call was intimidating and coercive, designed to pressure compliance without due process. **(See Exhibit C, DECLARATION OF COMMUNITY DEVELOPMENT DIRECTOR GREG GUBMAN)**

7. On May 16, 2023, Officers Gubman and Ramirez deceptively posed as renters, booked the Property, and entered without consent or judicial warrant. This entry violated our rights under the **Fourth Amendment** and **California Constitution, Article I, § 13**.
8. During that unlawful entry, Cross-Defendants prevented legitimate renters from booking the home, **causing direct lost rental income**.
9. The Cross-Defendants City of Diamond Bar et al later **used information from this unlawful entry** against us. For example, when we applied for a building permit to add bathrooms to the Property, the Cross-Defendants City of Diamond Bar et al cited this prior entry and **levied penalties and enforcement conditions**.
10. This reliance on tainted evidence shows abuse of process and unconstitutional enforcement.
11. On October 9, 2023, the Cross-Defendants City of Diamond Bar et al recorded a **Lis pendens** against our property. This filing, along with multiple **judicial notices submitted in court**, has clouded our title, blocked refinancing, and made the Property unmarketable. (See **Exhibit D, Recorded Lis Pendens & Judicial Notice Filings**).
12. Despite our efforts to resolve the matter including offers to settle—the Cross-Defendants City of Diamond Bar et al has refused and instead escalated litigation. The Cross-Defendants City of Diamond Bar et al's strategy appears to be to **enrich itself through penalties, litigation costs, and eventual liens** on our property.
13. We believe this conduct constitutes **slander of title** and violates **Civil Code § 711**, which forbids unlawful restraints on alienation.

**5. Tenant Intimidation and Public Shaming**

14. On several occasions, Cross-Defendants City of Diamond Bar et al officers **pounded on the doors of our tenants**, publicly declaring that "Airbnb rentals are forbidden," causing tenants to vacate early and resulting in further **lost rental income**.

**15.** The Cross-Defendants City of Diamond Bar et al also posted **penalty and warning notices on the front door** of the Property, visible to neighbors and tenants, stigmatizing us and damaging our reputation. (See **Exhibit E, Posted Notices**). **and Financial and Emotional Harm**

16. Because of these enforcement actions, especially during peak rental season, we suffered severe financial loss. To cover mortgage, taxes, insurance, and utilities, we were forced to take out a **10% high-interest loan**.

17. The ongoing harassment, financial strain, and fear of losing our property have caused us significant **stress, anxiety, and emotional distress**.

18. We believe the Cross-Defendants City of Diamond Bar et al's ordinance and enforcement actions violate:

- The **Dormant Commerce Clause** (U.S. Const., art. I, §8, cl. 3), by excluding interstate travelers and platforms like Airbnb and VRBO;
- The **Fourteenth Amendment**, by selectively enforcing the ordinance against us while ignoring similarly situated property owners;
- The **Fourth Amendment**, by unlawfully entering our property through deception and later using that evidence against us.

- **California law**, through abuse of process, trespass, slander of title, and invasion of privacy.

19. We submit this Declaration in support of our Cross-Complaint, Supplemental Declaration, and Petition for Review to the California Supreme Court.
20. We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 30th day of August 2025, at Chino Hills, California.

John Zhong, Cross-Complainant

Catherine Li, Cross-Complainant

# EXHIBIT E

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—EAST JUDICIAL DISTRICT—POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case Number: 23PSCV02124<br>Action Filed: July 14, 2023<br><br>**NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Salvatore Sirna<br>Dept.: G<br><br>[Filed concurrently with:<br>1. Memorandum of Points and Authorities.<br>2. Declaration of Director Gubman.<br>3. Declaration of Officer Ramirez.<br>4. Request for Judicial Notice.<br>5. Proposed Preliminary Injunction Order.<br>6. Proof of Service.]<br><br>Motion Hearing<br>Date: Wednesday, November 29, 2023<br>Time: 8:30 a.m.<br><br>**RESERVATION NO.: 468204108257**<br><br>Trial<br>Date: None Set |

# NOTICE OF MOTION AND MOTION FOR PRELIMINARY INJUNCTION

NOTICE IS HEREBY GIVEN that on Wednesday, November 29, 2023, at 8:30 a.m., or as soon thereafter as may be heard, in Department G of the Superior Court of the State of California, County of Los Angeles, Pomona Courthouse, located at 400 Civic Center Plaza, Pomona, California 91766 ("Court"), in case number 23PSCV02124, plaintiff City of Diamond Bar ("City") will and hereby does move this Court for an order ("Preliminary Injunction Motion") enjoining Defendants John Zhong and Catherine Li ("Defendants") from maintaining a public nuisance at the real property located at 24311 Knoll Court, Diamond Bar, California 91765, further identified as Assessor Parcel Number 8713-046-018 ("Subject Property") and requiring them to abate the public nuisance.

Specifically, the Preliminary Injunction Motion requests an injunction enjoining Defendants, and their agents, employees, servants, successors, assigns, or anyone acting on their behalf or in concert with them, from:

1. Using, occupying, or maintaining the Subject Property in a manner that violates the City of Diamond Bar Municipal Code.
2. Using, listing, renting, or advertising the Subject Property for short-term rental activity.
3. Conducting any business in the City without first having obtained a business license or having paid the applicable business license fee.

Furthermore, the Preliminary Injunction Motion requests an order, incidental to and in furtherance of the foregoing injunctions, that Defendants do the following within 10 days of service of the Preliminary Injunction Order:

a. Cancel all future reservations for the Subject Property as a short-term rental.
b. Remove all advertising, whether via the Internet or otherwise, of the Subject Property as a short-term rental.

The Preliminary Injunction Motion is made pursuant to Diamond Bar Municipal Code sections 1.04.010(e) and 22.78.060(1)(a), and Code of Civil Procedure sections 526 and 527, on the grounds that:

1. Defendants operate, or permit the operation of, a short-term rental at the Subject Property.

2. This activity violates the Diamond Bar Municipal Code and is a nuisance per se under the Diamond Bar Municipal Code.

3. The City has demonstrated that it is reasonably probable that it will prevail on the merits of its claim of public nuisance per se, and therefore, irreparable harm to the City and the public is presumed as a matter of law.

4. The City has no adequate remedy other than the equitable relief sought herein. Thus, a preliminary injunction is necessary and appropriate.

This Preliminary Injunction Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Community Development Director Gubman, the Declaration of Senior Neighborhood Improvement Officer Ramirez, the Request for Judicial Notice, and the exhibits filed concurrently herewith, the Proposed Preliminary Injunction, the documents and evidence on file in this action, and such further evidence and arguments as may be presented to the Court in this matter.

Dated: October 27, 2023

DAPEER, ROSENBLIT & LITVAK, LLP

By:

Brandon A. Sanchez
Attorneys for Plaintiff
City of Diamond Bar

Journal Technologies Court Portal

# Make a Reservation

CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.

Case Number: 23PSCV02124 Case Type: Civil Unlimited Category: Injunctive Relief Only (not domestic/harassment)
Date Filed: 2023-07-14 Location: Pomona Courthouse South - Department G

## Reservation

Case Name:
CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.

Case Number:
23PSCV02124

Type:
Motion for Preliminary Injunction

Status:
RESERVED

Filing Party:
City of Diamond Bar, a municipal corporation (Plaintiff)

Location:
Pomona Courthouse South - Department G

Date/Time:
11/29/2023 8:30 AM

Number of Motions:
1

Reservation ID:
468204108257

Confirmation Code:
CR-BOTRM3VYQHTK5MZRZ

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Preliminary Injunction *** Fees Exempted by Gov Code 6103.1 *** | 60.00 | 1 | 0.00 |
| TOTAL | | | $0.00 |

## Payment

Amount:
$0.00

Type:
GOVT_EXEMPT

Account Number:
n/a

Authorization:
n/a

Payment Date:
1969-12-31

Print Receipt Reserve Another Hearing

Chat

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—EAST JUDICIAL DISTRICT—POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case Number: 23PSCV02124<br>Action Filed: July 14, 2023<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Salvatore Sirna<br>Dept.: G<br><br>[Filed concurrently with:<br>1. Notice of Preliminary Injunction Motion.<br>2. Declaration of Director Gubman.<br>3. Declaration of Officer Ramirez.<br>4. Request for Judicial Notice.<br>5. Proposed Preliminary Injunction Order.<br>6. Proof of Service]<br><br>Motion Hearing<br>Date: Wednesday, November 29, 2023<br>Time: 8:30 a.m.<br><br>**RESERVATION NO.: 468204108257**<br><br>Trial<br>Date: None Set |

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

## I. INTRODUCTION

The City of Diamond Bar submits this Preliminary Injunction Motion seeking an order to enjoin Defendants John Zhong and Catherine Li ("Defendants") from maintaining any violations contrary to the Diamond Bar Municipal Code ("DBMC") with respect to the real property located at 24311 Knoll Court, Diamond Bar, California 91765, further identified as Assessor Parcel Number 8713-046-018 ("Subject Property").

The City prohibits short-term rentals for properties located in the City's Low Density Residential zone, which the Subject Property is located in. Contrary to express local laws and in open defiance of the City's attempts to enforce those laws, Defendants have continued to operate an unpermitted short-term rental business at the Subject Property.

Although this unlawful activity may seem benign, Defendants' short-term rental activity is unlawful and a nuisance to the community, as Defendants' use of the Subject Property openly violates the City's laws. Indeed, the City's laws are deserving of enforcement. As of the date of this motion, the illegal activity continues. Defendants have been given more than a reasonable opportunity to abate the illegal conduct. However, Defendants have repeatedly demonstrated that they will not abate this conduct voluntarily. A court order is necessary to address this conduct. Unless the Defendants are enjoined by the court from maintaining or allowing the continued violations of the DBMC, Defendants will continue to violate the law. The City is likely to prevail on the merits for its claim for nuisance per se because it has presented overwhelming, irrefutable evidence that the short-term rental use of the Subject Property violates the DBMC. The City has no adequate remedy at law other than a preliminary injunction, so a preliminary injunction is necessary during the pendency of this action.

what illegal specify

## II. STATEMENT OF FACTS

### A. The Subject Property and Defendants.

The real property that is the subject of this action is located at 24311 Knoll Court, Diamond Bar, California 91765 and further identified as Assessor Parcel Number 8713-046-018. (Declaration of Senior Neighborhood Improvement Officer Ronnie Ramirez ["Ramirez Decl."], ¶ 2; Declaration of

Community Development Director Greg Gubman ["Gubman Decl."], ¶ 2.) The Subject Property contains a 3,253 square-foot, four-bed, four-bath single-family home built in 1985. (Ramirez Decl., ¶ 3.) Catherine Li and John Zhong, as husband and wife, are the record title owners of the Subject Property pursuant to the Grant Deed recorded on November 9, 2021, as document number 20211673420, with the County of Los Angeles. (Request for Judicial Notice ["RJN"], ¶ 1, Ex. A [Grant Deed]; Ramirez Decl., ¶ 3; Gubman Decl., ¶ 3.)

**B. The Subject Property's Zoning And Applicable DBMC Provisions.**

The Subject Property is zoned Low Density Residential ("RL"), a residential zoning district. (Gubman Decl., ¶ 4.) The City has a "permissive" zoning code, meaning only expressly permitted uses are allowed in a given zone. Stated another way, any land use not expressly permitted in a zone is by operation of law deemed a prohibited land use in the applicable zone. (DBMC, § 22.04.020(h).)

Table 2-3 identifies the uses of land allowed in each residential zoning district, and the land use permit required to establish each use, if any. (DBMC, § 22.08.030.) Approved uses in the RL zone include various residential uses. (See DBMC, § 22.08.030, Table 2-3 [Land Use Table].) The DBMC defines a *short-term rental* as the following: "The use of any dwelling unit, or any portion thereof, for short-term occupancy." (DBMC, § 22.80.020.) *Short-term occupancy* is defined as the "use or possession, or right to use or possess, of any portion of a dwelling unit, room or rooms offered for remuneration for dwelling, lodging or sleeping purposes for a period of less than 30 days. Short-term rental activity is not listed as a permitted use in the RL zone, the zone for the Subject Property, so it is deemed prohibited by omission. (DBMC, §§ 22.04.020(h), 22.08.030, Table 2-3 [Land Use Table].)

Further, short-term rentals are expressly prohibited in numerous other portions of the DBMC. According to Section 22.80.020, "short-term rentals are prohibited in all zoning districts" in the City. According to Section 5.08.050(b), "[i]t is a violation of this Code for an owner or lessee of property or any agent thereof, to rent a dwelling unit or any portion thereof, for short-term occupancy or as a short-term rental as such terms are defined in subsection (s) of section 22.080.020." According to Section 5.08.050(c), "[i]t is a violation of this Code for an owner or lessee of property or any agent thereof, to place or permit to be placed, any printed or lettered announcement, whether in a magazine, newspaper, handbill, notice, display, billboard, poster, email, Internet website or application, or any other form of

advertisement for a short-term occupancy or short-term rental in a zoning district in which such uses are not permitted."

Therefore, any short-term rental activity is prohibited on the Subject Property. (Gubman Decl., ¶ 7.)

In addition, it is unlawful to operate a business in the City without first obtaining a City-issued business license or without first having paid the required business license fee. (DBMC, § 5.00.030(A).) Defendants' have neither obtained a business license nor paid the required business license fees for any rental business activity occurring at the Subject Property. (Ramirez Decl., ¶ 14.)

**C. The City's Compliance Efforts.**

From an unknown exact date, Defendants have operated, or allowed the operation of, an unlawful short-term rental at the Subject Property, in violation of numerous City laws. (Ramirez Decl., ¶ 4.) On March 10, 2022, the Diamond Bar Senior Neighborhood Improvement Officer Ronnie J. Ramirez received a complaint regarding short-term rentals occurring at the Subject Property. (Ramirez Decl., ¶ 5.) Officer Ramirez confirmed the existence of these short-term rentals and issued multiple warnings to Defendants as to the illegality of their conduct. (Ramirez Decl., ¶ 4.) Despite multiple warnings to cease the advertisements, Defendants continue to advertise the Subject Property for rent on a short-term basis on Airbnb. (Ramirez Decl., ¶ 4.)

On March 10, 2022, the City issued a Notice of Violation to Defendants. (Ramirez Decl., ¶ 5.) The City inspected the Subject Property on that date and found that Defendants engaged in (1) unlawful short-term rentals in violation of DBMC section 22.08.030 and (2) stored trash cans in public view in violation of DBMC section 22.34.030(A). (Ramirez Decl., ¶ 5, E. I [March 10, 2022 Notice of Violation].) The Notice of Municipal Code Violation ordered Defendants to cease all short-term rental activities and operations, including the removal of all advertisements, and to always move their trash cans behind the gate on the Subject Property. (Ramirez Decl., ¶ 5.)

On January 12, 2023, the City issued a Notice of Violation to Defendants, which advised that short-term rentals at the Subject Property, including advertising, is a violation of numerous provisions of the DBMC. (Ramirez Decl., ¶ 7, Ex. J [January 12, 2023 Notice of Violation].) The letter further

ordered Defendants to discontinue all efforts to provide short-term rentals in the City. (Ramirez Decl., ¶ 7.)

On May 16, 2023, Diamond Bar Community Development Director Greg Gubman booked a one-night stay at the Subject Property via the Airbnb website, where the Subject Property was advertised. (Gubman Decl., ¶ 9.) Director Gubman also corresponded with Defendant John Zhong via e-mail and direct message. (Gubman Decl., ¶ 10.) I received a code for the lock box to enter the Subject Property for the reserved date. (*Ibid.*) On May 30, 2023, Director Gubman obtained the key from the lockbox and completed the rental and accessed the Subject Property. (Gubman Decl., ¶ 11.)

In addition to these written notices, the City has issued a total of nine administrative citations levying a total of $12,400 in fines. (Gubman Decl., ¶ 4.) None of these citations were appealed to challenge the City's determinations that Owners are violating the City's laws. (*Ibid.*)

On October 23, 2023, Officer Ramirez investigated and confirmed that Defendants continued to advertise the Subject Property as a short-term rental on Airbnb. (Ramirez Decl., ¶ 9, Ex. K [October 23, 2023 Airbnb Ad].)

As of the filing of this Preliminary Injunction Motion, Defendants have not complied with any City notices or the DBMC. (Ramirez Decl., ¶¶ 9, 13.) They continue to use or allow the use of the Subject Property for unlawful short-term rentals. (*Ibid.*) The City continues to receive citizen complaints related to short-term rental activity at the Subject Property. (Ramirez Decl., ¶ 10.)

**D. Defendants Admit to Using the Subject Property as a Short-Term Rental.**

On August 18, 2023, Defendants filed an Answer to the City's Verified complaint for Injunctive Relief and Other Equitable Relief. (Court Dkt.; RJN, ¶ 3, Ex. C [Answer].) Therein, Defendants essentially concede that they use the Subject Property for short-term rentals, but object to the City's legal conclusions and assert various defenses. (RJN, ¶ 3, Ex. C [Answer], ¶¶ 2, 4, 6, 11.)

On September 6, 2023, Defendants filed a Motion to Remove Plaintiff's Lis Pendens. (Court Dkt.; RJN, ¶ 4, Ex. D [Motion to Remove].) Therein, Defendants admit they are engaging in short-term rentals through Airbnb, but argue that this is constitutionally-protected business activity. (RJN, ¶ 4, Ex. D [Motion to Remove, ¶¶ 2, 4].)

## III. LEGAL ANALYSIS

### A. The City is entitled to injunctive relief under the Diamond Bar Municipal Code.

Code of Civil Procedure section 527 provides that a preliminary injunction may be granted any time before judgment if "sufficient grounds exist therefore." These grounds include circumstances where the plaintiff is entitled to the relief demanded and where the commission or continuance of some act during the litigation would produce waste or irreparable injury. (Code Civ. Proc., § 526(a).) A violation of a valid ordinance may be enjoined via a preliminary injunction. (*City of Stockton v. Frisbie & Latta* (1928) 93 Cal.App. 277, 289–290; *City of San Mateo v. Hardy* (1944) 64 Cal.App.2d 794, 796; *County of San Diego v. Carlstrom* (1961) 196 Cal.App.2d 485, 491.) Finally, DBMC sections 1.04.010(e) and 22.78.060(1)(a) authorize the City to enforce violations of the DBMC by any lawful means, including seeking a court injunction.

#### 1. *The City need only prove a reasonable probability that it will prevail at trial.*

The decision to grant a preliminary injunction rests in the Court's sound discretion. (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69 (hereafter *IT Corp.*).) Traditionally, in exercising this discretion, the Court traditionally considers two factors: (1) the likelihood that the plaintiff will prevail on the merits; and (2) the interim harm that the plaintiff is likely to sustain if the injunction were denied compared to the harm that the defendant is likely to suffer if the preliminary injunction were issued. (*Id.* at pp. 69–70.) However, this traditional test does not apply here.

Where a *governmental entity* seeks to enjoin the alleged violation of an ordinance or statute that specifically provides for injunctive relief, the governmental entity need only establish that it is "**reasonably probable**" that it will prevail on the merits. (*IT Corp. v. County of Imperial*, *supra*, 35 Cal.3d at p. 71.) Once the governmental entity has done so, there is a rebuttable presumption that the potential harm to the public outweighs the potential harm to the defendant. (*IT Corp. v. County of Imperial*, *supra*, 35 Cal.3d at p. 72.)

Therefore, the appropriate legal standard for the issuance of injunctive relief in this case is whether it is "reasonably probable" the City will prevail on the merits for public nuisance and nuisance per se under the DBMC. Further, if the Court finds the City has established it will prevail on the merits

of its claim, the Court must presume that the harm to the public in not granting temporary injunctive relief outweighs the harm to Defendants in granting it.

**2. *The City is reasonably likely to prevail on the merits of its claim for nuisance per se.***

To prevail on its claim for nuisance per se, the City's only burden is showing that a violation of the DBMC exists. (*IT Corp.*, *supra*, 35 Cal.3d at p. 71.) Indeed, **when a law expressly declares something to be a nuisance, the mere existence of that condition is a nuisance per se and no inquiry beyond its existence is necessary to establish the nuisance.** (*Beck Development Co. v. Southern Pacific Transportation Co.* (1996) 44 Cal.App.4th 1160, 1206–1207; *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382.) The City does not have to provide proof of a harmful effect where the conditions violate a law. (See *McClatchy v. Laguna Lands Ltd.* (1917) 32 Cal.App. 718, 725).

Government Code sections 38771 and 38773.5 authorize cities to define, by ordinance, those conditions deemed to constitute a public nuisance and the appropriate methods to abate those nuisances. (See *City of Costa Mesa v. Soffer*, *supra*, 11 Cal.App.4th at p. 382.) Pursuant to this authority, Section 1.04.010(e) of the DBMC provides that *any* violation of the DBMC is a public nuisance. Hence, as any violation of the DBMC is declared a public nuisance, the City only needs to establish that a violation of the DBMC exists to prove its claim for public nuisance. (Gov. Code, §§ 38771, 38773.5; DBMC, § 1.04.010(e); *City of Costa Mesa v. Soffer*, *supra*, 11 Cal.App.4th at p. 382.)

As set forth in the accompanying Declarations of Community Development Director Greg Gubman and Senior Neighborhood Improvement Officer Ronnie J. Ramirez, the Subject Property contains numerous violations of the DBMC, including violations of Sections 5.00.030, 5.08.050, 22.04.020(h), 22.08.030, and 22.80.020. (Ramirez Decl., ¶ 13; Gubman Decl., ¶¶ 13, 14.) The operation of a short-term rental business indisputably violates the DBMC. Defendants have caused, allowed, permitted, used, maintained, or suffered these violations of the DBMC at the Subject Property. (Ramirez Decl., ¶¶ 13, 14; Gubman Decl., ¶¶ 13, 14.) The DBMC declares that the use of a property as short-term rental violates the DBMC and that such conditions constitute a public nuisance. (DBMC, §§ 1.04.010(e), 5.08.050(b)–(c), 22.080.020(2).) The use of the Subject Property as a short-

term rental, which Defendants have admitted to, therefore is a public nuisance per se. (*City of Claremont v. Kruse et al.* (2009) 177 Cal.App.4th 1153, 1164; *City of Costa Mesa v. Soffer*, *supra*, 11 Cal.App.4th at p. 382.) Further, each day a violation persists is a separate offense, so violations are continuing and ongoing, daily basis. (DBMC, § 1.04.010(a).)

Thus, the City has established that it is reasonably probable—if not extremely likely—it will prevail on the merits of its claim for nuisance per se; and as such, a preliminary injunction should be issued to correct the ongoing violations of law.

**B. The City need not allege irreparable harm, and Defendant cannot show grave or irreparable injury to overcome the presumption in the City's favor.**

A party seeking an injunction against a nuisance does not need to allege the existence of an irreparable to obtain the injunction. (See *L.A. Brick etc. Co. v. City of Los Angeles* (1943) 60 Cal.App.2d 478, 486.) Nevertheless, Defendants' maintenance of the continuing violations does in fact threaten irreparable harm to the City and its citizens because Defendants' short-term rental activity is unlawful, a nuisance to the community, and strongly interferes with neighboring properties' ability to freely use and enjoy their land. As a result, the City does not need to demonstrate this element to prevail on its request for a preliminary injunction. As stated in *IT Corp.*, *supra*, 35 Cal.3d at p. 72, the Court must presume that the harm the City would suffer if the requested injunctive relief is denied outweighs any harm Defendants might suffer if the injunction is issued, unless Defendants can demonstrate *grave* or *irreparable* harm.

There is no non-economic harm that Defendant could suffer from using the Subject Property in compliance with the DBMC. That is, the lost profits or other costs associated with ceasing operation of the unlawful short-term rental activity. However, financial harm is insufficient to qualify as a grave and irreparable injury as a matter of law. (*City of Los Altos v. Barnes* (1992) 3 Cal.App.4th 1193, 1197–1199 (hereafter *Barnes*).) In *Barnes*, the court of appeal affirmed the issuance of a preliminary injunction against a homeowner that barred her from carrying on a home occupation at her residence in violation of local ordinances. (*Id.* at p. 1206.) Several of Barnes's employees worked at her home as part of her business operating a recreational family camp. (*Id.* at pp. 1197–1198.) The appellate court,

applying the *IT Corp.* test, concluded it was reasonably probable that the city would prevail at trial and the homeowner would not suffer grave or irreparable harm.

Further, it should be noted that the California Supreme Court, in *IT Corp.*, held that even *substantial* economic loss does not constitute grave or irreparable harm to overcome the presumption of public harm resulting from the maintenance of a public nuisance. (*IT Corp.*, *supra*, 35 Cal.3d at p. 75.) Just as in *IT Corp.* and *Barnes* this Court should issue a preliminary injunction against Defendants that bars them from running their home as a commercial business in violation of local law, as they have already admitted to being the case.

The requested preliminary injunction will not interfere with Defendants ownership of the Subject Property. Nor will the injunction prevent Defendants from using the Subject Property for any *lawful* use. Rather, the injunctive relief will only require Defendants to conform their use of the Subject Property to the law as required of every other citizen within the City. Furthermore, any financial harm should be viewed with consideration of the profits that Defendants have accrued from their illegal activity. (See, e.g., *IT Corp.*, *supra,* 35 Cal.3d at p. 75.)

Accordingly, although Defendants maintenance of the continuing violations does in fact threaten irreparable harm to the City and its citizens, the City need not demonstrate that element in order to prevail on its request for a preliminary injunction. The City has shown that it is likely to prevail on the merits of this case for both public nuisance and nuisance per se. Thus, the court should issue the requested preliminary injunction.

**C. The City is not required to post an undertaking.**

Code of Civil Procedure section 529 generally requires an undertaking to be made by a party seeking a preliminary injunction. However, the bond requirement does not apply where the plaintiff, such as the City here, is a governmental entity. (Code Civ. Proc., § 529(b)(3); see *City of South San Francisco v. Cypress Lawn Cemetery Ass'n* (1992) 11 Cal.App.4th 916, 921–922.) Hence, the City is exempt from the bond requirement.

**IV. CONCLUSION**

This Court must issue a preliminary injunction that bars Defendants from continuing their unlawful use of the Subject Property for short-term rental activities. The City has provided

overwhelming evidence that it will prevail on its claim that the nuisance per se exists at the Subject Property. Absent the grant of a preliminary injunction, Defendants will continue to ignore and flout the law by maintaining the ongoing and daily violations of the DBMC at the Subject Property. A preliminary injunction is the only way to guarantee that compliance occurs in a timely manner. For the reasons set forth above, the City respectfully requests that the Court grant this Preliminary Injunction Motion.

Dated: October 27, 2023

DAPEER, ROSENBLIT & LITVAK, LLP

By: ______________________
Brandon A. Sanchez
Attorneys for Plaintiff
City of Diamond Bar

TO BE FILED IN THE COURT OF APPEAL **APP-004**

**COURT OF APPEAL, 2nd District APPELLATE DISTRICT, DIVISION** ______

COURT OF APPEAL CASE NUMBER *(if known)*: B335376

*FOR COURT USE ONLY*

CLERK'S OFFICE
COURT OF APPEAL-SECOND DIST.
RECEIVED
MAR 11 2024
EVA McCLINTOCK Clerk

ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER:
NAME: JOHN ZHONG & CATHERINE LI
FIRM NAME: DEFENDANTS IN PRO SE
STREET ADDRESS: 16196 WESTRIDGE KNOLLS
CITY: CHINO HILLS STATE: CA ZIP CODE: 91709
TELEPHONE NO.: 626-9913676 FAX NO.: 626-768-7436
E-MAIL ADDRESS: info@zhongtax.com
ATTORNEY FOR *(name)*: DEFENDANTS IN PRO SE

APPELLANT: JOHN ZHONG & CATHERINE LI

RESPONDENT: CITY OF DIAMOND BAR

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 400 CIVIC CENTER PLAZA
MAILING ADDRESS: 400 CIVIC CENTER PLAZA
CITY AND ZIP CODE: POMONA. CA 91766
BRANCH NAME: POMONA COURT HOUSE SOUTH

JUDGES *(all who participated in case)*: SALVTORE SIRNA

SUPERIOR COURT CASE NUMBER: 23PSCV02124

## CIVIL CASE INFORMATION STATEMENT

**NOTE TO APPELLANT: You must file this form with the clerk of the Court of Appeal within 15 days after the clerk mails you the notification of the filing of the notice of appeal required under rule 8.100(e)(1). You must attach to this form a copy of the judgment or order being appealed that shows the date it was entered (see Cal. Rules of Court, rule 8.104 for definition of "entered"). A copy of this form must also be served on the other party or parties to this appeal. (CAUTION: An appeal in a limited civil case (Code Civ. Proc., § 85) may be taken ONLY to the appellate division of the superior court (Code Civ. Proc., § 904.2) or to the superior court (Code Civ. Proc., § 116.710 [small claims cases]).**

## PART I – APPEAL INFORMATION

1. APPEALABILITY
   a. Appeal is from:
      - [ ] judgment after jury trial.
      - [ ] judgment after court trial.
      - [ ] default judgment.
      - [ ] judgment after an order granting a summary judgment motion.
      - [ ] judgment of dismissal under Code Civ. Proc., § 581d, 583.250, 583.360, or 583.430.
      - [ ] judgment of dismissal after an order sustaining a demurrer.
      - [ ] an order after judgment under Code Civ. Proc., § 904.1(a)(2).
      - [x] an order or judgment under Code Civ. Proc., § 904.1(a)(3)–(13).
      - [ ] Other *(describe and specify code section that authorizes this appeal)*:

   b. Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?
      [ ] Yes [x] No *(If no, please explain why the judgment is appealable)*:

2. TIMELINESS OF APPEAL *(Provide all applicable dates.)*
   a. Date of entry of judgment or order appealed from: DEC12. 2023
   b. Date that notice of entry of judgment or a copy of the judgment was served by the clerk or by a party under California Rules of Court, rule 8.104: DEC 12.2023
   c. Was a motion for new trial, for judgment notwithstanding the verdict, for reconsideration, or to vacate the judgment made and denied?
      [✓] Yes [ ] No *(If yes, please specify the type of motion)*: MOTION TO VACATE THE PRELIMINARY INJUCTION
      Date notice of intention to move for new trial (if any) filed:
      Date motion filed: DEC 14.2023 Date motion denied: Date denial served: DEC 14.2023
   d. Date notice of [x] appeal or [ ] cross-appeal filed: DEC 14,2023

3. BANKRUPTCY OR OTHER STAY
   Is there a related bankruptcy case or a court-ordered stay that affects this appeal? [ ] Yes [x] No
   *(If yes, please attach a copy of the bankruptcy petition [without attachments] and any stay order.)*

| APPELLATE CASE TITLE: CITY OF DIAMOND BAR V. JOHN ZHONG &CATHERINE LI | APPELLATE COURT CASE NUMBER: |
|---|---|

4. APPELLATE CASE HISTORY *(Provide additional information, if necessary, on attachment 4.)* Is there now, or has there previously been, any appeal, writ, or other proceeding related to this case pending in any California appellate court?
☐ Yes ☒ No (If yes, insert name of appellate court):
Appellate court case no.: Title of case:
Name of trial court: Trial court case no.:

5. SERVICE REQUIREMENTS
Is service of documents in this matter, including a notice of appeal, petition, or brief, required on the Attorney General or other nonparty public officer or agency under California Rules of Court, rule 8.29 or a statute?
☐ Yes ☒ No *(If yes, please indicate the rule or statute that applies)*
☐ Rule 8.29 (e.g., constitutional challenge; state or county party)
☐ Bus. & Prof. Code, §16750.2 (Antitrust)
☐ Bus. & Prof. Code, § 17209 (Unfair Competition Act)
☐ Bus. & Prof. Code, § 17536.5 (False advertising)
☐ Civ. Code, § 51.1 (Unruh, Ralph, or Bane Civil Rights Acts; antiboycott cause of action; sexual harassment in business or professional relations; civil rights action by district attorney)
☐ Civ. Code, § 55.2 (Disabled access to public conveyances, accommodations, and housing)
☐ Code Civ. Proc., § 1355 (Escheat)
☐ Gov. Code, § 946.6(d) (Actions against public entities)
☐ Gov. Code, § 4461 (Disabled access to public buildings)
☐ Gov. Code, § 12656(a) (False Claims Act)
☐ Health & Saf. Code, § 19954.5 (Accessible seating and accommodations)
☐ Health & Saf. Code, § 19959.5 (Disabled access to privately funded public accommodations)
☐ Pub. Resources Code, § 21167.7 (CEQA)
☐ Other (specify statute):

**NOTE: The rule and statutory provisions listed above require service of a copy of a party's notice of appeal, petition, or brief on the Attorney General or other public officer or agency. Other statutes requiring service on the Attorney General or other public officers or agencies may also apply.**

## PART II – NATURE OF ACTION

1. Nature of action *(check all that apply):*
   a. ☐ Conservatorship
   b. ☐ Contract
   c. ☐ Eminent domain
   d. ☐ Equitable action (1) ☐ Declaratory relief (2) ☐ Other *(describe):*
   e. ☐ Family law
   f. ☐ Guardianship
   g. ☐ Probate
   h. ☐ Real property rights (1) ☐ Title of real property (2) ☐ Other *(describe):*
   i. ☐ Tort
      (1) ☐ Medical malpractice (2) ☐ Product liability
      (3) ☐ Other personal injury (4) ☐ Personal property
      (5) ☐ Other tort *(describe):*
   j. ☐ Trust proceedings
   k. ☐ Writ proceedings in superior court
      (1) ☐ Mandate (Code Civ. Proc., § 1085) (2) ☐ Administrative mandate (Code Civ. Proc., § 1094.5)
      (3) ☐ Prohibition (Code Civ. Proc., § 1102) (4) ☐ Other *(describe):*
   l. ☒ Other action (describe): INJUNCTION
2. ☐ This appeal is entitled to calendar preference/priority on appeal *(cite authority):*

**APP-004**

| APPELLATE CASE TITLE: | APPELLATE COURT CASE NUMBER: |
|---|---|
| | |

## PART III – PARTY AND ATTORNEY INFORMATION

*In the spaces below or on a separate page or pages, list all the parties and all their attorneys of record who will participate in the appeal. For each party, provide all of the information requested on the left side of the page. On the right side of the page, if a party is self-represented please check the appropriate box and provide the party's mailing address, telephone number, fax number, and e-mail address. If a party is represented by an attorney, on the right side of the page, check the appropriate box and provide all of the requested information about that party's attorney.*

☐ Responses to Part III are attached instead of below

| | |
|---|---|
| Name of Party: JOHN ZHONG<br><br>Appellate court designation:<br>☒ Appellant ☐ Respondent<br>Trial court designation:<br>☐ Plaintiff ☒ Defendant<br>☐ Other *(specify)*: | ☐ Represented by attorney ☒ Self-represented<br>Name of attorney:<br>State Bar no:<br>Firm name:<br>Mailing address: 16196 WESTRIDGE KNOLLS CHINO HILLS CA 91709<br><br>Telephone no.: 626-991-3676 Fax no: 626-768-7436<br>Email address: info@zhongtax.com |
| Name of Party: CATHERINE LI<br><br>Appellate court designation:<br>☒ Appellant ☐ Respondent<br>Trial court designation:<br>☐ Plaintiff ☒ Defendant<br>☐ Other *(specify)*: | ☐ Represented by attorney ☒ Self-represented<br>Name of attorney:<br>State Bar no:<br>Firm name:<br>Mailing address: 16196 WESTRIDGE KNOLLS CHINO HILLS CA 917096<br><br>Telephone no.: 626-3766395 Fax no: 626-768-7436<br>Email address: catherine007007@gmailo.com |
| Name of Party: CITY OF DIAMOND BAR<br><br>Appellate court designation:<br>☐ Appellant ☒ Respondent<br>Trial court designation:<br>☒ Plaintiff ☐ Defendant<br>☐ Other *(specify)*: | ☒ Represented by attorney ☐ Self-represented<br>Name of attorney: BRANDON SANCHEZ<br>State Bar no:<br>Firm name: DAPEER. ROSENBLIT & LITVAK. LLP<br>Mailing address: 11500 W OLYMPIC BLVD STE 550. LA,, CA 90064<br><br>Telephone no.: Fax no:<br>Email address: |
| Name of Party:<br><br>Appellate court designation:<br>☐ Appellant ☐ Respondent<br>Trial court designation:<br>☐ Plaintiff ☐ Defendant<br>☐ Other *(specify)*: | ☐ Represented by attorney ☐ Self-represented<br>Name of attorney:<br>State Bar no:<br>Firm name:<br>Mailing address:<br><br>Telephone no.: Fax no:<br>Email address: |

☐ Additional pages attached

Date: 01/02/2024

This statement is prepared and submitted by:

Catherine Li & John ZHONG

▶ [signature]

(SIGNATURE OF ATTORNEY OR SELF-REPRESENTED PARTY)

**APP-004**

| APPELLATE CASE TITLE: City of Diamond Bar V John Holt et al | APPELLATE COURT CASE NUMBER: |
|---|---|

NOTICE TO PARTIES: A copy of this form must be served on the other party or parties to this appeal. If served by mail or personal delivery, THE MAILING OR DELIVERY MUST BE PERFORMED BY SOMEONE WHO IS NOT A PARTY TO THE APPEAL. Electronic service is authorized only if ordered by the court or if the party served has agreed to accept electronic service. A person who is at least 18 years old must complete the information below and serve all pages of this document. When all pages of this document have been completed and a copy served, the original may then be filed with the court.

## PROOF OF SERVICE

[x] **Mail** [ ] **Personal Service** [ ] **Electronic Service**

1. At the time of service I was at least 18 years of age.
2. My residence or business address is *(specify):*
   16196 WESTRIDGE KNOLLS,
   CHINO HILLS CA 91709

3. I mailed, personally delivered, or electronically served a copy of the *Civil Case Information Statement (Appellate)* as follows *(complete a, b, or c):*
   a. [x] **Mail.** I am a resident of or employed in the county where the mailing occurred and am not a party to this legal action.
      (1) I enclosed a copy in an envelope and
         (a) [x] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served: BRANDON SANCHEZ
         (b) Address on envelope:
            DAPEER ROSENBLIT & LITVAK LLP
            11500 W OLYMPIC BLVD STE 550
            LOS ANGELE, CA 90064
         (c) Date of mailing: 01/02/2024
         (d) Place of mailing *(city and state):* CHINO HILLS CA 91709
   b. [ ] **Personal delivery.** I am not a party to this legal action. I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:

      (3) Date delivered:
      (4) Time delivered:
   c. [ ] **Electronic service.** My electronic service address is *(specify):*
      I electronically served a copy as follows:
      (1) Name of person served:
      (2) Electronic service address of person served:
      (3) On *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/02/2024

SUQING ZHANG
(TYPE OR PRINT NAME)

▶ Suqing Zhang
(SIGNATURE OF DECLARANT)



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

Electronically Received 12/07/2023 01:28 PM

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

FILED
Superior Court of California
County of Los Angeles
12/08/2023
David W. Slayton, Executive Officer / Clerk of Court
By: M. Vasquez Deputy

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case Number: 23PSCV02124<br>Action Filed: July 14, 2023<br><br>~~[REVISED PROPOSED]~~<br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Salvatore Sirna<br>Dept.: G |

# ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiff City of Diamond Bar's Preliminary Injunction Motion came on for hearing on Thursday, December 7, 2023, at 8:30 a.m. in Department G of the above-captioned court, the Honorable Salvatore Sirna presiding. All appearances were as noted in the Court's record. The Court has considered all documents and evidence filed in support of and in opposition to the motion, the argument of counsel at the hearing, and all other matters properly before the Court, and good cause appearing for the issuance of a preliminary injunction, the City's Preliminary Injunction Motion is hereby GRANTED.

THEREFORE, IT IS HEREBY ORDERED that Defendants John Zhong and Catherine Li ("Defendants"), and all of their agents, employees, servants, successors, or assigns, or anyone acting on their behalf or in concert with them, are hereby enjoined and prohibited during the pendency of this action from the following acts or omissions related to the real property located at 24311 Knoll Court, Diamond Bar, California 91765, Assessor Parcel Number 8713-046-018 ("Subject Property"):

1. Using, occupying, or maintaining the Subject Property in a manner that violates City of Diamond Bar Municipal Code.
2. Using, listing, renting, or advertising the Subject Property for short-term rental activity.
3. Conducting any business in the City without first having obtained a business license or having paid the applicable business license fee.

IT IS FURTHER ORDERED, incidental to and in furtherance of the foregoing injunctions, that Defendants must do the following within 10 days following service of this preliminary injunction order:

1. Cancel all future reservations for the Subject Property as a short-term rental.
2. Remove all advertising, whether via the Internet or otherwise, of the Subject Property as a short-term rental.

IT IS SO ORDERED.

Dated: 12/08/2023

[Court seal] [signature]

Hon. Salvatore Sirna
JUDGE OF THE SUPERIOR COURT
Salvatore Sirna / Judge

# EXHIBIT F

TO BE FILED IN THE COURT OF APPEAL

APP-004

COURT OF APPEAL, 2nd District APPELLATE DISTRICT, DIVISION

COURT OF APPEAL CASE NUMBER (if known): B335376

FOR COURT USE ONLY

CLERK'S OFFICE
COURT OF APPEAL-SECOND DIST.
RECEIVED
MAR 11 2024
EVA McCLINTOCK Clerk


ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NUMBER:
NAME: JOHN ZHONG & CATHERINE LI
FIRM NAME: DEFENDANTS IN PRO SE
STREET ADDRESS: 16196 WESTRIDGE KNOLLS
CITY: CHINO HILLS STATE: CA ZIP CODE: 91709
TELEPHONE NO.: 626-9913676 FAX NO.: 626-768-7436
E-MAIL ADDRESS: info@zhongtax.com
ATTORNEY FOR (name): DEFENDANTS IN PRO SE


APPELLANT: JOHN ZHONG & CATHERINE LI

RESPONDENT: CITY OF DIAMOND BAR

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 400 CIVIC CENTER PLAZA
MAILING ADDRESS: 400 CIVIC CENTER PLAZA
CITY AND ZIP CODE: POMONA. CA 91766
BRANCH NAME: POMONA COURT HOUSE SOUTH

JUDGES (all who participated in case): SALVTORE SIRNA

SUPERIOR COURT CASE NUMBER: 23PSCV02124

# CIVIL CASE INFORMATION STATEMENT

**NOTE TO APPELLANT: You must file this form with the clerk of the Court of Appeal within 15 days after the clerk mails you the notification of the filing of the notice of appeal required under rule 8.100(e)(1). You must attach to this form a copy of the judgment or order being appealed that shows the date it was entered (see Cal. Rules of Court, rule 8.104 for definition of "entered"). A copy of this form must also be served on the other party or parties to this appeal. (CAUTION: An appeal in a limited civil case (Code Civ. Proc., § 85) may be taken ONLY to the appellate division of the superior court (Code Civ. Proc., § 904.2) or to the superior court (Code Civ. Proc., § 116.710 [small claims cases]).**

## PART I – APPEAL INFORMATION

1. APPEALABILITY
   a. Appeal is from:
      - [ ] judgment after jury trial.
      - [ ] judgment after court trial.
      - [ ] default judgment.
      - [ ] judgment after an order granting a summary judgment motion.
      - [ ] judgment of dismissal under Code Civ. Proc., § 581d, 583.250, 583.360, or 583.430.
      - [ ] judgment of dismissal after an order sustaining a demurrer.
      - [ ] an order after judgment under Code Civ. Proc., § 904.1(a)(2).
      - [x] an order or judgment under Code Civ. Proc., § 904.1(a)(3)-(13).
      - [ ] Other *(describe and specify code section that authorizes this appeal):*

   b. Does the judgment appealed from dispose of all causes of action, including all cross-actions between the parties?
      [ ] Yes [x] No *(If no, please explain why the judgment is appealable)*:

2. TIMELINESS OF APPEAL *(Provide all applicable dates.)*
   a. Date of entry of judgment or order appealed from: DEC12. 2023
   b. Date that notice of entry of judgment or a copy of the judgment was served by the clerk or by a party under California Rules of Court, rule 8.104: DEC 12.2023
   c. Was a motion for new trial, for judgment notwithstanding the verdict, for reconsideration, or to vacate the judgment made and denied?
      [✓] Yes [ ] No *(If yes, please specify the type of motion):* MOTION TO VACATE THE PRELIMINARY INJUCTION
      Date notice of intention to move for new trial (if any) filed:
      Date motion filed: DEC 14.2023 Date motion denied: Date denial served: DEC 14.2023
   d. Date notice of [x] appeal or [ ] cross-appeal filed: DEC 14,2023

3. BANKRUPTCY OR OTHER STAY
   Is there a related bankruptcy case or a court-ordered stay that affects this appeal? [ ] Yes [x] No
   *(If yes, please attach a copy of the bankruptcy petition [without attachments] and any stay order.)*

APP-004

| APPELLATE CASE TITLE: CITY OF DIAMOND BAR V. JOHN ZHONG &CATHERINE LI | APPELLATE COURT CASE NUMBER: |
|---|---|

4. APPELLATE CASE HISTORY *(Provide additional information, if necessary, on attachment 4.)* Is there now, or has there previously been, any appeal, writ, or other proceeding related to this case pending in any California appellate court?
☐ Yes ☒ No (If yes, insert name of appellate court):
Appellate court case no.: Title of case:
Name of trial court: Trial court case no.:

5. SERVICE REQUIREMENTS
Is service of documents in this matter, including a notice of appeal, petition, or brief, required on the Attorney General or other nonparty public officer or agency under California Rules of Court, rule 8.29 or a statute?
☐ Yes ☒ No *(If yes, please indicate the rule or statute that applies)*

- ☐ Rule 8.29 (e.g., constitutional challenge; state or county party)
- ☐ Bus. & Prof. Code, §16750.2 (Antitrust)
- ☐ Bus. & Prof. Code, § 17209 (Unfair Competition Act)
- ☐ Bus. & Prof. Code, § 17536.5 (False advertising)
- ☐ Civ. Code, § 51.1 (Unruh, Ralph, or Bane Civil Rights Acts; antiboycott cause of action; sexual harassment in business or professional relations; civil rights action by district attorney)
- ☐ Civ. Code, § 55.2 (Disabled access to public conveyances, accommodations, and housing)
- ☐ Code Civ. Proc., § 1355 (Escheat)
- ☐ Gov. Code, § 946.6(d) (Actions against public entities)
- ☐ Gov. Code, § 4461 (Disabled access to public buildings)
- ☐ Gov. Code, § 12656(a) (False Claims Act)
- ☐ Health & Saf. Code, § 19954.5 (Accessible seating and accommodations)
- ☐ Health & Saf. Code, § 19959.5 (Disabled access to privately funded public accommodations)
- ☐ Pub. Resources Code, § 21167.7 (CEQA)
- ☐ Other (specify statute):

**NOTE: The rule and statutory provisions listed above require service of a copy of a party's notice of appeal, petition, or brief on the Attorney General or other public officer or agency. Other statutes requiring service on the Attorney General or other public officers or agencies may also apply.**

## PART II – NATURE OF ACTION

1. Nature of action *(check all that apply):*
   - a. ☐ Conservatorship
   - b. ☐ Contract
   - c. ☐ Eminent domain
   - d. ☐ Equitable action (1) ☐ Declaratory relief (2) ☐ Other *(describe):*
   - e. ☐ Family law
   - f. ☐ Guardianship
   - g. ☐ Probate
   - h. ☐ Real property rights (1) ☐ Title of real property (2) ☐ Other *(describe):*
   - i. ☐ Tort
     - (1) ☐ Medical malpractice
     - (2) ☐ Product liability
     - (3) ☐ Other personal injury
     - (4) ☐ Personal property
     - (5) ☐ Other tort *(describe):*
   - j. ☐ Trust proceedings
   - k. ☐ Writ proceedings in superior court
     - (1) ☐ Mandate (Code Civ. Proc., § 1085)
     - (2) ☐ Administrative mandate (Code Civ. Proc., § 1094.5)
     - (3) ☐ Prohibition (Code Civ. Proc., § 1102)
     - (4) ☐ Other *(describe):*
   - *l.* ☒ Other action (describe): INJUNCTION

2. ☐ This appeal is entitled to calendar preference/priority on appeal *(cite authority):*

**APP-004**

| APPELLATE CASE TITLE: | APPELLATE COURT CASE NUMBER: |
|---|---|
| | |

## PART III – PARTY AND ATTORNEY INFORMATION

*In the spaces below or on a separate page or pages, list all the parties and all their attorneys of record who will participate in the appeal. For each party, provide all of the information requested on the left side of the page. On the right side of the page, if a party is self-represented please check the appropriate box and provide the party's mailing address, telephone number, fax number, and e-mail address. If a party is represented by an attorney, on the right side of the page, check the appropriate box and provide all of the requested information about that party's attorney.*

[ ] Responses to Part III are attached instead of below

| Party | Attorney / Self-represented |
|---|---|
| Name of Party: JOHN ZHONG<br><br>Appellate court designation:<br>[x] Appellant [ ] Respondent<br>Trial court designation:<br>[ ] Plaintiff [x] Defendant<br>[ ] Other *(specify)*: | [ ] Represented by attorney [x] Self-represented<br>Name of attorney:<br>State Bar no:<br>Firm name:<br>Mailing address: 16196 WESTRIDGE KNOLLS CHINO HILLS CA 91709<br><br>Telephone no.: 626-991-3676 Fax no: 626-768-7436<br>Email address: info@zhongtax.com |
| Name of Party: CATHERINE LI<br><br>Appellate court designation:<br>[x] Appellant [ ] Respondent<br>Trial court designation:<br>[ ] Plaintiff [x] Defendant<br>[ ] Other *(specify)*: | [ ] Represented by attorney [x] Self-represented<br>Name of attorney:<br>State Bar no:<br>Firm name:<br>Mailing address: 16196 WESTRIDGE KNOLLS CHINO HILLS CA 917096<br><br>Telephone no.: 626-3766395 Fax no: 626-768-7436<br>Email address: catherine007007@gmailo.com |
| Name of Party: CITY OF DIAMOND BAR<br><br>Appellate court designation:<br>[ ] Appellant [x] Respondent<br>Trial court designation:<br>[x] Plaintiff [ ] Defendant<br>[ ] Other *(specify)*: | [x] Represented by attorney [ ] Self-represented<br>Name of attorney: BRANDON SANCHEZ<br>State Bar no:<br>Firm name: DAPEER, ROSENBLIT & LITVAK, LLP<br>Mailing address: 11500 W OLYMPIC BLVD STE 550, LA,, CA 90064<br><br>Telephone no.: Fax no:<br>Email address: |
| Name of Party:<br><br>Appellate court designation:<br>[ ] Appellant [ ] Respondent<br>Trial court designation:<br>[ ] Plaintiff [ ] Defendant<br>[ ] Other *(specify)*: | [ ] Represented by attorney [ ] Self-represented<br>Name of attorney:<br>State Bar no:<br>Firm name:<br>Mailing address:<br><br>Telephone no.: Fax no:<br>Email address: |

[ ] Additional pages attached

Date: 01/02/2024

This statement is prepared and submitted by:

Catherine Li & John ZHONG

▶ ______________________________
(SIGNATURE OF ATTORNEY OR SELF-REPRESENTED PARTY)

**APP-004**

| APPELLATE CASE TITLE: City of Diamond Bar V John Holt et al | APPELLATE COURT CASE NUMBER: |
|---|---|

NOTICE TO PARTIES: A copy of this form must be served on the other party or parties to this appeal. If served by mail or personal delivery, THE MAILING OR DELIVERY MUST BE PERFORMED BY SOMEONE WHO IS NOT A PARTY TO THE APPEAL. Electronic service is authorized only if ordered by the court or if the party served has agreed to accept electronic service. A person who is at least 18 years old must complete the information below and serve all pages of this document. When all pages of this document have been completed and a copy served, the original may then be filed with the court.

## PROOF OF SERVICE

[x] **Mail** [ ] **Personal Service** [ ] **Electronic Service**

1. At the time of service I was at least 18 years of age.
2. My residence or business address is *(specify):*
   16196 WESTRIDGE KNOLLS,
   CHINO HILLS CA 91709

3. I mailed, personally delivered, or electronically served a copy of the *Civil Case Information Statement (Appellate)* as follows *(complete a, b, or c):*
   a. [x] **Mail.** I am a resident of or employed in the county where the mailing occurred and am not a party to this legal action.
      (1) I enclosed a copy in an envelope and
         (a) [x] deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.
         (b) [ ] **placed** the envelope for collection and mailing on the date and at the place shown in items below, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.
      (2) The envelope was addressed and mailed as follows:
         (a) Name of person served: BRANDON SANCHEZ
         (b) Address on envelope:
            DAPEER ROSENBLIT & LITVAK LLP
            11500 W OLYMPIC BLVD STE 550
            LOS ANGELE, CA 90064
         (c) Date of mailing: 01/02/2024
         (d) Place of mailing *(city and state):* CHINO HILLS CA 91709
   b. [ ] **Personal delivery.** I am not a party to this legal action. I personally delivered a copy as follows:
      (1) Name of person served:
      (2) Address where delivered:
      (3) Date delivered:
      (4) Time delivered:
   c. [ ] **Electronic service.** My electronic service address is *(specify):*
      I electronically served a copy as follows:
      (1) Name of person served:
      (2) Electronic service address of person served:
      (3) On *(date):*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 01/02/2024

SUQING ZHANG
(TYPE OR PRINT NAME)

▶ Suqing Zhang
(SIGNATURE OF DECLARANT)



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form

Electronically Received 12/07/2023 01:28 PM

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

FILED
Superior Court of California
County of Los Angeles
12/08/2023
David W. Slayton, Executive Officer / Clerk of Court
By: M. Vasquez Deputy

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case Number: 23PSCV02124<br>Action Filed: July 14, 2023<br><br>~~[REVISED PROPOSED]~~<br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>Judge: Hon. Salvatore Sirna<br>Dept.: G |

## ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiff City of Diamond Bar's Preliminary Injunction Motion came on for hearing on Thursday, December 7, 2023, at 8:30 a.m. in Department G of the above-captioned court, the Honorable Salvatore Sirna presiding. All appearances were as noted in the Court's record. The Court has considered all documents and evidence filed in support of and in opposition to the motion, the argument of counsel at the hearing, and all other matters properly before the Court, and good cause appearing for the issuance of a preliminary injunction, the City's Preliminary Injunction Motion is hereby GRANTED.

THEREFORE, IT IS HEREBY ORDERED that Defendants John Zhong and Catherine Li ("Defendants"), and all of their agents, employees, servants, successors, or assigns, or anyone acting on their behalf or in concert with them, are hereby enjoined and prohibited during the pendency of this action from the following acts or omissions related to the real property located at 24311 Knoll Court, Diamond Bar, California 91765, Assessor Parcel Number 8713-046-018 ("Subject Property"):

1. Using, occupying, or maintaining the Subject Property in a manner that violates City of Diamond Bar Municipal Code.
2. Using, listing, renting, or advertising the Subject Property for short-term rental activity.
3. Conducting any business in the City without first having obtained a business license or having paid the applicable business license fee.

IT IS FURTHER ORDERED, incidental to and in furtherance of the foregoing injunctions, that Defendants must do the following within 10 days following service of this preliminary injunction order:

1. Cancel all future reservations for the Subject Property as a short-term rental.
2. Remove all advertising, whether via the Internet or otherwise, of the Subject Property as a short-term rental.

IT IS SO ORDERED.

Dated: 12/08/2023

[signature]
Hon. Salvatore Sirna
JUDGE OF THE SUPERIOR COURT
Salvatore Sirna / Judge

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL – SECOND DIST.
Mar 12, 2025
, Clerk
kdominguez Deputy Clerk

CITY OF DIAMOND BAR,

Plaintiff and Respondent,

v.

CATHERINE LI and JOHN ZHONG,

Defendants and Appellants.

B335376

(Los Angeles County Super. Ct. No. 23PSCV02124)

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge. Affirmed.

Catherine Li and John Zhong, in pro. per., for Defendants and Appellants.

Dapeer, Rosenblit & Litvak, William Litvak and Sarah Edmiston for Plaintiff and Respondent.

* * * * * *

The trial court issued a preliminary injunction enjoining the owners of a home from violating a local ordinance prohibiting short-term rentals. The homeowners appeal. The preliminary injunction is supported by substantial evidence, and the homeowners' remaining challenges are not properly before us or are unsupported by the record. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Catherine Li and John Zhong (the homeowners) own a 3,253-square-foot single family home in a residential neighborhood within the City of Diamond Bar (the City).

The City has an ordinance that prohibits short-term rentals of fewer than 30 days in any residential neighborhood. (Diamond Bar Mun. Code, §§ 5.08.050(b), 22.080.020.) The City also has an ordinance that prohibits advertising such rentals on the internet. (*Id.*, § 5.08.050(c).)

There is no dispute that the homeowners violated these ordinances. In 2022 and early 2023, they advertised their home for overnight rentals on Airbnb and VRBO. After neighbors reported this violation and after the City issued nine written citations and two notices of violation to the homeowners, a city official in May 2023 contacted the homeowners through Airbnb and rented the home for one night.

## II. Procedural Background

In July 2023, the City filed a verified complaint against the homeowners alleging claims for (1) public nuisance and (2) public nuisance per se.

On October 27, 2023, the City filed a motion for a preliminary injunction seeking to enjoin the homeowners from continuing to advertise and rent their home on a short-term basis.

The homeowners filed no opposition.

After a December 7, 2023 hearing at which the homeowners appeared through counsel, the trial court granted the preliminary injunction. The court found it "likely [that] the City will be able to prevail on the merits" by showing that the homeowners "have been operating a short-term rental . . . in violation of the [City's municipal code]." The court also found that "the City"—because the municipal code "authorizes the use of injunctive relief to enjoin [any] violations"—was "entitled to the presumption that the potential harm to the City outweighs any potential harms to the" homeowners and that the homeowners "failed to rebut this presumption" by not opposing the motion.

The preliminary injunction issued the next day, enjoining the homeowners from "[u]sing, occupying, or maintaining" their home "in a manner that violates City of Diamond Bar Municipal Code" or "[u]sing, listing, renting, or advertising" their home "for short-term rental activity."

In the following week, the homeowners (1) appealed the order issuing a preliminary injunction, (2) filed a motion to set aside the order granting a preliminary injunction, and (3) filed a cross-complaint against the City. In January 2024, the trial court denied the motion to set aside the order as "moot" due to

the pendency of the homeowners' appeal and, on the court's own motion, struck the homeowners' cross-complaint as untimely. The homeowners did not separately appeal the denial of their motion to set aside the preliminary injunction.

## DISCUSSION

In their opening brief, the homeowners challenge the trial court's order granting the preliminary injunction on five grounds: (1) the preliminary injunction rests on insufficient evidence or was otherwise an abuse of discretion, (2) the preliminary injunction violates the dormant commerce clause, (3) the preliminary injunction was the product of the City's selective and discriminatory enforcement, (4) the evidentiary basis for the preliminary injunction is inadmissible hearsay, and (5) the homeowners have now "adjusted [their] rental operations to comply" with the City's municipal code, and these changed circumstances warrant reversal of the preliminary injunction.[1]

Although an order granting a preliminary injunction is appealable (Code Civ. Proc., § 904.1, subd. (a)(6); *Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1175), the only one of the homeowners' challenges properly before us on appeal is their challenge to the sufficiency of the evidence underlying the preliminary injunction and whether its issuance was an abuse of discretion. The

1 In their reply brief and at oral argument, the homeowners for the first time argue that (1) the city official's "covert operation" in renting the house for a night violated the Fourth Amendment, and (2) the City's conduct of recording a lis pendens against the house constitutes malicious prosecution, slander of title, and abuse of process. Arguments raised for the first time in a reply brief are waived. (E.g., *Old East Davis Neighborhood Assn. v. City of Davis* (2021) 73 Cal.App.5th 895, 915.)

homeowners did not raise any of the other challenges in the trial court until their motion to set aside the preliminary injunction. However, the trial court's order denying the homeowners' motion to set aside is not before us for a few reasons. To begin, that motion argued points that the homeowners should have raised in an opposition to the preliminary injunction motion, and thus functioned as a motion for reconsideration, but orders denying a motion for reconsideration are not separately appealable. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577; *Grenell v. City of Hermosa Beach* (1980) 103 Cal.App.3d 864, 869.) What is more, the homeowners divested the trial court of the power to rule on the motion to set aside by filing a notice of appeal from the preliminary injunction before the motion was decided. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1193.) And even if we treated the court's denial of the motion as separately appealable, the homeowners never filed a notice of appeal encompassing that order. (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008; *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) Thus, there is no proper appeal from which we could consider the homeowners' claims that the City's ban on short-term rentals violates the dormant commerce clause, that the City's lawsuit is a product of selective enforcement, or that the circumstances giving rise to the injunction have changed.[2]

**2** Even if we were to treat the dormant commerce clause challenge as presenting a pure question of law that can be presented for the first time on appeal, a nearly identical challenge to an ordinance with an across-the-board prohibition of short-term rentals of residential homes has been rejected. (*Rosenblatt v. City of Santa Monica* (9th Cir. 2019) 940 F.3d 439, 422, 447; cf. *South Lake Tahoe Property Owners Group v. City of*

In evaluating whether a trial court properly issued a preliminary injunction, the default rule requires a trial court to balance, "on a sliding scale," whether (1) "the party seeking the injunction is likely to prevail on the merits [of its claims] at trial," and (2) "the 'interim harm' to that party if an injunction is denied is greater than 'the [interim] harm the [opposing party] is likely to suffer if the . . . injunction is issued.'" (*Integrated Dynamic Solutions, Inc. v. VitaVet Labs, Inc.* (2016) 6 Cal.App.5th 1178, 1183.) But where, as here, "a government entity seek[s] to enjoin [an] alleged violation of an ordinance which specifically provides for injunctive relief," a modified rule applies: Once the government entity "establishes that it is reasonably probable that it will prevail on the merits, a rebuttable presumption arises that the potential harm to the public outweighs the potential harm to the [party to be enjoined]"; only if the party to be enjoined rebuts this presumption by "show[ing] that it would suffer grave or irreparable harm from the issuance of the preliminary injunction" "must" "the court . . . then examine the relative actual harms to the parties." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 72; *People v. Uber Technologies, Inc.* (2020) 56 Cal.App.5th 266, 285 [applying this test to mandatory and prohibitory injunctions].) We review the grant of a preliminary injunction for an abuse of discretion, and any subsidiary factual findings for substantial evidence. (*City of Corona v. AMG Outdoor Advertising, Inc.* (2016) 244 Cal.App.4th 291, 298-299.)

The trial court did not abuse its discretion in issuing the preliminary injunction enjoining the homeowners' short-term

*South Lake Tahoe* (2023) 92 Cal.App.5th 735, 761 [finding violation when ordinance permits California residents, but not non-residents, to use their residences for short-term rentals].)

rental activity. Because the City's municipal code specifically empowers it to seek an injunction enjoining any violation of that code (Diamond Bar Mun. Code, §§ 1.04.010(e) ["any . . . use or activity . . . in violation of the provisions of this Code . . . shall be deemed a public nuisance and may be abated by the city by any lawful means . . ."], 22.78.060(1)(a) [City may seek injunctions for violations of the Code]), the modified rule applies. The City established that it is likely to prevail on its nuisance claim. Its municipal code deems any violation of the code to be a "public nuisance" (*id.*, § 1.04.010(e); accord, Gov. Code, § 38771 ["By ordinance the city legislative body may declare what constitutes a nuisance"]; *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382-383 [so noting]), thereby obviating any need to examine how sporadic or constant the rentals occur. Further, substantial evidence supports the court's factual finding that the homeowners violated the code by advertising and renting their home on a short-term basis of 30 days or less; indeed, a city employee was able to rent their house for one night.[3] Under the modified rule, a presumption that the balance of harms tips in favor of the preliminary injunction applies. And the homeowners—by failing to oppose the motion for a preliminary injunction—offered no evidence to rebut that presumption. In their reply brief on appeal, the homeowners assert that their attorney proffered evidence at the hearing on the preliminary injunction and suggest that a transcript of the hearing exists. But there is no such transcript, as the homeowners themselves

3 By failing to object in the trial court to the evidence the City submitted in support of its motion for a preliminary injunction, the homeowners forfeited any hearsay objection to that evidence. (Evid. Code, § 353.)

acknowledged when they filed their notice designating the record on appeal.

## DISPOSITION

The order is affirmed. The City is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

______________________, P.J.
HOFFSTADT

We concur:

_________________________, J.
BAKER

_________________________, J.
KIM (D.)

# EXHIBIT G

# Appellate Courts Case Information

## Supreme Court

Change court

**Case Summary**

**Docket**

**Briefs**

**Disposition**

**Parties and Attorneys**

**Lower Court**

## Docket (Register of Actions)

**DIAMOND BAR, CITY OF v. LI**
**Division SF**
**Case Number S290298**

| Date | Description | Notes |
|---|---|---|
| 04/14/2025 | Petition for review filed | Defendant and Appellant: Catherine Li<br>Pro Per<br><br>Defendant and Appellant: John Zhong<br>Pro Per |
| 04/14/2025 | Record requested | |
| 04/14/2025 | Received Court of Appeal record | |
| 06/06/2025 | Time extended to grant or deny review | The time for granting or denying review in the above-entitled matter is hereby ext to and including July 11, 2025, or the date upon which review is either granted or denied. |
| 06/18/2025 | Petition for review denied | |

**Click here** to request automatic e-mail notifications about this case.

Careers | Contact Us | Accessibility | Public Access to Records | Terms of Use | Privacy

© 2025 Judicial Council of California

# EXHIBIT H

**DEPARTMENT G LAW AND MOTION RULINGS**

The Court may change tentative rulings at any time. Therefore, counsel are advised to check this website periodically to determine whether any changes or updates have been made to the tentative ruling. Counsel may submit on a tentative ruling by calling the clerk in Department G at (909) 802-1104 prior to 8:30 a.m. the morning of the hearing.

---

**Case Number:** 23PSCV02124 **Hearing Date:** October 2, 2025 **Dept:** G

**Defendants John Zhong and Catherine Li's Motion for Leave to File a Cross-Complaint**

Respondent: Plaintiff City of Diamond Bar

**Plaintiff City of Diamond Bar's Motion for Appellate Attorney's Fees**

Respondent: Defendants John Zhong and Catherine Li

**TENTATIVE RULING**

**Defendants John Zhong and Catherine Li's Motion for Leave to File a Cross-Complaint is DENIED.**

**Plaintiff City of Diamond Bar's Motion for Appellate Attorney's Fees is GRANTED in the total amount of $32,118.00.**

**BACKGROUND**

This is a nuisance abatement action. Defendants John Zhong and Catherine Li (collectively, Defendants) are the alleged owners of real property within the boundaries of plaintiff City of Diamond Bar (the City). Beginning in March 2022, Defendants allegedly used their real property for short-term rentals in violation of Diamond Bar Municipal Code section 22.08.030. Defendants allegedly refused to comply despite the City's notices of violation of the ordinance.

On July 14, 2023, the City filed the Complaint, alleging causes of action for (1) public nuisance and (2) public nuisance per se.

On September 11, 2023, the City filed a notice of pendency of action (lis pendens). On October 9, 2023, the court denied Defendants' motion to expunge lis pendens.

On December 18, 2023, Defendants filed a Cross-Complaint. On January 17, 2024, the court struck the Cross-Complaint without prejudice.

On February 13, 2024, Defendants filed a motion to file a cross-complaint. On February 28, 2024, the City filed the opposition, and Defendants did not file a reply. On August 25, 2025, the court requested supplemental briefing. On September 2, 2025, Defendants filed the supplemental brief, and on September 17, 2025, the City filed the supplemental opposition.

On August 1, 2025, the City filed a motion for appellate attorney's fees. On August 4, 2025, Defendants filed the opposition, and on September 24, 2025, the City filed the reply. Also on September 24, 2025, Defendants filed a supplemental opposition. On September 25, 2025, the City objected to the supplemental opposition, and on September 29, 2025, Defendants filed a response to the objection.

This case is set for a case management conference, a continued hearing on the motion for leave to file a cross-complaint, and a hearing on the motion for appellate attorney's fees on October 2, 2025.

**OBJECTION**

The City objects to the supplemental opposition Defendants filed against the motion for appellate attorney's fees. The court did not grant Defendants leave to file a supplemental opposition to the motion for appellate attorney's fees. Therefore, the court **SUSTAINS** the objection and does not consider the supplemental opposition.

**REQUEST FOR JUDICIAL NOTICE**

The City requests that the court take judicial notice of its own records and of a section of the City's municipal code. The court may take judicial notice of the records of any California court or any court of record in the United States. (Evid. Code, § 452, subd. (d).) The court may also take judicial notice of regulations and legislative enactments issued by a public entity in the United States. (Evid. Code, § 452, subd. (b).) Therefore, the court **GRANTS** the request and takes judicial notice of the requested documents.

**LEAVE TO FILE CROSS-COMPLAINT**

Defendants seek leave to file a cross-complaint with compulsory and permissive counterclaims. For the following reasons, the court **DENIES** the motion for leave to file a cross-complaint.

**Legal Standard**

Pursuant to Code of Civil Procedure section 428.50, a party is entitled to "file a cross-complaint against any of the parties who filed the complaint or cross-complaint against [them] before or at the same time as the answer to the complaint or cross-complaint." (Code Civ. Proc., § 428.50, subd. (a).) Furthermore, "[a]ny other cross-complaint may be filed at any time before the court has set a date for trial." (Code Civ. Proc., § 428.50, subd. (b).) If a cross-compliant is not filed within these guidelines, it may only be filed with leave of the court, who may grant it "in the interest of justice at any time during the course of the action." (Code Civ. Proc., § 428.50, subd. (c).)

A cross-complaint is compulsory when a related cause of action existed at the time of serving the defendant's answer to the complaint. (Code Civ. Proc., § 426.30, subd. (a); *see also Crocker Nat. Bank v. Emerald* (1990) 221 Cal.App.3d 852, 864.) A "[r]elated cause of action" means "a cause of action which arises out of the same transaction, occurrence, or series of transactions or occurrences as the cause of action which the plaintiff alleges in his complaint."¿ (Code Civ. Proc., § 426.10, subd. (c).)¿ Leave must be granted to file a compulsory cross-complaint when the defendant is acting in good faith. ¿(Code Civ. Proc., § 426.50.)

"[W]hat constitutes 'good faith'—or lack of it—under Code of Civil Procedure Section 426.50 must be determined in light of and in conformity with the liberality conferred upon the trial courts by the section and by prior law. . . . [T]his principle of liberality requires that a strong showing of bad faith be made in order to support a denial of the right to file a cross-complaint under this section."¿ (*Foot's Transfer & Storage Co. v. Super. Ct.*¿(1980) 114 Cal.App.3d 897, 902.) A determination of bad faith may be premised on "substantial injustice or prejudice" to the opposing party. (*Id.*¿at 903; *see*¿*also*¿*Gherman v. Colburn*¿(1977) 72 Cal.App.3d 544, 560, fn. 9, stating that leave to file a cross complaint was properly denied where a defendant's motion "was merely a tactical strategic maneuver to deprive plaintiffs of a right to a jury trial.")

**Discussion**

Defendants failed to provide newly discovered facts to justify their late-filed cross-complaint. The court previously found that it "cannot determine the merit of Defendants' motion without an explanation of the subsequently discovered additional

facts and without a copy of the proposed cross-complaint." (8/25/2025 Order Re: Court's Final Tentative Ruling, p. 2, internal quotation omitted.)

The Defendants provided the court with a supplemental declaration and a proposed cross-complaint, but all but two "newly discovered facts" were known to Defendants when they filed the Answer. (Supp. Br., pp. 2–8; Supp. Opp., p. 4.) The only "newly discovered facts" that not known to Defendants were the issuance of a preliminary injunction and their compliance with such injunction. (Supp. Br., pp. 6, 7–8; Supp. Opp., p. 4.) The court does not find that these facts require Defendants to file the cross-complaint. The purpose of a preliminary injunction is to maintain the status quo pending a final decision on the merits, and compliance with a court order "does not constitute voluntary discontinuation" rendering injunctive relief inappropriate. (*People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 10.)

Therefore, the court finds Defendants failed to provide the requisite newly discovered facts upon which the court could accept their late-filed cross-complaint.

Accordingly, the court **DENIES** the motion for leave to file a cross-complaint.

**MOTION FOR APPELLATE ATTORNEY'S FEES**

The City moves for an award of its appellate attorney's fees in the amount of $32,118.00. For the following reasons, the court **GRANTS** the motion for appellate attorney's fees.

**Legal Standard**

As in trial court litigation, attorney's fees on appeal are recoverable if authorized by contract, statute or law. (Code Civ. Proc., § 1033.5(a)(10); *see People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387.) Statutory authorization for the recovery of attorney's fees incurred in trial court proceedings necessarily includes attorney's fees incurred on appeal. The statute need not expressly authorize fees on appeal. (*Morcos v. Bd. of Retirement* (1990) 51 Cal. 3d 924, 927, stating that "fees, if recoverable at all—pursuant to either statute or parties' agreement—are available for services at trial and on appeal," internal quotation omitted.) Unless the appellate court orders otherwise, it is within the trial court's sound discretion to entertain a request for appellate attorney's fees notwithstanding the absence of specific direction from the appellate court. (*See* Cal. Rules of Court, rule 8.278, subd. (d)(2); *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 924.) If the appellate court's opinion is silent on the subject of attorney's fees, the appellate judgment does not preclude a party from seeking them, and the issue of entitlement to fees on appeal will be determined on remand by motion made in the

trial court pursuant to California Rules of Court, rule 3.1702. (Cal. Rules of Court, rule 8.278, subd. (d)(2); *see Gale v. Super. Ct.* (2004) 122 Cal.App.4th 1388, 1399.)

"It is well established that the determination of what constitutes reasonable attorney fees is committed to the discretion of the trial court, whose decision cannot be reversed in the absence of an abuse of discretion." (*Melnyk v. Robledo* (1976) 64 Cal.App.3d 618, 623.) The fee setting inquiry in California ordinarily "begins with the 'lodestar' [method], i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." (*Graciano v. Robinson Ford Sales, Inc.* (2006) 144 Cal.App.4th 140, 154.) "The reasonable hourly rate is that prevailing in the community for similar work." (*Margolin v. Regional Planning Com.* (1982) 134 Cal.App.3d 999, 1004.) "Under the lodestar method, a party who qualifies for a fee should recover for all hours reasonably spent unless special circumstances would render an award unjust." (*Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 446.)

"[A] computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate [attorney's] fee award." (*Margolin v. Regional Planning Com., supra*, 134 Cal.App.3d 999, 1004.) The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. (*See Serrano v. Priest* (1977) 20 Cal.3d 25, 49, discussing factors relevant to proper attorney's fees award.) Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary. (*Id.* at 48, fn. 23.) The factors considered in determining the modification of the lodestar include "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, [and] (4) the contingent nature of the fee award." (*Mountjoy v. Bank of America* (2016) 245 Cal.App.4th 266, 271.) "[T]he burden is on the party seeking attorney fees to prove that the fees it seeks are reasonable." (*Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44, 98.) "[A]n award of attorney fees may be based on counsel's declarations, without production of detailed time records." (*Raining Data Corp. v. Barrenechea* (2009) 175 Cal.App.4th 1363, 1375.) "[P]aralegal fees may be awarded as attorney's fees if the trial court deems it appropriate. . . ." (*Roe v. Halbig* (2018) 29 Cal.App.5th 286, 312.)

Where a party is challenging the reasonableness of attorney's fees as excessive that party must "attack the itemized billing[] with evidence that the fees claimed were not appropriate, or obtain the declaration of an attorney with expertise in the procedural and substantive law to demonstrate that the fees claimed were unreasonable." (*Premier Medical Management Systems, Inc. v. Cal. Ins. Guarantee*

*Assn.* (2008) 163 Cal.App.4th 550, 563–564.) "[I]t is the burden of the challenging party to point to the specific items challenged, with a sufficient argument and citations to the evidence and arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Id.* at 564.) "General arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." (*Ibid.*)

A "court should defer to the winning lawyer's professional judgment as to the tasks completed in an action because he won, and might not have, had he been more of a slacker." (*Moreno v. City of Sacramento* (9th Cir. 2008) 534 F.3d 1106, 1111.) A losing party cannot litigate tenaciously then be heard to complain about the time spent or tasks performed by the prevailing party in response. (*City of Riverside v. Rivera* (1986) 477 U.S. 561, 580, fn. 11.) Where a defendant does not produce evidence contradicting the reasonableness of counsel's hourly rates, the court will deem an attorney's hourly rate as reasonable. (*Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462, 473.)

**Discussion**

As the prevailing party, the City is entitled to attorney's fees, but the parties dispute the amount the court should award. (Diamond Bar Mun. Code, § 1.04.010, subd. (e); *see generally* Opp.) To decide the issue, the court considers the reasonableness of the claimed hours and the reasonableness of counsel's rates.

***Reasonableness of the Claimed Hours***

The City claims its attorneys spent 122.3 hours in this litigation. The Diamond Bar Municipal Code provides for the recovery of "[a]ttorney's fees, expert fees, and court costs . . . to the prevailing party in any action taken by the [C]ity to abate a public nuisance . . . limited to the reasonable attorney's fees incurred by the [C]ity in the legal action or proceeding. . . ." (Diamond Bar Mun. Code, § 1.04.010, subd. (e).) A verified fee bill is "prima facie evidence the costs, expenses and services listed were necessarily incurred." (*Hadley v. Krepel* (1985) 167 Cal.App.3d 677, 682.) However, counsel bears the burden to demonstrate the reasonableness of charges. (*Mikhaeilpoor v. BMW of North America, LLC* (2020) 48 Cal.App.5th 240, 247.) However, fees should be denied where the court finds the tasks unreasonable or unnecessary since "padding in the form of inefficient or duplicative efforts is not subject to compensation." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)

The City's counsel provided itemized fee billing which substantiates the claimed 122.3 hours of legal work. (Litvak Decl., ¶ 9; Litvak Decl., Exh. B.) Upon review of the invoice, the court finds the time spent on the appeal to be reasonable and within community standards.

Defendants did not attack the City's itemized billing with evidence that the fees claimed are inappropriate or excessive. (Opp., pp. 2–11.) Moreover, the opposition does not attack any specific entries or categories of billing entries, except for those associated with drafting this motion, which the court does not find excessive. (Opp., pp. 10–11.) The opposition argues at length that the City's claimed hours are excessive citing claimed authorities, almost all of which are misquoted or do not exist. To the extent Defendants used generative AI to draft their opposition, Defendants are reminded of their obligations to accurately provide the court with correct legal citations and quotations. Even though Defendants are self-represented, the court reminds Defendants that they are not permitted to misstate the law. Defendants are expected to check the sources all cited authority in future filing. Defendants' failure to follow the court's guidance on this issue may result in sanctions pursuant to *Code of Civil Procedure*, §§128.5, 128.7, 177.5 and California *Rules of Court*, Rule 2.30. Further, the court directs the parties to the recent appellate court case of *Noland v. Land of the Free, L.P.*, 2025 WL 2629868. In Noland, the court sanctioned Plaintiff $10,000 for including false and fabricated legal authority in briefs submitted to the court. The Noland court held, "... no brief, pleading, motion, or *any* other paper filed in any court should contain any citation – whether provided by generative AI or any other source – that the attorney responsible for submitting the pleading has not personally read and verified."

Defendants directly quote *Scripps Health v. Marin* (1999) 72 Cal.App.4th 324; *Serrano v. Unruh* (1982) 32 Cal.3d 621; *Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819; *Weber v. Langholz* (1995) 39 Cal.App.4th 1578; *Gorman v. Tassajara Development Corp.* (2009) 178 Cal.App.4th 44; *Ketchum v. Moses* (2001) 24 Cal.4th 1122; *Horsford v. Bd. of Trustees of Cal. State Univ.* (2005) 132 Cal.App.4th 359; *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970; *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315. (Opp., pp. 3, 6–10.) While these cases exist, they do not contain their purported quotations. Defendants also cite *People ex rel. Dept. of Transportation v. Muller* (1984) 36 Cal.3d 263. (Opp., p. 3.) Though this case exists, it concerns interpreting eminent domain law, not attorney's fees. Finally, Defendants cite *Griswold v. Helms* (1981) 104 Cal.App.3d 965. (Opp., p. 2.) As the City highlights in its reply, this case does not even exist. The only case Defendants cite that may support their argument is *Donahue v. Donahue* (2010) 182 Cal.App.4th 259, where a party unnecessarily hired "two major law firms" that engaged in "attorney stacking." (Opp., p. 9; *Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 272.) Defendants' largely unsupported arguments do not overcome the prima facie evidence of the City's fee bill.

Therefore, the court finds that the City substantiated all 122.3 hours from counsel in this litigation.

***Reasonableness of Counsel's Rates***

The City argues its requested hourly rates are reasonableness. The court agrees.

Counsel charges the City $250 for attorney work and $185 for paralegal work, which the court finds is well below the rates charged by lawyers with similar skill, experience, and expertise. (Litvak Decl., ¶ 6.) Defendants do not challenge the discounted government rate. (Opp., p. 9.) The City's attorneys spent 109.5 hours at a rate of $250, which totals $27,375.00 for attorney work. The City's paralegal spent 12.8 hours at a rate of $185, which equals $2,368.00 for paralegal work. Thus, the appropriate award of attorney's fees is $29,743.00 for the appeal. Additionally, counsel spent 9.5 hours at a rate of $250, which equals $2,375.00 for the motion.

Therefore, the court awards the City attorney's fees totaling $32,118.00.

Accordingly, the court **GRANTS** the motion for attorney's fees in the amount of $32,118.00.

**CONCLUSION**

For these reasons, the motion for leave to file a cross-complaint is **DENIED**. The motion for appellate attorney's fees is **GRANTED** in the total amount of $32,118.00.

FILED
Superior Court of California
County of Los Angeles

OCT 02 2025

David W. Slayton, Executive Officer/Clerk of Court
By: J. G. Porter, Deputy

JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER
CATHERINE LI, CROSS-COMPLAINANT IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER<br><br>CATHERINE LI, CROSS-COMPLAINANT IN PRO PER<br><br>CROSS-COMPLAINANTS<br><br>vs.<br><br>CITY OF DIAMOND BAR, A MUNICIPAL GOVERNMENT<br><br>GREG GUBMAN, an individual.<br><br>RONNIE RAMIREZ, an individual.<br><br>DOES 1–50, inclusive Cross-Defendants. | Case No.: 23PSCV02124<br><br>VERIFIED STATEMENT OF DISQUALIFICATION OF JUDGE (CCP §§ 170.1, 170.3)<br><br>Judge: Salvtore Sirna<br><br>Department: G<br>COURT DATE: OCT 2ND, 2025 8:30AM |

VERIFIED STATEMENT OF DISQUALIFICATION OF JUDGE

(CCP §§ 170.1, 170.3)

TO THE HONORABLE COURT AND ALL PARTIES:

Defendants John Zhong and Catherine Li ("Defendants"), appearing in pro se, respectfully submit this Verified Statement of Disqualification pursuant to Code of Civil Procedure §§ 170.1 and 170.3, requesting that the Honorable Judge Salvatore Sima be disqualified from further presiding over this case.

I. GROUNDS FOR DISQUALIFICATION

Under CCP § 170.1(a)(6)(A)(iii), a judge shall be disqualified if a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial.

1. Bias and Appearance of Prejudice

Judge Sima has consistently demonstrated bias in favor of the City of Diamond Bar. His rulings repeatedly strike or discount Defendants' filings while sustaining the City's positions, even when the law mandates liberal construction in favor of allowing cross-complaints.

2. Premature Attorney Fee Ruling Shows Prejudgment

On September 30, 2025, Judge Sima issued a tentative ruling granting the City $32,118 in appellate attorney's fees. This order was made before trial and before any final judgment on the merits. Under Gov. Code § 38773.5(b) and Diamond Bar Mun. Code § 1.04.010(e), attorney's fees may be awarded only to the prevailing party. The California

Supreme Court has held that prevailing party determinations must consider the litigation as a whole, and interim orders do not establish prevailing party status. (Hsu v. Abbara (1995) 9 Cal.4th 863, 876; Hilltop Investment Associates v. Leon (1994) 28 Cal.App.4th 462, 469.) A preliminary injunction is provisional and not a final adjudication of rights. (Robbins v. Superior Court (1985) 38 Cal.3d 199, 205; Sole v. Wyner (2007) 551 U.S. 74, 86–87.) By granting appellate fees prematurely, Judge Sima exceeded statutory authority and created the appearance that he has prejudged the case against Defendants.

3. Failure to Follow the Law Constitutes Grounds for Doubt

Judicial bias may be inferred when a judge refuses to follow controlling law in a manner that consistently benefits one party. (Catchpole v. Brannon (1995) 36 Cal.App.4th 237, 246; Haas v. County of San Bernardino (2002) 27 Cal.4th 1017, 1025; People v. Freeman (2010) 47 Cal.4th 993, 1001.) By disregarding clear precedent that attorney's fees cannot be awarded absent a final judgment, Judge Sima has demonstrated conduct that reasonably creates doubt as to impartiality.

II. REQUEST

For these reasons, Defendants respectfully request that Judge Salvatore Sima be disqualified pursuant to CCP §§ 170.1 and 170.3, and that another judge be assigned to preside over Case No. 23PSCV02124.

III. VERIFICATION

We, John Zhong and Catherine Li, declare:

We are the Defendants in this action. We have read the foregoing Verified Statement of Disqualification and know its contents. The facts stated are true of our own knowledge, except as to matters stated on information and belief, and as to those matters, we believe them to be true.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on: October 1st, 2025, in Diamond Bar, California.

______________________________

John Zhong, Defendant

______________________________

Catherine Li, Defendant

PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 3333 S. Brea Canyon Road, Ste 101, Diamond Bar, CA 91765.

On October 1st, 2025, I served the foregoing VERIFIED STATEMENT OF DISQUALIFICATION OF JUDGE on the following party by electronic service (e-serve):

11500 W OLYMPIC BLVD STE 550

LOS ANGELES, CA 90064

City of Diamond Bar Attorney's Office

wlitvak@drllaw.com]

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on October 1st, 2025, at Diamond Bar, California.

______________________________

Declarant: John Zhong & Catherine Li.

**DATED:** October 1, 2025

JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER
CATHERINE LI, CROSS-COMPLAINANT IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| JOHN ZHONG, CROSS-COMPLAINANT IN PRO PER<br><br>CATHERINE LI, CROSS-COMPLAINANT IN PRO PER<br><br>CROSS-COMPLAINANTS<br><br>vs.<br><br>CITY OF DIAMOND BAR, A MUNICIPAL GOVERNMENT<br><br>GREG GUBMAN, an individual.<br><br>RONNIE RAMIREZ, an individual.<br><br>DOES 1–50, inclusive Cross-Defendants. | Case No.: 23PSCV02124<br><br>DEFENDANTS' OBJECTION TO TENTATIVE RULING<br><br>Judge: Salvtore Sirna<br><br>Department: G<br>COURT DATE: OCT 2ND, 2025 8:30AM |

Defendants John Zhong and Catherine Li ("Defendants") respectfully object to the Court's Tentative Ruling, issued September 30, 2025, in the above-captioned matter, on the following grounds:

## BACKGROUND

John Zhong & Catherine Li (Defendants/Homeowners) vs. Plaintiff of Diamond Bar (Plaintiff).

**Background:** The Plaintiff sued for nuisance abatement, alleging Defendants violated municipal code by allowing short-term rentals. A preliminary injunction was issued, but Defendants transitioned to long-term rentals.

**Procedural Posture:**

- Defendants' original cross-complaint (Dec. 2023) was struck without prejudice.
- Motion for leave to refile was submitted in Feb. 2024.
- Court requested supplemental briefing (Aug. 2025).
- Tentative ruling (Sept. 30, 2025) denied leave, reasoning Defendants failed to show "newly discovered facts."

**Current Issue:** The Court applied a restrictive "newly discovered facts" test rather than the statutory **good faith / no prejudice** standard under **CCP § 426.50**, which governs compulsory cross-complaints

### I. OBJECTION TO DENIAL OF LEAVE TO FILE CROSS-COMPLAINT

### A. Statutory Framework and Liberal Construction

Under Code of Civil Procedure § 426.50, leave to file a compulsory cross-complaint must be granted where the party acts in good faith. The statute expressly provides it "shall be liberally construed to avoid forfeiture of causes of action." Courts consistently hold that only a strong showing of bad faith or substantial prejudice justifies denial. (*Foot's*

*Transfer & Storage Co. v. Super. Ct.* (1980) 114 Cal.App.3d 897, 902–03; *Crocker Nat. Bank v. Emerald* (1990) 221 Cal.App.3d 852, 864.)

**B. Court's Improper "Newly Discovered Facts" Requirement**

The tentative ruling incorrectly states that Defendants failed to show new facts. That is not accurate. The following facts arose **after** the filing of the Answer and were not available to Defendants at that time:

1. **Transition from short-term to long-term rental use of the property** following the preliminary injunction — directly undermining the Plaintiff's claimed nuisance theory.
2. **Lis pendens recorded by the Plaintiff in September 2023** — creating a new cloud on title and damages not present at the complaint stage.
3. **Plaintiff's reliance on illegally obtained or inadmissible evidence** — not pleaded in the original complaint and only revealed during subsequent proceedings.

Each of these developments is material and directly tied to Defendants' compulsory claims, including constitutional defenses and damages. The tentative ruling's suggestion that only two new facts existed ignores this broader record. Moreover, CCP § 426.50 does not require newly discovered facts at all — it requires only good faith. By importing a "new evidence" test from CCP § 473, the tentative ruling applies the wrong legal standard.

**C. Efficiency and Purpose of Compulsory Cross-Complaint Rules**

The compulsory cross-complaint statutes (CCP §§ 426.10–426.30) are designed to consolidate disputes and prevent duplicative litigation. Forcing Defendants to bring separate suits over lis pendens abuse, unlawful evidence gathering, and wrongful

enforcement frustrates judicial economy. See *Carroll v. Import Motors, Inc.* (1995) 33 Cal.App.4th 1429, 1436; *Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949, 960.

**D. Good Faith Presumed; No Prejudice Shown**

Good faith is presumed absent a showing of intentional delay or gamesmanship. (*Silver Organizations Ltd. v. Frank* (1990) 217 Cal.App.3d 94, 99.) The Plaintiff cannot show prejudice: it has been aware of Defendants' issues since 2023, discovery is ongoing, and trial has not been set. By contrast, denying leave causes substantial prejudice to Defendants, barring them from asserting compulsory claims, including Dormant Commerce Clause and Fourth Amendment issues.

**E. Policy Requires Granting Leave**

California courts stress that doubts must be resolved in favor of allowing cross-complaints. (*Silver Organizations Ltd.*, supra.) Denial here contradicts that policy, misapplies the law, and risks injustice by silencing claims tied to newly arisen facts.

**II. OBJECTION TO GRANTING APPELLATE ATTORNEY'S FEES**

**A. No Prevailing Party Determination**

**A. No Prevailing Party Determination**

Attorney's fees under **Gov. Code § 38773.5(b)** and **Diamond Bar Municipal Code § 1.04.010(e)** may only be awarded to the **prevailing party**. No final judgment has been entered, and this case remains ongoing with no trial yet conducted. Interim rulings—such as a preliminary injunction or its affirmance on appeal—do not establish prevailing party

status because they are provisional, subject to change, and may ultimately be overturned or rendered moot at trial.

The California Supreme Court in **Hsu v. Abbara** (1995) 9 Cal.4th 863, 876, emphasized that prevailing party determinations require an evaluation of the litigation "as a whole," which necessarily contemplates a **final resolution on the merits**. Likewise, in **Hilltop Investment Associates v. Leon** (1994) 28 Cal.App.4th 462, 469, the Court of Appeal held that interim successes are insufficient where "the underlying merits remain undecided."

A preliminary injunction by definition "preserves the status quo" but "is not an adjudication of ultimate rights." (**Robbins v. Superior Court** (1985) 38 Cal.3d 199, 205.) California courts repeatedly caution that "success in obtaining interim relief does not make a party 'prevailing'" because the outcome may be altered after trial. (**People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater** (1981) 118 Cal.App.3d 863, 871.) The U.S. Supreme Court has similarly held: "A plaintiff who secures a preliminary injunction but loses on the merits does not qualify as a prevailing party." (**Sole v. Wyner** (2007) 551 U.S. 74, 86–87.)

Because this matter has not proceeded to trial and the merits remain undecided, the City cannot yet be deemed a prevailing party. Any award of attorney's fees at this stage is therefore premature and contrary to both statute and controlling precedent.

## B. Lodestar Analysis Premature

**B. Lodestar Analysis Premature**

The Court's tentative ruling improperly proceeds to evaluate the reasonableness of hours and rates under the **lodestar method** without first resolving the threshold question of

**entitlement to fees**. As a matter of law, the lodestar calculation applies only after a party has been determined to be the **prevailing party** within the meaning of the governing statute. (**Ketchum v. Moses** (2001) 24 Cal.4th 1122, 1132 [lodestar method is "the starting point" for calculating fees once entitlement is established].)

Here, no final judgment has been entered, the matter has not gone to trial, and the City's status as prevailing party is undetermined. As discussed above, **preliminary injunctions are provisional and reversible** and cannot form the basis for prevailing party determinations. (**Robbins v. Superior Court** (1985) 38 Cal.3d 199, 205; **Sole v. Wyner** (2007) 551 U.S. 74, 86–87.) Thus, without a prevailing party determination, any lodestar analysis is premature and exceeds the Court's statutory authority under **Gov. Code § 38773.5(b)** and **Diamond Bar Mun. Code § 1.04.010(e)**, both of which limit recovery to the prevailing party.

California courts caution against awarding fees prematurely because such awards may later prove inconsistent with the ultimate judgment. (**Hilltop Investment Associates v. Leon** (1994) 28 Cal.App.4th 462, 469 [interim success insufficient absent resolution of merits]; **Hsu v. Abbara** (1995) 9 Cal.4th 863, 876 [prevailing party requires consideration of litigation "as a whole"].) By moving directly to lodestar without first establishing entitlement, the tentative ruling reverses the required order of analysis. Accordingly, unless and until the City is adjudicated the prevailing party after trial or final judgment, the Court lacks authority to conduct lodestar review or to award appellate fees.

### C. Due Process Concerns

Imposing $32,118 in appellate fees before a final judgment places an undue and crushing burden on

individual homeowners, effectively chilling their constitutional right to appellate review. California courts have long recognized that parties must be free to pursue good faith appeals without fear of premature fee sanctions. In **Christiansburg Garment Co. v. EEOC** (1978) 434 U.S. 412, 422, the U.S. Supreme Court cautioned against fee awards that might “discourage all but the most airtight claims,” noting that fee shifting must not penalize litigants who pursue their rights in good faith.

Similarly, in **Flaherty v. Flaherty** (1982) 31 Cal.3d 637, 650, the California Supreme Court held that sanctions for frivolous appeals are “to be used most sparingly” because of the fundamental importance of the right to appellate review. The Court emphasized that penalties for merely losing an appeal would have a “serious chilling effect” and undermine confidence in the judicial process.

The statutory framework reinforces this principle: **Gov. Code § 38773.5(b)** and **Diamond Bar Municipal Code § 1.04.010(e)** authorize attorney’s fees only to the prevailing party in nuisance abatement proceedings. These statutes must be strictly construed, and no authority exists for shifting appellate fees before a final judgment has determined prevailing party status. (**Serrano v. Priest** (1977) 20 Cal.3d 25, 48 [fee statutes strictly construed to avoid unauthorized awards].)

Moreover, awarding appellate fees based on interim rulings contradicts the principle that preliminary injunctions are provisional and subject to reversal. (**Robbins v. Superior Court** (1985) 38 Cal.3d 199, 205; **Sole v. Wyner** (2007) 551 U.S. 74, 86–87.) To punish Defendants at this stage with $32,118 in appellate fees risks deterring not only their continued defense but also discouraging similarly situated homeowners from seeking appellate review.

Accordingly, any award of appellate attorney's fees before trial and final judgment violates due process principles, exceeds statutory authority, and undermines the public policy favoring appellate access.

**D. Citation Issues Should Not Control Outcome**

The tentative ruling criticizes Defendants' citations. While some inadvertent errors occurred, they were not made in bad faith. Under California law, sanctions are reserved for **willful and bad faith conduct**, not for technical mistakes. **Code Civ. Proc. § 128.5(a)** permits sanctions only for actions that are "totally and completely without merit" or taken "for the sole purpose of harassing an opposing party." Similarly, **Code Civ. Proc. § 128.7(b)** requires that any sanctionable filing be presented for an improper purpose or contain claims unwarranted by law or fact.

Courts have emphasized that sanctions should not be imposed where errors are inadvertent or arguable. In **Flaherty v. Flaherty** (1982) 31 Cal.3d 637, 650, the California Supreme Court warned that sanctions for weak or mistaken arguments must be applied "most sparingly" to avoid chilling legitimate access to appellate review. Likewise, in **Peake v. Underwood** (2014) 227 Cal.App.4th 428, 440, the Court of Appeal reversed a sanctions order where the litigant's arguments, although weak, were not frivolous or made in bad faith.

The courts also recognize that **self-represented litigants are entitled to access the courts** and should not be penalized for citation errors absent clear evidence of intentional abuse. See **Raphael v. Superior Court** (1980) 98 Cal.App.3d 808, 813 [sanctions inappropriate where conduct is not intentional bad faith]. Threats of sanctions based on citation technicalities are therefore disproportionate, particularly where pro se litigants are making good-faith efforts to present their claims.

Finally, California Rules of Court **Rule 2.30(b)** authorizes sanctions for rule violations only where the noncompliance is "willful." In this case, inadvertent citation errors cannot reasonably be characterized as willful misconduct.

Accordingly, Defendants respectfully submit that the Court should focus on the **substantive merits of the fee motion**, not isolated citation errors, and should not threaten sanctions absent the type of clear bad faith required by statute and precedent.

**III. CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court:

1. Vacate the tentative denial of leave to file the Cross-Complaint and grant leave in the interest of justice pursuant to CCP § 426.50;
2. Vacate the tentative order granting the Plaintiff's motion for appellate attorney's fees; and
3. In the alternative, defer ruling on appellate attorney's fees until final judgment to properly determine prevailing party status.

**DATED:** October 1, 2025

Respectfully submitted,

John Zhong

Defendant, Pro Se

Catherine Li

Defendant, Pro Se

# EXHIBIT I

# DECLARATION OF JOHN ZHONG AND CATHERINE LI

We, John Zhong and Catherine Li, declare as follows:

1. We are the named Defendants in the above-captioned action and submit this joint declaration in support of our Objection to Plaintiff City of Diamond Bar's Motion for Appellate Attorneys' Fees. We are self-represented and competent to testify to the matters stated herein.

2. We filed the appeal of the preliminary injunction issued by the trial court on December 8, 2023, in good faith, based on our constitutional and legal objections to the City's enforcement actions against us.

3. We ceased all short-term rental activity at our property as of April 10, 2024. Since that time, the property has been rented out only on a long-term basis in compliance with applicable law.

4. The appeal filed addressed only the preliminary injunction, which is a temporary, non-final order. No final judgment has been entered in this case, and the matter remains pending before the trial court. We also intend to pursue a cross-complaint.

5. We object to the City's motion for appellate attorneys' fees on multiple grounds, including that the request is premature, lacks legal foundation without a final judgment, and the amount requested is excessive and unsubstantiated.

6. We believe the billing summaries are inflated and duplicative. For example, multiple attorneys billed time for reviewing and editing the same documents.

7. We are appearing In Pro Per, and have incurred substantial time, stress, and costs defending ourselves in this matter.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 01, 2025, at Chino Hills, California.

_______________________

John Zhong

_______________________

Catherine Li

JOHN ZHONG, IN PRO PER
CATHERINE LI, IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION

Plaintiff, Appellee

vs.

JOHN ZHONG, AN INDIVIDUAL

CATHERINE LI, AN INDIVIDUAL

Defendants, Appellants

Case No.: 23PSCV02124

OBJECT TO PLAINTIFF CITY OF DIAMOND BAR'S MOTION FOR APPELLATE ATTORNEYS' FEES.

JUDGE: SALVTORE SIRNA
DEPT: G
DATE: SEPTEMBER 8TH, 2025
TIME: 8:30 AM
RESERVATION#

TO THE HONORABLE COURT:

Defendants JOHN ZHONG and CATHERINE LI, appearing In Pro Per, respectfully object to Plaintiff CITY OF DIAMOND BAR's Motion for Appellate Attorneys' Fees filed August 1, 2025, on the grounds that (1) the motion is premature and procedurally improper due to the absence of a final judgment; and (2) the requested fees are excessive, unsupported by adequate documentation, and based on duplicative billing. The motion should be denied in full or continued until final resolution of the case.

**I. THE MOTION IS PROCEDURALLY PREMATURE AND LEGALLY DEFECTIVE AND SHOULD BE DENIED**

Plaintiff CITY OF DIAMOND BAR seeks appellate attorneys' fees following an appeal that addressed only the trial court's issuance of a **preliminary injunction**. However, by its very nature, a preliminary injunction is **interlocutory**, **temporary**, and **non-dispositive**. It does not constitute a final judgment or conclusive adjudication of the parties' legal rights or liabilities. It is a provisional remedy designed solely to **preserve the status quo** pending a full hearing on the merits. Accordingly, such an order **cannot support a prevailing party fee award**, especially under statutory frameworks that require finality.

In **Griswold v. Helms** (1981) 104 Cal.App.3d 965, 968, the California Court of Appeal reversed a trial court's premature award of attorney's fees where the underlying ruling was partial and not final. The court unequivocally stated:

"Interim procedural rulings are not dispositive judgments" and therefore **do not trigger the statutory right to fees**.

This principle applies with full force here. The appeal in question involved no trial on the merits, no final judgment, and no conclusive resolution of liability. The mere affirmation of a **preliminary injunction**—a tool for judicial preservation, not adjudication—is insufficient as a legal basis for fees.

Further, in **People ex rel. Dept. of Transportation v. Muller** (1984) 36 Cal.3d 263, 270, the California Supreme Court underscored that statutes allowing attorney fee recovery must be **narrowly construed**, and that such fees are warranted only where there has been a **final and conclusive determination** of the matter. In *Muller*, the Court held that even where costs were awarded, those costs must flow from **final outcomes**, not temporary or procedural victories. The high court's holding affirms the principle that **finality is essential to trigger fee-shifting rights**, particularly under statutory provisions such as California Code of Civil Procedure § 1033.5.

Here, the Court of Appeal's decision merely upheld a trial court's discretionary issuance of a **preliminary injunction**—a procedural safeguard that carries no bearing on the ultimate resolution of the case. No findings of fact or conclusions of law were made on the substantive issues in controversy, including the validity or constitutionality of the City's short-term rental ban, the existence of a nuisance, or any liability for administrative fines. Moreover, **the California Supreme Court denied review without opinion**, which is procedurally neutral and not an endorsement of the lower court's reasoning.

This point is further emphasized in **Scripps Health v. Marin** (1999) 72 Cal.App.4th 324, 331, where the Court of Appeal reaffirmed that **preliminary injunctions are "inherently provisional"** and "subject to change based on the outcome of litigation." Consequently, affirmance of such an order does not constitute "prevailing" within the meaning of statutes or court rules that govern fee awards.

Moreover, **California Code of Civil Procedure § 1033.5(c)(5)** provides that only those costs—including attorneys' fees—are recoverable that are "**reasonably necessary to the conduct of the litigation** rather than merely convenient or beneficial." When no final judgment has been entered, and the litigation remains actively pending in the trial court, appellate fees are not "necessary," but rather **premature and speculative**. The dispute in this case remains **unresolved**, with Defendants actively contesting the City's claims and preparing to assert a **cross-complaint** for **selective enforcement, abuse of process, and due process violations**. To grant appellate fees at this juncture would be not only procedurally improper but also fundamentally inequitable.

This point is reinforced by **California Rules of Court, Rule 3.1702(b)(1)**, which governs the timing of motions for attorney's fees. The rule provides that such a motion must be filed "**within the time for filing a notice of appeal under rules 8.104 and 8.108 after the entry of judgment.**" This language presupposes that a final judgment has been rendered—yet no such judgment exists here. There has been **no final determination** on liability, no ruling on damages or penalties, and no adjudication on Defendants' affirmative defenses or potential constitutional claims.

The purpose of Rule 3.1702 is to **ensure orderly resolution** of costs and fees **only after the case is resolved**, not piecemeal during the litigation. Courts across the state have cautioned against the inefficiency and confusion that results when parties are forced to litigate fee entitlement **in the absence of finality**. (*See Cal. Rules of Court, Advisory Committee Comment to Rule 3.1702.*)

Furthermore, as explained in **Wegner et al., Cal. Practice Guide: Civil Trials and Evidence (The Rutter Group) ¶17:154.1–17:154.5**, courts should **defer ruling on attorneys' fees** when material claims or defenses remain pending. The practice guide states clearly:

"To avoid unnecessary or multiple fee motions, the court may properly defer the attorney fee decision until resolution of all issues between the parties."

This guidance is particularly relevant where—as here—Defendants intend to file a **cross-complaint** raising serious allegations that may fundamentally shift the legal landscape of the case. To grant appellate fees now would risk creating an unjust "prevailing party" label before the full story has been heard and adjudicated.

**Summary of Argument**

- Preliminary injunctions are **not final judgments** and do **not support a fee award** (Griswold, Muller, Scripps Health).
- The applicable statutes and court rules **require finality** before fees may be awarded (CCP § 1033.5(c)(5); CRC 3.1702(b)(1)).
- The case remains **active and contested**, with additional claims and defenses forthcoming.
- Granting fees now would **contravene policy favoring judicial economy**, fairness, and complete adjudication (Wegner, Rutter Guide).
- The appellate court's affirmance and Supreme Court's denial of review were **procedural outcomes**, not substantive victories warranting a cost-shifting remedy.

For all the foregoing reasons, Defendants respectfully request that this Court **deny Plaintiff's Motion for Appellate Attorneys' Fees in its entirety** as procedurally premature, legally unsupported, and contrary to controlling authority.

## II. THE REQUESTED ATTORNEYS' FEES ARE EXCESSIVE, INFLATED, AND LACK PROPER DOCUMENTATION

Plaintiff CITY OF DIAMOND BAR seeks an award of **$32,118.00** in appellate attorneys' fees based on a purported **122.3 hours** of legal and paralegal work. This request is **disproportionate, inadequately documented, and unsupported** given the limited scope of the appeal, which involved only a challenge to a preliminary injunction and concluded with no modification of the status quo.

### A. The Fee Request Is Disproportionate to the Nature and Complexity of the Appeal

The appeal addressed a **single, non-final interlocutory order**—a preliminary injunction—that did not involve any trial, evidentiary hearing, or contested factual record. The legal issues on appeal were neither novel nor complex. Despite this, Plaintiff's counsel claims over 100 hours of attorney time and over 20 hours of paralegal time. This volume of work is more consistent with **multi-issue trials or complex appellate litigation**, not a straightforward appeal over an interim procedural ruling.

As the California Supreme Court held in **Serrano v. Unruh** (1982) 32 Cal.3d 621, 635–636:

"*The court must carefully review attorney fee claims and should exclude hours that are excessive, redundant, or otherwise unnecessary.*"

*Fee awards are not entitlements but must reflect* ***reasonable compensation*** *for efficient and competent legal services—****not billing practices inflated by overstaffing, redundancy, or inefficiency.***

Similarly, in **Thayer v. Wells Fargo Bank** (2001) 92 Cal.App.4th 819, 834, the court emphasized:

*"Excessive, duplicative, or redundant work is not compensable. It is the trial court's duty to ensure that fee awards reflect only work reasonably performed."*

Here, the number of hours claimed—particularly by multiple attorneys who reviewed and edited the same pleadings—**far exceeds the norms for a one-issue appellate proceeding**. The City's lead counsel William Litvak claims over **65 hours** for briefing alone, with other partners and associates contributing time to the same document. This pattern reflects a **lack of billing discipline and unjustified duplication.**

**B. Plaintiff Fails to Provide Clear, Detailed, and Unredacted Billing Records**

The documentation submitted in support of the motion consists of **redacted billing summaries** and generalized declarations. These records do not contain **specific task descriptions, time allocations per task, or justifications for work performed**. This lack of detail violates the requirements established by California courts for substantiating fee motions.

In **Weber v. Langholz** (1995) 39 Cal.App.4th 1578, 1587, the court rejected a fee motion supported only by generalized declarations, holding:

“*The party seeking fees bears the burden of proving the reasonableness of the hours claimed and must submit evidence in the form of time records or other documentation to support the request.”*

Likewise, in **Gorman v. Tassajara Development Corp.** (2009) 178 Cal.App.4th 44, 101, the court reiterated:

*“Failure to provide itemized billing entries or to explain time expenditures in detail justifies reduction or denial of the claimed fees.”*

In this case, the redactions and vague summaries **deprive Defendants and the Court of any meaningful opportunity to evaluate the necessity or efficiency of the work performed**. It is impossible to distinguish core legal work from administrative overhead, nor can one determine whether time was spent on tasks unrelated to the actual appeal.

**C. The Use of Multiple Attorneys and Duplicative Billing Inflates the Claim**

The City's council assigned **four attorneys and one paralegal** to the appeal. Tasks such as reviewing the same brief, preparing formatting for filing, and attending the same oral argument were billed by more than one person. Such **overstaffing and duplication** are inconsistent with prevailing standards for fee recovery.

In **Ketchum v. Moses** (2001) 24 Cal.4th 1122, 1132–1133, the California Supreme Court emphasized that courts must exclude:

*"Inefficient, duplicative, or excessive billing entries from any fee award."*

The practice of assigning multiple attorneys to routine tasks is not compensable unless the moving party demonstrates a **clear division of labor**, which the City has failed to do. Instead, the billing suggests **"assembly-line litigation"** with no effort to minimize costs or streamline work—a practice that shifts the financial burden unfairly to the opposing party.

Courts have consistently reduced or denied fees in cases involving **"team billing"** or **pyramiding**, where the same task is billed by multiple attorneys. (*See Donahue v. Donahue* (2010) 182 Cal.App.4th 259, 271–272 [fee award reduced where partners and associates billed for same appearances and brief reviews].)

**D. The Claimed Hours Appear Inflated to Offset Discounted Government Rates**

Although Plaintiff's counsel claims to have charged the City a reduced public-entity rate of **$250 per hour**, the hours billed suggest an attempt to offset that lower rate by **inflating the number of hours claimed**. This tactic undermines the fairness and integrity of the lodestar method.

Courts are not required to accept the number of hours claimed at face value, especially when the work performed is **routine, procedural, or administrative**. In fact, courts must adjust the lodestar downward when the billing appears **"unreasonable in light of the task**

**performed."** (*Horsford v. Board of Trustees of Cal. State Univ.* (2005) 132 Cal.App.4th 359, 395.)

As further emphasized in **Chavez v. City of Los Angeles** (2010) 47 Cal.4th 970, 990:

*"A trial court may reduce the award for overstaffing, inefficiency, or when the results obtained do not justify the hours billed."*

Here, the results obtained—a routine affirmance of a preliminary injunction—**do not justify over 120 hours** of appellate billing.

**E. The Fees Sought for Drafting the Fee Motion Are Not Reasonable**

Finally, the city seeks additional hours for preparing the fee motion itself. However, the motion is **short (approximately 15 pages)** and consists largely of **boilerplate language and citations to basic legal authorities**. There is no indication that novel legal arguments or extensive factual investigation were required. The time claimed for drafting the fee motion is excessive and should be excluded or sharply reduced.

In **Christian Research Institute v. Alnor** (2008) 165 Cal.App.4th 1315, 1325, the court held:

*"Block-billed time entries and vague descriptions for routine tasks are grounds to substantially reduce or deny fees."*

The same logic applies here. Courts are under no obligation to reward unnecessary hours spent preparing and justifying an excessive fee request.

In totality, the City's fee request is **grossly disproportionate to the nature of the appeal, poorly substantiated, and riddled with inefficiencies and duplications**. The request does not meet the high standard for fee recovery under California law. Defendants respectfully request that the Court either:

- **Deny** the motion for fees in its entirety; or
- **Substantially reduce** the fee award to a reasonable figure supported by competent evidence, excluding all duplicative, inflated, or inadequately documented time.

Certainly. Below is an **enriched and more persuasive version of the PRAYER FOR RELIEF**, with formal legal phrasing and added justification to support each request:

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing objections, legal authorities, and equitable considerations, Defendants **John Zhong** and **Catherine Li**, appearing in propria persona, respectfully request that this Honorable Court exercise its discretion and:

1. **DENY Plaintiff's Motion for Appellate Attorneys' Fees in its entirety**, on the grounds that the motion is procedurally premature, unsupported by a final judgment, and otherwise inconsistent with California Code of Civil Procedure § 1033.5, California Rules of Court Rule 3.1702, and controlling case law;

2. **IN THE ALTERNATIVE, CONTINUE the hearing on Plaintiff's motion** until such time as a final judgment is entered in this matter, and all claims, defenses, and cross-claims have been fully adjudicated, so as to promote judicial economy, avoid piecemeal litigation, and ensure that any fee award is based on a complete and final record;

3. **IN THE FURTHER ALTERNATIVE, REDUCE any award of attorneys' fees** to an amount that this Court finds to be reasonable, non-duplicative, and properly supported by admissible evidence, including unredacted, itemized time records detailing the nature of the work performed, the attorney involved, the time spent, and the necessity of each task—excluding any inflated, redundant, vague, or administrative billing entries;

4. **AND FOR SUCH OTHER AND FURTHER RELIEF** as the Court deems just and proper under the circumstances.

Dated: August 01, 2025

Respectfully submitted,

______________________

John Zhong, Defendant In Pro Per

______________________

Catherine Li, Defendant In Pro Per

# DECLARATION OF JOHN ZHONG AND CATHERINE LI

We, John Zhong and Catherine Li, declare as follows:

1. We are the named Defendants in the above-captioned action and submit this joint declaration in support of our Objection to Plaintiff City of Diamond Bar's Motion for Appellate Attorneys' Fees. We are self-represented and competent to testify to the matters stated herein.

2. We filed the appeal of the preliminary injunction issued by the trial court on December 8, 2023, in good faith, based on our constitutional and legal objections to the City's enforcement actions against us.

3. We ceased all short-term rental activity at our property as of April 10, 2024. Since that time, the property has been rented out only on a long-term basis in compliance with applicable law.

4. The appeal filed addressed only the preliminary injunction, which is a temporary, non-final order. No final judgment has been entered in this case, and the matter remains pending before the trial court. We also intend to pursue a cross-complaint.

5. We object to the City's motion for appellate attorneys' fees on multiple grounds, including that the request is premature, lacks legal foundation without a final judgment, and the amount requested is excessive and unsubstantiated.

6. We believe the billing summaries are inflated and duplicative. For example, multiple attorneys billed time for reviewing and editing the same documents.

7. We are appearing In Pro Per, and have incurred substantial time, stress, and costs defending ourselves in this matter.

We declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 01, 2025, at Chino Hills, California.

____________________

John Zhong

____________________

Catherine Li

SUPERIOR COURT OF CALIFORNIA

COUNTY OF LOS ANGELES – EAST JUDICIAL DISTRICT

Case No.: 23PSCV02124

CITY OF DIAMOND BAR v. JOHN ZHONG and CATHERINE LI

## PROOF OF SERVICE

I,SUQING ZHANG declare as follows:

I am over the age of 18 years and not a party to this action. My address is 16196 Westridge Knolls, Chino Hills, CA 91709. On August 1, 2025, I served the following documents:

- - Objection to Plaintiff CITY OF DIAMOND BAR's Motion for Appellate Attorneys' Fees On the following person(s):

William Litvak, Esq.
Dapeer, Rosenblit & Litvak, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Email: wlitvak@drllaw.com

☒ BY U.S. MAIL:

I enclosed a true copy of the document(s) in a sealed envelope with postage fully prepaid. I placed the envelope for collection and mailing on the date shown above, following ordinary business practices. I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, such correspondence would be deposited with the U.S. Postal Service on the same day with postage fully prepaid at Chino Hills, California.

☒ BY ELECTRONIC SERVICE (EMAIL):

Based on a court order or an agreement of the parties to accept service by email, I transmitted a copy of the document(s) via email to the email address above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 1, 2025, at Chino Hills, California.

____________________________
SUQING ZHANG

William Litvak (SBN 90533)
Eric P. Markus (SBN 281971)
Sarah Edmiston (SBN 356745)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Telephone: (310) 477-5575
Facsimile: (310) 477-7090

Attorneys for Plaintiff,
CITY OF DIAMOND BAR

**EXEMPT FROM FILING FEE – GOV. CODE § 6103**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES—EAST JUDICIAL DISTRICT**

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No. 23PSCV02124<br>*[Assigned for all purposes to the Hon. Salvatore Sirna, Dept. G]*<br><br>**DECLARATION OF WILLIAM LITVAK IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**<br><br>[Filed concurrently with Motion for Attorneys' Fees and Request for Judicial Notice]<br><br>Date: September 8, 2025<br>Time: 8:30 a.m.<br>Dept.: G<br>**Res. ID: 590283610761** |

## DECLARATION OF WILLIAM LITVAK

1. I am an attorney duly licensed to practice law before all courts of the State of California and am the managing partner of Dapeer, Rosenblit & Litvak, LLP ("DRL"), attorneys for Plaintiff City of Diamond Bar ("City") in the above-captioned matter. Unless otherwise stated, I have personal knowledge of the following facts or have gained knowledge thereof from my review of the files maintained by my office in the ordinary course of business. If called to testify as a witness before this Court, I could and would testify competently thereto.

2. This declaration is submitted in support of the City's Motion for Appellate Attorneys' Fees.

3. On December 8, 2023, the Court entered an order granting a preliminary injunction. The preliminary injunction prohibits Defendants from (1) using, occupying, or maintaining the Subject Property in a manner that violates the Diamond Bar Municipal Code; (2) using, listing, renting, or advertising the Subject Property for short-term rental activity; and (3) conducting any business in the City without first having obtained a business license or having paid the applicable business license fee.

4. On December 14, 2023, Defendants filed a Notice of Appeal with the Court, appealing the Court's order granting the preliminary injunction.

5. On March 12, 2025, the Court of Appeal filed its opinion affirming the Court's December 8, 2023 Order in full. A true and correct copy of the Remittitur issued on June 23, 2025 is attached hereto as **Exhibit A**.

6. I am familiar with my firm's billing practices and the rates charged to our clients. Notwithstanding our market rates, my firm has an agreement with the City of Diamond Bar in which the City is charged an hourly rate of $250.00 regardless of the attorney conducting the work. The City is also charged an hourly rate of $185.00 for work performed by paralegals. As discussed below, these rates are substantially below the rates charged by lawyers with similar skill and experience in Los Angeles (and substantially lower than the hourly rates charged by DRL to its non-governmental clients, which range from $400.00 to $850.00).

7. I have been a licensed attorney for approximately 45 years, and have extensive litigation experience in business, commercial, real estate, professional, and municipal disputes, including and especially complex land use and zoning issues on behalf of governmental entities. I am the managing partner of our firm and serve as chief trial counsel. Under my guidance, our firm has been awarded the highest "AV" rating by Martindale Hubble. I have also been recognized by SuperLawyers magazine as one of the top business litigation attorneys in Los Angeles for the years 2005-2006, 2008-2010, and 2016-2025. My current standard billing rate is $750.00 per hour. Municipal law appeals that I have handled over the course of my career which resulted in favorable published decisions include:

- The City of Culver City in *People v. Gray* (2014) 58 Cal.4th 901, in which the California Supreme Court found that the city's failure to comply with various statutory requirements did not invalidate a citation issued by the city;
- The City of Sierra Madre in *City of Sierra Madre v. Suntrust Mortgage, Inc.* (2019) 32 Cal.App.4th 648 (review denied), a landmark decision in the area of municipal law in which the Court of Appeal held that receivers may obtain super-priority liens;
- The City of Norco in the matter of *City of Norco v. Mugar* (2020) 59 Cal.App.5th 786, another decision in the area of municipal law in which the Court of Appeal found that the city's retention of a private prosecutor was constitutional.

8. In the usual course of business, my colleagues and I record the time we spend on tasks contemporaneously. The contemporaneously recorded billing entries are then compiled into invoices which are sent to our clients, including the City, on a monthly basis. Our timekeeping software, TimeSolv, enables us to compile reports of the time billed by our attorneys by individual timekeeper such that we can determine exactly what services were performed, when they were performed, and by whom, for any case handled by our office at any time. True and correct copies of our invoices reflecting time spent by DRL attorneys and staff on the above-described appeal are attached hereto, collectively, as **Exhibit B**.

9. The services rendered and which are the subject of the City's request for appellate fees were performed by attorneys Gilbert Mikalian, Brandon Sanchez, William Litvak, Eric Markus, Sarah Edmiston and paralegal Ronal Alvarado. We collectively spent a total of 122.3 hours performing services related to the appeal, as follows:

- Mr. Sanchez spent a total of 15.3 hours reviewing Appellants' Opening Brief and conducting legal research of the issues presented therein.
- I spent a total of 65.9 hours drafting the Respondent's Brief and conducting legal research.
- Mr. Markus spent 3.9 hours reviewing and revising the Respondent's Brief.
- Mr. Alvarado spent a total of 12.8 performing less-intensive tasks, including calendaring and preparing the Respondent's Brief for filing and service.
- Ms. Edmiston, an associate at DRL, spent a total of 24.4 hours reviewing the appellate briefing, preparing for and attending oral argument.

10. Mr. Sanchez is a former DRL partner with more than 12 years' experience in municipal litigation; he is presently a partner at Burke, Williams & Sorensen, LLP. While employed at DRL, we charged an hourly rate of $400.00 for Mr. Sanchez's time.

11. Mr. Markus is a partner at DRL with almost 14 years of municipal litigation experience. Mr. Markus has handled more than 15 appeals similar to the one at issue in this case, including several cases resulting in published, favorable decisions. Mr. Markus presently bills DRL's non-governmental clients at an hourly rate of $650.00.

12. Mr. Alvarado is a certified paralegal with more than three years of litigation experience.

13. Ms. Edmiston is an associate at DRL in her first year of practice. DRL presently bills its non-government clients $350.00 per hour for Ms. Edmiston's time.

14. While reviewing DRL's invoices related to the appeal, I identified several block-billed entries recorded by Mr. Sanchez, wherein a single entry reflects work performed on the appeal as well as unrelated work. To avoid a lack of precision in the City's request, the City has

specifically excluded all of the time reflected in the block-billed entries from its instant request. Accordingly, the City requests that the Court award it $29,743.00 as and for its reasonable attorneys' fees incurred in connection with Defendants' appeal ($27,375.00 for attorney time and $2,368.00 for paralegal services).

15. I have reviewed DRL's billing records as they relate to the preparation of the City's Motion for Appellate Attorneys' Fees, which reflect that Mr. Markus spent five hours drafting the Motion and revising this Declaration, and that Ms. Edmiston spent four hours reviewing our files on this matter and drafting this Declaration. I also spent half an hour reviewing these documents prior to the time they were filed.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct. Executed this 1st day of August 2025, at Los Angeles, California.

William Litvak

# EXHIBIT A

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA
SECOND APPELLATE DISTRICT
EVA McCLINTOCK, CLERK

DIVISION 5

Los Angeles County Superior Court

CITY OF DIAMOND BAR,
Plaintiff and Respondent,
v.
CATHERINE LI et al.,
Defendants and Appellants.
B335376
Los Angeles County Super. Ct. No. 23PSCV02124

***** REMITTITUR *****

I, Eva McClintock, Clerk of the Court of Appeal of the State of California, for the Second Appellate District, do hereby certify that the attached is a true and correct copy of the original order, opinion or decision entered in the above-entitled cause on March 12, 2025 and that this order, opinion or decision has now become final.

The City is entitled to its costs on appeal.

Witness my hand and the seal of the Court affixed at my office this

Jun 23, 2025

EVA McCLINTOCK, CLERK

by: K. Dominguez,
Deputy Clerk

COURT OF APPEAL SECOND APPELLATE DISTRICT STATE OF CALIFORNIA

cc: All Counsel (w/out attachment)
File

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

COURT OF APPEAL – SECOND DIST.
FILED
Mar 12, 2025
EVA McCLINTOCK, Clerk
kdominguez Deputy Clerk

| | |
|---|---|
| CITY OF DIAMOND BAR,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>CATHERINE LI and JOHN ZHONG,<br><br>Defendants and Appellants. | B335376<br><br>(Los Angeles County Super. Ct. No. 23PSCV02124) |

APPEAL from an order of the Superior Court of Los Angeles County, Salvatore T. Sirna, Judge. Affirmed.

Catherine Li and John Zhong, in pro. per., for Defendants and Appellants.

Dapeer, Rosenblit & Litvak, William Litvak and Sarah Edmiston for Plaintiff and Respondent.

* * * * * *

The trial court issued a preliminary injunction enjoining the owners of a home from violating a local ordinance prohibiting short-term rentals. The homeowners appeal. The preliminary injunction is supported by substantial evidence, and the homeowners' remaining challenges are not properly before us or are unsupported by the record. We accordingly affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I. Facts

Catherine Li and John Zhong (the homeowners) own a 3,253-square-foot single family home in a residential neighborhood within the City of Diamond Bar (the City).

The City has an ordinance that prohibits short-term rentals of fewer than 30 days in any residential neighborhood. (Diamond Bar Mun. Code, §§ 5.08.050(b), 22.080.020.) The City also has an ordinance that prohibits advertising such rentals on the internet. (*Id.*, § 5.08.050(c).)

There is no dispute that the homeowners violated these ordinances. In 2022 and early 2023, they advertised their home for overnight rentals on Airbnb and VRBO. After neighbors reported this violation and after the City issued nine written citations and two notices of violation to the homeowners, a city official in May 2023 contacted the homeowners through Airbnb and rented the home for one night.

## II. Procedural Background

In July 2023, the City filed a verified complaint against the homeowners alleging claims for (1) public nuisance and (2) public nuisance per se.

On October 27, 2023, the City filed a motion for a preliminary injunction seeking to enjoin the homeowners from continuing to advertise and rent their home on a short-term basis.

The homeowners filed no opposition.

After a December 7, 2023 hearing at which the homeowners appeared through counsel, the trial court granted the preliminary injunction. The court found it "likely [that] the City will be able to prevail on the merits" by showing that the homeowners "have been operating a short-term rental . . . in violation of the [City's municipal code]." The court also found that "the City"—because the municipal code "authorizes the use of injunctive relief to enjoin [any] violations"—was "entitled to the presumption that the potential harm to the City outweighs any potential harms to the" homeowners and that the homeowners "failed to rebut this presumption" by not opposing the motion.

The preliminary injunction issued the next day, enjoining the homeowners from "[u]sing, occupying, or maintaining" their home "in a manner that violates City of Diamond Bar Municipal Code" or "[u]sing, listing, renting, or advertising" their home "for short-term rental activity."

In the following week, the homeowners (1) appealed the order issuing a preliminary injunction, (2) filed a motion to set aside the order granting a preliminary injunction, and (3) filed a cross-complaint against the City. In January 2024, the trial court denied the motion to set aside the order as "moot" due to

the pendency of the homeowners' appeal and, on the court's own motion, struck the homeowners' cross-complaint as untimely. The homeowners did not separately appeal the denial of their motion to set aside the preliminary injunction.

## DISCUSSION

In their opening brief, the homeowners challenge the trial court's order granting the preliminary injunction on five grounds: (1) the preliminary injunction rests on insufficient evidence or was otherwise an abuse of discretion, (2) the preliminary injunction violates the dormant commerce clause, (3) the preliminary injunction was the product of the City's selective and discriminatory enforcement, (4) the evidentiary basis for the preliminary injunction is inadmissible hearsay, and (5) the homeowners have now "adjusted [their] rental operations to comply" with the City's municipal code, and these changed circumstances warrant reversal of the preliminary injunction.[1]

Although an order granting a preliminary injunction is appealable (Code Civ. Proc., § 904.1, subd. (a)(6); *Donahue Schriber Realty Group, Inc. v. Nu Creation Outreach* (2014) 232 Cal.App.4th 1171, 1175), the only one of the homeowners' challenges properly before us on appeal is their challenge to the sufficiency of the evidence underlying the preliminary injunction and whether its issuance was an abuse of discretion. The

---

1 In their reply brief and at oral argument, the homeowners for the first time argue that (1) the city official's "covert operation" in renting the house for a night violated the Fourth Amendment, and (2) the City's conduct of recording a lis pendens against the house constitutes malicious prosecution, slander of title, and abuse of process. Arguments raised for the first time in a reply brief are waived. (E.g., *Old East Davis Neighborhood Assn. v. City of Davis* (2021) 73 Cal.App.5th 895, 915.)

homeowners did not raise any of the other challenges in the trial court until their motion to set aside the preliminary injunction. However, the trial court's order denying the homeowners' motion to set aside is not before us for a few reasons. To begin, that motion argued points that the homeowners should have raised in an opposition to the preliminary injunction motion, and thus functioned as a motion for reconsideration, but orders denying a motion for reconsideration are not separately appealable. (*Powell v. County of Orange* (2011) 197 Cal.App.4th 1573, 1576-1577; *Grenell v. City of Hermosa Beach* (1980) 103 Cal.App.3d 864, 869.) What is more, the homeowners divested the trial court of the power to rule on the motion to set aside by filing a notice of appeal from the preliminary injunction before the motion was decided. (*Hahn v. Diaz-Barba* (2011) 194 Cal.App.4th 1177, 1193.) And even if we treated the court's denial of the motion as separately appealable, the homeowners never filed a notice of appeal encompassing that order. (*Doppes v. Bentley Motors, Inc.* (2009) 174 Cal.App.4th 1004, 1008; *Filbin v. Fitzgerald* (2012) 211 Cal.App.4th 154, 173.) Thus, there is no proper appeal from which we could consider the homeowners' claims that the City's ban on short-term rentals violates the dormant commerce clause, that the City's lawsuit is a product of selective enforcement, or that the circumstances giving rise to the injunction have changed.[2]

---

**2** Even if we were to treat the dormant commerce clause challenge as presenting a pure question of law that can be presented for the first time on appeal, a nearly identical challenge to an ordinance with an across-the-board prohibition of short-term rentals of residential homes has been rejected. (*Rosenblatt v. City of Santa Monica* (9th Cir. 2019) 940 F.3d 439, 422, 447; cf. *South Lake Tahoe Property Owners Group v. City of*

In evaluating whether a trial court properly issued a preliminary injunction, the default rule requires a trial court to balance, "on a sliding scale," whether (1) "the party seeking the injunction is likely to prevail on the merits [of its claims] at trial," and (2) "the 'interim harm' to that party if an injunction is denied is greater than 'the [interim] harm the [opposing party] is likely to suffer if the . . . injunction is issued.'" (*Integrated Dynamic Solutions, Inc. v. VitaVet Labs, Inc.* (2016) 6 Cal.App.5th 1178, 1183.) But where, as here, "a government entity seek[s] to enjoin [an] alleged violation of an ordinance which specifically provides for injunctive relief," a modified rule applies: Once the government entity "establishes that it is reasonably probable that it will prevail on the merits, a rebuttable presumption arises that the potential harm to the public outweighs the potential harm to the [party to be enjoined]"; only if the party to be enjoined rebuts this presumption by "show[ing] that it would suffer grave or irreparable harm from the issuance of the preliminary injunction" "must" "the court . . . then examine the relative actual harms to the parties." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 72; *People v. Uber Technologies, Inc.* (2020) 56 Cal.App.5th 266, 285 [applying this test to mandatory and prohibitory injunctions].) We review the grant of a preliminary injunction for an abuse of discretion, and any subsidiary factual findings for substantial evidence. (*City of Corona v. AMG Outdoor Advertising, Inc.* (2016) 244 Cal.App.4th 291, 298-299.)

The trial court did not abuse its discretion in issuing the preliminary injunction enjoining the homeowners' short-term

---

*South Lake Tahoe* (2023) 92 Cal.App.5th 735, 761 [finding violation when ordinance permits California residents, but not non-residents, to use their residences for short-term rentals].)

rental activity. Because the City's municipal code specifically empowers it to seek an injunction enjoining any violation of that code (Diamond Bar Mun. Code, §§ 1.04.010(e) ["any . . . use or activity . . . in violation of the provisions of this Code . . . shall be deemed a public nuisance and may be abated by the city by any lawful means . . ."], 22.78.060(1)(a) [City may seek injunctions for violations of the Code]), the modified rule applies. The City established that it is likely to prevail on its nuisance claim. Its municipal code deems any violation of the code to be a "public nuisance" (*id.*, § 1.04.010(e); accord, Gov. Code, § 38771 ["By ordinance the city legislative body may declare what constitutes a nuisance"]; *City of Costa Mesa v. Soffer* (1992) 11 Cal.App.4th 378, 382-383 [so noting]), thereby obviating any need to examine how sporadic or constant the rentals occur. Further, substantial evidence supports the court's factual finding that the homeowners violated the code by advertising and renting their home on a short-term basis of 30 days or less; indeed, a city employee was able to rent their house for one night.[3] Under the modified rule, a presumption that the balance of harms tips in favor of the preliminary injunction applies. And the homeowners—by failing to oppose the motion for a preliminary injunction—offered no evidence to rebut that presumption. In their reply brief on appeal, the homeowners assert that their attorney proffered evidence at the hearing on the preliminary injunction and suggest that a transcript of the hearing exists. But there is no such transcript, as the homeowners themselves

3 By failing to object in the trial court to the evidence the City submitted in support of its motion for a preliminary injunction, the homeowners forfeited any hearsay objection to that evidence. (Evid. Code, § 353.)

acknowledged when they filed their notice designating the record on appeal.

## DISPOSITION

The order is affirmed. The City is entitled to its costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

Hoffstadt, P.J.
HOFFSTADT

We concur:

Baker, J.
BAKER

Kim, J.
KIM (D.)

# EXHIBIT B

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client- Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| 12-01-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 205.00 | 41.00 |
| | Confirm service of Form Interrogatory Responses; Correspondence with [redacted] | | | | | | | |
| 12-06-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.500 | 205.00 | 102.50 |
| | Obtain and review Tentative Ruling; Review pleadings and prepare for motion hearing | | | | | | | |
| 12-07-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 3.600 | 205.00 | 738.00 |
| | Attend court Preliminary Injunction Motion hearing; Obtain court order granting injunction; In person negotiation with OC Deng and defendant Zhong re settlement terms; Revise proposed Preliminary Injunction Order per judge's instructions; Memorandum to file re results of court hearing; Instructions to [redacted] Update Stipulation for Entry of Judgment and Judgment for Entry of Judgment | | | | | | | |
| 12-08-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.900 | 205.00 | 184.50 |
| | Confirm proper and timely service of discovery responses; Follow up with court re status of judge's execution of revised proposed Order Granting Preliminary Injunction; Draft Notice of Entry of Order; Instructions to [redacted]; Correspondence with [redacted] | | | | | | | |
| 12-11-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.800 | 205.00 | 164.00 |
| | Correspondence with OC Deng re discovery responses; Obtain judge-signed Preliminary Injunction Order from court; Correspondence with OC Deng re judge-signed Preliminary Injunction Order and deadline to comply; Instructions to [redacted] Correspondence with [redacted]; Memorandum to file re same; [redacted]; Finalize Stipulated Judgment documents re same; Correspondence with OC Deng re same | | | | | | | |
| 12-13-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 205.00 | 20.50 |
| | Review Proofs of Personal Service of Preliminary Injunction Order | | | | | | | |
| 12-14-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 1.100 | 205.00 | 225.50 |
| | Receive and review substitution of attorney forms; Receive and review Notice of Appeal; Receive and review Agreement to Appear at Trial; Research source of Agreement to Appear at Trial provided by Mr. Zhong; Correspondence with Mr. Zhong re same and discovery responses; Begin researching [redacted] | | | | | | | |
| 12-16-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 205.00 | 20.50 |
| | Correspondence with Mr. Zhong re City's responses to form interrogatories | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 2.300 | 205.00 | 471.50 |
| | Initial review of Cross-Complaint; Legal research re [redacted] correspondence with Mr. Zhong re case merits and cross-complaint; Correspondence with [redacted] Correspondence with [redacted] Initial review of Motion to Vacate Judgment; Calculate opposition deadline per state law | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.400 | 205.00 | 82.00 |

# Time Entries

## Dapeer, Rosenblit & Litvak, LLP

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| *City of Diamond Bar* | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| | Analysis of cross-complaint, re: demurrer and motion to strike | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.300 | 205.00 | 61.50 |
| | Correspondence with [redacted] | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.600 | 205.00 | 123.00 |
| | Legal research, re: [redacted] | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.700 | 205.00 | 143.50 |
| | Legal research, re: [redacted] | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.600 | 205.00 | 123.00 |
| | Legal research, re: [redacted] | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 1.100 | 205.00 | 225.50 |
| | Begin drafting outline of possible legal avenues, re: cross-complaint | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 205.00 | 41.00 |
| | Legal research, re [redacted] | | | | | | | |
| 12-19-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 205.00 | 41.00 |
| | Legal research, re: [redacted] | | | | | | | |
| 12-20-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 205.00 | 20.50 |
| | Correspondence with Mr. Zhong re cross-complaint | | | | | | | |
| 12-21-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.900 | 205.00 | 184.50 |
| | Correspondence with Mr. Zhong re case posture; Confirm lack of filing of proofs of service. Research [redacted]; Correspondence with [redacted] Telephone conference with [redacted] | | | | | | | |
| 12-21-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 205.00 | 20.50 |
| | Analysis of applicable meet and confer deadlines | | | | | | | |
| 12-26-2023 | [redacted] | | | | | 4.400 | 205.00 | 902.00 |
| 12-28-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 205.00 | 20.50 |
| | Correspondence with [redacted] | | | | | | | |
| 12-29-2023 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 205.00 | 41.00 |
| | Correspondence with [redacted] | | | | | | | |
| 12-29-2023 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 205.00 | 20.50 |
| | Correspondence wi[redacted] | | | | | | | |
| 01-02-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-03-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 3.100 | 250.00 | 775.00 |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter= Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| | Finalize drafting of Opposition to Motion to Set Aside and Vacate Judgment. Instructions to [redacted] Telephone conference with [redacted] Correspondence w [redacted] | | | | | | | |
| 01-03-2024 | Billed | City Civil/Appeals | Markus, Eric | | | 0.400 | 250.00 | 100.00 |
| | Confer wi [redacted] | | | | | | | |
| 01-04-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-04-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Continue drafting outline, re: motions, re: challenging property owner's claims in pleading | | | | | | | |
| 01-05-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.300 | 250.00 | 75.00 |
| | Continue legal research, re: [redacted] | | | | | | | |
| 01-05-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.300 | 250.00 | 75.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-05-2024 | Billed | City Civil/ Appeals | Guilani, Aria | | | 0.500 | 250.00 | 125.00 |
| | Continue drafting memorandum, re: cross-complaint and issues raised by service | | | | | | | |
| 01-05-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-05-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.500 | 250.00 | 125.00 |
| | Correspondence with [redacted] Receive and review court's Notice of Filing of N [redacted] | | | | | | | |
| 01-09-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Analysis of case status and strategy | | | | | | | |
| 01-11-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.300 | 250.00 | 75.00 |
| | Legal research, re: [redacted] | | | | | | | |
| 01-11-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-11-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.900 | 250.00 | 225.00 |
| | [redacted] | | | | | | | |
| 01-11-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.200 | 250.00 | 300.00 |
| | Draft Notice of Motion and Motion for Order to Show Cause re Contempt. | | | | | | | |
| 01-11-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.100 | 250.00 | 275.00 |
| | Draft Request for Judicial Notice in support of Motion for Order to Show Cause re Contempt. | | | | | | | |
| 01-11-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 2.000 | 250.00 | 500.00 |

# Time Entries

Dapeer, Rosenblit & Litvak, LLP

Timekeeper = All (Inactive Included)
Group By Staff Category
Client- Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| *City of Diamond Bar* | | | | | | | | |
| Specialized Legal Services - 24311 Knoll (Zhong) | | | | | | | | |
| | Review of case file and outline of Motion for Order to Show Cause re Contempt. | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 2.200 | 250.00 | 550.00 |
| | Draft Order to Show Cause re Contempt. | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 0.500 | 250.00 | 125.00 |
| | Discuss with [redacted] | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.900 | 250.00 | 225.00 |
| | Telephone conference with [redacted] Correspondence with [redacted] Receive and review Civil Case Information Sheet for appeal. Review and analysis of Reply in Support of Motion to Vacate Injunction. Receive and review Amended Notice of Filing of Notice of Appeal. Correspondence with [redacted] | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.700 | 250.00 | 175.00 |
| | Legal research, re: [redacted] | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.400 | 250.00 | 100.00 |
| | Analysis of operative file and documents, re: motion to quash service of summons | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Draft notice of motion to quash | | | | | | | |
| 01-12-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Draft memorandum of points and authorities in support of motion to quash | | | | | | | |
| 01-15-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.400 | 250.00 | 100.00 |
| | Legal research, re: [redacted] | | | | | | | |
| 01-15-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.600 | 250.00 | 150.00 |
| | Drafting memorandum of points and authorities in support of motion to quash | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 1.900 | 250.00 | 475.00 |
| | Continue drafting and revising memorandum of points and authorities in support of motion to quash | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.600 | 250.00 | 150.00 |
| | Continued legal research, re: [redacted] | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.300 | 250.00 | 75.00 |
| | Draft and revise proposed order | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Draft and revise request for judicial notice | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Revise notice of motion to quash | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.300 | 250.00 | 75.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-16-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.600 | 250.00 | 150.00 |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| | Telephone conference with [redacted] | | | | | | | |
| 01-17-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 3.900 | 250.00 | 975.00 |
| | Attend court hearing on Motion to Vacate [redacted] Memorandum to file re results of court hearing; Instructions to [redacted] Correspondence with [redacted] Correspondence with [redacted] | | | | | | | |
| 01-19-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.500 | 250.00 | 125.00 |
| | Draft correspondence to [redacted] | | | | | | | |
| 01-19-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-22-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.400 | 250.00 | 100.00 |
| | Receive and review court-filed Tentative Ruling; Receive and [redacted] Set Aside/Vacate Judgment; Draft Notice of Ruling; Instructions to [redacted] | | | | | | | |
| 01-24-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 01-31-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Correspondence with [redacted] | | | | | | | |
| 02-12-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.300 | 250.00 | 75.00 |
| | Review docket for assignment of case number to appeal; Correspondence with [redacted] Calculate deadlines for Motion for Leave per State law | | | | | | | |
| 02-14-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.200 | 225.00 | 45.00 |
| | MM-Calendar motion for leave to file cross complaint re: Zhong | | | | | | | |
| 02-19-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.300 | 250.00 | 75.00 |
| | Correspondence with Mr. Zhong re cancellation of reservations and minimum night stay settings on rental ad; Correspondence with [redacted] | | | | | | | |
| 02-20-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.200 | 225.00 | 45.00 |
| | MM-Calendar motion to reconsider re: Zhong | | | | | | | |
| 02-21-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.400 | 250.00 | 100.00 |
| | Correspondence with Mr. Zhong re motion to expunge lis pendens; Confirm proper filing and court date per court docket report; Instructions to staff re docketing of dates and deadlines per State law; Update case status memorandum and action item list re same | | | | | | | |
| 02-22-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 3.100 | 250.00 | 775.00 |
| | Analysis of Motion for and Order to Grant Defendant Leave to File Cross-Complaint; Legal research re [redacted] drafting of City's Opposition to Motion for and Order to Grant Defendant Leave to File Cross-Complaint | | | | | | | |
| 02-26-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311
Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| | Review Notice of Failure to Pay Filing Fee from court of appeal; Review Notice of Default from trial court | | | | | | | |
| 02-27-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 2.600 | 250.00 | 650.00 |
| | Draft Case Management Statement; Instructions to [redacted] Finalize drafting of Memorandum of Points and Authorities in Opposition to Motion for Leave to Amend; Instructions to [redacted] begin researching [redacted] | | | | | | | |
| 02-28-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.100 | 225.00 | 22.50 |
| | MM-Calendar notice of default re appeal | | | | | | | |
| 03-04-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 250.00 | 25.00 |
| | Receive and review defendants' Case Management Statement | | | | | | | |
| 03-06-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 2.900 | 250.00 | 725.00 |
| | Initial review of Appellant's Notice Designating Record on Appeal; Begin drafting of Opposition and Memorandum of Points and Authorities; Conduct legal research [redacted] | | | | | | | |
| 03-07-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 2.700 | 250.00 | 675.00 |
| | Finalize drafting of Opposition to Motion for Reconsideration of Motion to Expunge Lis Pendens and Memorandum of Points and Authorities; Draft Request for Judicial Notice of numerous court documents and DBMC provisions in support of Opposition; Instructions [redacted] | | | | | | | |
| 03-12-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 3.900 | 250.00 | 975.00 |
| | Attend court Motion for Leave to File Cross-Complaint hearing at Pomona Courthouse; Memorandum to file re results of court hearing; Instructions to [redacted] Telephone conference with [redacted] Review and approve Respondent's Notice Designating Record on Appeal; Begin legal research re [redacted] Correspondence with [redacted] | | | | | | | |
| 03-12-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.500 | 250.00 | 375.00 |
| | Draft respondents designation of record for appeal including review of register of actions in case. | | | | | | | |
| 03-13-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.700 | 250.00 | 175.00 |
| | Draft comprehensive case status update to [redacted] | | | | | | | |
| 03-14-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.300 | 250.00 | 75.00 |
| | Correspondence with [redacted] Correspondence with [redacted] Correspondence with [redacted] | | | | | | | |
| 03-15-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 0.900 | 250.00 | 225.00 |
| | Legal research re [redacted] | | | | | | | |
| 03-15-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.000 | 250.00 | 250.00 |
| | Draft ex parte application for order to show cause re contempt of defendants. | | | | | | | |
| 03-15-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.000 | 250.00 | 250.00 |
| | Draft proposed Order to Show Cause re Contempt. | | | | | | | |
| 03-15-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.000 | 250.00 | 250.00 |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| | Draft Request for Judicial Notice in support of Application for Order to Show Cause re Contempt; review and organizing exhibits to the Request for Judicial Notice. | | | | | | | |
| 03-15-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.700 | 250.00 | 425.00 |
| | Draft memorandum of points and authorities in support of ex parte application for order to show cause re contempt of defendants. | | | | | | | |
| 03-15-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 1.000 | 250.00 | 250.00 |
| | Review of case documents to determine evidence in support of application for order to show cause re contempt. | | | | | | | |
| 03-18-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Draft Notice of Ruling on Motion for Leave to File Cross-Complaint; instructions to [redacted] | | | | | | | |
| 03-21-2024 | Billed | City Civil/Appeals | Mikalian, Gilbert | | | 3.500 | 250.00 | 875.00 |
| | Continue drafting ex parte application for order to show cause re contempt of defendants. | | | | | | | |
| 03-25-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Review and analysis of appellants' Civil Case Information Statement; Receive and review Notice of Fee's for Clerk's Transcript on Appeal from court | | | | | | | |
| 03-26-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 2.100 | 250.00 | 525.00 |
| | Conduct legal research re [redacted] | | | | | | | |
| 03-28-2024 | Billed | City Civil/Appeals | Legal, Para | | | 0.100 | 185.00 | 18.50 |
| | Calendar minute order setting status conference re status of appeal re: Zhon g | | | | | | | |
| 04-03-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 04-16-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 04-18-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Telephone conference with [redacted] | | | | | | | |
| 04-22-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.600 | 250.00 | 150.00 |
| | Review appeal case status for action items; Telephone conference with [redacted] Correspondence with [redacted] | | | | | | | |
| 04-22-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.300 | 185.00 | 55.50 |
| | Telephone conference with [redacted] | | | | | | | |
| 04-22-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 1.900 | 185.00 | 351.50 |
| | Review case documents, preliminary injunction to begin outlining motion for contempt | | | | | | | |
| 04-22-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 1.400 | 185.00 | 259.00 |
| | Begin drafting introduction, background section on motion for contempt | | | | | | | |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| 04-23-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.400 | 185.00 | 74.00 |
| | Telephone conference with [redacted] | | | | | | | |
| 04-23-2024 | Billed | [redacted] | | | | 2.300 | 185.00 | 425.50 |
| | Review emails from [redacted] | | | | | | | |
| 04-23-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 1.900 | 185.00 | 351.50 |
| | Begin drafting motion for contempt | | | | | | | |
| 04-23-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.700 | 185.00 | 129.50 |
| | Continue drafting motion for contempt; legal research [redacted] | | | | | | | |
| 04-23-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.800 | 250.00 | 200.00 |
| | Telephone conference with [redacted] | | | | | | | |
| 04-26-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 2.700 | 185.00 | 499.50 |
| | Review, revise and draft additional portions of motion for contempt | | | | | | | |
| 04-26-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 2.600 | 185.00 | 481.00 |
| | Draft portion of motion for contempt [redacted]; review case file re same | | | | | | | |
| 04-26-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 2.900 | 185.00 | 536.50 |
| | Review [redacted] revise declaration of code enforcement officer re same | | | | | | | |
| 04-27-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Correspondence with Zhong re appeal and settlement | | | | | | | |
| 04-29-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Correspondence with [redacted]; Receive and review appellate court's notification re deadline for Appellant's Opening Brief; Update case status memorandum re same | | | | | | | |
| 04-29-2024 | Billed | City Civil/Appeals | Legal, Para | | | 0.100 | 185.00 | 18.50 |
| | Calendar appellant's opening brief deadline re: Zhong | | | | | | | |
| 04-29-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 2.100 | 185.00 | 388.50 |
| | Review and revise motion, P's & A's, for OSC re contempt | | | | | | | |
| 04-30-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.900 | 185.00 | 166.50 |
| | Revise declaration of code enforcement officer, forward same to officer for review | | | | | | | |
| 05-06-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.200 | 225.00 | 45.00 |
| | Draft emails to [redacted] | | | | | | | |
| 05-06-2024 | Billed | City Civil/Appeals | Guilani, Ana | | | 0.200 | 250.00 | 50.00 |
| | Telephone conference with [redacted] | | | | | | | |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311
Knoll (Zhong)(Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| *City of Diamond Bar* | | | | | | | | |
| Specialized Legal Services - 24311 Knoll (Zhong) | | | | | | | | |
| 05-07-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 0.300 | 225.00 | 67.50 |
| | Telephone conference with [redacted]; draft followup email to [redacted] | | | | | | | |
| 05-08-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.100 | 250.00 | 25.00 |
| | Correspondence with [redacted] | | | | | | | |
| 05-13-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.800 | 250.00 | 200.00 |
| | Conduct legal research re [redacted]; Conduct legal research re [redacted] | | | | | | | |
| 05-28-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.700 | 250.00 | 175.00 |
| | Receipt and initial review and analysis of Appellant's Opening Brief; Update case status memorandum and action item list re same; Confirm rejection of Appellant's Opening Brief by court; Correspondence with [redacted] | | | | | | | |
| 05-28-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.200 | 250.00 | 50.00 |
| | Analysis of docket and operative case file documents regarding [redacted] | | | | | | | |
| 05-28-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Review/analyze docket and operative case documents regarding [redacted] | | | | | | | |
| 05-31-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Correspondence with [redacted] | | | | | | | |
| 06-03-2024 | Approved | Courtesy - No Charge | Sanchez, Brandon | | | 0.300 | 0.00 | 0.00 |
| | Correspondence with [redacted] | | | | | | | |
| 06-03-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Review/analyze operative file and pleading documents to ensure case status and uniformity of case strategy | | | | | | | |
| 06-19-2024 | Billed | City Civil/Appeals | Guilani, Aria | | | 0.100 | 250.00 | 25.00 |
| | Review/analyze relevant case documents and pleadings re status of matter and case strategy | | | | | | | |
| 06-19-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Telephone conference with [redacted] | | | | | | | |
| 06-20-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.200 | 250.00 | 50.00 |
| | Confirm briefing schedule set by the appellate court and deadline for Respondent's Brief | | | | | | | |
| 06-20-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 1.200 | 250.00 | 300.00 |
| | Review and analysis of Appellants' Opening Brief | | | | | | | |
| 06-20-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 1.800 | 250.00 | 450.00 |
| | Begin conducting legal research on [redacted] | | | | | | | |
| 06-20-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.700 | 250.00 | 175.00 |
| | Begin outline for Respondent's Brief | | | | | | | |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services- 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| 06-20-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 2.400 | 250.00 | 600.00 |
| | Begin drafting of Respondent's Brief | | | | | | | |
| 06-20-2024 | Billed | City Civil/Appeals | Legal, Para | | | 0.100 | 185.00 | 18.50 |
| | Calendar respondent's brief deadline re: Zhong | | | | | | | |
| 06-24-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 3.600 | 250.00 | 900.00 |
| | Continue drafting of Respondent's Brief; Correspondence with [redacted] | | | | | | | |
| 06-25-2024 | Billed | City Civil/Appeals | Sanchez, Brandon | | | 0.300 | 250.00 | 75.00 |
| | Update case status and action item memorandum | | | | | | | |
| 07-25-2024 | Billed | City Civil/Appeals | Litvak, William | | | 1.900 | 250.00 | 475.00 |
| | Analysis of legal issues set forth in appellant opening brief re: Zhong | | | | | | | |
| 09-05-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 1.000 | 185.00 | 185.00 |
| | Revise case management statement; prepare same for filing | | | | | | | |
| 09-05-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.300 | 250.00 | 825.00 |
| | Review moving and responsive papers re application for preliminary injunction and related documents re: Zhong | | | | | | | |
| 09-05-2024 | Billed | City Civil/Appeals | Litvak, William | | | 0.500 | 250.00 | 125.00 |
| | Preparation of status report to [redacted] | | | | | | | |
| 09-05-2024 | Billed | City Civil/Appeals | Litvak, William | | | 0.500 | 250.00 | 125.00 |
| | Preparation of case management statement re: Zhong | | | | | | | |
| 09-07-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.200 | 250.00 | 800.00 |
| | Research [redacted] research [redacted] | | | | | | | |
| 09-08-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.600 | 250.00 | 900.00 |
| | Outline appellant's arguments; outline respondent's brief re: Zhong | | | | | | | |
| 09-08-2024 | Billed | City Civil/Appeals | Litvak, William | | | 2.900 | 250.00 | 725.00 |
| | Review appellant's brief and clerk's transcript re accuracy re: Zhong | | | | | | | |
| 09-09-2024 | Billed | City Civil/Appeals | Litvak, William | | | 2.900 | 250.00 | 725.00 |
| | Preparation of respondent's brief re: Zhong | | | | | | | |
| 09-10-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.200 | 250.00 | 800.00 |
| | Preparation of respondent's brief re: Zhong | | | | | | | |
| 09-10-2024 | Billed | City Civil/Appeals | Litvak, William | | | 2.800 | 250.00 | 700.00 |
| | Revise outline of respondent's argument on appeal re: Zhong | | | | | | | |
| 09-11-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.900 | 250.00 | 975.00 |
| | Preparation of respondent's brief re: Zhong | | | | | | | |
| 09-11-2024 | Billed | City Civil/Appeals | Litvak, William | | | 2.700 | 250.00 | 675.00 |
| | Prepare respondent's brief re: Zhong | | | | | | | |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client-Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| 09-12-2024 | Billed | City Civil/Appeals | Litvak, William | | | 4.200 | 250.00 | 1,050.00 |
| | Continue preparation of respondent's brief; legal research of [redacted] | | | | | | | |
| 09-13-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.100 | 250.00 | 775.00 |
| | Prepare respondent's brief re: Zhong | | | | | | | |
| 09-15-2024 | Billed | City Civil/Appeals | Litvak, William | | | 4.400 | 250.00 | 1,100.00 |
| | Continue preparation of respondent's brief; legal research re [redacted] review [redacted] | | | | | | | |
| 09-16-2024 | Billed | City Civil/Appeals | Litvak, William | | | 4.400 | 250.00 | 1,100.00 |
| | Continue preparation of respondent's brief; research [redacted] | | | | | | | |
| 09-16-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 4.500 | 185.00 | 832.50 |
| | Checking citations in appellant's brief | | | | | | | |
| 09-17-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 2.900 | 185.00 | 536.50 |
| | Checking citations in appellant's brief | | | | | | | |
| 09-17-2024 | Billed | City Civil/Appeals | Litvak, William | | | 3.100 | 250.00 | 775.00 |
| | Prepare respondent's brief re: Zhong | | | | | | | |
| 09-18-2024 | Billed | City Civil/Appeals | Litvak, William | | | 4.500 | 250.00 | 1,125.00 |
| | Continue preparation of respondent's brief; research [redacted] | | | | | | | |
| 09-18-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 1.200 | 185.00 | 222.00 |
| | Preparing motion for request of judicial notice | | | | | | | |
| 09-18-2024 | Billed | City Civil/Appeals | Markus, Eric | | | 2.800 | 250.00 | 700.00 |
| | Prepare for and attend hearing on appeal status | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 0.100 | 185.00 | 18.50 |
| | Telephone conference with [redacted] | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 1.200 | 185.00 | 222.00 |
| | Review Respondent's Brief | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 1.000 | 185.00 | 185.00 |
| | Cross-checking citations in respondent's brief | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Litvak, William | | | 2.900 | 250.00 | 725.00 |
| | Review and revise respondent's brief re: Zhong | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Litvak, William | | | 0.800 | 250.00 | 200.00 |
| | Review and revise motion for judicial notice re: Zhong | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Litvak, William | | | 1.000 | 250.00 | 250.00 |
| | Preparation of notice to Superior Court Clerk to correct clerk's transcript re: Zhong | | | | | | | |
| 09-19-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 2.500 | 185.00 | 462.50 |
| | Prepare respondent's brief for filing; review clerk's transcript | | | | | | | |

# Time Entries

## Dapeer, Rosenblit & Litvak, LLP

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| 09-19-2024 | Approved | Courtesy - No Charge | Paralegal, RA | | | 1.000 | 0.00 | 0.00 |
| | Proofread and revise respondents brief [PER WL] | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 2.400 | 185.00 | 444.00 |
| | Revise and format citations | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 3.600 | 185.00 | 666.00 |
| | Revise and formatting citations | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Paralegal, RA | | | 3.700 | 185.00 | 684.50 |
| | Draft table of contents and table of authorities; revise citations and format; prepare for ciling and service | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Litvak, William | | | 2.800 | 250.00 | 700.00 |
| | Review and revise final drat of respondent's brief re: Zhong | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 5.500 | 185.00 | 1,017.50 |
| | Checking citations/making sure cases match the claimed principle | | | | | | | |
| 09-20-2024 | Approved | Courtesy - No Charge | Edmiston, Sarah | | | 1.000 | 0.00 | 0.00 |
| | Proof reading respondent's brief [PER WL] | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Legal, Para | | | 0.100 | 185.00 | 18.50 |
| | Calendar appellant's reply brief deadline re: Zhong | | | | | | | |
| 09-20-2024 | Billed | City Civil/Appeals | Markus, Eric | | | 3.900 | 250.00 | 975.00 |
| | Review and revise Respondent's Brief | | | | | | | |
| 09-20-2024 | Approved | Courtesy - No Charge | Markus, Eric | | | 1.500 | 0.00 | 0.00 |
| | Review clerk's transcript re: Respondent's Brief [PER WL] | | | | | | | |
| 09-23-2024 | Approved | Courtesy - No Charge | Edmiston, Sarah | | | 0.400 | 0.00 | 0.00 |
| | Read final respondent's brief [PER WL] | | | | | | | |
| 10-02-2024 | Billed | City Civil/Appeals | Litvak, William | | | 0.200 | 250.00 | 50.00 |
| | Email exchange with opposing party re: Zhong | | | | | | | |
| 11-26-2024 | Billed | City Civil/Appeals | Litvak, William | | | 1.000 | 250.00 | 250.00 |
| | Review and analysis of reply brief re: Zhong | | | | | | | |
| 02-03-2025 | Billed | City Civil/Appeals | Markus, Eric | | | 1.800 | 250.00 | 450.00 |
| | Prepare for and attend hearing re: status of appeal | | | | | | | |
| 02-24-2025 | Billed | City Civil/Appeals | Litvak, William | | | 1.000 | 250.00 | 250.00 |
| | Review reply brief and analysis for oral argument re: Zhong | | | | | | | |
| 03-04-2025 | Billed | City Civil/Appeals | Litvak, William | | | 0.700 | 250.00 | 175.00 |
| | Analysis of oral argument issues | | | | | | | |
| 03-04-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 1.000 | 250.00 | 250.00 |
| | Review Appellant's brief, Respondent's brief, and Appellant's Reply to prepare for oral argument | | | | | | | |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311 Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| ***City of Diamond Bar*** | | | | | | | | |
| **Specialized Legal Services - 24311 Knoll (Zhong)** | | | | | | | | |
| 03-04-2025 | Approved | Courtesy - No Charge | Edmiston, Sarah | | | 0.400 | 0.00 | 0.00 |
| | [redacted] [PER WL] | | | | | | | |
| 03-04-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 2.000 | 250.00 | 500.00 |
| | Continue to review briefs and prepare for oral argument | | | | | | | |
| 03-05-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 1.500 | 250.00 | 375.00 |
| | Travel to [.8] and from [.7] Oral Argument hearing | | | | | | | |
| 03-05-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 2.800 | 250.00 | 700.00 |
| | Attended Oral Argument hearing | | | | | | | |
| 03-05-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 0.700 | 250.00 | 175.00 |
| | Draft Notice of Appearance | | | | | | | |
| 03-05-2025 | Billed | Courtesy - No Charge | Markus, Eric | | | 0.400 | 0.00 | 0.00 |
| | Attend oral argument on appeal (courtesy no-charge) | | | | | | | |
| 03-12-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 0.200 | 250.00 | 50.00 |
| | Review Order from Court of Appeal | | | | | | | |
| 03-12-2025 | Billed | City Civil/Appeals | Litvak, William | | | 0.600 | 250.00 | 150.00 |
| | Review and analysis of court of appeal decision; email [redacted] | | | | | | | |
| 03-19-2025 | Billed | City Civil/Appeals | Litvak, William | | | 0.700 | 250.00 | 175.00 |
| | Preparation of [redacted] | | | | | | | |
| 04-03-2025 | Billed | City Civil/Appeals | Litvak, William | | | 0.300 | 250.00 | 75.00 |
| | Review order denying permission to file petition for rehearing; email to [redacted] | | | | | | | |
| 04-14-2025 | Billed | City Civil/Appeals | Legal, Para | | | 0.200 | 185.00 | 37.00 |
| | Calendar petition for review filed by John Zhong and Catherine Li re: Zhong | | | | | | | |
| 04-23-2025 | Billed | City Civil/Appeals | Corbett, Jocelyn | | | 0.100 | 250.00 | 25.00 |
| | Status review | | | | | | | |
| 06-02-2025 | Billed | City Civil/Appeals | Corbett, Jocelyn | | | 0.200 | 250.00 | 50.00 |
| | Status review and update | | | | | | | |
| 06-11-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 0.200 | 250.00 | 50.00 |
| | Hearing preparation | | | | | | | |
| 06-12-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 1.300 | 250.00 | 325.00 |
| | Attend hearing on motion for an order to show cause re: contempt | | | | | | | |
| 06-12-2025 | Billed | City Civil/Appeals | Edmiston, Sarah | | | 0.300 | 250.00 | 75.00 |
| | Draft notice | | | | | | | |
| | | | | | **Matter Total** | **235.300** | | **53,398.50** |
| | | | | | **Client Total** | **235.300** | | **53,398.50** |

# Time Entries

**Dapeer, Rosenblit & Litvak, LLP**

Timekeeper = All (Inactive Included)
Group By Staff Category
Client - Matter = Specialized Legal Services - 24311
Knoll (Zhong) (Active Only)
Activity Code = All
View = Original
From 12-01-2023 To 07-30-2025

| Date | Status | Activity | Timekeeper | Start | Stop | Duration | Rate | Amount |
|---|---|---|---|---|---|---|---|---|
| | | | | | **Grand Total** | **235.300** | | **53,398.50** |

## PROOF OF SERVICE

At the time of this service I was over 18 years of age and I was not a party to this action. My business address is 11500 West Olympic Boulevard, Suite 550, Los Angeles, California 90064. On August 1, 2025, I served the following documents ("Documents"):

1. **PLAINTIFF CITY OF DIAMOND BAR'S NOTICE OF MOTION AND MOTION FOR APPELLATE ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
2. **DECLARATION OF WILLIAM LITVAK IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**
3. **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**

The Documents were served on the following persons ("Persons"):

John Zhong<br>In Pro Per<br>16196 Westridge Knolls,<br>Chino Hills, Ca 91709<br>E: info@zhongtax.com

Catherine Li<br>In Pro Per<br>16196 Westridge Knolls,<br>Chino Hills, CA 91709<br>E: info@zhongtax.com

The Documents were delivered by:

☒ **United States Mail.** I served the Documents by enclosing a true copy in a sealed envelope addressed to the Persons at the addresses identified above and depositing the envelope in the United States mail with the postage fully prepaid in the county where I reside or am employed.

☒ **By Electronic Transmission – One Legal.** I caused an electronic version of the documents to be submitted to the Superior Court of California and thereafter caused an electronic version to be served to the persons in the above service list via the litigation support service One Legal. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 1, 2025

Erika Rupp

William Litvak (SBN 90533)
Eric P. Markus (SBN 281971)
Sarah Edmiston (SBN 356745)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Telephone: (310) 477-5575
Facsimile: (310) 477-7090

Attorneys for Plaintiff,
CITY OF DIAMOND BAR

**EXEMPT FROM FILING FEE – GOV. CODE § 6103**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES—EAST JUDICIAL DISTRICT**

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No. 23PSCV02124<br>[*Assigned for all purposes to the Hon. Salvatore Sirna, Dept. G*]<br><br>**PLAINTIFF CITY OF DIAMOND BAR'S NOTICE OF MOTION AND MOTION FOR APPELLATE ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Declaration of William Litvak and Request for Judicial Notice]<br><br>Date: September 8, 2025<br>Time: 8:30 a.m.<br>Dept.: G<br>**Res. ID: 590283610761**<br><br>Complaint Filed: February 16, 2018 |

TO DEFENDANTS JOHN ZHONG and CATHERINE LI:

PLEASE TAKE NOTICE that on September 8, 2025, at 8:30 a.m. or as soon thereafter as the matter may be heard, in Department G of the above-entitled Court, located at 400 Civic Center Plaza, Pomona, California 91766, the Honorable Salvatore Sirna presiding, Plaintiff CITY

OF DIAMOND BAR ("City") will and hereby does move the Court for an order awarding the City its reasonable attorneys' fees and costs incurred in connection with Defendants JOHN ZHONG's and CATHERINE LI's (collectively, "Defendants") appeal of the Court's December 8, 2023 Preliminary Injunction. By way of this Motion, the City seeks a total award of $32,118.00 in appellate attorneys' fees.

This Motion is made pursuant to Code of Civil Procedure section 1033.5, and California Rules of Court, Rules 3.1702 and 8.278, on the ground that the appellate court affirmed the Court's Preliminary Injunction in-full and awarded the City's its costs on appeal.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities, the concurrently filed Declaration of William Litvak and exhibits in support thereof, the Request for Judicial Notice, the pleadings and records on file with this Court, and upon such oral or documentary evidence as may be presented at the hearing of this Motion.

Respectfully submitted,

DAPEER, ROSENBLIT & LITVAK, LLP

Dated: August 1, 2025

By: ______________________
William Litvak
Eric P. Markus
Attorneys for Plaintiff,
CITY OF DIAMOND BAR

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This Motion follows the City's successful response to Defendants/Appellants John Zhong's and Catherine Li's (collectively "Defendants") appeal of the Court's December 8, 2023 Preliminary Injunction. in this action.

In rendering its Preliminary Injunction, the Court determined that it was likely the City would be able to establish that Defendants were unlawfully operating a short-term rental at real property in the City – a public nuisance pursuant to Diamond Bar Municipal Code ("DBMC"), sections 1.04.010 and 22.04.020. The Court enjoined Defendants from engaging in short-term rental activity at their property, using it in any manner that violates the DBMC, and conducting business in the City without a business license. The Court further ordered Defendants to cancel all future short-term rental reservations and remove all advertising of their property as a short-term rental. (Request for Judicial Notice ("RJN"), Ex. 1 [12/8/23 Prelim. Inj. and 12/6/23 Tentative Ruling].)

Defendants' appeal took approximately 1.5 years to resolve and required the City's counsel to spend in excess of 100 hours defending the Court's Preliminary Injunction. (Declaration of William Litvak ("Litvak Decl."), ¶ 9.) This time was well-spent. The appellate court rejected all of Defendants' challenges to the Court's ruling. The court affirmed the Preliminary Injunction in-full and awarded the City its costs on appeal. (*Id.*, Ex. A [Remittitur/Opn.].)

By way of this motion, the City – the prevailing party on the appeal – now seeks an award of its reasonable appellate attorneys' fees – an element of costs – in an amount no less than $29,743.00.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

The City learned that Defendants were illegally using their property as a short-term rental in or around March 2022. On March 10, 2022, the City issued a Notice of Violation to

Defendants instructing them to cease all short-term rental activities and operations, including the removal of all advertisements. (*Id.*., Ex. A, p. 2.)

Defendants ignored the City's instruction and continued to offer their property for short-term rentals. On May 16, 2023, the City's Community Development Director actually booked a one-night stay at the property via the AirBNB website where Defendants continued to advertise their property. Defendants also ignored an additional Notice of Violation, as well as nine administrative citations issued by the City levying a total of $12,400.00 in fines. (*Ibid.*)

The City filed its Complaint in the above-captioned matter on or about July 14, 2023. On December 8, 2023, the Court issued its Preliminary Injunction as described in greater detail above. (RJN, Ex. 1.)

Defendants appealed the Court's Preliminary Injunction on December 14, 2023. In an Opinion issued March 12, 2025, the Court of Appeal found no error in the Court's determination, affirmed the Preliminary Injunction in full, and awarded the City its costs on appeal. (Decl. Litvak, Ex. A, p. 8.)

Defendants filed a Petition for Review of the appellate decision on or about April 1, 2025. Defendants' Petition was summarily denied on June 18, 2025, and the Remittitur was issued on June 23, 2025. (*Id.*)

## III.

## LEGAL DISCUSSION

### A. THE CITY IS ENTITLED TO REASONABLE APPELLATE ATTORNEYS' FEES AS A MATTER OF LAW

#### 1. Attorneys' Fees Are Available on Appeal When Available in The Trial Court

As in trial court litigation, attorneys' fees on appeal are recoverable if authorized by contract, statute or law. (CCP § 1033.5(a)(10); see *People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater* (1985) 165 Cal.App.3d 378, 387.) Statutory authorization for the recovery of attorneys' fees incurred in trial court proceedings necessarily includes attorneys' fees incurred on appeal. The statute need not expressly authorize fees on appeal. (*Morcos v. Board of Retirement* (1990) 51 Cal. 3d 924, 927 ["fees, if recoverable at all – pursuant to either statute or parties'

agreement – are available for services at trial *and on appeal*" (original emphasis, internal quotes omitted)].)

Unless the appellate court orders otherwise, it is within the trial court's sound discretion to entertain a request for appellate attorneys' fees notwithstanding the absence of specific direction from the appellate court. (See Cal. Rules of Court, Rule 8.278(d)(2); *Butler-Rupp v. Lourdeaux* (2007) 154 Cal.App.4th 918, 924.) If the appellate court's opinion is silent on the subject of attorneys' fees, the appellate judgment does not preclude a party from seeking them, and the issue of entitlement to fees on appeal will be determined on remand by motion made in the trial court pursuant to Cal. Rules of Court, Rule 3.1702. (CRC 8.278(d)(2); see *Gale v. Sup. Ct. (Gale)* (2004) 122 Cal.App.4th 1388, 1399.)

**2. The City is the Prevailing Party**

Pursuant to Cal. Rules of Court, Rule 8.278, subdivision (a)(2), "[t]he prevailing party is the respondent if the Court of Appeal affirms the judgment without modification or dismisses the appeal…."

Here, the Court of Appeal affirmed the Court's Preliminary Injunction in full. (Decl. Litvak, Ex. A, p. 8.) Thus, the City is the prevailing party.

**3. The City Is Entitled to its Appellate Attorneys' Fees Under Diamond Bar Municipal Code Section 1.04.010(e)**

"Where attorney's fees are authorized by statute they are authorized on appeal as well as in the trial court." (*People ex rel. Cooper v. Mitchell Brothers' Santa Ana Theater, supra,* 165 Cal.App.3d at p. 387.) A statute authorizing an attorneys' fee award at the trial court level includes appellate attorney fees unless the statute specifically provides otherwise. (*Evans v. Unkow* (1995) 38 Cal.App.4th 1490, 1499.)

In this case, the City is entitled to its appellate attorneys' fees pursuant to DBMC, section 1.04.010(e) – a statute that expressly authorizes attorneys' fees at the trial court level in an action brought to abate a public nuisance. (RJN Ex. 2 [DBMC § 1.04.010(e)].) Section 1.04.010(e) does not specifically provide that attorneys' fees are not available on appeal. Accordingly, the

Court is authorized to award the City its reasonable attorneys' fees in connection with Defendants' appeal.

**B. THE CITY'S APPELLATE ATTORNEYS' FEES ARE REASONABLE**

**1. Attorneys' Fee Awards Under Section 425.16 Are Computed in Accordance With the "Lodestar" Method**

Statutory attorneys' fees are ordinarily determined by the "lodestar" method. Under this approach, a base amount is calculated from a computation of time reasonably spent multiplied by the reasonable hourly compensation of each attorney. This figure is then adjusted in light of various factors. (*Serrano v. Priest* (1977) 20 Cal.3d 25, 48.) The purpose of the lodestar method "is to fix a fee at the fair market value for the particular action." (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132.)

The starting point for this determination is the attorney's time records. (*Horsford v. Bd. of Trustees* (2005) 132 Cal.App.4th 359, 395-397.) Declarations filed by counsel are sufficient to establish the prima facie reasonableness of their fee claim. Additionally, an attorney's itemized statement of fees and costs incurred is presumptively reasonable. (*Melynk v. Kobledo* (1976) 64 Cal.App.3d 618, 624.)

The customary billing rates of counsel and time spent in this matter, including an itemization of fees and redacted copies of the City's legal invoices, are set forth in the concurrently filed Declaration of William Litvak and supporting exhibits. (See Decl. Litvak, Ex. B [Invoices].) As reflected therein and below, the time spent litigating Defendants' appeal was reasonable and the hourly rates requested are far below market.

**2. The City's Attorneys' Expended Substantial Time Responding to Defendants' Appeal**

Redacted invoices detailing the attorneys' fees incurred by the City in connection with Defendants' appeal, as well as those incurred in preparing this Motion, are attached as Exhibit B to the concurrently-filed declaration of William Litvak. As set forth therein, four of the City's attorneys and one paralegal spent a total of 122.3 hours performing services in connection with Defendants' appeal. (Decl. Litvak, ¶ 9.) To wit, Brandon Sanchez spent a total of 15.3 hours

reviewing Appellants' Opening Brief and conducting legal research of the issues presented therein; William Litvak spent a total of 65.9 hours drafting the Respondent's Brief and conducting legal research; Eric Markus spent 3.9 hours reviewing and revising the Respondent's Brief; Ronal Alvarado spent a total of 12.8 hours performing less-intensive tasks, including calendaring and preparing the Respondent's Brief for filing and service; and Sarah Edmiston spent a total of 24.4 hours reviewing the appellate briefing, preparing for and attending oral argument.

**a. The Rates Requested by Plaintiff's Counsel Are Reasonable**

"The reasonable market value of the attorney's services is the measure of a reasonable hourly rate. This standard applies regardless of whether the attorneys claiming fees charge nothing for their services, charge at below-market or discounted rates, represent the client on a straight contingent fee basis, or are in-house counsel." (*Center for Biological Diversity v. County of San Bernardino* (2010) 188 Cal.App.4th 603, 619 [internal citation and quotations omitted].)

Mr. Litvak has been a licensed attorney for approximately 45 years, and has extensive litigation experience specializing in business, commercial, real estate, professional, and municipal litigation, including and especially complex land use and zoning issues on behalf of governmental entities. Mr. Litvak is the managing partner of DRL and serves as chief trial counsel. Under Mr. Litvak's guidance, DRL has been awarded the highest "AV" rating by Martindale Hubble. Mr. Litvak has also been recognized by SuperLawyers magazine as one of the top business litigation attorneys in Los Angeles for the years 2005-2006, 2008-2010, and 2016-2025. Mr. Litvak's current standard billing rate is $850.00 per hour. (Decl. Litvak, ¶ 7.)

Mr. Sanchez is a former DRL partner with more than 12 years' experience in municipal litigation; he is presently a partner at Burke, Williams & Sorensen, LLP. While employed at DRL, Mr. Sanchez's time was billed at an hourly rate of $400.00. (*Id.*, ¶ 10.)

Mr. Markus is a partner at DRL with almost 14 years of municipal litigation experience. Mr. Markus has handled more than 15 appeals similar to the one at issue in this case, including several cases resulting in published, favorable decisions. Mr. Markus presently bills DRL's non-governmental clients at an hourly rate of $650.00. (*Id.*, ¶ 11.)

Mr. Alvarado is a certified paralegal with more than three years of litigation experience. (*Id.*, ¶ 12.)

Ms. Edmiston is an associate at DRL in her first year of practice. DRL presently bills its non-government clients $350.00 per hour for Ms. Edmiston's time. (*Id.*, ¶ 13.)

Notwithstanding the standard hourly rates charged by the City's counsel to their non-public entity and individual clients, counsel currently bills the City at a reduced rate of $250 per hour for attorney time and $185 for paralegal time. (*Id.*, ¶ 6.) With that in mind, the City respectfully requests an award of $29,743.00 as and for its reasonable attorneys' (calculated as the sum of $27,375.00 for attorney time ($250.00 x 109.5 hours) plus $2,368.00 for paralegal time ($185 x 12.8 hours). (Markus Decl., ¶ 20.)

### 3. **<u>The City is Entitled to the Reimbursement of the Reasonable Attorneys' Fees Incurred in Connection With this Motion.</u>**

A motion for attorney fees may include the time taken by the attorney in preparing the motion, replying to the objections and appearing for the hearing. (See *Exxess Electronixx v. Heger Realty Corp.* (1998) 64 Cal.App.4th 698.)

Mr. Markus spent five hours drafting this Motion and revising the Declaration of William Litvak. (Decl. Litvak, ¶ 15.) Ms. Edmiston spent four hours reviewing DRL's files on this matter and drafting the Declaration of William Litvak. (*Ibid.*) Mr. Litvak also spent half an hour reviewing these documents prior to the time they were filed. (*Ibid.*)

Accordingly, in addition to the fees sought in connection with Defendants' appeal, the City requests an additional $2,375 [attorney time at $250.00 x 9.5 hours], for a total award of no less than $32,118.00.

## IV.

## CONCLUSION

The City was forced to expend substantial public resources to defend the Court's Preliminary Injunction against Defendants' meritless appeal. As fees are available on appeal when available in the trial court, the City is entitled to an award of its reasonable appellate attorneys' fees as the prevailing party. Accordingly, the City respectfully requests that this Court

grant this Motion and award reasonable appellate attorneys' fees in an amount no less than $32,118.00.

Respectively submitted,

DAPEER, ROSENBLIT & LITVAK, LLP

Dated: August 1, 2025

By: ______________________

William Litvak
Eric P. Markus
Attorneys for Plaintiff
CITY OF DIAMOND BAR

Journal Technologies Court Portal

# Make a Reservation

CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.

Case Number: 23PSCV02124 Case Type: Civil Unlimited Category: Injunctive Relief Only (not domestic/harassment)

Date Filed: 2023-07-14 Location: Pomona Courthouse South - Department G

## Reservation

Case Name:
CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.

Case Number:
23PSCV02124

Type:
Motion for Attorney Fees

Status:
RESERVED

Filing Party:
City of Diamond Bar, a municipal corporation (Plaintiff)

Location:
Pomona Courthouse South - Department G

Date/Time:
09/08/2025 8:30 AM

Number of Motions:
1

Reservation ID:
590283610761

Confirmation Code:
CR-44CI8WDUGPHRXNTKR

## Fees

| Description | Fee | Qty | Amount |
|---|---|---|---|
| Motion for Attorney Fees *** Fees Exempted by Gov Code 6103.1 *** | 0.00 | 1 | 0.00 |
| TOTAL | | | **$0.00** |

## Payment

Amount:
$0.00

Type:
GOVT_EXEMPT

Account Number:
n/a

Authorization:
n/a

Payment Date:
n/a

Print Receipt | + Reserve Another Hearing | View My Reservations

Chat

**PROOF OF SERVICE**

At the time of this service I was over 18 years of age and I was not a party to this action. My business address is 11500 West Olympic Boulevard, Suite 550, Los Angeles, California 90064. On August 1, 2025, I served the following documents ("Documents"):

1. **PLAINTIFF CITY OF DIAMOND BAR'S NOTICE OF MOTION AND MOTION FOR APPELLATE ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
2. **DECLARATION OF WILLIAM LITVAK IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**
3. **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**

The Documents were served on the following persons ("Persons"):

| | |
|---|---|
| John Zhong<br>In Pro Per<br>16196 Westridge Knolls,<br>Chino Hills, Ca 91709<br>E: info@zhongtax.com | Catherine Li<br>In Pro Per<br>16196 Westridge Knolls,<br>Chino Hills, CA 91709<br>E: info@zhongtax.com |

The Documents were delivered by:

☒ **United States Mail.** I served the Documents by enclosing a true copy in a sealed envelope addressed to the Persons at the addresses identified above and depositing the envelope in the United States mail with the postage fully prepaid in the county where I reside or am employed.

☒ **By Electronic Transmission – One Legal.** I caused an electronic version of the documents to be submitted to the Superior Court of California and thereafter caused an electronic version to be served to the persons in the above service list via the litigation support service One Legal. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 1, 2025

Erika Rupp

William Litvak (SBN 90533)
Eric P. Markus (SBN 281971)
Sarah Edmiston (SBN 356745)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Telephone: (310) 477-5575
Facsimile: (310) 477-7090

Attorneys for Plaintiff,
CITY OF DIAMOND BAR

**EXEMPT FROM FILING FEE – GOV. CODE § 6103**

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES—EAST JUDICIAL DISTRICT**

| | |
|---|---|
| CITY OF DIAMOND BAR, a municipal corporation,<br><br>Plaintiff,<br><br>v.<br><br>JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,<br><br>Defendants. | Case No. 23PSCV02124<br>[*Assigned for all purposes to the Hon. Salvatore Sirna, Dept. G*]<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**<br><br>[Filed concurrently with Motion for Appellate Attorneys' Fees; Memorandum of Points and Authorities; Declaration of William Litvak]<br><br>Date: September 8, 2025<br>Time: 8:30 a.m.<br>Dept.: G<br>**Res. ID: 590283610761** |

//

//

TO DEFENDANTS JOHN ZHONG and CATHERINE LI:

Plaintiff City of Diamond Bar respectfully requests that this Court take judicial notice of the following matters in connection with its determination of Plaintiff's Motion for Appellate Attorneys' Fees:

1. Preliminary Injunction, dated December 8, 2023, and Tentative Ruling, dated December 6, 2023, in the matter of *City of Diamond Bar v. John Zhong, et al.*, LASC Case No. 23PSCV02124. A true and correct copy of the Preliminary Injunction and Tentative Ruling are attached hereto, collectively, as **Exhibit 1**. Judicial Notice is proper pursuant to Evidence Code section 452(d), which authorizes the Court to take judicial notice of "Records of (1) any court of this state of (2) any court of record of the United States or of any state in the United States."

2. Section 1.04.010 of the Diamond Bar Municipal Code. A true and correct copy of Diamond Bar Municipal Code section 1.04.010 is attached hereto as **Exhibit 2**. Judicial notice is proper pursuant to Evidence Code section 452(b), which authorizes the Court to take judicial notice of "Regulations and legislative enactments issued by or under the authority of the United States or any public entity in the United States."

Respectfully submitted,

Dated: August 1, 2025

DAPEER, ROSENBLIT & LITVAK, LLP

By: ______________________________

William Litvak
Eric P. Markus
Attorney for Plaintiff,
CITY OF DIAMOND BAR

# EXHIBIT 1

Electronically Received 12/07/2023 01:28 PM

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

FILED
Superior Court of California
County of Los Angeles
12/08/2023
David W. Slayton, Executive Officer / Clerk of Court
By: M. Vasquez Deputy

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—POMONA COURTHOUSE

CITY OF DIAMOND BAR, a municipal corporation,

Plaintiff,

v.

JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,

Defendants.

Case Number: 23PSCV02124
Action Filed: July 14, 2023

~~[REVISED PROPOSED]~~
**ORDER GRANTING PRELIMINARY INJUNCTION**

Judge: Hon. Salvatore Sirna
Dept.: G

# ORDER GRANTING PRELIMINARY INJUNCTION

Plaintiff City of Diamond Bar's Preliminary Injunction Motion came on for hearing on Thursday, December 7, 2023, at 8:30 a.m. in Department G of the above-captioned court, the Honorable Salvatore Sirna presiding. All appearances were as noted in the Court's record. The Court has considered all documents and evidence filed in support of and in opposition to the motion, the argument of counsel at the hearing, and all other matters properly before the Court, and good cause appearing for the issuance of a preliminary injunction, the City's Preliminary Injunction Motion is hereby GRANTED.

THEREFORE, IT IS HEREBY ORDERED that Defendants John Zhong and Catherine Li ("Defendants"), and all of their agents, employees, servants, successors, or assigns, or anyone acting on their behalf or in concert with them, are hereby enjoined and prohibited during the pendency of this action from the following acts or omissions related to the real property located at 24311 Knoll Court, Diamond Bar, California 91765, Assessor Parcel Number 8713-046-018 ("Subject Property"):

1. Using, occupying, or maintaining the Subject Property in a manner that violates City of Diamond Bar Municipal Code.
2. Using, listing, renting, or advertising the Subject Property for short-term rental activity.
3. Conducting any business in the City without first having obtained a business license or having paid the applicable business license fee.

IT IS FURTHER ORDERED, incidental to and in furtherance of the foregoing injunctions, that Defendants must do the following within 10 days following service of this preliminary injunction order:

1. Cancel all future reservations for the Subject Property as a short-term rental.
2. Remove all advertising, whether via the Internet or otherwise, of the Subject Property as a short-term rental.

IT IS SO ORDERED.

Dated: 12/08/2023

[signature]

Hon. Salvatore Sirna
JUDGE OF THE SUPERIOR COURT
Salvatore Sirna / Judge

## DEPARTMENT G LAW AND MOTION RULINGS

The Court may change tentative rulings at any time. Therefore, counsel are advised to check this website periodically to determine whether any changes or updates have been made to the tentative ruling. Counsel may submit on a tentative ruling by calling the clerk in Department G at (909) 802-1104 prior to 8:30 a.m. the morning of the hearing.

---

**Case Number:** 23PSCV02124 **Hearing Date:** December 7, 2023 **Dept:** G

**Plaintiff City of Diamond Bar's Motion for Preliminary Injunction**

Respondent: NO OPPOSITION

### TENTATIVE RULING

**Plaintiff City of Diamond Bar's Motion for Preliminary Injunction is GRANTED.**

### BACKGROUND

This is a nuisance abatement action. Defendants John Zhong and Catherine Li are the alleged owners of real property on Knoll Court in Diamond Bar. From March 2022 to present, the City of Diamond Bar (the City) alleges Zhong and Li have been utilizing the Diamond Bar property for short-term rentals in violation of Diamond Bar Municipal Code section 22.08.030. The City alleges that despite multiple notices of violation, Zhong and Li have failed to comply.

On July 14, 2023, the City filed a complaint against Zhong, Li, and Does 1-50, alleging (1) public nuisance and (2) public nuisance per se.

On October 27, 2023, the City filed the present motion. A hearing on the City's motion is set for December 7 along with a case management conference.

### REQUESTS FOR JUDICIAL NOTICE

The City's requests for judicial notice of the Knoll Court property's grant deed, Diamond Bar Municipal Code provisions, and prior filings in the present action are **GRANTED.**

### ANALYSIS

The City seeks a preliminary injunction to enjoin Zhong and Li from continuing to operate a short-term rental at the Knoll Court property in violation of Diamond Bar Municipal Code. For the following reasons, the court **GRANTS** the City's motion.

#### Legal Standard

"[A] court will deny a preliminary injunction unless there is a reasonable probability that the plaintiff will be successful on the merits, but the granting of a preliminary injunction does not amount to an adjudication of the merits." (*Beehan v. Lido Isle Community Assn.* (1977) 70 Cal.App.3d 858, 866.) "The function of a preliminary injunction is the preservation of the status quo until a final determination of the merits." (*Ibid.*)

In evaluating a party's request for a preliminary injunction, courts consider "(1) how likely it is that the moving party will prevail on the merits, and (2) the relative harm the parties will suffer in the interim due to the issuance or nonissuance of the injunction." (*Dodge, Warren & Peters Ins. Services, Inc. v. Riley* (2003) 105 Cal.App.4th 1414, 1420.) "[T]he greater the . . . showing on one, the less must be shown on the other to support an injunction." (*Ibid*, quoting *Butt v. State of California* (1992) 4 Cal.4th 668, 678.) The balancing of

harm between the parties also "involves consideration of such things as the inadequacy of other remedies, the degree of irreparable harm, and the necessity of preserving the status quo." (*Husain v. McDonald's Corp.* (2012) 205 Cal.App.4th 860, 867, quoting *Abrams v. St. John's Hospital & health Center* (1994) 25 Cal.App.4th 628, 636.)¿The burden of proof is on the plaintiff as the moving party "to show all elements necessary to support issuance of a preliminary injunction." (*O'Connell v. Superior Court* (2006) 141 Cal.App.4th 1452, 1481.)

But "[w]here a governmental entity seeking to enjoin the alleged violation of an ordinance which specifically provides for injunctive relief establishes that it is reasonably probable it will prevail on the merits, a rebuttable presumption arises that the potential harm to the public outweighs the potential harm to the defendant. If the defendant shows that it would suffer grave or irreparable harm from the issuance of the preliminary injunction, the court must then examine the relative actual harms to the parties." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 72 (internal footnote omitted).)

**Discussion**

In this case, the City argues Zhong and Li are operating a short-term rental in violation of Diamond Bar Municipal Code (DBMC). Pursuant to DBMC section 22.04.020, subdivision (h), "[i]f a proposed use of land is not specifically listed in article II (Zoning Districts and Allowable Land Uses), the use shall not be allowed" unless it involves similar or equivalent use. Any violation of the DBMC is "deemed a public nuisance and may be abated by the city by any lawful means, including but not limited to administrative abatement proceedings, cost recovery proceedings pursuant to section 22.78.070, restraining order or injunction." (DBMC, § 1.04.010, subd. (e).)

According to Greg Gubman, the director of the City's Community Development Department, the Knoll Court property is zoned as "Low Density Residential." (Gubman Decl., ¶ 4.) Pursuant to DBMC section 22.08.030, operation of a short-term rental is not one of the approved uses for this type of zoning district. Furthermore, DBMC section 5.08.050 specifically prohibits the operation of short-term rentals in Diamond Bar. The DBMC defines a short-term rental as "[t]he use of any dwelling unit, or any portion thereof, for short-term occupancy" which it defines as "[t]he use or possession, or right to use or possess, of any portion of a dwelling unit, room or rooms offered for remuneration for dwelling, lodging or sleeping purposes for a period of less than 30 days." (DBMC, § 22.80, subd. (s).)

Here, Ronnie Ramirez, a code enforcement officer for the City, provided a declaration stating Ramirez first cited Zhong and Li for operating a short-term rental at the Knoll Court property on March 10, 2022. (Ramirez Decl., ¶ 5.) Subsequently, Ramirez states Zhong and Li continued to operate the Knoll Court property as a short-term rental on Airbnb and that Ramirez issued another citation for such violations on January 12, 2023. (Ramirez Decl., ¶ 7.) On October 23, Ramirez found another advertisement for the Knoll Court property on Airbnb and states Zhong and Li continue to operate the Knoll Court property as a short-term rental. (Ramirez, ¶ 9-11.)

Based on the testimony of Ramirez, the court finds it is likely the City will be able to prevail on the merits and establish Zhong and Li have been operating a short-term rental at the Knoll Court property in violation of the DBMC. And because the DBMC authorizes the use of injunctive relief to enjoin violations of the DBMC as public nuisances, the court finds the City is entitled to the presumption that the potential harm to the City outweighs any potential harms to Zhong and Li. Accordingly, because Zhong and Li have failed to rebut this presumption with any timely opposition, the court finds the City is entitled to a preliminary injunction and **GRANTS** the City's motion.

**CONCLUSION**

Based on the foregoing, the City's motion for a preliminary injunction is **GRANTED.** Defendants Zhong and Li are enjoined from continuing to operate a short-term rental at the Knoll Court property in violation of the Diamond Bar Municipal Code.

Plaintiff to submit an order consistent with this ruling.

# EXHIBIT 2

Sec. 1.04.010. - Classification of offenses.

No person shall violate any provision or fail to comply with any requirement or condition of this Code, or of any permit, license, approval or entitlement granted or issued pursuant to the provisions of this Code. Such violations are punishable as follows:

(a) *Misdemeanor.* Any person violating any provision or failing to comply with any requirement or condition of this Code, or of any permit, license, approval or entitlement granted or issued pursuant to the provisions of this Code, shall be guilty of a misdemeanor unless such violation or failure to comply is expressly designated in this Code as an infraction or is expressly subject to a civil administrative penalty pursuant to subsection (d) of this section. Any person convicted of a misdemeanor under the provisions of this Code shall be punishable by a fine of not more than $1,000.00 or by imprisonment in the county jail for a period not exceeding six months, or by both such fine and imprisonment. Each such person shall be guilty of a separate offense for each and every day during any portion of which any violation of the same provision of this Code is committed, continued or permitted by such person, and shall be punished accordingly.

(b) *Infraction.* Any person violating any provision or failing to comply with any requirement or condition of this Code, or of any permit, license or entitlement granted or issued pursuant to the provisions of this Code expressly designated in this Code as an infraction shall be guilty of an infraction. Except as otherwise provided in this Code, any person convicted of an infraction shall by punishable by a fine of: (1) $100.00 for the first violation, (2) $200.00 for the second violation of the same provision of this Code within a 12-month period, and (3) $500.00 for a third or more violations of the same provision of this Code within a 12-month period. Each such person shall be guilty of a separate offense for each and every day during any portion of which any violation of the same provision of this Code is committed, continued or permitted by such person, and shall be punished accordingly.

A person charged with an infraction shall not be entitled to have the public defender or other counsel appointed at public expense to represent him or her unless he or she is arrested and not released on his or her written promise to appear, on his or her own recognizance, or a deposit of bail.

(c) *Reclassification of offenses.* A violation of this Code classified as a misdemeanor may be charged as an infraction when:

(1) The prosecutor files a complaint charging the offense as an infraction; or

(2) The court, on motion of the prosecutor and with the consent of the defendant, determines to treat a misdemeanor offense as an infraction, in which event the case will proceed as if the defendant had been arraigned on an infraction complaint.

(d) *Code violations subject to civil administrative penalty procedure.* The offenses described in the chapters and sections of this Code set forth below shall be subject to the civil administrative penalty procedure set forth in sections 1.04.030 through 1.04.190 of this Code:

UBC Section 3152B, Pool enclosure; Required Characteristics.

The provisions of the following Chapters of Title 6 (Animals):

Chapter 6.00 (General Provisions);

Chapter 6.08 (Dogs);

Chapter 6.12 (Cats);

Chapter 6.16 (Licenses for Animals Other than Dogs and Cats);

Chapter 6.20 (Animals Running at Large);

Chapter 6.24 (Impoundment); and

Chapter 6.28 (Feeding of Certain Rodents and Predator Animals).

8.12.1660, Prohibited storm water and pollution control activities.

10.12.140, Cleaning of sidewalks.

22.34.030(a), Storage in front yard/side yard abutting a street.

22.34.030(b), Vehicle parking.

22.34.030(c), Structure maintenance.

22.34.030(d), Landscape maintenance.

22.34.030(e), Fence and wall maintenance.

22.34.030(f), Temporary erosion control.

22.34.040(a), Storage in yards.

22.34.040(b), Storage in garages and carports.

22.34.040(c), Motor vehicle parking.

22.34.040(d), Structure maintenance.

22.34.040(e), Landscape maintenance.

22.34.040(f), Fence and wall maintenance.

22.34.040(g), Maintenance of parking and similar areas.

22.34.040(h), Temporary erosion control.

22.34.050(a), Storage in yards.

22.34.050(b), Motor vehicle parking.

22.34.050(c), Structure maintenance.

22.34.050(d), Landscape maintenance.

22.34.050(e), Fence and wall maintenance.

22.34.050(f), Temporary erosion control.

22.34.050(g), Maintenance of parking and similar areas.

22.34.060(a), Storage in yards.

22.34.060(b), Motor vehicle parking.

22.34.060(c), Structure maintenance.

22.34.060(d), Landscape maintenance.

22.34.060(e), Fence and wall maintenance.

22.34.060(f), Maintenance of parking and similar areas.

22.34.060(g), Temporary erosion control.

22.36.050(4), Temporary signs limited by size and period of display.

22.36.050(5), Temporary signs placed upon public property.

22.36.080, Prohibited signs.

Any person who is adjudicated to have violated or failed to comply with the same provision of any of the sections of this Code set forth above in this paragraph (d) more than three times within a 12-month period shall be guilty of a misdemeanor for each violation of the same provision committed thereafter within that same 12-month period. Any person who violates or fails to comply with any of the sections of this Code set forth in this paragraph (d) and who possesses no photo identification or refuses to identify himself/herself to an enforcement officer, making it impossible to issue an administrative citation, shall be guilty of a misdemeanor.

(e) *Public nuisance.* In addition to the penalty provisions set forth in paragraphs (a), (b), (c), and (d) of this section, any condition, use or activity caused or permitted to exist in violation of the provisions of this Code or in violation of any permit, license, approval or entitlement shall be deemed a public nuisance and may be abated by the city by any lawful means, including but not limited to administrative abatement proceedings, cost recovery proceedings pursuant to section 22.78.070, restraining order or injunction. Attorney's fees, expert fees, and court costs shall be awarded to the prevailing party in any action taken by the city to abate a public nuisance pursuant to this section and/or chapter 22.78 of this Code if, and only if, the city seeks the award of attorney's fees and court costs at the initiation of such legal action or proceeding. The attorney's fees recoverable pursuant to this section shall be limited to the reasonable attorney's fees incurred by the city in the legal action or proceeding, regardless of the actual cost of any party's attorney's fees.

(f) *Prohibited acts.* Whenever this Code makes any act or omission unlawful, that unlawful act or omission includes causing, permitting, maintaining, aiding, abetting, suffering or concealing that act or omission.

(Ord. No. 13(1999), § 1, 11-2-99; Ord. No. 04(2003), § 1, 11-4-03; Ord. No. 08(2012), § 1, 5-1-12; Ord. No. 03(2016), § 1, 2-2-16)

# PROOF OF SERVICE

At the time of this service I was over 18 years of age and I was not a party to this action. My business address is 11500 West Olympic Boulevard, Suite 550, Los Angeles, California 90064. On August 1, 2025, I served the following documents ("Documents"):

1. **PLAINTIFF CITY OF DIAMOND BAR'S NOTICE OF MOTION AND MOTION FOR APPELLATE ATTORNEYS' FEES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
2. **DECLARATION OF WILLIAM LITVAK IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**
3. **PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR APPELLATE ATTORNEYS' FEES**

The Documents were served on the following persons ("Persons"):

John Zhong
In Pro Per
16196 Westridge Knolls,
Chino Hills, Ca 91709
E: info@zhongtax.com

Catherine Li
In Pro Per
16196 Westridge Knolls,
Chino Hills, CA 91709
E: info@zhongtax.com

The Documents were delivered by:

☒ **United States Mail.** I served the Documents by enclosing a true copy in a sealed envelope addressed to the Persons at the addresses identified above and depositing the envelope in the United States mail with the postage fully prepaid in the county where I reside or am employed.

☒ **By Electronic Transmission – One Legal.** I caused an electronic version of the documents to be submitted to the Superior Court of California and thereafter caused an electronic version to be served to the persons in the above service list via the litigation support service One Legal. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: August 1, 2025

Erika Rupp

# EXHIBIT J

JOHN ZHONG, IN PRO PER
CATHERINE LI, IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ZHONG, AN INDIVIDUAL<br><br>CATHERINE LI, AN INDIVIDUAL<br><br>Defendants | Case No.: 23PSCV02124<br><br>NOTICE OF MOTION AND MOTION TO RECONSIDER TO EXPUNGE PLAINTIFF'S LIS PENDENS AGAINST DEFENDANTS' PROPERTY NOT RELATED TO ZONING<br><br>JUDGE: SALVTORE SIRNA<br>DEPT: G<br>DATE: MARCH 20, 2024 8:30AM<br>RESERVATION ID: 048526873732 |

NOTICE OF MOTION AND MOTION TO RECONSIDER TO EXPUNGE PLAINTIFF'S LIS PENDENS AGAINST DEFENDANTS' PROPERTY NOT RELATED TO ZONING

NOTICE OF MOTION

To All Parties:

Please take a notice that defendants on MARCH 20TH, 2024 at 8:30 am will move this court to reconsider to remove Plaintiff's Notice of Pendency of Action (LIS PENDENS) filed in County Clerk Office against Defendants' Property Located in 24311 Knoll Court in City of Diamond Bar.

This motion will be based on this notice, the California Court of Rules, the answer to Plaintiff's complaint, all the documents filed in this case, government code 65908 and the following memorandum points and authorities.

Date: February 20th, 2024

John Zhong, Defendant In Pro Per.

Catherine Li, Defendant In Pro Per.

MOTION TO RECONSIDER TO EXPUNGE PLAINTIFF'S LIS PENDENS AGAINST DEFENDANTS PROPERTY LOCATED IN 24311 KNOLL COURT IN CITY OF DIMOND BAR RECORDED IN LOS ANGELES COUNTY CLERK OFFICE

**STATEMENT OF THE FACT**

**1.** The Plaintiff, City of Diamond Bar, has initiated two Nuisance claims, Public Nuisance and Nuisance per se against the Defendants, John Zhong and Catherine Li, who are owners of a property situated at 24311 Knolls Court within the City of Diamond Bar, Los Angeles County. The basis of the claims is rooted in the Defendants' utilization of Airbnb for short-term rentals, which the Plaintiff contends to be a source of nuisance. The Defendants raised objections in the answer to the complaint.

**2.** The core issue in this case revolves around the Defendants' engagement in short-term rentals through Airbnb. Defendants argue that such activities are lawful business practices protected by the constitutional principles of interstate commerce. In contrast, the Plaintiff has enacted a local ordinance, specifically DBMC section 22.08.030, to classify short-term rentals as unlawful. The Defendants claimed that this ordinance infringes upon the constitutionally guaranteed free trade of interstate commerce which is unlawful.

3. At the core of this dispute is the Defendants' use of Airbnb for short-term rentals, and the Plaintiff's allegations of nuisance. The Defendants assert that such rentals are constitutionally protected under interstate commerce. They argue that the Plaintiff's local ordinance, DBMC section 22.08.030, which outlawing short-term rentals, could potentially infringe upon the constitutional safeguard of free trade and interstate commerce.

4. While the Case is pending in this Court, Plaintiff recorded a notice called: Notice of Pendency of Action (Lis Pendens) in Los Angeles County Clerk's office. See Exhibit A. This

Lis Pendens make Defendants unable to resolve the controversial through the means of sales of the property and intrude the privacy of Defendants.

7. Defendants contend that the Lis Pendens is Lack of Valid Legal Claim, violating the California Government Code section 65908 since the controversial property of Defendants are not zoning related issue. Plaintiff is in bad faith and lack of relevance to the property from the following Legal Points and Memorandum.

8. Pursuant to Government Code Section 65908 subdivision(b), (b) Any notice of pendency of action or proceeding filed pursuant to subdivision (a) may, upon motion of a party to the action or proceeding, be vacated upon an appropriate showing of need therefor by an order of a judge of the court in which the action or proceeding is pending. Here Defendants are moving the court to expunge the Lis Pendens based on this section.

9. Defendants has filed the motion to vacate this Lis Pendens on the previous motion on October 9th, 2023. This Court has overruled the Defendants motion based on the Government Code Section 65908. However, Defendants contend that the Section has been erroneously applied since the enforcing of the government agency should be an issue of Zoning.

Here the nuisance claims, and injunction sought are not zoning related. Therefore, Defendants request this court to reconsider the ruling of the overrule of the Defendants motion to Vacate the Lis Pendens of Plaintiff.

**Memorandum of Legal Points and Authorities**

**I. California Government Code Section 65908 is violated by Plaintiff.**

*CA Govt Code § 65908 (2017) States*

*(a) Any agency which institutes a judicial action or proceeding to enforce **zoning** regulations may file a notice of the pendency of the action or proceeding in the county recorder's office of the county where the property affected by the action or proceeding is situated.*

Here, Though the law allows any agency my file notice of Pendency of the action or proceeding in the county recorder's office, The proceeding should be enforce a zoning regulation.

What is **Zoning** by the California Law?

Zoning regulations are laws that dictate how land can be used in a particular area. These regulations are created by local governments to ensure that land is used in a way that is consistent with the community's needs and goals. Zoning regulations can cover a wide range of issues, including building height and lot size. CHEVRON v. COUNTY OF MONTEREY (70 Cal. App. 5th 153 (2021)), PEOPLE v. VENICE SUITES (71 Cal. App. 5th 715 (2021)), SCHREIBER v. CITY OF LOS ANGELES (69 Cal. App. 5th 549 (2021)). KRACKE v. CITY OF SANTA BARBARA (63 Cal. App. 5th 1089 (2021))

Here Defendants not following the rules of the City regarding the short-term rental are not zoning issues based on the above definition in law and in case law. Also, Plaintiff's claim that the short term rental and nuisance are two independent issue, they do not necessarily have any connection. Plaintiff' statement that "Defendants admit they own and operate a short-term

rental is all the city needs to prove in order to prevail…" ( page 3 Line 7-8 of the Plaintiff's objection to Defendants motion) are not rational and ridiculous in logic and has no merit in law. Just like the case Chevron v. County of Monterey (2021), which dealt with planning and zoning. The court held that the county's zoning ordinance was invalid because it should be consistent with the county's general plan. The court also held that the county's zoning ordinance was not a valid exercise of the county's police power because it was not reasonably related to public health, safety. Here it is the same that Plaintiff, City of Diamond bar and its ordinance violate the constitution to enforce the short-term rental invalid and it is not reasonably related to the public health, safety.

The Key important issue here is that Defendants short term rental is not a zoning issue. Therefore, the Government Code Section 65908(a) was wrong applied here to allow the plaintiff to file Lis Pendens.

**II. Plaintiff is in Bad Faith Filing and Malicious use of filing Lis Pendens.**

The discovery of the Lis pendens filing has revealed indications of bad faith on the part of the filing party. This filing has been executed with a conspicuous intent to abuse the Lis pendens process, employing it as a tool to unjustly burden the Property without legitimate legal grounds. The pertinent legal landscape, as established by case law, underscores that this course of action constitutes a misuse of the Lis pendens mechanism. It is clear that plaintiff intentionally used Lis Pendens as a tool to burden Defendants Property without legitimate legal grounds. This action constitutes a misuse of the Lis Pendens Mechanism.

Numerous judicial precedents emphasize that the Lis pendens instrument must be wielded in a responsible and justified manner. In Linton v. Cook, 154 Cal. App. 3d 653 (1984), **the court underscored that Lis pendens is intended to protect bona fide purchasers and those with legitimate interests in the property, not as a strategy to encumber property unjustly**. This principle reinforces the notion that the filing party must have a valid claim and substantial justification for resorting to the Lis pendens process. Plaintiff here, without a valid claim and without justification, is using the Lis Pendens strategy to encumber property unjustly.

The case of Smith v. Johnson, 94 Cal. App. 4th 155 (2001), further elucidated that the Lis pendens mechanism is not a tool for vexatious litigants seeking to cloud property titles arbitrarily. Instead, it should be pursued with due consideration of the merits of the underlying claims. The court emphasized that any filing in bad faith undermines the integrity of the Lis pendens process and violates the principles of fair play. **Here Plaintiff, without a legal merit of the claim, uses the Lis Pendens as a tool for complicated litigants and already clouded Defendants Property titles.**

In the present situation, Plaintiff actions indicate a disregard for the principles delineated in the cases. The commencement of the lawsuit and subsequent Lis pendens filing appear to have been undertaken with malicious intent, failing to align with the established legal standards for the appropriate use of the Lis pendens process.

As such, the circumstances at hand align with case law interpretations that view the misuse of Lis pendens as a breach of its intended purpose. The present filing's apparent lack of valid justification and the adverse impact it imposes on the Property align with precedents that condemn such actions as contrary to the fundamental principles of fairness and legal ethics.

Considering the prevailing case law, the Lis pendens filing in this case demonstrates elements of bad faith and an inappropriate utilization of the mechanism. This improper use undermines the integrity of the legal process and the rights of property owners, calling for a thorough evaluation of its legitimacy within the context of established legal principles.

The plaintiff breaks the fundamental principles of fairness and legal ethics in this case and should be sanctioned.

**III. Plaintiff's Invalid Legal Claim sets Grounds for Lis Pendens Removal**

Plaintiff asserts two causes of actions: Public nuisance and public nuisance per se. Defendant vehemently objects to the allegations made by Plaintiff asserting that the Defendant's actions amount to a public nuisance or public nuisance per se.

The concept of public nuisance, as enshrined in both legal precedent and statutes, mandates that the alleged activity must ***persistently*** interfere with the use and enjoyment of land and property by the community at large. In addressing the parameters of public nuisance, California law consistently emphasizes the requirement of **ongoing and continuous interference** that materially hampers the rights of others. Here plaintiff only raised several examples of noise and parking and concluded it is public nuisance and omitted the elements of public nuisance of persistent and ongoing. These elements do not exist in Plaintiff's allegation.

In this case CHEVRON v. COUNTY OF MONTEREY 70 Cal. App. 5th 153 (2021) highlighted the essential nature of continuous interference in public nuisance claims. The court articulated that the essence of a public nuisance hinges on the substantial and continuous intrusion that disrupts the legitimate use and enjoyment of the affected community's land and property. Defendants assert that the *sporadic instances* of parking and noise, as **isolated**

**occurrences, do not meet** the threshold of continuous interference demanded by the doctrine of public nuisance.

Furthermore, the California Civil Code § 3479, which defines nuisance, underscores the persistent nature of the interference, wherein the offending activity must be of such character that it substantially impedes the rights of others in their use and enjoyment of their property. The **intermittent and limited instances of noise and parking disruptions accompanying Defendant's short-term rental through Airbnb do not align with the criteria established in Boomer and the statutory definition of nuisance.**

In evaluating whether the actions of Defendant substantively infringe upon health and property rights, it is imperative to ascertain whether there exists a genuine nexus between Defendant's conduct and the alleged injuries. Plaintiff's assertion of health concerns in relation to Defendants' short-term rental activities requires a **careful evaluation of empirical evidence** and legal precedents. There is no proof of this claim.

In Wilkinson v. Downton, [1897] 2 Q.B. 57, the court emphasized that a defendant's actions causing mental distress or emotional harm do not necessarily constitute a legal nuisance **unless** there is evidence of an **intentional act** aimed at inflicting distress. In the context of property rights and health concerns, California courts have consistently upheld the notion that sporadic and isolated instances of noise or parking inconveniences, in the absence of consistent and continuous interference, do not meet the requisite threshold for a public nuisance claim.

Defendants' Airbnb short-term rental activity does not consistently interfere with the legitimate use of land and property of neighbors. Defendants' activity of short-term rental even generated noise and parking issues and that are not the intention of Defendants. There exists no

empirical evidence demonstrating a continuous pattern of interference or any substantiated injuries to health because of Defendants' actions. Moreover, there is no record of any cases wherein Defendants' rental activity has caused demonstrable injury to individuals.

In light of these legal principles and the absence of substantiated claims of continuous interference or genuine harm to health, Defendants actions of rental do not constitute a public nuisance or public nuisance per se. The evidence and legal precedents overwhelmingly demonstrate that the elements of a public nuisance claim are not met in this case, underscoring the absence of a valid legal basis for such allegations.

**In summary of the above, Plaintiff's nuisance claim has no legal merit and sets grounds to remove the Lis Pendens.**

**IV. Plaintiff has no legitimate interest in Defendants Property.**

In the current context, the causes of action laid out in the underlying lawsuit appear to deviate from the yardsticks set by the case law. The inability to establish a robust nexus between the Property and the core subject matter of the lawsuit resonates with the precedents' insistence on the imperativeness of a solid legal foundation. As emphasized in **Smith v. Johnson**, 94 Cal. App. 4th 155 (2001), the invocation of a Lis pendens **should never** be permitted to bolster claims that lack legal credibility or substantial reasoning.

Here not only Plaintiff's claim has no legal credibility, but Plaintiff wants to bolster the claim using Lis Pendens.

The cardinal principle derived from these legal authorities asserts that the Lis pendens mechanism must be invoked exclusively for claims that substantively **intersect with the**

**property in question and are buttressed by sound legal rationale**. The absence of such substantiation, glaringly evident in the present case, mirrors the skepticism underscored by case law when it comes to upholding Lis pendens in circumstances where legitimate legal claims remain unestablished. Because Plaintiff has no legal interest in Defendants' property, the **relationship between the Lis Pendens and the property is not established.**

In light of the firmly established legal benchmarks, it becomes unmistakably evident that the causes of action laid out in the underlying lawsuit fall short of meeting the threshold for a valid legal claim that would justify the imposition of the Lis pendens encumbrance on the Property. The insistent emphasis of case law on the significance of robust legal foundations and meritorious claims distinctly underscores the imperative nature of pursuing the removal of the Lis pendens in the prevailing circumstances.

**III. Plaintiff's Lis Pendens Lacks of Pertinence to the Property and should be removed.**

A thorough analysis of the claims put forth in the lawsuit, as informed by pertinent case law, makes apparent the absence of any substantial nexus between the litigated claims and the Property located at 24311 Knoll Court. The Lis pendens, in failing to satisfy the requisite criterion of relevance to the subject property, falls short of maintaining its justifiability and becomes inherently prejudicial to the rightful interests of the property owner.

Drawing from relevant legal precedents, including Johnston v. West Coast Prods. Co., 22 Cal. 2d 263 (1943), it is evident that a Lis pendens must **bear direct relevance to the property** in question, ensuring that the litigation's outcome could potentially affect the rights or interests associated with that property. Similarly, in Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th

26 (1998), the court highlighted the necessity of a tangible connection between the Lis pendens and the subject property, underscoring the principle that a Lis pendens **should not be employed to encumber property in a manner unrelated to the ongoing litigation.**

**Here in this case, the law suite filed by Plaintiff is the act of Defendants Rental activity and not directly related to property.**

The litigation here is that Plaintiff wants to enforce Defendants to stop Airbnb short-term rental and not enforce the property itself to stop Airbnb short-term rental. The property is in a manner unrelated to the ongoing litigation.

Measured against these legal yardsticks, the claims subject to the Lis pendens scrutiny emerge as disparate from the Property at 24311 Knoll Court. The jurisprudential guidance emphasizes that a Lis pendens should not be invoked to obstruct property transactions that lack direct relevance to the central matter under litigation. **Kachlon v. Markowitz,** 168 Cal. App. 4th 316 (2008), explicitly underscores the necessity of preserving the Lis pendens remedy for circumstances where its connection to the subject property remains substantive and undeniable.

In light of these well-founded legal tenets and the case law jurisprudence, we earnestly implore your swift consideration in effecting the removal of the Lis pendens affiliated with the Property. The continued existence of the Lis pendens not only hampers legitimate property transactions but also stands contrary to the principles of equity, due process, and the fair application of the law, as exemplified by the rulings in cases such as **Stewart v. Vista Del Mar Child and Family Services,** 7 Cal. 5th 36 (2019).

Here, in order to resolve the controversial of the litigation, sale of the property maybe a option of Defendants. However, Lis Pendens will definitely impede property transactions. This action of Plaintiff devoid of direct relevance to the litigation subject matter.

Considering the legal insights provided by these authorities, we respectfully ask the court for expeditious consideration of the removal of the Lis pendens associated with the Property. The continued presence of the Lis pendens not only obstructs legitimate property transactions but also runs counter to the tenets of equity and due process, as reinforced by the legal principles set forth in cases such as summer v. Newman, 185 Cal. App. 3d 991 (1986).

## CONCLUSION

In light of the lack of relevance between the Underlying Lawsuit and the Property, as well as the legal precedents that underscore the necessity of a sound legal basis for maintaining a Lis pendens, **we implore the court to remove the encumbrance on the Property. We look forward to a swift and equitable resolution of this matter, ensuring the protection of my lawful property interests.**

**We pray the court to reconsider the overruling of Defendants motion to Expunge Plaintiff's malicious Lis Pendens and grant an order to remove the Lis Pendens from the County Clerk's Office.**

**Declaration of Defendants John Zhong and Catherine Li's Motion for Reconsideration of Lis Pendens Removal**

We, John Zhong and Catherine Li, hereby declare under penalty of perjury, in accordance with the laws of California, the following:

1. We are the Defendants in Pro Per in this case, and we are the property owners of 24311 Knoll Court, Diamond Bar, CA 91765 (hereinafter referred to as the "Property"). We are authorized to make this declaration on behalf of ourselves.
2. The purpose of this declaration is to seek the removal of the Lis pendens associated with the Property. The Lis pendens, recorded in Los Angeles County, was filed in conjunction with a lawsuit titled City of Diamond Bar v. John Zhong and Catherine Li pending in this court of County of Los Angeles] (hereinafter referred to as the "Underlying Lawsuit").
3. Upon a thorough review of the allegations presented in the Underlying Lawsuit, it is evident that there exists no valid connection between the claims being litigated in that lawsuit and the Property. The Lis pendens, which is meant to encumber the Property, fails to meet the fundamental requirement of relevance to the subject property, as stipulated by Smith v. Johnson, 94 Cal. App. 4th 155 (2001) and Linton v. Cook, 154 Cal. App. 3d 653 (1984). This lack of relevance renders the continued existence of the Lis pendens unjust and prejudicial to the lawful interests of the Property owners.
4. The principles of law governing Lis pendens removal, as articulated in Relevant Case e.g., Henderson v. Robb, 96 Cal. App. 2d 108 (1949), emphasize that a Lis pendens filing should only be maintained when it aligns with a meritorious and genuine legal claim

directly impacting the subject property. Furthermore, Leksi, Inc. v. Superior Court, 123 Cal. App. 4th 1014 (2004), underscores that a Lis pendens should not be employed as a mechanism to leverage weak or insubstantial claims. Instead, its purpose is to protect parties who have valid interests in the property at the heart of the dispute.

5. Based on the aforementioned reasons and the guiding legal principles, we respectfully request that the court promptly consider the removal of the Lis pendens associated with the Property. We firmly believe that the continued presence of the Lis pendens not only hampers legitimate property transactions but also contravenes the principles of fairness and due process, as established by Linton v. Cook, 154 Cal. App. 3d 653 (1984).

6. Under penalty of Perjury of the law of California, Defendants John Zhong and Catherine Li Declare that the above is true and correct to their knowledge and are willing to resolve and settle the controversy by selling the property after Plaintiff removes the Lis Pendens recorded in Los Angeles County.

Dated: February 22, 2024

John Zhong, Defendant in Pro Per.

Catherine Li, Defendant in Pro per

JOHN ZHONG, IN PRO PER
CATHERINE LI, IN PRO PER
16196 WESTRIDGE KNOLLS,
CHINO HILLS, CA 91709
Tel: 626-9913676
Fax: 626-768-7436
Email: info@zhongtax.com

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES, EAST JUDICIAL DISTRICT, POMONA COURTHOUSE

| | |
|---|---|
| CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION<br><br>Plaintiff,<br><br>vs.<br><br>JOHN ZHONG, AN INDIVIDUAL<br><br>CATHERINE LI, AN INDIVIDUAL<br><br>Defendants | Case No.: 23PSCV02124<br><br>NOTICE OF MOTION AND MOTION TO REMOVE PLAINTIFF'S LIS PENDENS AGAINST DEFENDANTS PROPERTY LOCATED IN 24311 KNOLL COURT IN CITY OF DIMOND BAR RECORDED IN LOS ANGELES COUNTY CLERK OFFICE<br><br>JUDGE: SALVTORE SIRNA<br>DEPT: G |

NOTICE OF MOTION AND MOTION TO REMOVE PLAINTIFF'S LIS PENDENS AGAINST DEFENDANTS PROPERTY LOCATED IN 24311 KNOLL COURT IN CITY OF DIMOND BAR RECORDED IN LOS ANGELES COUNTY CLERK OFFICE

NOTICE OF MOTION

To All Parties:

Please take a notice that defendants on OCTOBER 9TH, 2023 at 8:30 am will move this court to remove Plaintiff's Notice of Pendency of Action(LIS PENDENS) filed in County Clerk Office against Defendants' Property Located in 24311 Knoll Court in City of Diamond Bar.

This motion will be based on this notice, the California Court of Rules, the answer to Plaintiff's complaint and the following memorandum points and authorities.

Date: September 4th, 2023

John Zhong, Defendant In Pro Per

NOTICE OF MOTION AND MOTION TO REMOVE PLAINTIFF'S LIS PENDENS AGAINST DEFENDANTS PROPERTY LOCATED IN 24311 KNOLL COURT IN CITY OF DIMOND BAR RECORDED IN LOS ANGELES COUNTY CLERK OFFICE

**STATEMENT OF THE FACT**

**1.** The Plaintiff, City of Diamond Bar, has initiated two Nuisance claims against the Defendants, John Zhong and Catherine Li, who are owners of a property situated at 24311 Knolls Court within the City of Diamond Bar, Los Angeles County. The basis of the claims is rooted in the Defendants' utilization of Airbnb for short-term rentals, which the Plaintiff contends to be a source of nuisance. The Defendants raise objections concerning both the chosen venue and jurisdiction, asserting that the Plaintiff's initiation of these aspects is erroneous.

**2.** The core issue in this case revolves around the Defendants' engagement in short-term rentals through Airbnb. Defendants argue that such activities are lawful business practices protected by the constitutional principles of interstate commerce. In contrast, the Plaintiff has enacted a local ordinance, specifically DBMC section 22.08.030, to classify short-term rentals as unlawful. The Defendants maintain that this ordinance infringes upon the constitutionally guaranteed free trade of interstate commerce. This issue, deemed a Federal Issue, is deemed triable in Federal Court if legally contested. Hence, the Defendants assert that the Plaintiff's choice of court is incorrect and should be shifted to Federal Court.

**3.** While the Defendants reside at 16196 Westridge Knolls in Chino Hills, located within San Bernardino County, the Plaintiff has lodged the case in Los Angeles County. The Defendants contend that the Plaintiff's choice of venue is improper, and the case should be filed within San Bernardino County.

4. At the core of this dispute is the Defendants' use of Airbnb for short-term rentals, and the Plaintiff's allegations of nuisance. The Defendants assert that such rentals are constitutionally protected under interstate commerce. They argue that the Plaintiff's local ordinance, DBMC section 22.08.030, which outlaws short-term rentals, could potentially infringe upon the constitutional safeguard of free trade and interstate commerce.

5. Even if the Plaintiff's choice of venue and jurisdiction is correct, the Defendants assert that the allegations within the complaint lack legal merit. They deem the lawsuit frivolous and unsupported by valid legal arguments.

6. While the Case is pending in this Court, Plaintiff recorded a notice called: Notice of Pendency of Action ( Lis Pendens) in Los Angeles County Clerk's office. See Exhibit A. This Lis Pendens make Defendants unable to resolve the controversial through the means of sales of the aforementioned property.

7. Defendants contend that the Lis Pendens is Lack of Valid Legal Claim, in bad faith and lack of relevance to the property from the following Legal Points and Memorandum.

**Memorandum of Legal Points and Authorities**

**I. Plaintiff is in Bad Faith Filing and Misuse of Lis Pendens and therefore Lis Pendens should be removed.**

8. The discovery of the Lis pendens filing has revealed indications of bad faith on the part of the filing party. This filing has been executed with a conspicuous intent to abuse the Lis pendens process, employing it as a tool to unjustly burden the Property without legitimate legal grounds. The pertinent legal landscape, as estabLished by case law, underscores that this course of action constitutes a misuse of the Lis pendens mechanism. It is clear that plaintiff intentionally using Lis Pendens as a tool to burden Defendants Property without legitimate legal grounds. This action constitutes a misuse of the Lis Pendens Mechanism.

Numerous judicial precedents emphasize that the Lis pendens instrument must be wielded in a responsible and justified manner. In Linton v. Cook, 154 Cal. App. 3d 653 (1984), the court underscored that Lis pendens is intended to protect bona fide purchasers and those with legitimate interests in the property, not as a strategy to encumber property unjustly. This principle reinforces the notion that the filing party must have a valid claim and substantial justification for resorting to the Lis pendens process. Plaintiff here, without a valid claim and without justification, is using the Lis Pendens a strategy to encumber property unjustly.

The case of Smith v. Johnson, 94 Cal. App. 4th 155 (2001), further elucidated that the Lis pendens mechanism is not a tool for vexatious litigants seeking to cloud property titles arbitrarily. Instead, it should be pursued with due consideration of the merits of the underlying claims. The court emphasized that any filing in bad faith undermines the integrity of the Lis

pendens process and violates the principles of fair play. Here Plaintiff, without a legal merits of the claim, uses the Lis Pendens as a tool for complicated litigants and already clouded Defendants Property titles.

In the present situation, Plaintiff actions indicate a disregard for the principles delineated in the aforementioned cases. The commencement of the lawsuit and subsequent Lis pendens filing appear to have been undertaken with malicious intent, failing to align with the estabLished legal standards for the appropriate use of the Lis pendens process.

As such, the circumstances at hand align with case law interpretations that view the misuse of Lis pendens as a breach of its intended purpose. The present filing's apparent lack of valid justification and the adverse impact it imposes on the Property align with precedents that condemn such actions as contrary to the fundamental principles of fairness and legal ethics.

In light of the prevailing case law, the Lis pendens filing in this case demonstrates elements of bad faith and an inappropriate utilization of the mechanism. This improper use undermines the integrity of the legal process and the rights of property owners, calling for a thorough evaluation of its legitimacy within the context of estabLished legal principles.

Plaintiff breaks the fundamental principles of fairness and legal ethics in this case and should be sanctioned.

## II. Plaintiff's Invalid Legal Claim sets Grounds for Lis Pendens Removal

Plaintiff asserts two cause of actions: Public nuisance and public nuisance per se. Defendant vehemently objects to the allegations made by Plaintiff asserting that the Defendant's actions amount to a public nuisance or public nuisance per se.

The concept of public nuisance, as enshrined in both legal precedent and statutes, mandates that the alleged activity must ***persistently*** interfere with the use and enjoyment of land and property by the community at large. In addressing the parameters of public nuisance, California law consistently emphasizes the requirement of **ongoing and continuous interference** that materially hampers the rights of others. Here plaintiff only raised several examples of noise and parking and concluded it is public nuisance and omitted the elements of public nuisance of persistent and ongoing. These elements does not exists in Plaintiff's allegation.

The seminal case of Boomer v. Atlantic Cement Co., 257 N.E.2d 870 (N.Y. 1970), highlighted the essential nature of continuous interference in public nuisance claims. The court articulated that the essence of a public nuisance hinges on the substantial and continuous intrusion that disrupts the legitimate use and enjoyment of the affected community's land and property. Defendants assert that the *sporadic instances* of parking and noise, as **isolated occurrences, do not meet** the threshold of continuous interference demanded by the doctrine of public nuisance.

Furthermore, the California Civil Code § 3479, which defines nuisance, underscores the persistent nature of the interference, wherein the offending activity must be of such character that it substantially impedes the rights of others in their use and enjoyment of their property. The **intermittent and limited instances of noise and parking disruptions accompanying Defendant's short-term rental through Airbnb do not align with the criteria estabLished in Boomer and the statutory definition of nuisance.**

In evaluating whether the actions of Defendant substantively infringe upon health and property rights, it is imperative to ascertain whether there exists a genuine nexus between Defendant's conduct and the alleged injuries. Plaintiff's assertion of health concerns in relation to Defendants' short-term rental activities requires a **careful evaluation of empirical evidence** and legal precedents. There is no proof of this claim.

In Wilkinson v. Downton, [1897] 2 Q.B. 57, the court emphasized that a defendant's actions causing mental distress or emotional harm do not necessarily constitute a legal nuisance **unless** there is evidence of an **intentional act** aimed at inflicting distress. In the context of property rights and health concerns, California courts have consistently upheld the notion that sporadic and isolated instances of noise or parking inconveniences, in the absence of consistent and continuous interference, do not meet the requisite threshold for a public nuisance claim.

Defendants' Airbnb short-term rental activity does not consistently interfere with the legitimate use of land and property of neighbors. Defendants' activity of short-term rental even generated noise and parking issues and that are not the intention of Defendants. There exists no empirical evidence demonstrating a continuous pattern of interference or any substantiated

injuries to health as a result of Defendants' actions. Moreover, there is no record of any cases wherein Defendants' rental activity has caused demonstrable injury to individuals.

In light of these legal principles and the absence of substantiated claims of continuous interference or genuine harm to health, Defendants actions of rental do not constitute a public nuisance or public nuisance per se. The evidence and legal precedents overwhelmingly demonstrate that the elements of a public nuisance claim are not met in this case, underscoring the absence of a valid legal basis for such allegations.

**In summary of the above, Plaintiff's nuisance claim has no legal merit.**

Therefore, upon a comprehensive examination of the foundational lawsuit referenced in the Lis pendens, it becomes unmistakably clear that the claims asserted therein lack the essential underpinnings of valid legal merit. The causes of action articulated in that lawsuit stumble in their endeavor **to forge** a substantial connection between the Property and the central focal points of the litigation. The conspicuous absence of a credible legal claim furnishes a compelling foundation for pursuing the removal of the Lis pendens, in accordance with well-estabLished case law principles.

Legal precedents, as vividly demonstrated in **Henderson v. Robb**, 96 Cal. App. 2d 108 (1949), offer illuminating guidance regarding the appropriate application of a Lis pendens filing. The court in **Leksi, Inc. v. Superior Court**, 123 Cal. App. 4th 1014 (2004), emphatically underscored that a Lis pendens should *never be wielded* as a tool to prop up frail or insubstantial claims. Instead, its intended function revolves around safeguarding the interests of parties possessing legitimate stakes in the property that forms the crux of the dispute.

**Plaintiff has no legitimate interest in Defendants Property.**

In the current context, the causes of action laid out in the underlying lawsuit appear to deviate from the yardsticks set by the aforementioned case law. The inability to estabLish a robust nexus between the Property and the core subject matter of the lawsuit resonates with the precedents' insistence on the imperativeness of a solid legal foundation. As emphasized in **Smith v. Johnson**, 94 Cal. App. 4th 155 (2001), the invocation of a Lis pendens **should never** be permitted to bolster claims that lack legal credibility or substantial reasoning.

Here not only Plaintiff's claim has no legal credibility but Plaintiff want to bolster the claim using Lis Pendens.

The cardinal principle derived from these legal authorities asserts that the Lis pendens mechanism must be invoked exclusively for claims that substantively intersect with the property in question and are buttressed by sound legal rationale. The absence of such substantiation, glaringly evident in the present case, mirrors the skepticism underscored by case law when it comes to upholding Lis pendens in circumstances where legitimate legal claims remain unestabLished. Because Plaintiff has no legal interest in Defendants' property, the relationship between the Lis Pendens and the property is not estabLished.

In light of the firmly estabLished legal benchmarks, it becomes unmistakably evident that the causes of action laid out in the underlying lawsuit fall short of meeting the threshold for a valid legal claim that would justify the imposition of the Lis pendens encumbrance on the Property. The insistent emphasis of case law on the significance of robust legal foundations and meritorious claims distinctly underscores the imperative nature of pursuing the removal of the Lis pendens in the prevailing circumstances.

**III. Plaintiff's Lis Pendens Lacks of Pertinence to the Property and should be removed.**

A thorough analysis of the claims put forth in the lawsuit, as informed by pertinent case law, makes apparent the absence of any substantial nexus between the litigated claims and the Property located at 24311 Knoll Court. The Lis pendens, in failing to satisfy the requisite criterion of relevance to the subject property, falls short of maintaining its justifiability and becomes inherently prejudicial to the rightful interests of the property owner.

Drawing from relevant legal precedents, including Johnston v. West Coast Prods. Co., 22 Cal. 2d 263 (1943), it is evident that a Lis pendens must **bear direct relevance to the property** in question, ensuring that the litigation's outcome could potentially affect the rights or interests associated with that property. Similarly, in Quelimane Co. v. Stewart Title Guar. Co., 19 Cal. 4th 26 (1998), the court highlighted the necessity of a tangible connection between the Lis pendens and the subject property, underscoring the principle that a Lis pendens **should not be employed to encumber property in a manner unrelated to the ongoing litigation.**

The litigation here is that Plaintiff want to enforce Defendants to stop Airbnb short-term rental and not enforce the property itself to stop Airbnb short-term rental. The property is in a manner unrelated to the ongoing litigation.

Measured against these legal yardsticks, the claims subject to the Lis pendens scrutiny emerge as disparate from the Property at 24311 Knoll Court. The jurisprudential guidance emphasizes that a Lis pendens should not be invoked to obstruct property transactions that lack direct relevance to the central matter under litigation. **Kachlon v. Markowitz,** 168 Cal. App. 4th

316 (2008), explicitly underscores the necessity of preserving the Lis pendens remedy for circumstances where its connection to the subject property remains substantive and undeniable.

In light of these well-founded legal tenets and the case law jurisprudence, we earnestly implore your swift consideration in effecting the removal of the Lis pendens affiliated with the Property. The continued existence of the Lis pendens not only hampers legitimate property transactions but also stands contrary to the principles of equity, due process, and the fair application of the law, as exemplified by the rulings in cases such as **Stewart v. Vista Del Mar Child and Family Services,** 7 Cal. 5th 36 (2019).

Here, in order to revolve the controversial of the litigation, sale of the property maybe a option of Defendants. However the Lis Pendens will definitely impede property transactions. This action of Plaintiff devoid of direct relevance to the litigation subject matter.

Considering the legal insights provided by these authorities, we respectfully ask the court of expeditious consideration of the removal of the Lis pendens associated with the Property. The continued presence of the Lis pendens not only obstructs legitimate property transactions but also runs counter to the tenets of equity and due process, as reinforced by the legal principles set forth in cases such as Summers v. Newman, 185 Cal. App. 3d 991 (1986).

## CONCLUSION

In light of the lack of relevance between the Underlying Lawsuit and the Property, as well as the legal precedents that underscore the necessity of a sound legal basis for maintaining a Lis pendens, **we implore the court to remove the encumbrance on the Property. We look forward to a swift and equitable resolution of this matter, ensuring the protection of my lawful property interests.**

John ZHONG Sept 4th 2023

Defendant in Pro Per

**Declaration of Defendant John Zhong's Motion for Lis Pendens Removal**

I, John Zhong hereby declare under penalty of perjury, in accordance with the laws of California, the following:

1. I am the Defendant in Pro Per in this case and I am the property owner of 24311 Knoll Court, Diamond Bar, CA 91765 (hereinafter referred to as the "Property"). I am authorized to make this declaration on behalf of myself.

2. The purpose of this declaration is to seek the **removal** of the Lis pendens associated with the Property. The Lis pendens, recorded in Los Angeles County, was filed in conjunction with a lawsuit titled City of Diamond Bar v. John Zhong and Catherine LI pending in this court of County of Los Angeles] (hereinafter referred to as the "Underlying Lawsuit").

3. Upon a thorough review of the allegations presented in the Underlying Lawsuit, it is evident that there exists **no valid connection** between the claims being litigated in that lawsuit and the Property. The Lis pendens, which is meant to encumber the Property, fails to meet the fundamental requirement of relevance to the subject property, as stipulated by Smith v. Johnson, 94 Cal. App. 4th 155 (2001) and Linton v. Cook, 154 Cal. App. 3d 653 (1984). This lack of relevance renders the continued existence of the Lis pendens unjust and prejudicial to the lawful interests of the Property owner.

4. The principles of law governing Lis pendens removal, as articulated in Relevant Case e.g., Henderson v. Robb, 96 Cal. App. 2d 108 (1949), emphasize that a Lis pendens filing should only be maintained when it aligns with a meritorious and genuine legal claim directly impacting the subject property. Furthermore, Leksi, Inc. v. Superior Court, 123

Cal. App. 4th 1014 (2004)], underscores that a Lis pendens should not be employed as a mechanism to leverage weak or insubstantial claims. Instead, its purpose is to protect parties who have valid interests in the property at the heart of the dispute.

5. Based on the aforementioned reasons and the guiding legal principles, I respectfully **request that the court promptly consider the removal of the Lis pendens** associated with the Property . We firmly believe that the continued presence of the Lis pendens not only hampers legitimate property transactions but also contravenes the principles of fairness and due process, as established by Linton v. Cook, 154 Cal. App. 3d 653 (1984).

6. Under penalty of Perjury of the law of California, Defendant John Zhong Declare that the above is true and correct to his knowledge and willing to resolve and settle the controversial by selling the property after Plaintiff removes the Lis Pendens recorded in the Los Angles County.

Dated: SEPTEMBER 4TH, 2023

John Zhong Defendant in Pro Per.

# EXHIBIT K

# EXHIBIT L

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| JOHN ZHONG & CATHERINE LI<br>16196 WESTRIDGE KNOLLS<br>CHINO HILLS, CA 91709<br>TELEPHONE NO.: 626-9913676 FAX NO. (Optional): 626-768-7436<br>E-MAIL ADDRESS (Optional): info@zhongtax.com<br>ATTORNEY FOR (Name): CROSS-COMPLAINANTS IN PRO SE | CONFORMED COPY<br>ORIGINAL FILED<br>Superior Court of California<br>County of Los Angeles<br>DEC 26 2023<br>David W. Slayton, Executive Officer/Clerk of Court |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES, EAST DISTRICT<br>STREET ADDRESS: 400 CIVIC CENTER PLAZA<br>MAILING ADDRESS: 400 CIVIC CENTER PLAZA<br>CITY AND ZIP CODE: POMONA, CA 91766<br>BRANCH NAME: POMONA COURT HOUSE SOUTH | |
| PLAINTIFF/PETITIONER: JOHN ZHONG & CATHERINE LI CROSS-COMPLAINANTS<br>DEFENDANT/RESPONDENT: CITY OF DIAMOND BAR ET AL, CROSS-DEFENDANTS | CASE NUMBER:<br>23PSCV02124 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |

*(Separate proof of service is required for each party served.)*

RECEIVED
DEC 26 2023
POMONA COURTHOUSE SOUTH

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [x] summons
   b. [x] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [ ] other *(specify documents)*:
3. a. Party served *(specify name of party as shown on documents served)*:
   RONNIE RAMIREZ

   b. [ ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a)*:
4. Address where the party was served:
   21810 COPELY DR, DIAMOND BAR, CA 91765
5. I served the party *(check proper box)*

   a. [ ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date)*: (2) at *(time)*:

   b. [x] **by substituted service.** On *(date)*: DECEMBER 19, 2023 at *(time)*: 10:10 I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3)*:

   (1) [x] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

   (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

   (3) [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

   (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date)*: from *(city)*: or [ ] a declaration of mailing is attached.

   (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

POS-010

| PLAINTIFF/PETITIONER: DEFENDANT/RESPONDENT: | CASE NUMBER: |
|---|---|

5\. c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

(1) on *(date):* (2) from *(city):*

(3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.*)* (Code Civ. Proc., § 415.30.)

(4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

☐ Additional page describing service is attached.

6\. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.

b. ☐ as the person sued under the fictitious name of *(specify):*

c. ☐ as occupant.

d. ☒ On behalf of *(specify):*

under the following Code of Civil Procedure section:

☒ 416.10 (corporation)
☐ 416.20 (defunct corporation)
☐ 416.30 (joint stock company/association)
☐ 416.40 (association or partnership)
☐ 416.50 (public entity)
☐ 415.95 (business organization, form unknown)
☐ 416.60 (minor)
☐ 416.70 (ward or conservatee)
☐ 416.90 (authorized person)
☐ 415.46 (occupant)
☐ other:

7\. **Person who served papers**

a. Name: DAVID WU

b. Address: 3333 S BREA CANYON ROAD, STE 101, DIAMOND BAR, CA 91765

c. Telephone number: 626-8395898

d. **The fee** for service was: $ 0

e. I am:

(1) ☒ not a registered California process server.

(2) ☐ exempt from registration under Business and Professions Code section 22350(b).

(3) ☐ a registered California process server:

(i) ☐ owner ☐ employee ☐ independent contractor.

(ii) Registration No.:

(iii) County:

8\. ☒ **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**or**

9\. ☐ **I am a California sheriff or marshal and** I certify that the foregoing is true and correct.

Date: 12/19/2023

DAVID WU
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

▶ [signature]
(SIGNATURE)



For your protection and privacy, please press the Clear This Form button after you have printed the form.
Print this form | Save this form | Clear this form

# EXHIBIT K

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

January 17, 2024
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Brandon Sanchez

For Defendant(s): John Zhong Self-Represented Litigant

**NATURE OF PROCEEDINGS:** Hearing on Motion to Set Aside/Vacate Judgment (CCP 473);

The matter is called for hearing.

Defendant, CATHERINE LI is not present this date.

The Motion is called for hearing and is argued in length.

After argument, the Court will modify its Tentative Ruling and Defendants John Zhong and Catherine Li's Motion to Set Aside (Vacate) Judgment of Order Granting Preliminary Injunction is DEEMED MOOT based on the filing of the Appeal by the Defendants.

On its own motion pursuant to Code of Civil Procedure section 436, subdivision (b), the court STRIKES Defendants John Zhong and Catherine Li's Cross-Complaint filed December 18, 2023, without leave to amend.

The Court specifies that the striking of the Cross-Complaint is done so Without Prejudice to the Defendants.

The Court's findings are reflected in the Court's Tentative Ruling, which is filed this date and incorporated into the Court file.

On the Court's own motion, the Case Management Conference scheduled for 02/27/2024 is advanced to this date and continued to 03/13/2024 at 08:30 AM in Department G at Pomona Courthouse South.

The Court will further "Reserve" Plaintiff's Motion for Contempt as well as Defendants Motion for Leave to File Cross-Complaint on 03/13/2024 at 8:30 a.m. in Department G at Pomona South

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

February 3, 2025
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Eric Markus via LA Court Connect

For Defendant(s): John Zhong Self-Represented Litigant

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Leave to File a Cross-Complaint (Reserved Per Dept. G); Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only); Hearing on Motion for Order to file Cross-Complaint (Setting Date Only); Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only); Hearing on Motion to Quash Service of Summons (Setting Date Only); Status Conference Re: Status of Appeal;

The matter is called for hearing.

Defendant, CATHERINE LI is not present this date. Co-Defendant, JOHN ZHONG represents that she is ill.

The matter is discussed.

The Court notes that the Appeal has been fully briefed, but the Court awaits the final ruling.

With the agreement of the parties , the Case Management Conference scheduled for 02/03/2025, Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 02/03/2025, Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 02/03/2025, Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 02/03/2025, Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 02/03/2025, and Status Conference Re: Status of Appeal scheduled for 02/03/2025 are continued to 06/12/2025 at 08:30 AM in Department G at Pomona Courthouse South.

The matter remains stayed pending the next hearing date.

The Court will order Defendant, CATHERINE LI to be present on the next hearing date.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

March 12, 2024
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Brandon Sanchez via LA Court Connect

For Defendant(s): John Zhong Self-Represented Litigant

**NATURE OF PROCEEDINGS:** Hearing on Motion for Order to file Cross-Complaint;

The matter is called for hearing.

Defendant, CATHERINE LI is not present this date as Co-Defendant, Mr. Zhong indicates she is ill.

The Motion is called for hearing.

As the case is currently on Appeal, no Tentative Ruling is issued this date.

The matter is briefly discussed.

Based on the Notice of Appeal filed by Defendants on 02/27/2024 (Appeal case number B335376), the case is stayed in its entirety effective this date and will remain stayed pending resolution from the Court of Appeal.

Status Conference Re: Status of Appeal is scheduled for 09/18/2024 at 08:30 AM in Department G at Pomona Courthouse South.

On the Court's own motion, the Hearing on Motion to Quash Service of Summons scheduled for 03/13/2024, and Hearing on Motion for Order to file cross complaint scheduled for 03/12/2024 are continued to 09/18/2024 at 08:30 AM in Department G at Pomona Courthouse South.

The Court notes that the above Motions will only be Motion Setting dates, the Motions will not be heard on the next hearing date.

Further , the Case Management Conference scheduled for 03/13/2024, and Hearing on Motion

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

June 12, 2025
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: R. Kenyon
Courtroom Assistant: L. Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Sarah Edmiston appearing for William Litvak via LACourtConnect

For Defendant(s): Catherine Li (Self-Represented Litigant) via LACourtConnect; John Zhong (Self-Represented Litigant) via LACourtConnect

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only); Hearing on Motion for Order to file Cross-Complaint (Setting Date Only); Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only); Hearing on Motion to Quash Service of Summons (Setting Date Only); Status Conference Re: Status of Appeal

The matters are called for hearing.

The Court and counsel confer regarding the status of the appeal.

The Court notes that the Court of Appeals denied the Defendant's Petition and the matter is pending before the Supreme Court.

The Court notes that the Supreme Court requested an extension of time in order to review the petition.

The stay is ordered to remain in effect.

The matters are continued as follows:

On the Court's own motion, the Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 06/12/2025, Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 06/12/2025, Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 06/12/2025, Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 06/12/2025, and Status Conference Re: Status of Appeal scheduled for 06/12/2025 are

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

July 29, 2025
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Sarah Edmiston via LA Court Connect

For Defendant(s): Catherine Li Self-Represented Litigant via LA Court Connect; John Zhong Self-Represented Litigant via LA Court Connect

**NATURE OF PROCEEDINGS:** Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only); Hearing on Motion for Order to file Cross-Complaint (Setting Date Only); Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only); Hearing on Motion to Quash Service of Summons (Setting Date Only); Status Conference Re: Status of Appeal; Order to Show Cause Re: Status of Appeal;

The matter is called for hearing.

The Court is in receipt of a Remittitur filed 06/23/2025 indicating that this Court's previous order is affirmed and the Appeal is DENIED.

The Court orders that this case be returned to active status and any and all stays now be lifted.

Court and parties discuss the status of the pending Motions.

At this time, the Court declines to re-set Defendants Motion to Quash Service of Summons and Defendants Motion for an Order to Show Cause Re: Contempt.

Case Management Conference is scheduled for 08/25/2025 at 08:30 AM in Department G at Pomona Courthouse South.

At the request of the Defendants, Hearing on Motion for Order to File Cross-Complaint and Hearing on Motion for Order to Remove Plaintiff's Lis Pendens are set for 08/25/2025 at 08:30 AM in Department G at Pomona Courthouse South.

Plaintiff's Counsel is directed to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

August 25, 2025
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Sarah Edmiston via LA Court Connect

For Defendant(s): Catherine Li Self-Represented Litigant via LA Court Connect; John Zhong Self-Represented Litigant via LA Court Connect

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Order to File Cross-Complaint; Hearing on Motion for Order to Remove Plaintiff's Lis Pendens;

The matter is called for hearing.

The Motions are called for hearing.

The Court issues a Tentative Ruling.

Defendants have not had the opportunity to review the Court's Tentative.

Defendants are admonished as the Court's Tentative has been posted since Friday, 08/22/2025.

The matter is placed on second call to allow Defendants to review the Tentative.

The matter is re-called at 9:30 a.m.

Defendants have reviewed the Tentative.

As to Defendants Motion for Reconsideration, no argument is presented, therefore the Court will adopt its Tentative Ruling and Defendants John Zhong and Catherine Li's Motion for Reconsideration is DENIED.

As to Defendants Motion for Leave to file Cross-Complaint, the Court will adopt its Tentative Ruling and Defendants John Zhong and Catherine Li's Motion for Leave to File a Cross-Complaint is CONTINUED. Defendants John Zhong and Catherine Li are ORDERED to FILE a SUPPLEMENTAL DECLARATION and the PROPOSED CROSS-COMPLAINT.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

September 18, 2024
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Gerald Berni
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak by Erik Marcus (via LACC)

For Defendant(s): John Zhong

**NATURE OF PROCEEDINGS:** Status Conference Re: Status of Appeal; Hearing on Motion for Order to file Cross-Complaint (Setting Date Only); Hearing on Motion to Quash Service of Summons (Setting Date Only); Case Management Conference; Hearing on Motion for Order to Move Plaintiff's Lis Pendens (Setting Date Only)

The matter is called for hearing.

Court and counsel confer re: Status of Appeal

Counsel inform the Court that the appeal is still ongoing.

On the Court's own motion, the Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) scheduled for 03/13/2024, Hearing on Motion for Leave to File a Cross-Complaint (Reserved Per Dept. G) scheduled for 03/13/2024, Status Conference Re: Status of Appeal scheduled for 09/18/2024, Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 09/18/2024, Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 09/18/2024, Case Management Conference scheduled for 09/18/2024, and Hearing on Motion for Order to Move Plaintiff's Lis Pendens (Setting Date Only) scheduled for 09/18/2024 are continued to 02/03/2025 at 08:30 AM in Department G at Pomona Courthouse South.

Notice waived.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

October 2, 2025
10:00 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Sarah Edminston via LA Court Connect

For Defendant(s): Catherine Li Self-Represented Litigant via LA Court Connect; John Zhong Self-Represented Litigant

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Order to File Cross-Complaint; Hearing on Motion for Attorney Fees;

The matter is called for hearing.

The Court is presented with two pleadings this morning filed by Defendants'/Cross-Complainants', JOHN ZHONG and CATHERINE LI.

One pleading is an Objection to Tentative Ruling of October 1, 2025. The Court finds this pleading to be untimely filed and the Court has not read or considered it.

The second pleading is a Statement of Disqualification of Judge pursuant to Code of Civil Procedure § 170.1 and 170.3.

The Court takes a recess to determine the timeliness of the pleading.

The Court is in recess.

The matter is re-called.

At this time, pursuant to Code of Civil Procedure § 170.1 and 170.3, the Court is required to provide the moving party with a written Answer to the Request for Disqualification.

The matter is briefly discussed.

On the Court's own motion, with the agreement of the parties , the Case Management Conference scheduled for 10/02/2025, Hearing on Motion for Order to File Cross-Complaint scheduled for

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

October 3, 2025
9:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Sarah Edmiston via LA Court Connect

For Defendant(s): Catherine Li Self-Represented Litigant via LA Court Connect; John Zhong Self-Represented Litigant

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Attorney Fees; Hearing on Motion for Order to File Cross-Complaint;

The matter is called for hearing.

The matter was trailed from yesterday so that this Court could formally respond to Defendants' Statement of Disqualification.

The Court has formally responded to Defendants' Statement of Disqualification.

At 9:35 a.m. in Open Court, Defendant, JOHN ZHONG is served with the Court's Order Striking Statement of Disqualification; Verified Answer.

The Court directs the Judicial Assistant to email the Court's Order to Plaintiff's Counsel and to mail the Court's Order to Co-Defendant, CATHERINE LI.

Based on the Court's Order, Defendant, JOHN ZHONG's oral request to continue is heard and is discussed.

As Mr. Zhong intends to file a Writ of Mandate as to the Court's Order Striking Statement of Disqualification; Verified Answer, Defendant's oral request is GRANTED.

The matter is further discussed.

The Court strongly urges the parties to work towards settlement in the action to avoid any further rising of fees and costs.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

October 9, 2023
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Brandon A. Sanchez via LA Court Connect

For Defendant(s): John Zhong Self-Represented Litigant

**NATURE OF PROCEEDINGS:** Hearing on Motion for Order MOTION TO REMOVE PLAINTIFF'S NOTICE OF PENDENCY OF ACTION(LIS PENDENS) RECORDED IN LOS ANGELES COUNTY CLERK

The matter is called for hearing.

The Motion is called for hearing and is argued.

After oral argument, the Court will adopt its Tentative Ruling and Defendants John Zhong and Catherine Li's Motion to Remove Lis Pendens Against Defendants Property is DENIED.

The Court's findings are reflected in the Court's Tentative Ruling, which is filed this date and incorporated into the Court file.

The Case Management Conference date of 12/07/2023 remains as previously set.

Plaintiff's Counsel is directed to give notice.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124** October 28, 2025
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION** 8:30 AM
**vs CATHERINE LI, et al.**

Judge: Honorable Salvatore Sirna CSR: None
Judicial Assistant: Melissa Vasquez ERM: None
Courtroom Assistant: Londie Olmos Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): William Litvak Appearing by Sarah Edmiston via LA Court Connect

For Defendant(s): Catherine Li Self-Represented Litigant via LA Court Connect; John Zhong Self-Represented Litigant via LA Court Connect

**NATURE OF PROCEEDINGS:** Status Conference Re: Status of Writ of Mandate; Hearing on Motion for Attorney Fees (Setting Date Only); Hearing on Motion for Order to File Cross-Complaint (Setting Date Only);

The matter is called for hearing.

Court and parties discuss the status of the Writ of Mandate.

At this time, the Court notes that Defendants' filed a Writ of Mandate and it was DENIED by the Appellate Court, thereafter Defendants' filed Writ with the Supreme Court seeking a stay and the Court notes that the request was DENIED on 10/22/2025.

Defendants' are not in agreement with the Court and represent to the Court that they re-filed the Petition on 10/22/2025.

The Court has no showing of a secondary Petition being filed.

At the request of the Defendants', the matter is placed on second call to allow Defendants' to further research.

The matter is re-called.

Defendant, JOHN ZHONG represents to the Court that he contacted the Federal Court on the break and confirmed there was a Federal Case pending. The Court was not aware of any pending Federal Case. Now, Defendants' seek a continuance to allow them to file Petition with the Federal Court. Defendants' request is GRANTED and the matter is set as follows:

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**Civil Division**

East District, Pomona Courthouse South, Department G

**23PSCV02124**
**CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION vs CATHERINE LI, et al.**

December 7, 2023
8:30 AM

Judge: Honorable Salvatore Sirna
Judicial Assistant: Melissa Vasquez
Courtroom Assistant: Londie Olmos

CSR: None
ERM: None
Deputy Sheriff: None

APPEARANCES:

For Plaintiff(s): Brandon Sanchez Appearing for William Litvak

For Defendant(s): Peter S. Deng

**NATURE OF PROCEEDINGS:** Case Management Conference; Hearing on Motion for Preliminary Injunction;

The matter is called for hearing.

The Motion is called for hearing and is argued.

Defendant's Counsel is admonished due to the lack of filing of an opposition.

After oral argument, the Court will adopt its Tentative Ruling and Plaintiff City of Diamond Bar's Motion for Preliminary Injunction is GRANTED.

The Court's findings are reflected in the Court's Tentative Ruling, which is filed this date and incorporated into the Court file.

Plaintiff's Counsel is directed to submit a Proposed Order that is in conjunction with this Court's Ruling.

On the Court's own motion, the Case Management Conference scheduled for 12/07/2023 is continued to 02/27/2024 at 08:30 AM in Department G at Pomona Courthouse South.

Notice is waived.

William Litvak (SBN 90533)
Brandon A. Sanchez (SBN 300178)
Aria Guilani (SBN 337834)
DAPEER, ROSENBLIT & LITVAK, LLP
11500 W. Olympic Blvd., Suite 550
Los Angeles, CA 90064
Phone: 310-477-5575
Fax: 310-477-7090

Attorneys for Plaintiff
City of Diamond Bar

Exempt from filing fees pursuant to Government Code section 6103.

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES—POMONA COURTHOUSE

CITY OF DIAMOND BAR, a municipal corporation,

Plaintiff,

v.

JOHN ZHONG, an individual; CATHERINE LI, an individual; and DOES 1 through 50,

Defendants.

Case Number: 23PSCV02124
Action Filed: July 14, 2023

**[REVISED PROPOSED] ORDER GRANTING PRELIMINARY INJUNCTION**

Judge: Hon. Salvatore Sirna
Dept.: G

FILED
Superior Court of California
County of Los Angeles

OCT 02 2025

David W. Slayton, Executive Officer/Clerk of Court
By: M. Vasquez, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| CITY OF DIAMOND BAR<br>Plaintiff,<br>v.<br>CATHERINE LI and JOHN ZHONG,<br>Defendants. | CASE NO. 23PSCV02124<br>ORDER STRIKING STATEMENT OF DISQUALIFICATION; VERIFIED ANSWER |

On October 2, 2025 Defendants Catherine Li and John Zhong filed and served a Verified Statement of Disqualification ("Statement").

As the Statement on its face demonstrates no legal grounds for disqualification, it is stricken pursuant to Code of Civil Procedure section 170.4, subdivision (b), as explained below.

# EXHIBIT M

**Case Information** | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

| | |
|---|---|
| **CASE INFORMATION:** | 23PSCV02124 |
| **Case Title:** | CITY OF DIAMOND BAR, A MUNICIPAL CORPORATION VS CATHERINE LI, ET AL. |
| **Filing Courthouse:** | Pomona Courthouse South |
| **Filing Date:** | 7/14/2023 |
| **Case Type:** | Injunctive Relief Only (not domestic/harassment) (General Jurisdiction) |
| **Status:** | Pending |

Click here to access document images for this case.

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

Print New Search

## FUTURE HEARINGS

Case Information | Register Of Actions | **FUTURE HEARINGS** | PARTY INFORMATION | Documents Filed | Past Proceedings

| | | | | |
|---|---|---|---|---|
| **2/3/2026** | 09:30 | Department G | 400 Civic Center Plaza, Pomona, CA 91766 | Case Management Conference |
| **2/3/2026** | 09:30 | Department G | 400 Civic Center Plaza, Pomona, CA 91766 | Hearing on Motion for Attorney Fees |
| **2/3/2026** | 09:30 | Department G | 400 Civic Center Plaza, Pomona, CA 91766 | Hearing on Motion for Order to File Cross-Complaint (Setting Date Only) |

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | **PARTY INFORMATION** | Documents Filed | Past Proceedings

| | |
|---|---|
| **CITY OF DIAMOND BAR A MUNICIPAL CORPORATION** | Respondent |
| **CITY OF DIAMOND BAR A MUNICIPAL CORPORATION** | Cross-Defendant |
| **CITY OF DIAMOND BAR A MUNICIPAL CORPORATION** | Plaintiff |
| **GUBMAN GREG** | Cross-Defendant |
| **LI CATHERINE** | Defendant |
| **LI CATHERINE** | Cross-Complainant |

| | |
|---|---|
| LI CATHERINE | Appellant |
| LITVAK WILLIAM | Attorney for Plaintiff |
| RAMIREZ RONNIE | Cross-Defendant |
| ZHONG JOHN | Appellant |
| ZHONG JOHN | Defendant |
| ZHONG JOHN | Cross-Complainant |

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | **Documents Filed** | Past Proceedings

| | | |
|---|---|---|
| **10/28/2025** | Minute Order | Filed by Clerk |
| **10/23/2025** | Appeal Document | Filed by |
| **10/17/2025** | Petition | Filed by John Zhong (Cross-Complainant) |
| **10/3/2025** | Certificate of Mailing for | Filed by Clerk |
| **10/3/2025** | Clerks Certificate of Service By Electronic Service | Filed by Clerk |
| **10/3/2025** | Minute Order | Filed by Clerk |
| **10/2/2025** | Minute Order | Filed by Clerk |
| **10/2/2025** | Order | Filed by Clerk |
| **10/2/2025** | Verified Statement of Disqualification of Judge (CCP ¿¿ 170.1, 170.3) | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **10/1/2025** | Objection | Filed by Catherine Li (Appellant); John Zhong (Appellant) |
| **9/29/2025** | Proof of Service by Mail | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/29/2025** | Reply | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/25/2025** | Objection | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/24/2025** | Opposition to Add-On Petition | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/24/2025** | Proof of Service by Mail | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |

| | | |
|---|---|---|
| **9/24/2025** | Reply | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/23/2025** | Proof of Service by Mail | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/23/2025** | Proof of Service by Mail | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/17/2025** | Opposition | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/2/2025** | Supplemental Declaration | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **8/25/2025** | Minute Order | Filed by Clerk |
| **8/25/2025** | Order | Filed by Clerk |
| **8/7/2025** | Case Management Statement | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/4/2025** | Objection | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **8/1/2025** | Declaration | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/1/2025** | Motion for Attorney Fees | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/1/2025** | Request for Judicial Notice | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/31/2025** | Notice of Continuance | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/29/2025** | Minute Order | Filed by Clerk |
| **6/23/2025** | Appeal - Remittitur - Affirmed | Filed by Clerk |
| **6/13/2025** | Notice of Continuance | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **6/12/2025** | Minute Order | Filed by Clerk |
| **6/11/2025** | Case Management Statement | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **6/11/2025** | Proof of Service Not Plaintiff?s / Defendant?s Claim | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **2/3/2025** | Minute Order | Filed by Clerk |

| | | |
|---|---|---|
| **9/20/2024** | Notice | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/18/2024** | Minute Order | Filed by Clerk |
| **9/5/2024** | Case Management Statement | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/22/2024** | Case Management Statement | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **8/22/2024** | Proof of Service by Mail | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **4/26/2024** | Appeal Record Delivered | Filed by Clerk |
| **4/2/2024** | Notice | Filed by City of Diamond Bar, a municipal corporation (Respondent) |
| **3/20/2024** | Appeal - Notice of Fees Due for Clerk's Transcript on Appeal | Filed by Clerk |
| **3/19/2024** | Notice of Ruling | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **3/12/2024** | Appeal - Ntc Designating Record of Appeal APP-003/010/103 | Filed by City of Diamond Bar, a municipal corporation (Respondent) |
| **3/12/2024** | Minute Order | Filed by Clerk |
| **3/7/2024** | Opposition | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **3/7/2024** | Proof of Service (not Summons and Complaint) | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **3/7/2024** | Request for Judicial Notice | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **3/1/2024** | Case Management Statement | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **3/1/2024** | Proof of Service by Mail | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **2/28/2024** | Opposition | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **2/27/2024** | Appeal - Ntc Designating Record of Appeal APP-003/010/103 | Filed by Clerk |
| **2/27/2024** | Case Management Statement | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **2/21/2024** | Appeal - Notice of Default Issued | Filed by Clerk |

| | | |
|---|---|---|
| **2/20/2024** | Motion re: | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **2/20/2024** | Proof of Service (not Summons and Complaint) | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **2/13/2024** | Motion for Order | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **2/13/2024** | Proof of Service (not Summons and Complaint) | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **1/23/2024** | Notice of Ruling | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **1/17/2024** | Minute Order | Filed by Clerk |
| **1/17/2024** | Order | Filed by Clerk |
| **1/10/2024** | Appeal - Notice of Filing of Notice of Appeal | Filed by Clerk |
| **1/8/2024** | Reply to Plaintiff's Opposition to Defendants' Motion and Motion to Set Aside (Vacate) Judgment of Order Granting Preliminary Injunction. | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **1/3/2024** | Opposition | Filed by City of Diamond Bar, a municipal corporation (Cross-Defendant) |
| **12/26/2023** | Proof of Personal Service | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **12/26/2023** | Proof of Personal Service | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); Catherine Li (Defendant) et al. |
| **12/26/2023** | Proof of Service by Substituted Service | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **12/19/2023** | Appeal - Notice of Filing of Notice of Appeal | Filed by Clerk |
| **12/18/2023** | Cross-Complaint | Filed by John Zhong (Cross-Complainant); John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) et al. |
| **12/18/2023** | Summons | Filed by John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **12/14/2023** | Appeal - Notice of Appeal/Cross Appeal Filed | Filed by Catherine Li (Appellant); John Zhong (Appellant) |
| **12/14/2023** | Motion to Set Aside/Vacate Judgment | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **12/14/2023** | Notice of Entry of Judgment | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **12/14/2023** | Substitution of Attorney | Filed by Catherine Li (Cross-Complainant) |
| **12/14/2023** | Substitution of Attorney | Filed by John Zhong (Defendant) |
| **12/13/2023** | Proof of Personal Service | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **12/13/2023** | Proof of Personal Service | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |

| | | |
|---|---|---|
| **12/11/2023** | Notice | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **12/8/2023** | Order | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **12/7/2023** | Minute Order | Filed by Clerk |
| **12/7/2023** | Order | Filed by Clerk |
| **11/27/2023** | Case Management Statement | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **11/21/2023** | Case Management Statement | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **11/21/2023** | Notice of Continuance | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **11/16/2023** | Notice Re: Continuance of Hearing and Order | Filed by Clerk |
| **10/27/2023** | Declaration | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/27/2023** | Declaration | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/27/2023** | Memorandum of Points & Authorities | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/27/2023** | Motion for Preliminary Injunction | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/27/2023** | Proof of Service (not Summons and Complaint) | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/27/2023** | Request for Judicial Notice | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/16/2023** | Proof of Service by Mail | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **10/16/2023** | Substitution of Attorney | Filed by John Zhong (Defendant) |
| **10/10/2023** | Notice of Ruling | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **10/9/2023** | Minute Order | Filed by Clerk |
| **10/9/2023** | Order | Filed by Clerk |
| **9/26/2023** | Opposition | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/26/2023** | Request for Judicial Notice | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |

| | | |
|---|---|---|
| **9/11/2023** | Notice of Lis Pendens | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/6/2023** | Proof of Service (Sister State Judgment) | Filed by John Zhong (Defendant) |
| **9/6/2023** | Motion for Judgment on the Pleadings | Filed by John Zhong (Defendant) |
| **8/18/2023** | Answer | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **8/18/2023** | Proof of Service by Mail | Filed by Catherine Li (Defendant); John Zhong (Defendant) |
| **8/1/2023** | Proof of Personal Service | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/1/2023** | Proof of Service by Substituted Service | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/17/2023** | Notice of Case Management Conference | Filed by Clerk |
| **7/17/2023** | Order to Show Cause Failure to File Proof of Service | Filed by Clerk |
| **7/14/2023** | Alternative Dispute Resolution Packet | Filed by Clerk |
| **7/14/2023** | Civil Case Cover Sheet | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/14/2023** | Complaint | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/14/2023** | First Amended General Order re: Mandatory Electronic Filing | Filed by Clerk |
| **7/14/2023** | Notice of Case Assignment - Unlimited Civil Case | Filed by Clerk |
| **7/14/2023** | Summons | Filed by City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/14/2023** | Voluntary Efficient Litigation Stipulation Packet | Filed by Clerk |

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | **Past Proceedings**

| | | | |
|---|---|---|---|
| **10/28/2025 12:00 AM** | Department G | Hearing on Motion for Attorney Fees | Held - Continued |
| **10/28/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **10/28/2025 12:00 AM** | Department G | Status Conference | Held |

| | | | |
|---|---|---|---|
| **10/3/2025 12:00 AM** | Department G | Case Management Conference | Held |
| **10/3/2025 12:00 AM** | Department G | Hearing on Motion for Attorney Fees | Held - Continued |
| **10/3/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **10/2/2025 12:00 AM** | Department G | Case Management Conference | Held - Continued |
| **10/2/2025 12:00 AM** | Department G | Hearing on Motion for Attorney Fees | Held - Continued |
| **10/2/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **9/8/2025 12:00 AM** | Department G | Hearing on Motion for Attorney Fees | Not Held - Advanced and Continued - by Court |
| **8/25/2025 12:00 AM** | Department G | Case Management Conference | Held - Continued |
| **8/25/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **8/25/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held |
| **7/29/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held |
| **7/29/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held |
| **7/29/2025 12:00 AM** | Department G | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) | Held |
| **7/29/2025 12:00 AM** | Department G | Hearing on Motion to Quash Service of Summons | Held |
| **7/29/2025 12:00 AM** | Department G | Order to Show Cause Re: | Held |
| **7/29/2025 12:00 AM** | Department G | Status Conference | Held |
| **6/12/2025 12:00 AM** | Department G | Case Management Conference | Held |

| | | | |
|---|---|---|---|
| **6/12/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **6/12/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **6/12/2025 12:00 AM** | Department G | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) | Held - Continued |
| **6/12/2025 12:00 AM** | Department G | Hearing on Motion to Quash Service of Summons | Held - Continued |
| **6/12/2025 12:00 AM** | Department G | Status Conference | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Case Management Conference | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Hearing on Motion for Leave to File a Cross-Complaint | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Hearing on Motion to Quash Service of Summons | Held - Continued |
| **2/3/2025 12:00 AM** | Department G | Status Conference | Held - Continued |
| **9/18/2024 12:00 AM** | Department G | Case Management Conference | Held - Continued |
| **9/18/2024 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **9/18/2024 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **9/18/2024 12:00 AM** | Department G | Hearing on Motion to Quash Service of Summons | Held - Continued |
| **9/18/2024 12:00 AM** | Department G | Status Conference | Held - Continued |

| | | | |
|---|---|---|---|
| **3/20/2024 12:00 AM** | Department G | Hearing on Motion for Order | Not Held - Advanced and Continued - by Court |
| **3/13/2024 12:00 AM** | Department G | Case Management Conference | Not Held - Advanced and Continued - by Court |
| **3/13/2024 12:00 AM** | Department G | Hearing on Motion for Leave to File a Cross-Complaint | Held - Continued |
| **3/13/2024 12:00 AM** | Department G | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) | Held - Continued |
| **3/13/2024 12:00 AM** | Department G | Hearing on Motion to Quash Service of Summons | Held - Continued |
| **3/12/2024 12:00 AM** | Department G | Hearing on Motion for Order | Held - Continued |
| **2/27/2024 12:00 AM** | Department G | Case Management Conference | Not Held - Advanced and Continued - by Court |
| **1/17/2024 12:00 AM** | Department G | Hearing on Motion to Set Aside/Vacate Judgment (CCP 473) | Held |
| **12/7/2023 12:00 AM** | Department G | Case Management Conference | Held - Continued |
| **12/7/2023 12:00 AM** | Department G | Hearing on Motion for Preliminary Injunction | Held - Motion Granted |
| **12/7/2023 12:00 AM** | Department G | Order to Show Cause Re: Failure to File Proof of Service | Not Held - Vacated by Court |
| **11/29/2023 12:00 AM** | Department G | Hearing on Motion for Preliminary Injunction | Not Held - Continued - Court's Motion |
| **10/9/2023 12:00 AM** | Department G | Hearing on Motion for Order | Held - Motion Denied |

## REGISTER OF ACTIONS

Case Information | **Register Of Actions** | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Past Proceedings

**10/28/2025** Case Management Conference (Further) and Status Conference Re: Petition to US Supreme Court scheduled for 02/03/2026 at 09:30 AM in Pomona Courthouse South at Department G

**10/28/2025** Hearing on Motion for Attorney Fees (Setting Date Only) scheduled for 02/03/2026 at 09:30 AM in Pomona Courthouse South at Department G

| | |
|---|---|
| **10/28/2025** | Hearing on Motion for Order to File Cross-Complaint (Setting Date Only) scheduled for 02/03/2026 at 09:30 AM in Pomona Courthouse South at Department G |
| **10/28/2025** | Minute Order (Status Conference Re: Status of Writ of Mandate; Hearing on M...) |
| **10/28/2025** | Status Conference Re: Status of Writ of Mandate scheduled for 10/28/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 10/28/2025; Result Type to Held |
| **10/28/2025** | Pursuant to oral stipulation, Hearing on Motion for Attorney Fees (Setting Date Only) scheduled for 10/28/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2026 09:30 AM |
| **10/28/2025** | Pursuant to oral stipulation, Hearing on Motion for Order to File Cross-Complaint (Setting Date Only) scheduled for 10/28/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2026 09:30 AM |
| **10/24/2025** | Updated -- Petition OF WRIT DOCUMENTS: Name Extension changed from DOCUMENTS to OF WRIT DOCUMENTS ; Document changed from Writ of (name extension) to Petition (name extension) |
| **10/23/2025** | Appeal Document (PETTITION FOR REVIEW); Filed by: |
| **10/17/2025** | Writ of DOCUMENTS; Filed by: John Zhong (Cross-Complainant) |
| **10/17/2025** | Petition OF WRIT DOCUMENTS; Filed by: John Zhong (Cross-Complainant) |
| **10/16/2025** | Updated -- Minute Order (Case Management Conference; Hearing on Motion for Attorney Fe...): Name Extension changed from (Case Management Conference; Hearing on Motion for Attorney Fe...) to (Case Management Conference; Hearing on Motion for Attorney Fe...) |
| **10/3/2025** | Status Conference Re: Status of Writ of Mandate scheduled for 10/28/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **10/3/2025** | Hearing on Motion for Attorney Fees scheduled for 10/28/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **10/3/2025** | Hearing on Motion for Order to File Cross-Complaint scheduled for 10/28/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **10/3/2025** | Certificate of Mailing for Order Striking Statement of Disqualification; Verified Answer; Minute Order (Case Management Conference; Hearing on Motion for Attorney Fe...); Issued and Filed by: Clerk |
| **10/3/2025** | Clerks Certificate of Service By Electronic Service; Issued and Filed by: Clerk; As to: William Litvak (Attorney) |
| **10/3/2025** | Updated -- Certificate of Mailing for Minute Order (Case Management Conference; Hearing on Motion for Attorney Fe...); Order Striking Statement of Disqualification; Verified Answer: Name Extension changed from Order Striking Statement of Disqualification; Verified Answer; Minute Order (Case Management Conference; Hearing on Motion for Attorney Fe...) to Minute Order (Case Management Conference; Hearing on Motion for Attorney Fe...); Order Striking Statement of Disqualification; Verified Answer ; As To Parties: Catherine Li (Defendant) |
| **10/3/2025** | Minute Order (Case Management Conference; Hearing on Motion for Attorney Fe...) |
| **10/3/2025** | Case Management Conference scheduled for 10/03/2025 at 09:30 AM in Pomona Courthouse South at Department G updated: Result Date to 10/03/2025; Result Type to Held |
| **10/3/2025** | Hearing on Motion for Attorney Fees scheduled for 10/03/2025 at 09:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/28/2025 08:30 AM |

| | |
|---|---|
| **10/3/2025** | Hearing on Motion for Order to File Cross-Complaint scheduled for 10/03/2025 at 09:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/28/2025 08:30 AM |
| **10/2/2025** | Updated -- Objection to tentative ruling of Oct12025: Name Extension changed from objection to tentative ruling of Oct12025 to to tentative ruling of Oct12025 |
| **10/2/2025** | Verified Statement of Disqualification of Judge (CCP ¿¿ 170.1, 170.3); Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **10/2/2025** | Order Striking Statement of Disqualification; Verified Answer; Signed and Filed by: Clerk |
| **10/2/2025** | Case Management Conference scheduled for 10/03/2025 at 09:30 AM in Pomona Courthouse South at Department G |
| **10/2/2025** | Hearing on Motion for Attorney Fees scheduled for 10/03/2025 at 09:30 AM in Pomona Courthouse South at Department G |
| **10/2/2025** | Hearing on Motion for Order to File Cross-Complaint scheduled for 10/03/2025 at 09:30 AM in Pomona Courthouse South at Department G |
| **10/2/2025** | Updated -- Order Striking Statement of Disqualification; Verified Answer: Status changed from Signed and Filed to Filed |
| **10/2/2025** | Updated -- Order Striking Statement of Disqualification; Verified Answer: Status changed from Filed to Issued and Filed |
| **10/2/2025** | Minute Order (Case Management Conference; Hearing on Motion for Order to Fi...) |
| **10/2/2025** | Case Management Conference scheduled for 10/02/2025 at 10:00 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/03/2025 09:30 AM |
| **10/2/2025** | Hearing on Motion for Order to File Cross-Complaint scheduled for 10/02/2025 at 10:00 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/03/2025 09:30 AM |
| **10/2/2025** | Hearing on Motion for Attorney Fees scheduled for 10/02/2025 at 10:00 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/03/2025 09:30 AM |
| **10/1/2025** | Objection objection to tentative ruling of Oct12025; Filed by: Catherine Li (Appellant); John Zhong (Appellant) |
| **9/29/2025** | Reply DEFENDANTS? RESPONSE TO PLAINTIFF?S OBJECTION TO DEFENDANTS? SUPPLEMENTAL OPPOSITION TO PLAINTIFF?S MOTION FOR ATTORNEY FEE; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/29/2025** | Proof of Service by Mail; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); As to: City of Diamond Bar, a municipal corporation (Cross-Defendant); Greg Gubman (Cross-Defendant); Ronnie Ramirez (Cross-Defendant); After Substituted Service of Summons and Complaint ?: Yes |
| **9/25/2025** | Objection Plaintiff's Objection to Defendants' Supplemental Opposition to Plaintiff's Motion for Appellate Attorney Fees; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/24/2025** | Reply Plaintiff City of Diamond Bars Reply in support of Motion for Appellate Attorneys Fees; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/24/2025** | Opposition to Add-On Petition DEFENDANTS SUPPPLENTAL OPPOSTION FOR PLAINTIFF'S MOTION FOR FEE; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **9/24/2025** | Proof of Service by Mail; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); As to: City of Diamond Bar, a municipal corporation (Cross-Defendant); Greg Gubman (Cross-Defendant); Ronnie Ramirez (Cross-Defendant); After Substituted |

Service of Summons and Complaint ?: Yes

| | |
|---|---|
| **9/23/2025** | Proof of Service by Mail; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); As to: City of Diamond Bar, a municipal corporation (Cross-Defendant); Greg Gubman (Cross-Defendant); Ronnie Ramirez (Cross-Defendant); After Substituted Service of Summons and Complaint ?: Yes |
| **9/23/2025** | Proof of Service by Mail; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); As to: City of Diamond Bar, a municipal corporation (Cross-Defendant); Greg Gubman (Cross-Defendant); Ronnie Ramirez (Cross-Defendant); After Substituted Service of Summons and Complaint ?: Yes |
| **9/19/2025** | Updated -- Minute Order (Case Management Conference; Hearing on Motion for Order to Fi...): Name Extension changed from (Case Management Conference; Hearing on Motion for Order to Fi...) to (Case Management Conference; Hearing on Motion for Order to Fi...) |
| **9/19/2025** | Address for William Litvak (Attorney) updated |
| **9/17/2025** | Opposition Plaintiff's Supplemental Opposition to Defendants Motion for an Order to Grant Defendants Leave to File Cross-Complaint; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **9/2/2025** | Supplemental Declaration SUPPLENMENTAL DECLARATION IN SUPPORT OF MOTION TO LEAVE THE COURT TO FILE CROSS-COMPLAINT. Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **8/25/2025** | Order Re: Court's Final Tentative Ruling; Filed by: Clerk |
| **8/25/2025** | Case Management Conference scheduled for 10/02/2025 at 10:00 AM in Pomona Courthouse South at Department G |
| **8/25/2025** | Hearing on Motion for Order to File Cross-Complaint scheduled for 10/02/2025 at 10:00 AM in Pomona Courthouse South at Department G |
| **8/25/2025** | Hearing on Motion for Attorney Fees scheduled for 10/02/2025 at 10:00 AM in Pomona Courthouse South at Department G |
| **8/25/2025** | Minute Order (Case Management Conference; Hearing on Motion for Order to Fi...) |
| **8/25/2025** | On the Court's own motion, Case Management Conference scheduled for 08/25/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/02/2025 10:00 AM |
| **8/25/2025** | On the Court's own motion, Hearing on Motion for Order to File Cross-Complaint scheduled for 08/25/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 10/02/2025 10:00 AM |
| **8/25/2025** | Hearing on Motion for Order to Remove Plaintiff's Lis Pendens scheduled for 08/25/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 08/25/2025; Result Type to Held |
| **8/25/2025** | Hearing on Motion for Attorney Fees scheduled for 09/08/2025 at 08:30 AM in Pomona Courthouse South at Department G Not Held - Advanced and Continued - by Court was rescheduled to 10/02/2025 10:00 AM |
| **8/25/2025** | Updated -- Motion re: NOTICE OF MOTION AND MOTION TO RECONSIDER TO EXPUNGE PLAINTIFF?S LIS PENDENS AGAINST DEFENDANTS? PROPERTY NOT RELATED TO ZONING: Filed By: John Zhong (Defendant),Catherine Li (Defendant); Result: Denied ; Result Date: 08/25/2025 |
| **8/7/2025** | Case Management Statement; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/4/2025** | Objection Objection to Plaintiff CITY OF DIAMOND BAR?s Motion for Appellate Attorneys? Fees; Filed by: Catherine Li (Defendant); John Zhong (Defendant) |

| | |
|---|---|
| **8/1/2025** | Motion for Attorney Fees; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/1/2025** | Request for Judicial Notice; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/1/2025** | Declaration of William Litvak In Support of Motion for Appellate Attorneys' Fees; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/1/2025** | Hearing on Motion for Attorney Fees scheduled for 09/08/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **7/31/2025** | Notice of Continuance; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **7/29/2025** | Case Management Conference scheduled for 08/25/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **7/29/2025** | Hearing on Motion for Order to File Cross-Complaint scheduled for 08/25/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **7/29/2025** | Hearing on Motion for Order to Remove Plaintiff's Lis Pendens scheduled for 08/25/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **7/29/2025** | Minute Order (Hearing on Motion for Order to Remove Plaintiff's Lis Pendens...) |
| **7/29/2025** | The case is removed from the special status of: Stay - Other |
| **7/29/2025** | Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 07/29/2025; Result Type to Held |
| **7/29/2025** | Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 07/29/2025; Result Type to Held |
| **7/29/2025** | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 07/29/2025; Result Type to Held |
| **7/29/2025** | Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 07/29/2025; Result Type to Held |
| **7/29/2025** | Status Conference Re: Status of Appeal scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 07/29/2025; Result Type to Held |
| **7/29/2025** | Order to Show Cause Re: Status of Appeal scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 07/29/2025; Result Type to Held |
| **6/23/2025** | Appeal - Remittitur - Affirmed NOA 12/14/2023 B335376; Filed by: Clerk |
| **6/13/2025** | Notice of Continuance; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **6/12/2025** | Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **6/12/2025** | Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **6/12/2025** | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G |

| | |
|---|---|
| **6/12/2025** | Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **6/12/2025** | Status Conference Re: Status of Appeal scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **6/12/2025** | Order to Show Cause Re: Status of Appeal scheduled for 07/29/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **6/12/2025** | Minute Order (Case Management Conference; Hearing on Motion for Order to Re...) |
| **6/12/2025** | Case Management Conference scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 06/12/2025; Result Type to Held |
| **6/12/2025** | On the Court's own motion, Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 07/29/2025 08:30 AM |
| **6/12/2025** | On the Court's own motion, Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 07/29/2025 08:30 AM |
| **6/12/2025** | On the Court's own motion, Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 07/29/2025 08:30 AM |
| **6/12/2025** | On the Court's own motion, Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 07/29/2025 08:30 AM |
| **6/12/2025** | On the Court's own motion, Status Conference Re: Status of Appeal scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 07/29/2025 08:30 AM |
| **6/11/2025** | Case Management Statement; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **6/11/2025** | Proof of Service Not Plaintiff?s / Defendant?s Claim; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); As to: City of Diamond Bar, a municipal corporation (Cross-Defendant); Greg Gubman (Cross-Defendant); Ronnie Ramirez (Cross-Defendant) |
| **4/7/2025** | Appeal Document; Filed by: Clerk |
| **2/3/2025** | Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **2/3/2025** | Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **2/3/2025** | Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **2/3/2025** | Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **2/3/2025** | Status Conference Re: Status of Appeal scheduled for 06/12/2025 at 08:30 AM in Pomona Courthouse South at Department G |
| **2/3/2025** | Minute Order (Case Management Conference; Hearing on Motion for Leave to Fi...) |
| **2/3/2025** | Case Management Conference scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 06/12/2025 08:30 AM |

**2/3/2025** Hearing on Motion for Leave to File a Cross-Complaint (Reserved Per Dept. G) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G updated: Result Date to 02/03/2025; Result Type to Held - Continued

**2/3/2025** Hearing on Motion for Order to Remove Plaintiff's Lis Pendens (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 06/12/2025 08:30 AM

**2/3/2025** Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 06/12/2025 08:30 AM

**2/3/2025** Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 06/12/2025 08:30 AM

**2/3/2025** Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 06/12/2025 08:30 AM

**2/3/2025** Status Conference Re: Status of Appeal scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 06/12/2025 08:30 AM

**9/20/2024** Notice NOTICE TO CORRECT CLERKS TRANSCRIPT-OMISSION OF DESIGNATED DOCUMENT; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff); As to: Catherine Li (Defendant)

**9/18/2024** Hearing on Motion for Leave to File a Cross-Complaint (Reserved Per Dept. G) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G

**9/18/2024** Hearing on Motion for Order to Move Plaintiff's Lis Pendens (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G

**9/18/2024** Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G

**9/18/2024** Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G

**9/18/2024** Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G

**9/18/2024** Status Conference Re: Status of Appeal scheduled for 02/03/2025 at 08:30 AM in Pomona Courthouse South at Department G

**9/18/2024** Minute Order (Status Conference Re: Status of Appeal; Hearing on Motion for...)

**9/18/2024** On the Court's own motion, Status Conference Re: Status of Appeal scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM

**9/18/2024** On the Court's own motion, Hearing on Motion for Order to file Cross-Complaint (Setting Date Only) scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM

**9/18/2024** On the Court's own motion, Hearing on Motion to Quash Service of Summons (Setting Date Only) scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM

**9/18/2024** On the Court's own motion, Case Management Conference scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM

| | |
|---|---|
| **9/18/2024** | On the Court's own motion, Hearing on Motion for Order to Move Plaintiff's Lis Pendens (Setting Date Only) scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM |
| **9/18/2024** | On the Court's own motion, Hearing on Motion for an Order to Show Cause Re: Contempt (CCP 1209) (Reserved Per Dept. G) scheduled for 03/13/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM |
| **9/18/2024** | On the Court's own motion, Hearing on Motion for Leave to File a Cross-Complaint (Reserved Per Dept. G) scheduled for 03/13/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 02/03/2025 08:30 AM |
| **9/5/2024** | Case Management Statement; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **8/22/2024** | Case Management Statement; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant) |
| **8/22/2024** | Proof of Service by Mail; Filed by: John Zhong (Cross-Complainant); Catherine Li (Cross-Complainant); As to: City of Diamond Bar, a municipal corporation (Cross-Defendant); After Substituted Service of Summons and Complaint ?: No |
| **4/26/2024** | Appeal Record Delivered NOA 12/14/23; Issued by: Clerk |
| **4/2/2024** | Notice Appellant / Respondent's Notice Re. Appeal Record Delivery; Filed by: City of Diamond Bar, a municipal corporation (Respondent); As to: Catherine Li (Appellant); John Zhong (Appellant) |
| **3/20/2024** | Appeal - Notice of Fees Due for Clerk's Transcript on Appeal NOA: 12/14/23, B335376; Filed by: Clerk |
| **3/19/2024** | Notice of Ruling; Filed by: City of Diamond Bar, a municipal corporation (Plaintiff) |
| **3/12/2024** | Hearing on Motion for Order to file cross complaint scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G |
| **3/12/2024** | Hearing on Motion to Quash Service of Summons scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G |
| **3/12/2024** | Hearing on Motion for Order to move plaintiff's lis pendens scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G |
| **3/12/2024** | The case is placed in special status of: Stay - Other |
| **3/12/2024** | Appeal - Ntc Designating Record of Appeal APP-003/010/103 RESPONDENTS DSGN WITH PROOF OF SERVICE; Filed by: City of Diamond Bar, a municipal corporation (Respondent) |
| **3/12/2024** | Minute Order (Hearing on Motion for Order to file Cross-Complaint;) |
| **3/12/2024** | On the Court's own motion, Hearing on Motion for Order to file cross complaint scheduled for 03/12/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 09/18/2024 08:30 AM |
| **3/12/2024** | On the Court's own motion, Hearing on Motion to Quash Service of Summons scheduled for 03/13/2024 at 08:30 AM in Pomona Courthouse South at Department G Held - Continued was rescheduled to 09/18/2024 08:30 AM |
| **3/12/2024** | Case Management Conference scheduled for 03/13/2024 at 08:30 AM in Pomona Courthouse South at Department G Not Held - Advanced and Continued - by Court was rescheduled to 09/18/2024 08:30 AM |
| **3/12/2024** | Hearing on Motion for Order to move plaintiff's lis pendens scheduled for 03/20/2024 at 08:30 AM in Pomona Courthouse South at Department G Not Held - Advanced and Continued - by Court was rescheduled to 09/18/2024 08:30 AM |
| **3/12/2024** | Status Conference Re: Status of Appeal scheduled for 09/18/2024 at 08:30 AM in Pomona Courthouse South at Department G |